# Chittur & Associates, P.C.

Attorneys & Counselors at law
The Lincoln Building 15th Floor
60 East 42nd Street Suite 1501
New York, NY 10165
Tel: (212) 370-0447
Fax: (212) 370-0465
Email: kchittur@chittur.com

March 17, 2006

Hon. Stephen C. Robinson
Judge
United States District Court (S.D.N.Y.)
300 Quarropas Street, Room 633
White Plains, New York 10601-4150

*Re:* Serin v. Northern Leasing, 06 Civ 1625 (SCR)

Dear Judge Robinson:

Defendants' counsel's letter of earlier today ("Letter") contains several misstatements which must be corrected for the record.

The underlying action arises out of defendants' racketeering scheme to intimidate out-of-state individuals into paying unwarranted sums of money by commencing fraudulent lawsuits in New York City Civil Court.  Claiming to be financiers under alleged equipment finance leases, defendants brought actions seeking to recover relatively small sums, typically under $3,000.  However, defendants were aware well before bringing such actions that plaintiffs' signatures on such leases had been forged.  Nevertheless, defendants commenced these small claims proceedings - and even obtained fraudulent default judgments - in order to harass, intimidate, and thereby extort money from plaintiffs and others through threats of expensive long-distance litigation, of damage to credit rating, and/or entry of default judgments.  On these and related grounds, plaintiffs assert claims under the federal racketeering statute, 18 U.S.C. §1962, and New York's Anti-Deceptive Trade Practices Act, N.Y.G.B.L., §349, and seek compensatory, treble and/or punitive damages, together with attorneys' fees and expenses.

Defendants' assertion that these plaintiffs "are members of a class of plaintiffs," Letter, 1, in the class action now pending in the New York State Supreme Court, *Pludeman v. Northern Leasing,* Index No. 04/101059 (Hon. Heitler, J.S.C.), is disingenuous.  As expressly stated in the Complaint itself, Justice Heitler has held that forgery-based claims, such as those at bar, were ***not*** part of that action.  Verified

Hon. John S. Martin, Jr.<br>
March 17, 2006<br>
Page 2

Complaint, at 3¶13.  In fact, she found that those affidavits were *not* consistent with the allegations "in the amended complaint," Heitler decision (April 7, 2005) at 4. Consistent with this, those plaintiffs sought certification of a class of persons who "who signed as lessees and/or guarantors", which clearly does *not* include these plaintiffs whose claim is that they never signed the leases. Thus, defendants' assertion that these claims were "based on facts similar to those alleged here and that claim was dismissed with prejudice by Justice Heitler" is demonstrably false and misleading.

Incidentally, Justice Heitler expressly upheld a claim for punitive damages on behalf of the *Pludeman* plaintiffs, holding that the "allegations address more than a private wrong contending that defendants engaged in a course of conduct throughout the United States with such wanton dishonesty as to imply a criminal indifference to civil obligations."  Heitler decision, at 11-12.  The allegations at issue in this case only provide further evidence of this.

Defendants also misrepresent that the *Pludeman* plaintiffs - none of whom is a party here - appealed that decision "denying Russ, Kettler and Redner's attempt to assert their forgery claims on a class basis," Letter, 2.  In fact, that cross-appeal was from the dismissal of certain of the *Pludeman* plaintiffs' claims, and Justice Heitler's refusal "to consider certain affidavits by non-parties duly submitted on behalf of" the *Pludeman* plaintiffs.  The plaintiffs at bar have *never* attempted anywhere to assert these forgery claims on a class basis.  Besides, it was defendants who appealed that devastating decision; plaintiffs merely cross-appealed.

We also note that the stay of Civil Court actions concerning 4 of the 6 plaintiffs here (and several others) was mutually consented to between the parties' attorneys because multiple litigations were simply a waste of resources.  Now, defendants seek to litigate in multiple fora, and insist on proceeding with the Civil Court actions based on clearly bootstrapped jurisdiction: no basis exists for the Civil Court jurisdiction other than the forum selection clause in the forged documents.  Defendants' clear attempt is to outspend and outlitigate plaintiffs out of Court.

While the *Rooker-Feldman* doctrine is clearly inapplicable, we do not dispute defendants' right to file a motion to dismiss, howsoever meritless.  Meanwhile, however, we request that defendants be directed to continue the stay on the bogus Civil Court actions.  Thank you very much for your attention.

Yours very truly,<br>
<br>
Krishnan S. Chittur, Esq.<br>
Attorneys for plaintiffs