

MILBERG WEISS

March 17, 2006

The Honorable Stephen C. Robinson
United States Courthouse
300 Quarropas Street, Room 633
White Plains, New York 10601-4150

VIA FACSIMILE

    Re:    *Serin et al. v. Northern Leasing Systems, Inc., et al.*, No. 06 Civ. 1625 (SCR)

Dear Judge Robinson:

    My firm represents all of the defendants in the above matter. In accordance with Your Honor's individual rules, we write on behalf of defendants to seek a pre-motion conference to discuss defendants' intention to move to dismiss the Verified Complaint in its entirety.

    Four of the named plaintiffs in this action — Judson Ross, Long Sui Lim, Peri Kettler and Thomas J. Smith — are parties to separate actions in the Civil Court of the City of New York brought by Northern Leasing Systems, Inc. ("Northern Leasing") based on the very same lease agreements and underlying facts that are at issue in the instant action (the "Civil Court Actions"). As a courtesy to those named plaintiffs, Northern Leasing in mid-2004 agreed to an informal stay of the Civil Court Actions. Now that those very same named plaintiffs have filed the instant action against Northern Leasing and its officers, Northern Leasing has informed counsel for the named plaintiffs that the informal stay of litigation in the Civil Court Actions is no longer operative and that Northern Leasing intends to prosecute those actions. Counsel for the named plaintiffs who are defendants in the Civil Court Actions and counsel for the named plaintiffs in the Supreme Court Action (discussed below) — Krishnan Chittur, Esq. — is also counsel for plaintiffs in the instant action.

    Further, all of the named plaintiffs in the instant action are members of a class of plaintiffs who are suing the defendants in the instant action in a putative class action in New York State Supreme Court, which also is premised on the same lease agreements and underlying facts. In fact, in the Supreme Court Action, the plaintiffs asserted a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO") based on facts similar to those alleged here and that claim was dismissed with prejudice by Justice Heitler.[1] Plaintiffs in the Supreme Court Action have appealed

---

[1] Plaintiffs in the Supreme Court Action also asserted, as in the instant action, a claim under New York General Business Law § 349, but they withdrew that claim.

Milberg Weiss Bershad & Schulman LLP
One Pennsylvania Plaza · New York, NY 10119 · 212-594-5300 · Fax 212-868-1229 · www.milbergweiss.com
NEW YORK · BOCA RATON · WILMINGTON · SEATTLE · WASHINGTON, D.C. · LOS ANGELES

Hon. Stephen C. Robinson
March 17, 2006
Page 2

from Justice Heitler's decision denying Russ, Kettler and Redner's attempt to assert their forgery claims on a class basis in the Supreme Court Action and we expect that appeal to be perfected for the October Term of the New York State Appellate Division, First Department.

Defendants seek leave to move to dismiss the Verified Complaint on several grounds. Among other fatal defects, the Verified Complaint is barred by the *Rooker-Feldman* doctrine, which prevents federal judicial review of actions pending in state court; some of plaintiffs' claims have already been decided in the Supreme Court Action and are thus *res judicata*; the Verified Complaint fails to state a claim under RICO or General Business Law § 349; and all of plaintiffs' claims, which are based on events occurring years ago, are time-barred.

Defendants request that the Court schedule a pre-motion conference at its convenience. If the Court would prefer a more detailed statement of the arguments and authorities supporting defendants' prospective motion to dismiss, please let me know.

Sincerely,

*Benjamin Kaufman/ps*
Benjamin Y. Kaufman

cc: Krishnan Chittur, Esq. (Counsel for all plaintiffs) (Via Fax and FedEx)