EXHIBIT 3

**Supreme Court of the State of New York**
**County Of New York**

Kevin Pludeman, Chris Hanzsek d/b/a Hanzsek }
Audio, Sarah Jane Hush, Ozark Mountain Granite }
& Tile Co., and Dennis E. Lauchman, on behalf of }
themselves and all others similarly situated, }
}
       Plaintiffs }  Index No. 04/101059
}  (Hon. Sherry Klein Heitler,
   v. }  J.S.C.)
}
Northern Leasing Systems, Inc., Jay Cohen, }
Steve Bernardone, Rich Hahn, and Sara Krieger }
}
       Defendants }

## Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss

Dated: New York, New York
   September 17, 2004

**Chittur & Associates, P.C.**
The Lincoln Building
60 East 42nd Street Suite 1501
New York, NY 10165
Tel: (212) 370-0447
E-mail: kchittur@chittur.com
Attorneys for Plaintiffs and the Class

substituted in its place and no prejudice resulted to defendants; CPLR 908 only prohibits the discontinuance of the "class action" without court order, not the withdrawal of a plaintiff. Lastly, the class action allegations are not "scandalous or prejudicial" – the *only* grounds for striking allegations, CPLR 3024 – and hence, may not be stricken now. Defendants' attacks on the viability of class certification for various claims is an issue that has to be addressed in the context of a properly briefed motion for class certification. Accordingly, defendants' motion should be denied in its entirety.

## Statement of Facts[2]

Defendant NLS is a financier of credit card terminals and other small business items (less than $10,000), while the individual defendants are its top management, AC2-3¶¶4-8, 4¶14. Plaintiffs are small businesspersons from Missouri, upstate New York, Texas, and Washington. AC2¶3. Other affiants are small businesspersons from California, Florida, Mississippi, and Texas.

### The One Page Lease, Defendants' Material Concealment

Plaintiffs signed a one-page document, comprising of a lease and personal guaranty, to lease credit card terminals. AC15¶50, 18¶60, 19¶68, 21¶78. They were manipulated to sign in a hurry so that at the time of signing, plaintiffs were kept unaware of allegedly additional 3 pages of the lease or their contents; this experience was uniform amongst unrelated persons from California (Chang Aff.), Connecticut

---

[2] For the sake of brevity, plaintiffs incorporate the contents of the First Amended Complaint, as well as the enclosed affidavits of Chang, Hanzsek, Hush, Kettler, Lauchman, Leimkuhler, Lauchman, Pludeman, Redner, Russ, and Thomason herein by reference. These persons are class members here, and are ready, willing and able to be plaintiffs herein, if the Court so requires. However, since their interests are adequately protected by the named plaintiffs, we have not filed a motion to intervene.

4

e.  *The Pattern of Racketeering Activity, and Mail Fraud And Wire Fraud Are Properly Pleaded*

Defendants' "pattern" is crystal clear: Entrap small businesspersons into signing a 1 page lease, and forge their signatures on 4-page leases imposing highly onerous terms, charge them excessive sums, and intimidate them into paying undeserved sums by threatening expensive New York litigation. And even where the signatures were not forged, the orchestrated concealment of 3 pages through deceptive drafting of the standard form lease and deceptive practices were systematic. Every one of the plaintiffs and other small businessman from diverse parts of the country had the exact same experience: they were saddled with expensive, noncancelable leases that they never consented to.

The pattern involved regular mail fraud and wire fraud. Mail fraud requires (a) the existence of a plan or scheme to defraud, (b) that it was foreseeable that the defendant's scheme would cause the mails to be used, and c ) that the use of the mails was for the purpose of carrying out the fraudulent scheme. United States v. Leyden, 842 F.2d 1026, 1028 (8th Cir.1988); Carter v. U.S., 530 U.S. 255, 261 (2000). And "[b]ecause the [mail and wire fraud] statutes use the same relevant language, they are analyzed in the same way." United States v. Slevin, 106 F.3d 1086, 1088 (2nd Cir.1996). Accord, Muscletech Research and Development, Inc. v. East Coast Ingredients, LLC, 2004 WL 941815, *17(W.D.N.Y. 2004).

---

> Accord, Green v. Hamilton Int'l Group, 437 F.Supp. 723, 729 (S.D.N.Y.1977).

Kolin v. American Plan Corp., 1985 WL 6422, *7 (E.D.N.Y. 1985)

19

adequately alleged fraud under New York law); Low v. Gibbs & Hill, Inc., 92 A.D.2d 467 (1st Dep't 1983) (fraudulently inducing engineer to remain on Brazilian project).

Defendants also assert that their commencement or threat of legal actions to enforce the Lease and Personal Guaranty do not support a RICO claim, because under federal law, threats of baseless litigation do not constitute "extortion," DM, 26. Defendants completely miss the point: the RICO claims at issue are not extortion, but mail fraud and wire fraud pursuant to fraudulent scheme. Plaintiffs assert that defendants' conduct, including sending "phony summons and other official looking documents," and "dunning letters and collection calls," were part of the fraudulent scheme at issue. They were employed as an integral part of the scheme. Thus, whether they satisfy federal statutory requirements for "extortion" *vel non* is irrelevant. Hence, defendants' cases such as Dias v. Bogins, 1998 U.S. App LEXIS 536, at *2 (1st Cir. Jan. 13, 1998), DM, 26, are totally irrelevant.

Extremely significant, defendants remain conspicuously silent on the central thrust of the fraudulent scheme at issue, as a result of which plaintiffs were clandestinely saddled with several onerous terms of the Lease and Personal Guaranty. Plaintiffs are clearly injured by, for example, defendants' continuance of automatic electronic deductions **indefinitely**, by defendants' absolving themselves of all liability for warranty or failure or malfunction of the equipment, and by defendants' imposition of a one-way attorneys' fees provision in favor of defendants, inter alia, AC 11-13¶39. And this assumes, without conceding, that plaintiffs' signatures were not forged in the first place.

Defendants' cases are readily distinguishable. In Von Bulow v. von Bulow, 657