ordinary fraud case clothed in Emperor's trendy garb." *In re Integrated Res. Real Estate, Ltd. P'ships Sec. Litig.*, 850 F.Supp. 1105, 1148 (S.D.N.Y. 1993).

## II.

## PLAINTIFFS' RICO CLAIMS SHOULD BE DISMISSED

### A. Elements Of A RICO Claim Under Section 1962(c)

The Second Circuit summarized the elements of a civil RICO claim as follows: the plaintiff must prove: (1) that the defendant, (2) through the commission of two or more acts (3) constituting a "pattern" (4) of "racketeering activity," (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an enterprise, (7) the activities of which affect interstate or foreign commerce. *Moss v. Morgan Stanley Inc.*, 719 F.2d 5, 17 (2d Cir. 1983); *Jordan (Bermuda) Inv. Co., Ltd. V. Hunter Green Invs. Ltd.*, 154 F.Supp.2d 682, 690 (S.D.N.Y. 2001); *Frooks v. Town of Cortlandt*, 997 F.Supp. 438 (S.D.N.Y. 1998), *aff'd mem.*, 182 F.3d 899 (2d Cir. 1999). Here, Count I of the Amended Complaint fails because the alleged actions upon which plaintiffs predicate a RICO claim do not constitute "racketeering activity" as a matter of law. Even if they did, the complaint does not plead a "pattern" of racketeering activity, or the existence of an "enterprise" as that term is used in RICO. Plaintiffs' RICO claims also fail because they fail to allege the elements of mail fraud with the requisite specificity mandated by Rule 9(b). Finally, some of those claims are barred by the applicable four-year statute of limitations.

### B. Plaintiffs Have Not Sufficiently Alleged Predicate Acts Of Racketeering Activity

In their initial Complaint, Plaintiffs claimed that the filing of five "bogus" lawsuits constituted a violation of the Hobbs Act and New York's extortion statute, and that such violations were the predicate acts necessary for their RICO claim. The Court dismissed the Complaint, holding that the commencement of even "meritless litigation" does not amount to extortion under federal or state law. Exhibit B, p. 7. In their Amended Complaint, Plaintiffs attempt to cure that

8

defect by alleging mail and wire fraud as RICO predicate acts. However, their amended pleading also fails as a matter of law. Not only have Plaintiffs failed to allege the necessary elements of a claim of mail or wire fraud, but the allegations they have made clearly lack the specificity required by Rule 9(b).

    1.    <u>The Amended Complaint Does Not Adequately Allege Mail or Wire Fraud</u>

To successfully allege the predicate acts of mail and wire fraud, Plaintiffs must allege (1) the existence of a scheme to defraud, (2) defendant's knowing or intentional participation in the scheme, and (3) the use of interstate mails or transmission facilities in furtherance of the scheme. *S.Q.K.F.C., Inc. v. Bell Atlantic Tricon Leasing Corp.*, 84 F.3d 629, 633 (2d Cir. 1996); *United States v. Gelb*, 700 F.2d 875, 879 (2d Cir. 1983), *cert. denied*, 464 U.S. 853 (1983).

Moreover, in order to prevail in a civil RICO action predicated on any type of fraud, including mail and wire fraud, "the plaintiff must establish 'reasonable reliance' on the defendants' purported misrepresentations or omissions." *Bank of China v. NBM LLC*, 359 F.3d 171, 178 (2d Cir. 2004); *236 Cannon Realty, L.L.C., v. Ziss*, 2005 WL. 289752 at *5-6 (S.D.N.Y. Feb. 8, 2005) (where mail fraud is alleged as the RICO predicate act, the proximate cause element requires the plaintiff to show reasonable reliance); *State Farm Mutual Automobile Ins. Co. v. Eastern Medical, P.C.*, 2008 WL 3200256, at *5 (E.D.N.Y. Aug. 5, 2008) (same); *Schuh v. Druckman & Sinel, L.L.P.*, 2008 WL 542504, at * 9 (S.D.N.Y. Feb. 29, 2008) (plaintiff, who alleged that lender fraudulently pursued collection of amounts not due and owing under its mortgage, was not misled by lender's actions, in light of allegations that plaintiff consistently denied the amounts claimed by lender to be due, and challenged them in court; there was therefore no showing of reliance to support a claim of mail or wire fraud).

