this action, which took place on March 1, 2006. For that reason, the RICO claims asserted by Plaintiffs Serin, Russ and Kettler are barred by the statute of limitations applicable to civil RICO claims.

F.  **Plaintiffs' Rico Conspiracy Claim Must Also Be Dismissed**

Plaintiffs' RICO conspiracy claim pursuant to 18 U.S.C. § 1962(d) must fail because the substantive RICO claim under Section 1962(c) fails. Under 18 U.S.C. ¶ 1962(d), a party is liable for RICO conspiracy if it knew of the conspiracy's goals and agreed to facilitate them. *Salinas v. United States*, 522 U.S. 52, 65 (1997). There can be no RICO conspiracy, however, without a substantive RICO violation. *See Schmidt v. Fleet Bank*, 16 F. Supp. 2d 340, 353 (S.D.N.Y. 1998); *Efron v. Embassy Suites (Puerto Rico), Inc.*, 223 F.3d 12, 21 (1st Cir. 2000) ("If the pleadings do not state a substantive RICO claim upon which relief may he granted, then the conspiracy claim also fails") (citations omitted); *Lightning Lube, Inc. v. Witco Corp*, 4 F.3d 1153, 1191 (3d Cir. 1993). Thus, if "the prior claims do not state a cause of action for substantive violations of RICO, then a RICO conspiracy claim necessarily does not set forth a conspiracy to commit such violations. *Id. See also Katzman*, 167 F.R.D. at 658 ("failure to adequately plead facts that would satisfy the pleading requirements of §§ 1962(a), 1962(b) or 1962(c) necessarily dooms any claim [that the plaintiff] might assert arising under 1962(d)") (citation omitted). Accordingly, because plaintiffs have failed to plead a legally sufficient substantial RICO claim, their conspiracy claim also fails.

What is more, in order to allege a conspiracy under § 1962(d), a plaintiff must assert that "each defendant, by words or actions, manifested an agreement to commit two predicate acts in furtherance of the common purpose of a RICO enterprise…" *Allen v. New World Coffee, Inc.*, 2001 WL, 293683, at *9 (S.D.N.Y. Mar. 27, 2001) (citation omitted). Conclusory allegations that "[a]ll of the defendants conspired among themselves to further the scheme to defraud" and "knowingly and willingly participat[ed] in the conspiracy" are insufficient. *Adler v. Berg Harmon Assocs.*, 790

22

F.Supp. 1222, 1234 (S.D.N.Y. 1992); *see Laverpool v. N.Y.C. Transit Auth.*, 760 F.Supp. 1046, 1060 (E.D.N.Y. 1991) ("Bare or conclusory allegations of participation in a conspiracy under section 1962(d) will not avail on a motion to dismiss, and the plaintiff must plead allegations that each defendant knowingly agreed to participate in the conspiracy, particularly when the predicate acts alleged are fraud.") (citations omitted). Here, the plaintiffs' allegations are conclusory in nature and, in fact, plaintiffs have failed to specify how any of the individual defendants "manifested an agreement to commit two predicate acts in furtherance of a common purpose of a RICO enterprise." Therefore, all of the Plaintiffs' conspiracy claims under § 1962(d) should be dismissed.

### III.

### PLAINTIFFS' SECTION 349(a) CLAIM SHOULD BE DISMISSED

Section 349(a) of New York's General. Business Law provides that "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful," and a person injured by such acts may bring a civil action for damages. As this Court held in dismissing Plaintiffs' original section 349 claim, section 349 is a consumer protection law. Exhibit B, p. 9. It has no application to these Plaintiffs, or to these facts. *Id; Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20, 25 (1995); *Cruz v. NYNEX Corp.*, 44 F. Supp. 2d 565, 583 (S.D.N.Y.).

In its Order dismissing the original Complaint, the Court noted that Plaintiffs request to replead related only to their RICO claim. *See* Exhibit B, p. 10 ("Though Plaintiffs have not provided a detailed breakdown of how they would amend their complaint, they have signaled to the Court that they seek to add allegations of mail and wire fraud. We deem this representation sufficient in this instance to grant leave to replead."). Because Plaintiffs did not previously seek, and have not been granted, leave to replead their section 349 claim, Plaintiffs had no right to amend

23

their section 349 Complaint without leave of Court. *See* Fed. R.Civ. P. 15(a). Accordingly, the third Count in the Amended Complaint should be dismissed.[11]

### IV.

### PLAINTIFFS SHOULD NOT BE PERMITTED TO REPLEAD AGAIN

Rule 15(a) of the Federal Rules of Civil Procedure provides that parties may amend their pleading once as a matter of course and otherwise only by leave of the court. Although leave to amend is freely granted when justice so requires, when a plaintiff is put on notice of the deficiencies of the complaint and fails to correct them in the Amended Complaint, dismissal with prejudice is proper. *See Denny v. Barber*, 576 F.2d 465 (2d Cir. 1978) (denying plaintiff leave to amend the amended complaint where it was unlikely that the second amended complaint cured the defects of the first, and in dismissing the initial complaint, the judge had put plaintiff's counsel on notice of what was required); *In re Eaton Vance Mut. Funds Fee Litigation*, 403 F.Supp.2d 310, 318-19 (S.D.N.Y. 2005) ("[i]n light of the plaintiffs' failure to cure the defects after being provided notice, this is not a case where leave to amend should be given because 'justice so requires.'"); *Midwest Grinding Co., Inc. v. Spitz*, 976 F.2d 1016, 1020-21 (S.D.N.Y. 1992) (district court was justified in denying leave to file a third amended complaint where plaintiff "had fair notice of its pleading deficiencies from the defendants' motion to dismiss, but it chose to ignore that warning."); *see also Hayduk v. Lanna*, 775 F.2d 441, 445 (1st Cir. 1985) ("we find that dismissal of the counts after plaintiffs had two opportunities to amend their complaint was well within the discretion of the district court especially since the plaintiffs were notified before amending a second time that the allegations of fraud in their first amended complaint failed to meet the particularity requirements of Rule 9(b).").

---

[11] The section 349 claim should be dismissed on the merits as well, for all of the reasons set forth in Defendants' Memorandum of Law In Support of Motion To Dismiss (Docket #16), and in Defendants' Reply Memorandum (Docket #20), which are hereby incorporated by reference.

Here, Plaintiffs were told exactly what they had to do and they did not do it. They were given leave to amend their Complaint to assert mail fraud and wire fraud as predicate acts under RICO. Having been given fair notice of what they needed to do, and having failed to take advantage of that notice, they should not be given another opportunity.

## Conclusion

For the foregoing reasons, the Amended Complaint should be dismissed, with prejudice.

Dated: New York, New York
November 21, 2008

Respectfully submitted,

MOSES & SINGER LLP
*Attorneys for Defendants*

By: _____
Abraham Y. Skoff, Esq. (AS-5330)
Robert D. Lillienstein, Esq. (RL-4585)
Scott E. Silberfein, Esq. (SS 1947)
Danielle S. Friedberg, Esq. (DF 9679)
405 Lexington Avenue
New York, New York 10174
(212) 554-7800 (telephone)
(212) 554-7807 (facsimile)