UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

MELINDA SERIN, JUDSON RUSS, LONG SOUI LIM, PERI KETTLER, GORDON REDNER, AND THOMAS J. SMITH,

Plaintiffs,

-against-

NORTHERN LEASING SYSTEMS, INC., JAY COHEN, RICH HAHN, and SARA KRIEGER,

Defendant.

------------------------------------------------------------------ X

06 CV 1625 (SCR)

**APPENDIX TO**

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED COMPLAINT**

MOSES & SINGER LLP
*Attorneys for Defendants*
405 Lexington Avenue
New York, New York 10174
(212) 554-7800

# INDEX TO UNPUBLISHED ORDERS AND OPINIONS

Gagasoules v. MBF Leasing LLC,
Index No. 08 Civ. 2409 (E.D.N.Y. February 2, 2009)

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------X

GUS GAGASOULES, JAN NIBLETT, LUSTER COTE, INC., RHONDA GARNER, and DECOR SPECIALTIES, INC., on behalf of themselves and all other similarly situated,

Plaintiffs,

**MEMORANDUM OF**
**DECISION AND ORDER**
08-CV-2409 (ADS)(ARL)

-against-

MBF LEASING LLC, LINA KRAVIC, BRIAN FITZGERALD, SAM BUONO, WILLIAM HEALY, and JOHN DOES 1-100,

Defendants.

---------------------------------------------------------X

**APPEARANCES:**

**Chittur & Associates, P.C.**
Attorneys for Plaintiffs
286 Madison Avenue, Suite 1100
New York, NY 10017
By: Krishnan Shanker Chittur, Esq, Of Counsel

**Klafter Olsen & Lesser LLP**
Attorneys for Plaintiffs
1311 Mamaroneck Avenue, Suite 220
White Plains, NY 10605
By: Seth R. Lesser, Esq., Of Counsel

**Moses & Singer LLP**
Attorneys for Defendants MBF Leasing, Inc., Linda Kravic, Brian Fitzgerald, Sam Buono
405 Lexington Avenue
New York, NY 10174
By: Jennifer Patricia Nigro, Esq., Of Counsel

**Tashjian & Padian**

Attorneys for Defendant William Healy
15 West 36th Street, 15th Floor
New York, NY 10018
By: Gerald Padian, Esq.
Bradley M. Rank, Esq., Of Counsel

**Harrison & Held, LLP**
Attorneys for Defendant William Healy
333 W. Wacker Drive Suite 1700
Chicago, IL 60606
By: John M Heaphy, Esq., Of Counsel

**SPATT, District Judge.**

On June 13, 2008, Gus Gagasoules, Jan Niblett, Luster Cote, Inc., Rhonda Garner, and Decor Specialties, Inc. (collectively "the Plaintiffs") commenced a lawsuit against MBF Leasing, LLC ("MBF"), Lina Kravic, Brian Fitzgerald, Sam Buono, and William Healy (collectively "the Defendants") asserting various causes of action arising out of equipment finance leases that the Plaintiffs entered into with MBF. Presently before the Court is a Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6) motion to dismiss filed by all of the Defendants and separate motions by Defendants William Healy ("Healy") and Brian Fitzgerald ("Fitzgerald") to dismiss the complaint under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

## I. BACKGROUND

MBF is a New York corporation that finances credit card swipe machines and other electronic payment equipment for small businesses. Although MBF does not manufacture or supply the equipment, MBF provides financing to merchants who

choose to lease equipment provided by third-party vendors. When MBF is selected as the source of financing, the lessee is required to submit an application and an executed lease agreement for MBF's approval. If the lessee's application is approved, MBF finances the equipment and looks to the lessee for payments structured according to the lease agreement.

**A. The Defendants' Lease Agreement with Professional Fur Designers**

Gus Gagasoules ("Gagasoules") is the owner of a boutique fur store called Professional Fur Designers ("Professional Furs"). On May 5, 2006, MBF entered into a written lease agreement with Gagasoules to provide financing for electronic payment equipment. Gagasoules states that MBF's agents represented that he could use the equipment on a trial basis without incurring any payment obligation.

