## II. DISCUSSION

A.   **Legal Standards**

**1. 12(b)(6) Motion to Dismiss**

In considering a 12(b)(6) motion to dismiss, "'[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" Todd v. Exxon Corp., 275 F.3d 191, 198 (2d Cir. 2001) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)). In this regard, the Court must "accept all of the plaintiff's factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." Starr v. Georgeson S'holder, Inc., 412 F.3d 103, 109 (2d Cir. 2005).

A complaint should be dismissed only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). The Second Circuit has interpreted Twombly to require that a complaint "allege facts that are not merely consistent with the conclusion that the defendant violated the law, but which actively and plausibly suggest that conclusion." Port Dock & Stone Corp. v. Oldcastle Northeast, Inc., 507 F.3d 117, 121 (2d Cir. 2007). On a 12(b)(6) motion to dismiss, the Court must limits its "consideration to facts stated in the complaint or documents attached to the complaint as exhibits or incorporated by reference." Nechis v. Oxford Health Plans Inc., 421 F.3d 96, 100 (2d Cir. 2005).

### B. The Defendants' 12(b)(6) Motion to Dismiss

#### 1. Fair Credit Reporting Act

The FCRA regulates the collection, dissemination, and use of consumer credit information. In particular, "its object is to regulate credit reports used in establishing eligibility for personal, family, or household purposes." Lucchesi v. Experian Info. Solutions, Inc., 2003 WL 21542317 (S.D.N.Y. Jul. 7, 2003). In this sense, the statute applies only to "consumer reports . . . and creates a cause of action in favor of 'any consumer' who is damaged" by a defendant's willful or negligent noncompliance with the statute. See Id (citing 15 U.S.C. 1681a(d)(1)); 15 U.S.C. § 1681n; 15 U.S.C. § 1681o. Here, the Plaintiffs allege that the Defendants violated the FCRA by: (1) willfully or negligently gaining access to the Plaintiffs' personal credit reports; and (2) failing to rectify false statements the Defendants made to Experian. The Defendants counter that the FCRA does not apply where, as here, a defendant obtains a merchant's personal credit report in connection with a commercial transaction involving that merchant's business.

The Federal Trade Commission ("FTC") has declared that "[a] report on a consumer for credit or insurance in connection with a business operated by the consumer is not a 'consumer report' and the [FCRA] does not apply to it." Lucchesi, 2003 WL 21542317 at *2 (citing 16 C.F.R. Part 600, App. cmt. 6(b)). Although FTC opinions are not accorded the force of trade rules or regulations, the FTC's

8

interpretation of the FCRA is persuasive authority that clearly supports the Defendants' argument. In addition, the Defendants' contention is also supported by relevant case law. Lucchesi, 2003 WL 21542317.

In Lucchesi, the plaintiff applied for and personally guaranteed a bank loan in order to finance the purchase of certain equipment for his business. When the bank denied his loan application on the basis of a personal credit report issued by the defendant, the plaintiff brought a lawsuit alleging that the defendant was negligent in preparing the report. The Court dismissed the complaint observing that the FTC's interpretation of the FCRA foreclosed the plaintiff's claim.

Here, as in Lucchesi, the Plaintiffs signed personal guarantees on behalf of their businesses in order to finance equipment and the Defendants then accessed their personal credit reports. Under these circumstances, the Defendants' access to the Plaintiffs' personal credit reports does not give rise to a claim under the FCRA because these were not "consumer reports" within the meaning of the statute. Accordingly, Counts I-IV are dismissed.

### 2. New York Fair Credit Reporting Act

The NYFCRA is consumer protection statute that is styled after the FCRA and courts in the Second Circuit interpret these statutes similarly. Trikas v. Universal Card Servs. Corp., 351 F. Supp. 2d 37, 46 (E.D.N.Y. 2005); Ali v. Vikar Mgmt. Ltd., 994 F. Supp. 492, 498 (S.D.N.Y.1998). In this sense, the Plaintiffs' claims under the

NYFCRA are duplicative of their claims under the FCRA and suffer from the same infirmity. Accordingly, Counts V-VIII are dismissed.

### 3. New York Insurance Law § 2102

The Plaintiffs allege a cause of action under New York Insurance Law § 2102 asserting that the Defendants violated the statute by collecting insurance premiums without a proper license to engage in the insurance business. The statute provides, in pertinent part, that "[n]o person, firm, association or corporation shall act as an insurance producer or insurance adjuster in this state without having authority to do so by virtue of a license issued and in force pursuant to the provisions of this chapter." N.Y. INS. Law § 2102(a)(1). The Plaintiff has not offered and the Court is unable to locate any cases recognizing a private right of action under § 2102. This is not surprising.

"Typically, courts do not construe the Insurance Law as providing for a private right of action, in the absence of express language authorizing such enforcement." Certain Underwriters at Lloyd's, London v. Plasmanet Inc., 2002 WL 1788020, at *3 (S.D.N.Y. Aug 1., 2002) (quoting Bauer v. Mellon Mortgage Co., 178 Misc.2d 234, 680 N.Y.S.2d 397, 400 (1998)). Here, although it is evident that the statute does not expressly authorize a private right of action, the Plaintiffs urge the Court to create an implied private right of action under § 2102.

"To imply a private right of action when not expressly provided by statute, plaintiffs must prove (1) they are members of the class for whose benefit the statute was enacted; (2) a private right of action would promote the legislative purpose; and (3) creation of such a right of action would be consistent with the legislative scheme." Masters v. Wilhelmina Model Agency, Inc., 2003 WL 145556, at *6 (S.D.N.Y. Jan. 17, 2003) (citing Sheehy v. Big Flats Cmty. Day, 73 N.Y.2d. 629, 633, 543 N.Y.S.2d 18, 541 N.E.2d 18 (1989)). The Plaintiffs have failed to convince the Court in this case that it should construe § 2102 to create a private right of action.

