that the defendants committed an underlying tort. See Crigger v. Fahnestock & Co., Inc., 443 F.3d 230, 237 (2d Cir. 2006) (observing that, under New York law, a plaintiff may not assert a civil conspiracy claim where it has failed to plead the commission of an underlying tort); Jean-Laurent v. Hennessy, 2008 WL 3049875, at *20 (E.D.N.Y. Aug. 1, 2008) (noting that "[s]ince New York does not recognize an independent tort of civil conspiracy, such a cause of action is available only if there is evidence of an underlying actionable tort.") (citation omitted)). As with their concerted action claim, the Plaintiffs have failed to set forth a viable independent tort that could serve as the predicate for a civil conspiracy cause of action. Accordingly, Count XIII is dismissed.

### 7. The Plaintiffs' Breach of Contract Claim

The Plaintiffs allege that MBF breached the lease agreements "by charging and collecting sums in excess of those specified in the first page" of the agreements and "by imposing undisclosed amounts towards alleged taxes and insurance coverage." The Plaintiffs also allege that the Defendants breached the implied covenant of good faith and fair dealing by concealing material terms in the lease agreements. As a threshold issue, the Plaintiffs contend that collateral estoppel precludes the Defendants from seeking dismissal of their breach of contract claim in light of the New York State Appellate Division, First Department's ruling in Pludeman v. Northern Leasing Systems, Inc., 40 A.D.3d 366, 837 N.Y.S.2d 10 (1st Dep't 2007).

15

In Pludeman, a different group of plaintiffs alleged, among other causes of action, that Northern Leasing Systems, Inc. ("NLS") breached lease agreements that were identical to those in the present case. In particular, the complaint alleged that the defendants charged the plaintiffs fees in excess of the amounts agreed upon in the lease agreements. On appeal, the First Department, without analysis, reversed a lower court's decision to dismiss the plaintiffs' breach of contract claims. See Id. at 367 ("The cause of action for breach of contract is sufficiently stated by the allegations of overcharges."). Here, the Plaintiffs argue that the First Department's decision has a preclusive effect because the lease agreements in the two cases are identical and the Defendants are in privity with NLS. The Court disagrees.

The Plaintiffs misapprehend the doctrine of collateral estoppel. "The fundamental notion of the doctrine of collateral estoppel . . . is that an issue of law or fact actually litigated and decided by a court of competent jurisdiction in a prior action may not be relitigated in a subsequent suit between the same parties or their privies." Ali v. Mukasey, 529 F.3d 478, 489 (2d Cir. 2008). It is well-settled that collateral estoppel applies only where "the issues previously litigated were 'necessary to support a valid and final judgment on the merits.'" Ali, 529 F.3d at 489 (citing Gelb v. Royal Globe Ins. Co., 798 F.2d 38, 44 (2d Cir.1986)). Here, even accepting the Plaintiffs' dubious allegation that the Defendants are in privity with NLS, it is evident that the First Department's finding was not a final judgment on the merits. Therefore,

Pludeman does not estop the Defendants in this action from seeking dismissal of the Plaintiffs' breach of contract claim.

The Court reads the complaint to allege that MBF breached the lease agreements by supplying unbargained for price terms after the Plaintiffs had executed the lease agreements. Accepting these allegation as true, as the Court must at the motion to dismiss stage, the Plaintiffs have offered a plausible claim that MBF breached the lease agreements by charging them payments in excess of the price terms agreed to by the parties.

However, the Plaintiffs' contention that MBF breached the parties' agreements by collecting undisclosed taxes and insurance premiums is belied by the very terms of the agreements. The Defendants' right to collect insurance premiums is set forth in ¶ 10 on Page 3 of the lease agreements. See Defendants' Exhibits A-C, pg. 3 ("Lessee shall keep the Equipment insured against all risks of loss or damage . . . [and] Lessee shall pay the premiums for such insurance . . ."). Moreover, the first page of the lease agreement - the only page of the agreement the Plaintiffs claim they read - clearly indicates that the Defendants had a right to collect applicable taxes in addition to the monthly lease payment. Accordingly, the Defendants' motion to dismiss Count X is denied only to the extent that this cause of action is based upon the allegation that the Defendants charged for price terms that were unilaterally supplied by the Defendants after the lease agreements were executed by the Plaintiffs.

As noted above, the Plaintiffs also allege that the Defendants violated the implied covenant of good faith and fair dealing by concealing material terms in the lease agreement. "New York law imposes an implied covenant of good faith and fair dealing in all contracts, 'pursuant to which neither party to a contract shall do anything which has the effect of destroying or injuring the right of the other party to receive the fruits of the contract.'" Peabody v. Weider Publications, Inc., 2006 WL 3802214, at *5 (S.D.N.Y. Dec. 26, 2006) (citing Thyroff v. Nationwide Mut. Ins. Co., 460 F.3d 400, 407 (2d Cir.2006); see also State Street Bank and Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158 (2d Cir. 2004) ("This covenant embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.").

