UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X

MELINDA SERIN, JUDSON RUSS, LONG SOUI
LIM, PERI KETTLER, GORDON REDNER, AND
THOMAS J. SMITH,

                                    Plaintiffs,

              -against-

NORTHERN LEASING SYSTEMS, INC., JAY
COHEN, RICH HAHN, and SARA KRIEGER,

                                   Defendant.

-------------------------------------------------------------------- X

06 CV 1625 (JSG)

ANSWER TO AMENDED
COMPLAINT

Defendants Northern Leasing Systems, Inc., Jay Cohen, Rich Hahn and Sara Krieger

("Defendants"), by their attorneys, Moses & Singer, LLP, as and for their answer and affirmative

defenses to the Amended Complaint, allege as follows:

      1.      Deny the allegations of paragraph 1 and respectfully refer all questions of law to

the Court.

### Jurisdiction

      2.      Deny knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 2 and refer all questions of law to the Court.

### Parties

      3.      Deny knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraphs 3.

      4.      Deny knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 4.

5.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5.

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9.      Admit the allegations in paragraph 9.

10.     Admit that Jay Cohen is the President of Northern Leasing Systems, Inc. ("NLS"), and deny the remaining allegations of paragraph 10.

11.     Admit that Rich Hahn is a Vice President of NLS, and deny the remaining allegations of paragraph 11.

12.     Admit that Sara Krieger is a Vice President of NLS, and deny the remaining allegations of paragraph 12.

## Factual Allegations

13.     Deny the allegations of paragraph 13.

14.     Deny the allegations of paragraph 14.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 and refer all questions of law to the Court.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and refer all questions of law to the Court.

17.     Deny the allegations of paragraph 17.

18.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and refer all questions of law to the Court.

**Ms. Serin**

19.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19.

20.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 except admit that NLS issued a release, dated on or about June 24, 2003, to Ms. Serin and respectfully refers the Court to the release for the terms thereof.

21.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21.

22.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22.

23.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23, and refer to the document referred to therein for its complete terms and meaning.

24.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24, and refer to the document referred to therein for its complete terms and meaning.

25.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25, except admit that NLS received an affidavit of forgery executed by Melinda Serin, dated September 23, 2005.

26.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 26, except deny the allegations in the first sentence of paragraph and deny that

NLS did not conduct a reasonable investigation, and refer to the documents referred to therein for their complete terms and meaning.

27.     Deny the allegations in paragraph 27, except admit that NLS commenced an action against Ms. Serin in New York City Civil Court on or about May 17, 2005, that the Complaint in that action was verified by defendant Krieger, and refer the Court to the Summons and Complaint for the complete terms and meaning thereof.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28, except deny that any of the individual defendants had any communication with Ms. Serin

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 except admit that the action commenced against Ms. Serin on or about May 17, 2005 in New York City Civil Court was ultimately dismissed as against Ms. Serin with prejudice and without costs.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32, except admit that NLS reported the account as a charge off on or about March 12, 2004.

**Mr. Judson Russ**

33.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 except admit that NLS sent Mr. Russ copies of his lease, including his personal guaranty, upon request.

35.     Deny knowledge of information sufficient to form a belief as to the truth of allegations in paragraph 35.

36.     Deny knowledge of information sufficient to form a belief as to the truth of allegations in paragraph 36.

37.     Deny the allegations in paragraph 37, except admit that NLS disputed Mr. Russ's contention that his signatures were forged and unauthorized.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 38, except deny that the corporation's bank account was closed until after numerous withdrawals had been made therefrom and deny that Defendants engaged in the conduct alleged therein, and refer all questions of law to the Court.

39.     Deny the allegations in paragraphs 39, and refer all questions of law to the Court.

40.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40, except deny that defendants engaged in the conduct alleged therein.

41.     Deny the allegations in paragraph 41 except admit that NLS commenced actions against Mr. Russ in New York City Civil Court.  Defendants respectfully refer the Court to the Complaints in those actions for the complete allegations made by NLS in those lawsuits.

