# Chittur & Associates, P.C.
### Attorneys & Counselors at Law

March 16, 2010

Hon. James Gwin
United States District Judge
Carl B. Stokes United States Court House
801 West Superior Avenue
Cleveland, Ohio 44113-1838

      Re:    *Serin v. Northern Leasing*,
              Southern District of New York - Docket No. 7:06-CV-01625

Dear Judge Gwin:

      This letter is submitted under Local Civil Rule 37.2 to resolve discovery disputes arising out of Defendants' refusal to produce documents material to the central issues in this action.

Background

      As Your Honor may recall, this action arises out of Defendants' racketeering scheme to intimidate out-of-state individuals into paying unwarranted sums of money by commencing fraudulent lawsuits in New York City Civil Court seeking to recover relatively small sums, typically under $3,000. However, Defendants were aware well before bringing such actions that Plaintiffs' signatures on the leases underlying these lawsuits had been forged. Nevertheless, Defendants commenced these small claims proceedings - and even obtained fraudulent default judgments - in order to harass, intimidate, and thereby extort money from Plaintiffs and others through threats of expensive long-distance litigation, of damage to credit rating, and/or of entry of default judgments. On these and related grounds, Plaintiffs assert claims under the federal racketeering statute, 18 U.S.C. §1962, and New York's Anti-Deceptive Trade Practices Act, N.Y.G.B.L., §349, and seek compensatory, treble and/or punitive damages, together with attorneys' fees and expenses.

      By an order of December 15, 2009 (Dkt. 47), Your Honor denied Defendants' motion to dismiss in its entirety, and subsequently, issued a case management order. Trial is scheduled for September 20, 2010.

      Plaintiffs had served a discovery request in July 2006, "Ex. 1" Defendants served formal responses, "Ex. 2," Responses, but failed to produce critical documents. We have raised and discussed deficiencies in Defendants' document production with defense counsel, most recently on February 25, 2010. While some issues were resolved, the following remain to be decided by Your Honor.

Deficiencies in Defendants' Responses to Document Requests:

Request No. 3 (Litigation files underlying the fraudulent lawsuits in the City Civil Court): The fraudulent nature of Defendants' lawsuits is central to this case, *i.e.*, that Defendants commenced

**Chittur & Associates, P.C.**

Hon. James S. Gwin  
March 16, 2010

*Serin v. Northern Leasing*  
Page 2

and persisted in pursuing the lawsuits despite knowing that they were fraudulent. Despite the pivotal nature of these documents, Defendants refuse to produce them. On February 25, 2010 - about 3 ½ years after the requests were served - Defendants <u>verbally</u> asserted the attorney-client privilege in a phone conversation. No privilege log has ever been produced.

These documents are covered by the crime-fraud exception to the attorney-client privilege, which exception is "to assure that the 'seal of secrecy' between lawyer and client does not extend to communications 'made for the purpose of getting advice for the commission of a fraud' or crime." *U.S. v. Zolin*, 491 U.S. 554, 563 (1989). The verified complaint here sets forth sufficient facts for "a reasonable basis to suspect the perpetration or attempted perpetration of a crime or fraud, and that the communications were in furtherance thereof." *In re John Doe, Inc.*, 13 F.3d 633, 637 (2nd Cir. 1994). Indeed, the crime-fraud racketeering scheme is the fundamental issue here. Defendants should be required to produce these documents, including e-discovery thereon.

We also note that Defendants' failure to provide requisite details for a privilege assertion under Rule 26 renders their claim of privilege facially unsustainable. *Lugosch v. Congel*, 2006 WL 931687, at *15 (N.D.N.Y. Mar.7, 2006) ("Failure to timely provide the privilege log or objection constitutes a waiver of any of the asserted privileges."); *Kitevski v. City of New York*, 2006 WL 680527, at *4 (S.D.N.Y. Mar. 16, 2006) ("The City has failed to provide a privilege log, and has failed to present any justification for that failure. It has, therefore, waived any privilege with respect to the ... records by failing to properly identify the documents, and assert the privilege."); *accord*, *Strauss v. Credit Lyonnais, S.A.*, 242 F.R.D. 199, 236 (E.D.N.Y. 2007); *Cohen v. City of New York*, 255 F.R.D. 110, 123 (S.D.N.Y. 2008).

