**United States District Court**
**Southern District Of New York**

| | |
|---|---|
| Melinda Serin, Judson Russ, Long Soui Lim, Peri Kettler, Gordon Redner, and Thomas J. Smith, <br> Plaintiffs <br><br> v. <br><br> Northern Leasing Systems, Inc., Jay Cohen, Rich Hahn, and Sara Krieger <br><br> Defendants | 06-Civ - 1625 <br> (Hon. Robinson, J.) |

### Plaintiffs' First Set of Interrogatories and Document Requests to Defendants

Plaintiffs, by their attorneys, pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, propounds to defendants, the first set of discovery requests set forth below.  Defendants are requested to respond in writing and under oath in accordance with the following instructions and definitions, and those contained in the Local Rules and in the Federal Rules of Civil Procedure, within the time limits specified therein, to the plaintiffs' attorneys at the their offices at 60 East 42nd Street, Suite 1501, New York, New York 10165.

### INSTRUCTIONS FOR DISCOVERY REQUESTS

1.   Unless otherwise indicated, the request covers and relates to the period from January 1, 1998 to the present.

2.   This discovery request is a continuing demand, and defendants are required to supplement their responses and production promptly upon obtaining or discovering additional responsive documents.

1

3.    Defendants shall produce the originals of all documents requested herein in their possession, custody or control, as well as any and all copies of documents which bear any mark or notation not present on the original.

4.    If there are no documents responsive to any document request, defendants shall so state.

5.    "Identify" or "identity," when referring to a natural person, means to provide an identification sufficient to notice a deposition of such person with process to require his or her attendance at a place of examination and shall include without limitation, his or her full name, present or last known address, present or last known telephone number, present or last known business affiliation and address, title or occupation, and each of the positions held by such persons during the applicable time covered by any answer referring to such person.

6.    "Identify" or "identity," when referring to document or writing, means to give sufficient characterization of said document or writing so as to have identified it "with reasonable particularity" for the purposes of Rule 34 of the Federal Rules of Civil Procedure. "Document" has the full meaning ascribed to it under Rule 34 of the Federal Rules of Civil Procedure.

7.    In responding to these requests, produce all documents and things which are in your possession, custody, or control, or can be obtained upon reasonable inquiry of persons within your control, including those which are in the possession, custody, or control of your attorney, investigators for your attorney, independent accountants, directors, trustees, officers, employees, or agents, or any person acting on behalf of or in concert with you or with any of these persons, and not

2

merely those from your own files, records, or facilities.

8.  If you cannot respond to any of the following requests in full, respond to the extent possible, specifying the reasons why you are unable to respond in full, and provide whatever information you have concerning the unprovided documents or things, including the source or sources from which they may be obtained.

9.  If documents or things requested are not reasonably available to you in precisely the form requested, or for the particular date or period specified, but could be produced in a modified form and/or for a slightly different date or period, then you are requested to respond to that request in such modified form or for such different date or period.

10. If any document or thing which is responsive to a request is no longer complete or has been altered, state in what respect it is incomplete or altered and explain the reasons therefor. If any such document or thing is no longer in existence or no longer in your possession, custody, or control, state the disposition which was made of it, the reasons for such disposition, the date of the disposition, the identity of the person(s) ordering, authorizing, and supervising such disposition, the substance or contents of the document or the nature of the thing disposed of, and the identity of all persons having knowledge of such document or thing.

11. If any document or portion thereof is or will be withheld because of a claim of privilege or work product or is not produced for any reason other than destruction, that document is to be identified as follows:

(1) identify the author of the document;

3

(2) identify each person to whom the document indicates the original or a copy thereof was sent, and any others who at any time possessed the document;

(3) state the date of the document;

(4) state the number of pages, attachments, and appendices;

(5) state the name, title, and address of the present custodian of the document;

(6) describe the subject matter of the document or portion thereof for which the privilege is claimed; and

(7) state the basis on which the privilege is or will be claimed or the reason asserted for non-production.

12.     "Person" means and includes, without limitation, any natural person, corporate or business entity, firm, partnership, association, group, governmental body, agency, or subdivision committee, commission or other organization or entity.

