**EXHIBIT C**

## Jennifer Nigro

**From:** Jennifer Nigro
**Sent:** Monday, March 15, 2010 4:18 PM
**To:** 'Krishnan Chittur'
**Cc:** Andrey Strutinskiy; Robert Lillienstein
**Subject:** RE: Serin v. Northern Leasing

I cannot open this attachment. Please send in either Word or PDF; otherwise, I cannot respond in turn.

Thank you

Jen Nigro

---

**From:** Krishnan Chittur [mailto:kchittur@chittur.com]
**Sent:** Monday, March 15, 2010 1:01 AM
**To:** Jennifer Nigro
**Cc:** Andrey Strutinskiy; Robert Lillienstein
**Subject:** Re: Serin v. Northern Leasing

Enclosed is a draft Stipulation and Order incorporating the agreements reached below. Further, it being about 3 weeks since this agreement, we have also provided a date certain by which these documents have to be produced; while we have suggested next Monday, that is open to discussion. Please review and revert asap.

Yours truly,
K. Chittur, Esq.
Chittur & Associates, P.C.
286 Madison Avenue Suite 1100
New York, New York 10017
Tel: (212) 370-0447

P.S. This email may contain confidential and/or privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message

On Mon, Mar 8, 2010 at 1:35 PM, Jennifer Nigro <jnigro@mosessinger.com> wrote:
> Andrey: this will summarize our discussion on Thursday 2/25 regarding Plaintiffs' outstanding issues in
> connection with Defendants' discovery responses. Foremost, we discussed the need for Plaintiffs to shorten
> the date range(s) associated with their requests. January 1998 is overly broad given that according the the
> Amended Complaint, the first transaction in the alleged racketeering scheme occurred in 2001. We had this
> issue in the Gagasoules matter (which, unlike this matter, is a putative class action); we were able to condense
> the relevant date range from the date of the first transaction to the date of the Complaint. Here, however, the
> last transaction described in the Complaint is January 23, 2006. The Amended Complaint is dated 2008. Our
> position is, therefore, that the relevant time period be limited to 2001 through mid 2006.
>
> Next, interrogatories. Plaintiffs are not satisfied with the responses to Interrogatory 2(b) and 2(c). With respect
> to 2(b), from our conversation last week, it is my understanding that you are seeking information that conveys
> the name, company, address and telephone for each ISO referenced in the documents produced by
> defendants -- e.g., at page 00002 of Defendants' production, an ISO code appears at the top of the screen

shot; Plaintiffs are requesting the identity, including the name, address and telephone number, of that ISO. Similarly, with respect to 2(c), from our conversation last week, is it my understanding that you are seeking information that conveys the name, address and telephone for each individual referenced in the documents produced by defendants -- e.g., at pages 00003 - 00007 of Defendants' production, there are initials for various collectors listed; Plaintiffs are requesting the identity, including the name, address and telephone number, of those individuals and/or entities. Defendants will endeavor to identify the ISOs, individuals and/or entities that are referenced by code and/or initials in these documents and supplement their responses to 2(b) and 2(c) accordingly.

Document requests:

Request No. 1 - all documents requested by Defendants; Defendants shall supplement their existing production accordingly to the extent such documents are not covered by any legal privilege and.or are not otherwise duplicative of documents produced by Plaintiffs in response to Defendants' discovery requests (which are due March 9th).

Request No. 2 - all documents concerning Defendants' interrogatory responses. Defendants will supplement their production of documents responsive to this request to the extent that such documents exist and are in Defendants' possession, and are not otherwise protected from disclosure under any applicable legal privilege.

Additionally, we discussed the need for Plaintiffs to shorten the date range(s) associated with their requests; although Plaintiffs have alleged an "open ended pattern of racketeering" -- the fact remains that the earliest transaction occurred in 2001 and the latest transaction occurred in early 2006. This is not a class action. The allegations are limited to the transactions of the named Plaintiffs.

You have requested that for each Request for which no documents have been produced, that Defendants state affirmatively that no such documents exist. Because there may be privileged documents, documents in the hands of third parties and/or documents that are not otherwise in Defendants possession, custody or control that may potentially be responsive to a given Request, we cannot advise Defendants to make such a statement. Defendants are, however, willing to state that they have completed good faith search for documents responsive to the Requests and that no such documents were found.

Request No. 3 - documents concerning each Plaintiff. I understand from our discussion that although NLS has produced the lease files for each Plaintiff (which includes, among other things, copies of leases, correspondence, call logs, etc.,) Plaintiffs are requesting, specifically, internal communication/correspondence concerning any or all of the Plaintiffs, and NLS's internal litigation files (e.g, Joseph Sussman's files) relevant to each Plaintiff. Defendants will not produce documents are protected by the attorney-client privilege and/or the attorney work product doctrine; to the extent that there are responsive documents in Defendants' internal litigation files that are not otherwise subject to the A/C privilege or the attorney work product doctrine, Defendants will produce such documents; to the extent that there are responsive documents in Defendants' internal litigation files that are subject to the A/C privilege or the attorney work product doctrine, such documents will be documented on Defendants' privilege log.

