**United States District Court**
**Southern District Of New York**

| | |
|---|---|
| Melinda Serin, Judson Russ, Long Soui Lim, Peri Kettler, Gordon Redner, and Thomas J. Smith, <br>          Plaintiffs <br><br> v. <br><br> Northern Leasing Systems, Inc., Jay Cohen, Rich Hahn, and Sara Krieger <br>          Defendants | No. 06 CV 1625 (SCR) |

### Affirmation of Andrey Strutinskiy, Esq.

Andrey Strutinskiy, an attorney duly admitted to the bar of this Court and elsewhere, being duly sworn, states as follows under penalties of perjury:

1. I am Of Counsel to Chittur & Associates, P.C., attorneys of record for the Plaintiffs abovenamed.

2. On February 25, 2010, I had a telephone conference with Ms. Jennifer Nigro of Moses & Singer, attorneys for Defendants. In the course of that conference, we discussed the deficiencies in Defendants' responses to Plaintiffs' discovery demands, which deficiencies had been set forth in an earlier letter sent by my firm on February 9, 2010.

3. In connection with Request No. 3, I requested Defendants' litigation files, complete with attorney-client communication and work product and all other documents, of the fraudulent lawsuits in the City Civil Court which underlie this racketeering lawsuit. Ms. Nigro stated categorically that Defendants would not produce any attorney-client or attorney work product privileged documents, and that Plaintiffs would have to make a motion to compel such production.

4. At no time during the conversation did Ms. Nigro affirmatively say that no such documents existed. I specifically requested Ms. Nigro to provide a sworn statement from a responsible corporate officer in the event that no responsive documents exist, which is the standard procedure for such situations.

5. That apart, Defendants' fraudulent lawsuit against Mr. Russ was handled by Epstein Becker, and the remaining 5 fraudulent lawsuits at issue were handled by Mr. Joseph Sussman. We have no reason to believe that these attorneys were anything other than independent professionals. It is simply incredible that Defendants had no communication in writing - by letter, fax, or email - in connection with these actions with these persons. Defendants should be required to produce these documents, and the others requested in our letter of March 16.

Dated: April 9, 2010                                             /s/
                                                                 _____
                                                                 Andrey Strutinskiy, Esq.