UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------

SERIN, ET AL.,

        Plaintiffs,

vs.

NORTHERN LEASING SYSTEMS, INC.,
ET AL.,

        Defendants.

-------------------------------------------------------

CASE NO. 7:06-CV-1625

OPINION & ORDER
[Resolving Doc. Nos. 51, 54, 55.]

JAMES S. GWIN,[1] UNITED STATES DISTRICT JUDGE:

    Plaintiffs Melinda Serin, Judson Russ, Long Sui Lim, Gordon Redner, Peri Kettler, and Thomas J. Smith (collectively "Plaintiffs") sue Defendants Northern Leasing Systems, Inc. ("NLS" or "Northern Leasing"), Jay Cohen, Rich Hahn, and Sara Krieger under the federal Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962 and 1964, and New York's Anti-Deceptive Trade Practices Act, N.Y. Gen. Bus. Law § 349. [*See* Docs. 1, 26.] On December 15, 2009, this Court denied the Defendants' motion to dismiss all of the Plaintiffs' claims. [Doc. 47.]

    The Plaintiffs has now filed a notice of a discovery dispute. [Doc. 51.] The Plaintiffs claim that the Defendants have failed to produce "critical documents" in response to the Plaintiffs' discovery requests and that the parties have been unable to resolve the issues without the Court's intervention. The Defendants have responded [Doc. 54] and the Plaintiffs have replied [Doc. 55].

---

[1] The Honorable James S. Gwin of the United States District Court for the Northern District of Ohio, sitting by designation.

Case No. 7:06-cv-1625
Gwin, J.

The Court will consider each specific discovery issue in turn.

Document Request No. 3

First, the Plaintiffs claim that the Defendants have failed to produce litigation files underlying the New York City Civil Court lawsuits. The Defendants claim that they have produced certain of these documents and that others are nondiscoverable under the attorney-client privilege and/or work-product privilege. The Court therefore **ORDERS** that the Defendants produce a privilege log with respect to all documents that they claim are privileged by **Monday, April 26, 2010**. After reviewing the privilege log, the Court will determine whether the documents are privileged.

Document Request Nos. 4, 9, 12, 14, and 16

The Plaintiffs also claim that the Defendants have failed to adequately respond to their discovery requests for: transactions with and payments to vendors under the Plaintiffs' alleged leases (Request Nos. 4 and 9); compensation paid to vendors, individual defendants, and other enterprise members (No. 12); communications with the Better Business Bureau ("BBB") and governmental authorities (No. 14); and personnel files for employees who dealt with each plaintiff (No. 16).

With respect to Request No. 12, the Defendants argue that the request should be limited to the vendors and/or independent sales organizations ("ISOs") that dealt directly with the named plaintiffs. The Plaintiffs agree to this limitation. Accordingly, the Court need not resolve this issue.

The Defendants claim that the Plaintiffs' motion with respect to Request Nos. 4 and 9 is premature because the Parties are still negotiating a "Confidentiality Stipulation and Protective Order" to govern the production of these documents. The Defendants also argue that documents the Plaintiffs seek under Request Nos. 12 and 16 are confidential. Specifically, the Defendants say that "due to the highly sensitive and confidential nature of information concerning compensation paid

Case 7:06-cv-01625-JSG   Document 57   Filed 04/16/10   Page 3 of 4

Case No. 7:06-cv-1625
Gwin, J.

to vendors and/or ISOs [and personnel files], a Confidentiality Agreement and Protective Order should be negotiated by and among counsel prior to the disclosure of such information, if available." [Doc. 54 at 5.]

Under the Federal Rules of Civil Procedure, Parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action. Fed. R. Civ. P. 26(b)(1). However, the Federal Rules of Civil Procedure vest a trial court with the authority to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . ." upon a showing of good cause. Fed. R. Civ. P. 26(c). Under Federal Rule of Civil Procedure 26(b)(2), a court may limit disclosure if the "burden"-including the need for confidentiality-of the proposed discovery outweighs its likely benefit. *Mitchell v. Fishbein*, 227 F.R.D. 239, 253 (S.D.N.Y. 2005) Fed. R. Civ. P. 26(b)(2) permits a Court to limit disclosure if the "burden"-including the need for confidentiality-of the proposed discovery "outweighs its likely benefit. The Defendants have not made that showing in this case. The Defendants made broad allegations that the information is "confidential," but do not provide sufficient evidence that they will be harmed or unfairly burdened by disclosure of this information. On the other hand, the Plaintiffs have shown that the requested documents are likely to produce relevant evidence. Accordingly, the Court **ORDERS** that the Defendants produce the compensation and personnel records the Plaintiffs seek under these requests.

The Defendants also argue that the Plaintiffs' request concerning communications with the BBB and government authorities (Request No. 16) should be limited to only those concerning the named Plaintiffs. They also argue that the time period the Plaintiffs request–1998 to the present–is overly broad because it "exceeds the time period of the events described in the Amended Complaint,

Case No. 7:06-cv-1625
Gwin, J.

the earliest of which takes place in 2001, and the latest in early 2006." The Plaintiffs argue that due to the nature of their claims, which allege an "open-ended pattern of racketeering activity," their discovery requests are not overbroad. The Court agrees. Accordingly, the Defendants shall respond to these requests to the extent and over the time period the Plaintiffs requested.

Defendants' Discovery Requests

The Defendants also make a general claim that the Plaintiffs have not responded to all of their discovery requests. To the extent that any discovery issues remain with respect to the Defendants' discovery requests, the Court **ORDERS** the Plaintiffs to promptly respond to the Defendants' interrogatories and requests for production and to make the Plaintiffs available to be deposed at a time mutually convenient for both parties.

IT IS SO ORDERED.

Dated: April 16, 2010

JAMES S. GWIN
UNITED STATES DISTRICT JUDGE