According to the Amended Complaint, the Defendants' scheme to defraud consists of a campaign to extract monies from Plaintiffs to which the Defendants were not entitled. Am. Compl.,

¶ 13. The alleged scheme to defraud begins with dunning letters and phone calls and ends up with the Defendants suing the Plaintiffs in the Civil Court of the City of New York, based on allegedly fraudulent equipment leases. *Id.*

Even assuming the truth of Plaintiffs' allegations – that Defendants used the mails and interstate wires to demand payment of amounts not due and owing, and to pursue those claims through "fraudulent" lawsuits – it is clear that Plaintiffs did not reasonably rely on any allegedly fraudulent mailings or communications to their detriment. To the contrary, as the Amended Complaint makes clear, those mailings put Plaintiffs on notice of exactly what NLS was claiming, and identified the documents – including the allegedly fraudulent equipment leases – on which those claims were based. In each of the five civil court actions identified in the Complaint, the affected Plaintiff alleges that Defendants'' communications alerted him or her to the fact that NLS was demanding monies based on what Plaintiffs claim was a fraudulent equipment lease. Am. Compl., ¶¶ 29-31 (Serin); ¶¶ 33-34 and fn. 2 (Russ); ¶¶ 47-48 and fn. 3 (Lim); ¶¶ 66-67 (Redner); ¶¶ 75, 77, 78; ¶¶ 82, 83 and fn. 6 (Smith). Each of those Plaintiffs alleges that he/she contested the claims being made by NLS, either before or after legal action was commenced, after learning of NLS's claims through these communications and mailings. These allegations make clear that none of the plaintiffs was misled by any communications from NLS, and that they did not rely on the truth of the representations made by Defendants.

A situation very similar to the allegations in this case was present in *Schuh v. Druckman & Sinel, L.L.P., supra.* In that case, the plaintiffs accused a mortgage lender and others involved in the mortgage foreclosure process (including the lender's employees, agents and attorneys), of fraudulently trying to recover sums in excess of amounts that they knew were due and owing under a mortgage. 2008 WL 542504 at *1. Like here, the plaintiff accused the lender and its alleged associates of using the mails and wires to pursue the "fraudulent" legal action, by initiating

10

seventeen "communications, such as letters and telephone calls, from the defendants to the plaintiffs or the New York State courts relating to the mortgage." *Id.* at *3. This Court dismissed the civil RICO count on the ground, *inter alia*, that the plaintiffs had not alleged reasonable reliance necessary to establish the predicate acts of mail or wire fraud (2008 WL 542504 at *10):

> Here, the complaint does not allege any facts that suggest (let alone "plausibly" suggest) that the plaintiffs actually "believed and justifiably relied" on any statements made by the defendants with respect to the amounts required to pay off their mortgage or on any other statements alleged by plaintiffs to have been false. **To the contrary, the pleadings and the state court papers reflect that the plaintiffs repeatedly questioned or denied the amounts that the defendants asserted were required to be paid and other statements that had been made by the defendants.**
>
> \* \* \*
>
> [W]here a party makes a statement that is false but other facts are available to plaintiff to demonstrate that the statement is false, the plaintiff cannot show justifiable reliance. (Emphasis added).[8]

Here, as in *Shuh*, the Amended Complaint does not allege any facts that suggest (let alone "plausibly" suggest) that the plaintiffs actually "believed and justifiably relied" on any statements made by the Defendants with respect to the amounts due under the allegedly fraudulent equipment leases. They did not, therefore, reasonably rely on those statements, and their mail fraud and wire fraud allegations are therefore insufficient.

2. The Amended Complaint Does Not Allege Fraud With
   The Required Particularity As Required By Rule 9(b)

As explained by the Second Circuit:

> Allegations of mail fraud must be made with the particularity required by Federal Rule of Civil Procedure 9(b). *Celpaco, Inc. v. MD Papietfabriken*, 686 F. Supp. 983, 989 (D. Conn. 1988). Pursuant to this higher pleading standard, the "complaint must adequately specify

---

[8] The report and recommendation of Magistrate Judge Gabriel W. Gorenstein, quoted above, was approved by the Southern District Judge Lewis Kaplan, in an order dated March 19, 2008. *Shuh v. Sinel*, Docket No. 07 Civ. 0366 (S.D.N.Y. March 19, 2008). A copy of Judge Kaplan's order is annexed hereto as an appendix.

11

> the statements it claims were false or misleading, give particulars as to the respect in which plaintiffs contend the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements." *Cosmos v. Hassett*, 886 F.2d 8, 11 (2d Cir. 1989). Plaintiffs asserting mail fraud must also identify the purpose of the mailing within the defendant's fraudulent scheme.

*McLaughlin v. Anderson*, 962 F.2d 187, 191 (2d Cir. 1992). *See also Knoll v. Schectman*, 275 Fed. Appx. 50, 51 (2d Cir. 2008) (affirming dismissal of plaintiff's complaint because "its assertions as to their contents and the reason each communication was fraudulent are conclusory…The amended complaint's general descriptions of fraud suffered by the plaintiff do not save it, for the complaint offers no indication how they are specifically related to the allegations of wire and mail fraud."); *Wexner v. First Manhattan Co.*, 902 F.2d 169, 172-73 (2d Cir. 1990) (A claim of mail or wire fraud must specify the content, date, and place of any alleged misrepresentation and the identity of the persons making them); *Lakonia Management Ltd. v. Meriwether*, 106 F.Supp.2d 540, 543 (S.D.N.Y. 2000) (RICO claims of predicate acts of mail and wire fraud are subject to the particularity requirement of Rule 9(b) because they sound in fraud).