According to Gagasoules, two sections of the lease agreement entitled "Schedule of Payments" and "Equipment Information" were left blank when he signed. Gagasoules alleges that these terms were only to be filled in if he decided to use the equipment beyond the trial period. Nevertheless, despite the fact that the equipment was never used, Gagasoules alleges that he later discovered that MBF's agents had filled in these sections of the agreement to reflect that the parties had agreed to a four year lease for $49.99 per month plus taxes. Gagasoules also alleges that MBF added a previously undisclosed insurance premium of $4.95 per month.

According to Gagasoules, MBF deducted $59.25 each month from Professional Fur's business account.

Upon learning of MBF's monthly charges, Gagasoules returned the equipment to MBF and demanded that the Defendants cease making deductions from Professional Furs' account. When the Defendants refused to stop making these monthly deductions, Gagasoules arranged with his bank to prevent the Defendants from drawing on his account. Gagasoules alleges that when the Defendants were no longer able to deduct the monthly charges, the Defendants made defamatory statements about Gagasoules to Experian, a credit reporting agency.

In May of 2008, Gagasoules raised a dispute with Experian about the Defendants' allegedly defamatory statements and demanded that the entries be deleted from his credit report. Gagasoules alleges that Experian forwarded the dispute to the Defendants who in turn failed to investigate or verify their claims. Gagasoules also avers that MBF subsequently gained unauthorized access to his credit report on three separate occasions between May of 2006 and January of 2008.

**B. The Defendants' Lease Agreement with Luster Cote, Inc.**

In September of 2006, Jan Niblett ("Niblett") signed a lease agreement with MBF on behalf of his company Luster Cote, Inc. for the purpose of financing electronic payment equipment. As with Gagasoules, Niblett alleges that, after he signed the lease agreement, MBF's agents supplied unbargained for terms in the

agreement obligating Niblett to pay $109 per month plus taxes for, among other equipment, a machine that was never discussed or received. Niblett asserts that these payments, plus a previously undisclosed $4.95 insurance premium, were deducted from Luster Cote's bank account each month by MBF.

After an unsuccessful attempt to convince MBF to cease making the monthly deductions, Luster Cote made arrangements with its bank to prevent MBF from drawing on its account. According to Niblett, when MBF was no longer able to deduct payments from the Luster Cote bank account, the Defendants made defamatory statements about Niblett to Experian. Niblett further alleges that MBF gained unauthorized access to his credit report on four separate occasions between October of 2006 and April of 2008.

**C. The Defendants' Lease Agreement with Decor Specialties, Inc.**

In January of 2005, Rhonda Garner ("Garner") signed a lease agreement with MBF on behalf of her company, Decor Specialties, Inc for the purpose of financing electronic payment equipment. Garner alleges that, after the lease agreement was executed, MBF's agents filled in payment terms obligating her to pay $69.99 per month plus taxes and levied a previously undisclosed insurance premium of $4.95. As with the other Plaintiffs, Garner alleges that MBF made monthly deductions from Decor Specialties' account.

The Plaintiffs allege that after Decor Specialties arranged with its bank to prevent MBF from drawing on its account, the Defendants made defamatory statements about Garner to Experian. Garner alleges that she disputed these entries on her credit report with Experian and that Experian forwarded this dispute to the Defendants. Garner asserts that the Defendants never investigated or corrected their report and in fact made an additional false report to Experian in September of 2007. According to Garner, MBF also gained unauthorized access to her credit report five times between January of 2005 and March of 2007.

**D. The Plaintiffs' Complaint**

The Plaintiffs assert sixteen wide-ranging causes of action including claims for violations of the Fair Credit Reporting Act ("FCRA"),15 U.S.C. 1681 et seq., the New York Fair Credit Reporting Act ("NYFCRA"), N.Y. Gen. Bus. L. § 380, and New York Insurance Law § 2102. The Plaintiffs also allege a defamation claim and several causes of action sounding in breach of contract. On October 14, 2008, the Defendants moved under Rule 12(b)(6) to dismiss the complaint in its entirety and Fitzgerald filed a 12(b)(2) motion to dismiss the complaint for lack of personal jurisdiction. On December 12, 2008, Healy also moved to dismiss the complaint under Rule 12(b)(2).