First, the legislative history clearly reflects that, in enacting § 2102, the legislature sought to "ease multi-state insurance operations by standardizing producer licensing provisions and formalizing reciprocity agreements under which New York producer licensees are recognized by other states and New York in turn recognizes other states' licensees." New York Bill Jacket, 2003 S.B. 5729, Ch. 687. The Plaintiffs fail to explain how recognizing a private right of action against defendants who collect insurance premiums without a license would further this purpose. Second, in light of this avowed legislative purpose, it seems clear that the statute was designed to benefit licensed multi-state insurance companies; not small business owners who are charged insurance premiums by unlicensed companies. Finally, creating a private right of action would be inconsistent with the legislative scheme because N.Y. Insurance Law §109(d) contemplates that only the Superintendent of the

New York State Insurance Department retains the authority to institute civil actions to recover for violations of the New York Insurance Law.

Clearly, in this case, the Sheehy factors cut decidedly against recognizing a private right of action under § 2102. Accordingly, Count IX is dismissed.

### 4. Defamation

To assert a viable cause of action for defamation, a Plaintiff must allege: (i) a false defamatory statement of fact; (ii) of and concerning the plaintiff; (iii) that was published to a third party; (iv) made with the applicable level of fault on the part of the speaker; and (vi) caused special harm or constituted defamation per se. Albert v. Loksen, 239 F.3d 256, 265-66 (2d Cir. 2001). Under New York C.P.L.R. § 3016(a), the Plaintiff is required to set forth "the particular words complained of" and the person or persons to whom the alleged defamatory comments were made. Mills v. Miteq, Inc., 2008 WL 350922, at *2 (E.D.N.Y. Feb. 7, 2008).

The Plaintiffs allege that the Defendants made the following actionable statements to Experian: (i) Mr. Gagasoules had personally opened an account with Defendant MBF on May 1, 2006; (ii) Mr. Gagasoules' personal account was for 48 months with monthly payments due; (iii) Defendant MBF had "charged off" $1,850; (iv) Mr. Niblett had personally opened an account with the Defendants in 10/06; (v) Mr. Niblett's personal account had a credit limit/original amount of $5,517; (vi) Mr. Niblett's personal account was an "installment loan" for "48 months" with monthly

12

payments due; (vii) the Defendants had "charged off" $4,219 which Mr. Niblett allegedly owed on account of "Early termination/balance owing"; (viii) Ms. Garner had personally opened an account with the Defendants in February 2005; (ix) Ms. Garner's personal account had a credit limit/original amount of $3,597; (x) Ms. Garner's personal account was an "installment" loan for "48 months" with monthly payment due; and (xi) the Defendants had "charged off" $2,709 which Ms. Garner allegedly owed on account of "Early termination/balance owing."

At the motion to dismiss stage, the Court must accept that these statements were in fact false. The Court's analysis, then, must turn to "whether the statements at issue are 'reasonably susceptible of a defamatory meaning.'" Krepps v. Reiner, 2008 WL 5056442, at *10 (S.D.N.Y. Nov. 24, 2008) (quoting Treppel v. Biovail Corp., 2005 WL 2086339, at *7 (S.D.N.Y. Aug. 30, 2005). A statement has a defamatory meaning if it "tends to expose the plaintiff to public contempt, ridicule, aversion or disgrace, or induce an evil opinion of him in the minds of right-thinking persons, and to deprive him of their friendly intercourse in society." Foster v. Churchill, 87 N.Y.2d 744, 751, 642 N.Y.S.2d 583, 665 N.E.2d 153 (N.Y.1996) (citations and internal quotations marks omitted).

Here, none of the statements set forth above are reasonably susceptible of a defamatory meaning. The Court fails to apprehend and the Plaintiffs make no cogent effort to explain how any of these statements would expose the Plaintiffs to "public

13

contempt, ridicule, aversion or disgrace." See DiBella v. Hopkins, 2002 WL 31427362, at *2 (S.D.N.Y. Oct. 30, 2002) (noting that "courts should not strain to interpret statements as defamatory."). Accordingly, Count XVI is dismissed.

### 5. Concerted Action Liability

"Concerted-action liability under New York law is based on the principle that '[a]ll those who, in pursuance of a common plan or design to commit a tortious act . . . or who lend aid or encouragement to the wrongdoer . . . are equally liable with him." Pittman by Pittman v. Grayson, 149 F.3d 111, 122 (2d Cir. 1998) (quoting Bichler v. Eli Lilly & Co., 55 N.Y.2d 571, 580, 450 N.Y.S.2d 776, 780, 436 N.E.2d 182 (1982)). "When a cause of action alleges that each defendant has acted in concert, there must be an independent tort to provide the basis for liability. Am. Bldg. Maint. Co. of New York v. Acme Prop. Serv., 515 F. Supp. 2d 298, 321 (N.D.N.Y. 2007) (citing Small v. Lorillard Tobacco Co., Inc., 94 N.Y.2d 43, 57, 698 N.Y.S.2d 615, 720 N.E.2d 892 (1999)). Here, with the Court having dismissed their defamation claim, the Plaintiffs have failed to allege that the Defendants committed an independent tort that could serve as the predicate for a concerted action liability claim. Accordingly, Count XII is dismissed.

### 6. Civil Conspiracy

New York does not recognize an independent tort of civil conspiracy. As a threshold matter then, to establish a civil conspiracy claim, the plaintiff must show