Here, the Plaintiffs have failed to allege that the Defendants deprived them of rights under the contract; their argument is rather that lease terms were either concealed or misrepresented. While such allegations may be alleged in support of a fraud cause of action, they do not form the basis of a viable claim for breach of the implied covenant of good faith and fair dealing. Accordingly, the Plaintiffs may not maintain a cause of action for breach of the implied covenant of good faith and fair dealing under Count X.

In Count XI, the Plaintiffs assert a claim against the individual Defendants for aiding and abetting MBF's alleged breach of the lease agreements. Although the

18

common law does recognize a claim for tortious interference with contract, New York does not recognize a cause of action for aiding and abetting a breach of contract. Here, the Plaintiffs have not alleged tortious interference with contract. However, even if they had, the allegations offered in the complaint would clearly not support such a claim. See Kronos, Inc. v. AVX Corp., 81 N.Y.2d 90, 94, 595 N.Y.S.2d 931, 934 (N.Y.1993) (noting that tortious interference with contract requires, among other elements, a showing that the defendant induced a third party to breach a contract with the plaintiff). Accordingly, Count XI is dismissed.

It is well-settled that "[c]orporate officers are not liable for breaches of contract unless the corporate veil is pierced." Liberty Mut. Ins. Co. v. Palace Car Services Corp., 2007 WL 2287902, at *1 (S.D.N.Y. Aug. 8, 2007) (citing Cohen v. Koenig, 25 F.3d 1168, 1173 (2d Cir.1994)). Under New York law, a party seeking to pierce a corporate veil must make a two-part showing: "(i) that the owner exercised complete domination over the corporation with respect to the transaction at issue; and (ii) that such domination was used to commit a fraud or wrong that injured the party seeking to pierce the veil." See Morris v. New York State Dep't of Taxation & Fin., 82 N.Y.2d 135, 141, 82 N.Y.2d 135, 623 N.E.2d 1157 (1993) (collecting cases).

Here, the Plaintiffs have made no attempt to make either required showing. Therefore, the Plaintiffs cannot impose liability on the individual Defendants for MBF's alleged breach of the lease agreements. Because the Plaintiffs' only remaining

cause of action is against MBF for breach of contract, the complaint must be dismissed as to the individual Defendants. Accordingly, the Court need not entertain the motions by Healy and Fitzgerald to dismiss the complaint for lack of personal jurisdiction.

### 8. The Plaintiffs' Quasi-Contract Claims

In Counts XIV and XV, the Plaintiffs assert quasi-contract claims for unjust enrichment and money had and received. However, as with other quasi-contract theories of liability, these causes of action cannot be maintained where there is an express agreement between the parties. See Goldman v. Metropolitan Life Ins. Co., 5 N.Y.3d 561, 572, 807 N.Y.S.2d 583, 841 N.E.2d 742 (N.Y. 2005) (holding that the theory of unjust enrichment is a quasi-contract claim that is inapplicable where there is an actual agreement between the parties); Shovak v. Long Island Commercial Bank, 50 A.D.3d 1118, 1120 858 N.Y.S.2d 660, 663 (2d Dep't 2008) (observing that the quasi-contract theory of money had and received is not viable where the parties entered into an actual contract). Here, there is simply no bona fide dispute as to whether there are express agreements between the parties. Therefore, the Plaintiffs may not proceed in the alternative with their quasi-contract theories of liability. Accordingly, Counts XIV and XV are dismissed.

### III. CONCLUSION

Based on the foregoing, it is hereby

ORDERED, that the Defendants' 12(b)(6) motion to dismiss is **GRANTED** as to Counts I-IX, XI-XVI and **DENIED** as to Count X, and it is further

**ORDERED**, that the complaint is dismissed as to the individual Defendants Lina Kravic, Brian Fitzgerald, Sam Buono, and William Healy, and it is further

**ORDERED**, that the caption is amended to read:

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
GUS GAGASOULES, JAN NIBLETT,
LUSTER COTE, INC., RHONDA GARNER,
and DECOR SPECIALTIES, INC., on behalf of
themselves and all other similarly situated,

                          Plaintiffs,

    -against-

MBF LEASING LLC,

                          Defendant.
-----------------------------------------------------------
X

**SO ORDERED.**

Dated: Central Islip, New York
        February 2, 2009

                                    *Arthur D. Spatt*
                                    ARTHUR D. SPATT
                                  United States District Judge