42.     Deny the allegations in paragraph 42, except admit that Rapid Cash Advances, Inc. ("Rapid Cash") was not sued by NLS in the same lawsuits in which it sued Mr. Russ, and deny knowledge and information sufficient to form a belief as to whether Rapid Cash was an active and viable Florida corporation at all relevant times.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43.

44.     Deny the allegations in paragraph 44, except admit that NLS report the accounts as having been charged off.

45.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45.

46.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46, except admit that NLS made ACH withdrawals from bank accounts maintained by Rapid Cash.

**Mr. Long Soui Lim**

47.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47.

48.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48.

49.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49, except admit that NLS requested that Mr. Lim send various documents relating to his claim of forgery.

50.     Deny the allegations in paragraph 50.

51.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51, except admits that Mr. Lim sent certain letters and refers to the contents of those letters for their complete terms and meaning.

52.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52, except admit that Ms. Krieger did not respond to Mr. Lim's letters.

53.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 except admit that counsel for NLS served or attempted to serve Mr. Long Soui Lim with a Summons and Complaint, dated July 29, 2003, via mail at 3251 Old Concord Road, Smyrna, Georgia 30082.  Defendants respectfully refer the Court to the Summons and Complaint for the contents thereof.

54.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54.

55.     Deny the allegations in paragraph 55.

56.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56.

57.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 except admit that in or about May 2004, a default judgment was entered in favor of NLS as against Mr. Lim for the sum of $3,253.63.

58.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58.

59.     Admit that a letter dated August 31, 2004 was sent addressed to Sara Krieger, and refers to that letter for its complete terms, and otherwise deny knowledge or information sufficient to form a belief as to the allegations of paragraph 59.

60.     Deny the allegations in paragraphs 60.

61.     Deny the allegations in paragraph 61, except admit that Mr. Lim called NLS and asked for a copy of the judgment.

62.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62.

63.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63, except deny the allegation that "Defendants deliberately used Mr. Lim's old address for service of process and thereby secure a judgment on default."

64.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64, except deny that the action was dismissed on the merits.

65.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph the allegations in paragraph 65, except admit that NLS reported the account as charged off, and respectfully refer all questions of law to the Court.

**Mr. Gordon Redner**

66.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66.

67.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 except admit that NLS sent Mr. Redner copies of his lease, including his personal guaranty, upon request.

68.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 and refer all questions of law to the Court.

69.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69, except that deny the allegation that Mr. Redner never signed any pre-authorization for NLS to make automatic electronic deductions.

70.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70.

71.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71.

72.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph the allegations in paragraph 72, except admit that NLS reported the account as charged off, and respectfully refer all questions of law to the Court.

**Ms. Peri Kettler**

73.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 73, except that Plaintiff Kettler received a one page equipment finance lease from Defendants, and deny that Plaintiff Kettler's full first name is Peri.

74.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 74.

75.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 75, except denies any forgery by Defendants.

76.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 76, except denies any fraudulent misrepresentation by Defendants.

77.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 77.

78.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78, except admit that NLS commenced an action against Ms. Kettler in New York City Civil Court on or about April 6, 2006, deny that the Complaint contained false statements, and respectfully refer to the Summons and Complaint for the complete terms and meaning thereof.

79.     Deny the allegations in paragraph 79 except admit that the action referred to in paragraph 78 was commenced against Mr. Kettler.

80.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80, except admit that NLS reported the account as charged off, and respectfully refer all questions of law to the Court.

**Thomas J. Smith**

81.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 81.

82.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 82.

83.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83, except admit that NLS commenced an action against Mr. Smith in New York City Civil Court on or about June 1, 2004, deny that any false statements were made in the Complaint, and respectfully refer to the Summons and Complaint for their complete terms and meaning.

84.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84, except admit that NLS reported the account as charged off, and respectfully refer all questions of law to the Court.

**COUNT I**

(RICO, 18 U.S.C. §1962(c))

85.    Defendants repeat the responses to the allegations incorporated by reference in paragraph 85.

86.    Deny the allegations of paragraph 86 and respectfully refer all questions of law to the Court.

87.    Deny the allegations of paragraph 87 and respectfully refer all questions of law to the Court.

88.     Deny the allegations of paragraph 88, except admit that defendant Jay Cohen is the President of defendant Northern Leasing Services, Inc., and respectfully refer all questions of law to the Court.