Request No. 4, 9 (Transactions with and payments to vendors on Plaintiffs' alleged leases): According to Defendants, these vendors forged some Plaintiffs' signatures, and fraudulently obtained others,' on Defendants' leases. These leases purport, as the Missouri Attorney General asserted, "to obligate [Plaintiffs] to four-year leases that could not be canceled and to pay as much as $4,000 for a machine worth about $300."[1] Thus, these vendors, and their transactions with Defendants are extremely material according to Defendants themselves. Nevertheless, Defendants have not produced a single document - no agreements, no letters/faxes/emails, no canceled checks, nothing - concerning these vendors. Defendants never sought a protective order from the Court, but now - 3 ½ years later - claim that such documents might contain confidential

---

[1] http://ago.mo.gov/newsreleases/2007/040907b.htm (*"Firm That Leases Credit Card Machines Defrauded Small Businesses in Missouri of Thousands of Dollars, Nixon Says"*).
Northern Leasing paid off those Missouri small businesses, and the AG's costs, to terminate those proceedings.
http://ago.mo.gov/newsreleases/2007/Northern_Leasing_assurance_of_voluntary_compliance/. (*"Firm that leases credit card machines to pay $25,000 in restitution, $5,000 to the state in agreement with Nixon"*)

**Chittur & Associates, P.C.**

Hon. James S. Gwin  
March 16, 2010

*Serin v. Northern Leasing*  
Page 3

information. But, as Your Honor is aware, that is no ground for refusal to produce. We also note that as of today, Defendants have not even provided a draft of a confidentiality stipulation for us to consider.

Request No. 12 (compensation paid to vendors, individual defendants and other enterprise members). The compensation paid to each of these persons goes directly to the issue of motive and intent, as well as who constituted the enterprise at issue. Defendants should be required to produce these documents.

Request No. 14 (communication with BBB and governmental authorities): Defendants' fraudulent practices have been challenged by - to our knowledge - Attorney Generals of Missouri and Arizona, and been the subject of much coverage in the news media and web.[2] Further, even a cursory search in the web reveals the enormous number of complaints against Defendants. Defendants' responses to these complaints go to the issue of each Defendant's *scienter*, their knowing participation in the scheme. They also bear on the existence of a pattern as well as an enterprise.

Request No. 16 (files of employees who dealt with each plaintiff): At issue is an intentional racketeering scheme. The background, training, performance reviews, and compensation of Defendants' employees who dealt with each Plaintiff - how they were rewarded or punished, and what directives they were given - go directly to the issue of motive and intent, pattern of racketeering, and who constituted the enterprise.

Lastly, Defendants have objected to the time period covered by the Requests (January 1, 1998 to the present). Plaintiffs have asserted an open-ended racketeering scheme: in fact, the scheme appears to continue even as of today. Accordingly, Plaintiffs request that Your Honor enter an order compelling Defendants to produce all the aforesaid documents.

Yours very truly,

Krishnan S. Chittur, Esq.  
Attorneys for Plaintiffs

cc: Robert Lillienstein, Esq.

---

[2] *See, e.g.*, S. Kelleher, "*Merchants complain credit-card machine peddlers trap them into costly leases,*" Seattle Times, Oct. 19, 2008; C. Young, "*Nationwide scheme' in Orange County: 2 businesses say leasing company altered contracts,*" Times Herald-Record, Feb. 24, 2008. Hundreds of similar stories abound. *See, e.g.*, ripoffreport.com; merchantpointofsale.com; northernleasingsystemsucks.com.