13.     The terms "concerning," "relate to," and "relating to" include referring to, alluding to, responding to, relating to, connected with, commenting on, in respect of, about, regarding, discussing, summarizing, showing, describing, reflecting, analyzing, constituting, or in any way relevant to the specified subject within the meaning of Rule 26 of the Federal Rules of Civil Procedure.

14.     "Communication" includes any written or oral communication.

15.     As used here, the singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa. The male gender form of a pronoun shall also include the female gender form of the pronoun and vice versa. The use of any tense of any verb shall be considered to include also within its meaning all other tenses of the verb

4

so used.

16. "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

17. "Each," "any," and "all" are both singular and plural.

18. Each document sought to be produced by this request shall be produced in and with the file folder and other documents in which such document was located when this request was served.

19. Documents shall be produced in the condition and order of arrangement in which they existed when this request was served and shall not be "shuffled" or otherwise rearranged when produced.

20. These interrogatories and these requests are continuing and call for prompt, further, and supplemental production whenever the defendant receives or discovers additional information or documents sought to be produced hereby. You are notified of and referred to the Federal Rules of Civil Procedure regarding your ongoing duty to promptly supplement your responses if you obtain information upon the basis of which you know that your response was incorrect or incomplete when made, or you know that the response, though correct and complete when made, is no longer true and complete.

## INTERROGATORIES

1. Fully set forth, in detail, Northern Leasing's policy, practices, and procedures concerning the investigation, review, analysis, report, decision, and/or proposed course of actions in situations where the signature(s) of lessee(s)/guarantor(s) is alleged to have been forged on Northern Leasing's Equipment Finance Lease,

5

including without limitation, the basis and criteria employed for determining the authenticity or genuineness of signatures.

2.  With respect to each plaintiff, fully set forth, in detail:

   a.  the Basic Monthly Lease Payment; and the amounts actually collected, including without limitation, automatic electronic deductions from bank accounts;

   b.  The identities of vendor(s), salesman/salesmen, independent sales organizations, and/or third party representatives (by whatever name called) that was/were involved in obtaining such plaintiff's alleged signatures and/or submitting such signed Equipment Finance Lease forms to Northern Leasing;

   c.  Identify every individual who was involved in any manner with the plaintiffs' alleged Equipment Finance Leases and describe their specific activities/role in connection with each such Lease, including without limitation, every individual who investigated and/or reviewed and/or analyzed and/or reported and/or made a decision with respect to (a) the forgery allegations; and/or (b) commencing, conducting and/or threatening dunning letters and phone calls; and/or (c) commencing, conducting or threatening litigation.  This includes, without limitation, (a) every individual who commenced, conducted and/or threatened dunning letters and/or phone calls and/or litigation to any plaintiff herein; and (b) every individual who was involved in any manner with the drafting, execution, and/or approval of the General Release annexed as "Ex. A" to the Verified

6

Complaint.

3.  Fully set forth, in detail, Northern Leasing's policy, practice, or procedure for selection of the vendor(s), salesman/salesmen, independent sales organizations, and/or third party representatives (by whatever name called) for marketing or sale of Equipment Finance Leases, and/or approval or rejection of such individual Leases submitted to Northern Leasing.  This includes, without limitation , the compensation or consideration paid by Northern Leasing to the vendor(s), salesman/salesmen, independent sales organizations, and/or third party representatives (by whatever name called) including without limitation the person(s) who obtained individual plaintiff's alleged signatures and/or submitted Leases containing such signatures to Northern Leasing.

4.  With respect to complaints of forgery, fraud, misrepresentation, or other misconduct against the vendor(s), salesman/salesmen, independent sales organizations, and/or third party representatives (by whatever name called), fully set forth, in detail,

    a.  Northern Leasing's policy, practices, and procedures concerning the investigation, review, analysis, report and/or decision concerning such complaints; and

    b.  all claims or counterclaims asserted by Northern Leasing, material developments in the legal proceedings and conclusion or current status thereof.

5.  Identify all communication received from law enforcement authorities concerning Northern Leasing's Equipment Finance Leases at issue, including without

7

limitation, a list of all investigations or other legal proceedings commenced by any federal, state, or local authorities.