Request No. 4 - documents concerning vendors (ISOs). I understand from our discussion that Plaintiffs are requesting documents concerning individual vendors or ISOs that dealt directly with any of the Plaintiffs, including, without limitation, agreements between NLS and such vendors or ISOs. Because agreements, if any, between NLS and vendors or ISOs (that dealt directly with Plaintiffs) are likely to contain confidential and proprietary business information of third parties, Defendants will further consider the request for upon the execution of Confidentiality Agreement and Protective Order. Documents such as correspondence between NLS and any vendor or ISO concerning any of the named Plaintiffs will be produced to the extent that they exist and are in Defendants' possession, and are not otherwise protected from disclosure under any applicable legal privilege.

Request No. 5 - documents concerning the genuineness of signatures. I understand from our discussion that Plaintiffs seek documents such as affidavits of forgery, policy and procedural manuals, etc. on how NLS determines whether a signature on a lease is genuine or forged. Defendants have produced documents responsive to this request. Defendants will supplement their production of documents responsive to this request to the extent that such documents exist and are in Defendants' possession, and are not otherwise protected from disclosure under any applicable legal privilege.

Request No. 6 - policy and procedure manuals, check lists concerning customer calls. Defendants have produced documents responsive to this Request (see NLS 000462-00512; 000513-00532). Defendants will supplement their production of documents responsive to this request to the extent that such documents exist and are in Defendants' possession, and are not otherwise protected from disclosure under any applicable legal privilege.

Request No. 7 - policy and procedure manuals, check lists concerning forgery claims (genuineness of signature). This Request is duplicative of Request No. 5 (and, to some extent, Request No. 6). Defendants will supplement their production of documents responsive to this request to the extent that such documents exist and are in Defendants' possession, and are not otherwise protected from disclosure under any applicable legal privilege.

Request No. 8 - practices, scripts concerning follow up calls to customers. This Request is duplicative of Request No. 6. Defendants have produced documents responsive to this Request. Defendants will supplement their production of documents responsive to this request to the extent that such documents exist and are in Defendants' possession, and are not otherwise protected from disclosure under any applicable legal privilege.

Request No. 9 - All documents concerning Plaintiffs' accounts leases and/or other transactions with Northern Leasing. I understand from our discussion that Plaintiffs seek documents such as payments to vendors or ISOs in connection with Plaintiffs leases, and electronic deductions from Plaintiffs accounts. With respect to payments to vendors or ISOs (that dealt directly with Plaintiffs) -- as with Request No. 4, Defendants will further consider the request for upon the execution of Confidentiality Agreement and Protective Order. With respect to documents concerning electronic deductions from Plaintiffs accounts, Defendants will supplement their production of documents responsive to this request to the extent that such documents exist and are in Defendants' possession, and are not otherwise protected from disclosure under any applicable legal privilege.

Request No. 11 - internal communication and/or communication between Defendants and vendors or ISOs concerning Plaintiffs. Defendants will supplement their production of documents responsive to this request to the extent that such documents exist and are in Defendants' possession, and are not otherwise protected from disclosure under any applicable legal privilege.

Request No. 12 - compensation paid to individual vendors or ISOs, and to individual defendants. With respect to compensation paid to individual vendors or ISOs, the Request is overly broad; it should be narrowed to payments made to ISOs and/or vendors in connection with Plaintiffs leases and/or accounts (i.e., Request No. 9); Defendants will further consider this Request for upon the execution of Confidentiality Agreement and Protective Order. With respect to compensation paid to the individual defendants, Defendants object to the production of documents concerning the individual defendants' salary/compensation information on the grounds previously set forth in Defendants Responses to Plaintiffs' First Set of Interrogatories and Document Requests.

Request No. 14 - communication with BBB and other governmental authorities (e.g., Attorney General). This Request is overly broad; it should be narrowed to communication with BBB and other governmental authorities concerning any or all of the Plaintiffs. Defendants will supplement their production of documents to include any communication with BBB and other governmental authorities concerning any or all of the Plaintiffs to the extent that such documents exist and are in Defendants' possession, and are not otherwise protected from disclosure under any applicable legal privilege.

Request No. 16 - personnel records, complaints, performance reviews, compensation of NLS employees, vendors, and/or ISOs identified in Interrogatory 2. Defendants object to the production of documents contained in any NLS employee personnel file on the grounds previously set forth in Defendants Responses to Plaintiffs' First Set of Interrogatories and Document Requests. With respect to complaints concerning individual vendors or ISOs that dealt directly with Plaintiffs, we are following up with NLS on whether such documents exist. We will follow up with you shortly on this request.

Electronic discovery - we are following up on this issue, and will revert back to you shortly.

Privilege log - a privilege log will be produced once Defendants' document production is complete.

4/2/2010

Regards,

Jen Nigro

**MOSES & SINGER LLP**
COUNSELORS AT LAW



**JENNIFER NIGRO | 212.554.7808**
The Chrysler Building | 405 Lexington Avenue | New York, NY 10174-1299
Tel 212.554.7800 | Fax 212.554.7700

MSI Global Alliance is an international alliance of independent legal and accounting firms, with over 250 member firms in 100 countries.

IRS CIRCULAR 230 DISCLOSURE:
To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
*********************************************************************

This message is being sent from a Law Firm and may contain CONFIDENTIAL or PRIVILEGED information. If you are not the intended recipient, do not printout, copy or distribute this message or any attachments. Advise the sender immediately by reply e-mail, and delete this message and attachments without retaining a copy.

--