Paragraph 93 of the Amended Complaint lists eighteen mailings that were allegedly made by "Defendants" to Plaintiffs. Although the dates of the mailings, and the address to which the alleged mailings were sent are given, virtually none of the other required details are alleged. The content of the items mailed, and how each of the items was false and misleading, are not alleged and Plaintiffs do not allege who made the misrepresentations. *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1176 (2d Cir.1993) ("[A]llegations of predicate mail and wire fraud acts should state the contents of the communications, who was involved, where and when they took place, and why they were fraudulent"); *see also Knoll*, 275 Fed. Appx. at 51; *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 185 (2d Cir. 2008) (same); *Feirstein v. Nanbar Realty Corp.*, 963 F.Supp. 254 (S.D.N.Y. 1997) (granting defendant's motion to dismiss because plaintiff failed to allege fraud with

12

particularity). Accordingly, the Plaintiffs' allegations do not nearly contain the specificity required by Rule 9(b).

Plaintiffs' allegations also fail to distinguish between the actions of any of the Defendants, as required by Rule 9(b). Instead of identifying which defendant made which alleged misrepresentations, Plaintiffs lump all Defendants together, as if they each mailed every one of the mailings identified in paragraph 93 of the Amended Complaint, and as if each one of them made each telephone call alluded to in the Amended Complaint. An allegation that "Defendants" collectively committed mail fraud cannot satisfy the RICO pleading standard. *DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987) (dismissing the Amended Complaint as to certain individual defendants where the claims were "pleaded against the defendants generally, with little or no specification as to individual roles"); *Hernandez v. Ballesteros*, 333 F.Supp.2d 6, 11 (D.P.R. 2004), *affirmed*, 449 F.3d 240 (1st Cir. 2006) ("Plaintiff fails to indicate which fraudulent statements were made by which Co-defendant, when such statements were made, and whether those statements were made on the telephone or in person. Other sister districts have found that similarly pleaded allegations do not meet the standard for a RICO Act claim under Rule 9(b). . . . We could not agree more."); *Appalachian Enters. v. ePayment Solutions Ltd.*, 2004 U.S. Dist. LEXIS 24657, at *21 (S.D.N.Y. Dec. 18, 2004) (dismissing plaintiff's complaint because "[t]he complaint in this case does not identify any particular defendant that committed any specific act of wrongdoing against plaintiff. Rather, the complaint simply attributes the wrongful acts as being committed collectively by the seventeen defendants"); *Medina v. Bauer*, 2004 U.S. Dist LEXIS 910, at *18 (S.D.N.Y. Jan. 26, 2004) ("By lumping all the defendants together and failing to distinguish their conduct, plaintiffs [Amended [C]omplaint fails to satisfy the requirements of Rule 8."). "It is not enough for a plaintiff to file a RICO claim, chant

the statutory mantra, and leave the identification of predicate acts to the time of trial." *Feinstein v. Resolution Trust Corp.*, 942 F.2d 34, 42 (lst Cir. 1991).

    3.    **As this Court previously held, the filing of lawsuits – even if meritless or harassing – is not "extortion" under the Hobbs Act or New York law**

In dismissing the original Complaint in this action, this Court held that the filing of even meritless lawsuits does not constitute extortion under either the Hobbs Act, 18 U.S.C. § 1951, or under New York's extortion statute, N.Y. Penal Law § 155.05. Exhibit B, p. 7. That holding is the law of the case and may not be re-litigated by the Plaintiffs. *Fogel v. Chestnutt*, 668 F.2d 100, 108 (2d Cir. 1981). Although this Court granted Plaintiffs leave to amend their Complaint to assert claims of mail fraud, the Amended Complaint continues to allege the same predicate acts of extortion that were found to be insufficient, as a matter of law, by this Court. For the same reasons that the RICO claims in the original Complaint were dismissed, the Amended Complaint should likewise be dismissed to the extent it relies on claims of extortion as predicate RICO acts.[9]

**C.    The Alleged "Pattern" Of Racketeering Activity Lacks Either Closed-Ended Or Open-Ended Continuity**

To properly allege a pattern of racketeering activity under RICO, a plaintiff must "satisfy the so-called 'continuity plus relationship' test: the predicate acts must be related to one another (the relationship prong) *and* pose a threat of continued criminal activity (the continuity prong)". *Midwest Grinding Comp., Inc.*, 976 F.2d 1016, 1022 (7th Cir. 1992), *quoting H.J., Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 239 (1989). Continuity is "both a closed- and open-ended concept." *H.J., Inc.*, 492 U.S. at 241; *See Schlaifer Nance & Co. v. Estate of Warhol*, 119 F.3d 91, 97 (2d Cir. 1997) (alleged fraudulent acts were either not sufficiently related or

---

[9] These issues were fully brief by Defendants in support of their motion to dismiss the original Complaint, and will not be repeated here. Defendants refer the Court to Defendants' Memorandum of Law In Support of Motion To Dismiss (Docket #16), and in Defendants' Reply Memorandum (Docket #20), which are hereby incorporated by reference.