89.     Deny the allegations of paragraph 89, except admit that defendant Richard Hahn is a Vice President for defendant Northern Leasing Services, Inc., and respectfully refer all questions of law to the Court.

90.     Deny the allegations of paragraph 90, except admit that Sara Krieger is a Vice President for defendant Northern Leasing Services, Inc., deny that Ms. Krieger verified any fraudulent complaints filed in the New York City Civil Court, and respectfully refer all questions of law to the Court.

91.     Deny the allegations of paragraphs 91, and respectfully refer all questions of law to the Court.

92.     Deny the allegations of paragraphs 92, except deny knowledge or information sufficient to form a belief as to the allegations about "attorneys and others whose identities are known only to Defendants,"and respectfully refer all questions of law to the Court.

**Mail Fraud, Violations of 18 U.S.C. §1341**

93.     Deny the allegations of paragraphs 93 except admits that NLS sent letter(s) and/or invoice(s): (i) to Melinda Serin that are dated September 27, 2001, March 1, 2004, June 15, 2005, and September 2, 2005; (ii) to Judson Russ that is dated August 14, 2002; (iii) to Lung Lim that are dated September 10, 2004 and January 27, 2005; (iv) to Gordon Redner that are dated June 3, 2004,June 8, 2004, September 13, 2004, June 16, 2004; (v) to Tom Smith that are dated February 5, 2004, February 24, 2004, March 4, 2004, March 19, 2004, March 29, 2004 and April 29, 2004, and admits that NLS set a copy of the lease between NLS and Yodamo, Inc. to

Yodamo, Inc and Peri Kettler on or about January 24, 2002; and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 93(g), 93(l), 93(m).

94.     Deny the allegations of paragraph 94 and respectfully refer all questions of law to the Court.

95.     Deny the allegations of paragraph 95 and respectfully refer all questions of law to the Court.

96.     Deny the allegations of paragraph 96 and respectfully refer all questions of law to the Court.

97.     Deny the allegations of paragraph 97 and respectfully refer all questions of law to the Court.

98.     Deny the allegations of paragraphs 98 and respectfully refer all questions of law to the Court.

**Extortion Under The Hobbs Act, 18 U.S.C. §1951**

99.     Deny the allegations in paragraph 99 and respectfully refer all questions or law to the Court.

100.    Deny the allegations in paragraph 100 and respectfully refer all questions of law to the Court, except deny knowledge and information sufficient to form a belief as to the allegations n paragraphs 100(a) through (e) which purport to quote portions of court filings, and respectfully refer to those court filings for their complete terms and meaning.

101.    Deny the allegations in paragraph 101 and respectfully refer all questions of law to the Court, except deny knowledge and information sufficient to form a belief as to the

allegations n paragraphs 100(a) through (e) which purport to quote portions of court filings, and respectfully refer to those court filings for their complete terms and meaning.

102.    Deny the allegations in paragraph 102 and respectfully refer all questions of law to the Court, except deny knowledge and information sufficient to form a belief as to the allegations n paragraphs 102(a) through (f) which purport to quote portions of court filings, and respectfully refer to those court filings for their complete terms and meaning.

103.    Deny the allegations in paragraph 103 and respectfully refer all questions of law to the Court, except deny knowledge and information sufficient to form a belief as to the allegations n paragraphs 103(a) through (e) which purport to quote portions of court filings, and respectfully refer to those court filings for their complete terms and meaning.

104.    Deny the allegations in paragraph 104 and respectfully refer all questions of law to the Court, except deny knowledge and information sufficient to form a belief as to the allegations n paragraphs 104(a) through (e) which purport to quote portions of court filings, and respectfully refer to those court filings for their complete terms and meaning.