6.  Fully set forth, in detail, Northern Leasing's policy, practices, and procedures concerning the reporting of allegedly unpaid amounts to credit reporting agencies, including without limitation documents concerning removal of erroneous reports.

## DOCUMENT REQUESTS

1.  All documents sought by defendants in "Defendants' First Request for Documents And First Set of Interrogatories To All Plaintiffs."

2.  All documents concerning each of the Interrogatories aforesaid, including without limitation documents which you have referred to or relied upon, or which concern your responses to the above Interrogatories, categorized in accordance with the Interrogatories.

3.  All documents concerning each plaintiff herein, including without limitation letters, faxes, electronic notes, memos, minutes of meetings, discussion notes, notes, forensic analysis, dunning letters, notes of phone calls, and all other documents.

4.  All documents concerning each of the defendants' the vendor(s), salesman/salesmen, independent sales organizations, and/or third party representatives (by whatever name called) who allegedly submitted the Equipment Finance Leases concerning each plaintiff herein to defendants.

5.  All documents concerning the genuineness or otherwise of each plaintiff's signature in the respective Equipment Finance Leases.

6.  All documents concerning Northern Leasing's dunning practices and procedures,

including without limitations, training manuals, instruction manuals, "do not say" lists, talking scripts, memos, discussion notes, and all other documents.

7.  All documents concerning the procedures undertaken and/or the criteria employed by Northern Leasing in and/order to verify the signature and/or consent of lessees and/or guarantors under leasing and/or financing contracts, including without limitation, training manuals, instruction manuals, "do not say" lists, talking scripts, memos, discussion notes, and all other documents.

8.  All documents concerning follow up calls, if any, to lessees and/or guarantors under leasing and/or financing contracts, including without limitation, training manuals, instruction manuals, "do not say" lists, talking scripts, memos, discussion notes, and all other documents.

9.  All documents concerning plaintiffs' accounts, leases, and/or other transactions with Northern Leasing, including without limitation, amounts paid by Northern Leasing to any vendor(s), salesman/salesmen, independent sales organizations, and/or third party representatives (by whatever name called) and amounts collected from plaintiffs through electronic deductions.

10. Original of Equipment Lease Contracts concerning each plaintiff.

11. Correspondence, memos, notes, drafts, discussion papers, communication between defendants or any of them and the vendor(s), salesman/salesmen, independent sales organizations, and/or third party representatives (by whatever name called) concerning the plaintiffs or leases at issue herein, including without limitation, documents concerning completion, drafting, preparation, and execution of any documents..

9

12. Documents regarding the compensation paid by Northern Leasing to the vendor(s), salesman/salesmen, independent sales organizations, and/or third party representatives (by whatever name called), and to the individual defendants.

13. Complaint files, letters, notes, memos, minutes of meetings, telephone notes, and other documents received by Northern Leasing from lessees and/or guarantors concerning fraudulent misrepresentations, forgeries, or other misconduct, in connection with any Equipment Finance Lease, by the vendor(s), salesman/salesmen, independent sales organizations, and/or third party representatives (by whatever name called).

14. Communication with Better Business Bureaus, federal, state, and/or local authorities, concerning equipment finance leases.

15. Correspondence, memos, instructions, scripts, notes of meetings, drafts, discussion papers and/or other documents concerning representations made and/or to be made concerning equipment finance leases, whether through independent sales organizations, salesmen, customer specialists, and/or other representatives to each of the plaintiffs.

16. Job descriptions, personnel records, complaints, performance reviews, employment files, compensation paid, and all documents concerning each individual identified in response to Interrogatory No. 2 above.

17. Federal and state tax returns of each defendant from the tax year 1998 to the present, including without limitation, each individual defendant's W-2 forms and any other documents reflecting any other source of income from January 1, 1998

10

to the present.

18. Documents relevant to any claim and/or defense herein.

19. Documents which the defendant rely upon, and/or intend to rely upon, in this proceeding.

Dated: New York, New York          **CHITTUR & ASSOCIATES, P.C.**
      July 19, 2006

*Krishnan Chittur /A.S.*
                                             
Krishnan Chittur, Esq.  (KC  9258 )
60 East 42nd Street, Suite 1501
New York, New York  10165
(212)  370-0447
Attorneys for Plaintiffs

11