105.    Deny knowledge or information sufficient to form a belief as to the allegations in paragraph 105.

106.    Deny the allegations in paragraphs 106 and respectfully refer all questions of law to the Court.

107.    Deny the allegations in paragraphs 107 and respectfully refer all questions of law to the Court.

108.    Deny the allegations in paragraphs 108 and respectfully refer all questions of law to the Court. .

109.   Deny the allegations in paragraphs 109 and respectfully refer all questions of law to the Court.

110.   Deny the allegations in paragraph 110 and respectfully refer all questions of law to the Court.

**Extortion Under New York Law**

111.   Defendants repeat the response to the allegations incorporated by reference in paragraph 111.

112.   Deny the allegations of paragraphs 112 and respectfully refer all questions of law to the Court.

113.   Deny the allegations of paragraphs 113 and respectfully refer all questions of law to the Court.

114.   Deny the allegations of paragraphs 114 and respectfully refer all questions of law to the Court.

115.   Deny the allegations of paragraphs 115 and respectfully refer all questions of law to the Court.

**Pattern of Racketeering Activity**

116.   Deny the allegations of paragraph 116 and respectfully refer all questions of law to the Court.

117.   Deny the allegations of paragraph 117 and respectfully refer all questions of law to the Court.

118.   Deny the allegations of paragraph 118 and respectfully refer all questions of law to the Court.

119.   Deny the allegations of paragraph 119 and respectfully refer all questions of law to the Court.

120.    Deny the allegations of paragraph 120 and respectfully refer all questions of law to the Court.

121.    Deny the allegations of paragraph 121 and respectfully refer all questions of law to the Court.

122.    Deny the allegations of paragraph 122 and respectfully refer all questions of law to the Court.

123.    Deny the allegations of paragraph 123 and respectfully refer all questions of law to the Court.

124.    Deny the allegations of paragraph 124 and respectfully refer all questions of law to the Court.

## COUNT II

### (Violation of 18 U.S.C. § 1962(d))

125.    Defendants repeat the response to the allegations incorporated by reference in paragraph 125.

126.    Deny the allegations of paragraphs 126 and respectfully refer all questions of law to the Court.

127.    Deny the allegations of paragraphs 127 and respectfully refer all questions of law to the Court.

128.    Deny the allegations of paragraphs 128 and respectfully refer all questions of law to the Court.

129.    Deny the allegations of paragraphs 129 and respectfully refer all questions of law to the Court.

130.    Deny the allegations of paragraphs 130 and respectfully refer all questions of law to the Court.

131.    Deny the allegations of paragraphs 131 and respectfully refer all questions of law to the Court.

## COUNT III

(N.Y. General Business Law Article 22-A)

132.    Defendants repeat the response to the allegations incorporated by reference in paragraph 132.

133.    Deny the allegations in paragraph 133 and respectfully refer all questions of law to the Court.

134.    Deny the allegations in paragraphs 134 and respectfully refer all questions of law to the Court.

135.    Deny the allegations in paragraphs 135 and respectfully refer all questions of law to the Court.

136.    Deny the allegations in paragraphs 136 and respectfully refer all questions of law to the Court.

## Jury Demand

137.    Neither admit nor deny that Plaintiffs demand a trial by jury, as no response is required.

## FIRST AFFIRMATIVE DEFENSE

1.    Plaintiffs are not "consumers" for purposes of Article 22-A (Section 349) of the New York General Business Law, and, therefore, fail to state a claim upon which relief can be granted under Section 349.

795868v2  001150.0121

## SECOND AFFIRMATIVE DEFENSE

2.      Plaintiffs have failed to name indispensable parties, i.e. the "representatives" and "conspirators" who allegedly made statements and/or representations to the Plaintiffs in furtherance of the alleged racketeering scheme.

## THIRD AFFIRMATIVE DEFENSE

3.      Any information provided by NLS to any credit reporting agencies was accurate, based on documentation or information provided by Plaintiffs to NLS, and/or based on documentation or information provided to NLS by others who were authorized to provide such documentation.

4.      NLS at all time acted in good faith, and without any knowledge of the invalidity of any documents provided by Plaintiffs to NLS.

5.      As a result of the foregoing, NLS's actions were neither intentional nor willful.

## FOURTH AFFIRMATIVE DEFENSE

6.      None of the individual defendants furnished any information relating to any of the Plaintiffs to any credit reporting agency.

7.      To the extent that any of the individual defendants took any actions relating in any way to the claims made herein, those actions were all taken within the scope of their employment by NLS, and not in their respective individual capacities.

8.      The individual defendants cannot be held liable to Plaintiffs for any actions taken within the scope of their employment, and all remaining claims should therefore be dismissed as against the individual defendants.

## FIFTH AFFIRMATIVE DEFENSE

9.      All causes of action asserted in the Amended Complaint fail to state a cause of action.

## SIXTH AFFIRMATIVE DEFENSE

10.     All causes of action asserted in the Amended Complaint are barred by the doctrine of res judicata.

## SEVENTH AFFIRMATIVE DEFENSE

11.     All causes of action asserted in the Amended Complaint are barred by the doctrine of collateral estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

12.     All causes of action asserted in the Amended Complaint are barred by the applicable statute of limitations.

## NINTH AFFIRMATIVE DEFENSE

13.     All causes of action asserted in the Amended Complaint are barred by Plaintiffs' inequitable and/or fraudulent conduct toward Defendants, and by their unclean hands.

## TENTH AFFIRMATIVE DEFENSE

14.     The Amended Complaint fails to plead mail fraud with the specificity required by Fed. R. Civ. P. Rule 9(b).

## ELEVENTH AFFIRMATIVE DEFENSE

15.     The Amended Complaint fails to set forth plead mail fraud against each of the defendants with the specificity required by Fed. R. Civ. P. Rule 9(b).

## TWELFTH AFFIRMATIVE DEFENSE

16.     The Amended Complaint fails to state a claim against any of the individual

defendants, in their individual capacities.

## THIRTEENTH AFFIRMATIVE DEFENSE

17.     None of the Defendants engaged in a pattern of racketeering activity.

## FOURTEENTH AFFIRMATIVE DEFENSE

18.     None of the lease documents that Plaintiffs claim were forged, were forged by any

of the Defendants, and Defendants had no knowledge of any forgery at the time that it

commenced actions in the New York City Civil Court.

19.     Upon information and belief, with the possible exception of one of the lease

documents that Plaintiff claims were forged, none of them were forged at all, and Plaintiffs'

allegation that they were constitutes a knowing fraud on this Court.

20.     Upon information and belief, the lease document allegedly signed by Judson Rush

was signed by Mr. Russ' co-worker, Daniel P. Magyari.

21.     At the time that it commenced an action against Judson Rush, NLS had no

knowledge that the document purportedly signed by Judson Rush was not signed by Judson

Rush, and/or not signed by Magyari with authority.

## FIFTEENTH AFFIRMATIVE DEFENSE

22.     All of the leases that are the subject of the Amended Complaint were ratified by

the Plaintiffs.

## SIXTEENTH AFFIRMATIVE DEFENSE

23.     The acts complained do not satisfy the continuity requirement for a RICO

violation.

## SEVENTEENTH AFFIRMATIVE DEFENSE

24.     The individual defendants did not mail, or cause of be mailed, any of the mailings that allegedly constitute predicate acts for purposes of RICO.

25.     Some or all of the Plaintiffs claims are barred by the statute of limitations.

## EIGHTEENTH AFFIRMATIVE DEFENSE

26.     Each of the claims raised by Plaintiffs pertains to a prior pending action.

Plaintiffs' claims are barred as they were not raised in the prior pending action.

Dated: New York, New York
       January 27, 2010

MOSES & SINGER LLP

BY: _____
       Abraham Y. Skoff
       Robert Lillienstein
       *Attorneys for Defendants Northern Leasing*
       *Systems, Inc., Jay Cohen, Rich Hahn*
       *and Sara Krieger*
       The Chrysler Building
       405 Lexington Avenue
       New York, New York 10174-1299
       Tel (212) 554-7800

**TO:**

CHITTUR & ASSOCIATES, P.C.
*Attorneys for Plaintiffs*
286 Madison Avenue, Suite 1100
New York, New York 10017
212-370-0447