UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
                                                  :
MELINDA SERIN, ET AL.,                            :
                                                  :   CASE NO. 7:06-CV-1625
              Plaintiffs,                          :
                                                  :
vs.                                               :   OPINION & ORDER
                                                  :   [Resolving Doc. Nos. 60, 61, 62.]
NORTHERN LEASING SYSTEMS, INC.,  :
ET AL.,                                           :
                                                  :
              Defendants.                          :
                                                  :
-------------------------------------------------------

JAMES S. GWIN,[1/] UNITED STATES DISTRICT JUDGE:

      Plaintiffs Melinda Serin, Judson Russ, Long Sui Lim, Gordon Redner, Peri Kettler, and Thomas J. Smith (collectively "Plaintiffs") have notified the Court of an additional discovery dispute in this case.  The Plaintiffs sue Defendants Northern Leasing Systems, Inc. ("NLS" or "Northern Leasing"), Jay Cohen, Rich Hahn, and Sara Krieger under the federal Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962 and 1964, and New York's Anti-Deceptive Trade Practices Act, N.Y. Gen. Bus. Law § 349. [*See* Docs. 1, 26.]  In an April 16, 2010 Order and during an April 20, 2010 telephone conference, the Court previously addressed several discovery issues. [*See* Doc. 57.]

      On May 17, 2010, the Plaintiffs filed notice of an additional discovery dispute. [Doc. 60.] The Plaintiffs say that the Defendants have still failed to produce documents that the Court ordered

---

[1/] The Honorable James S. Gwin of the United States District Court for the Northern District of Ohio, sitting by designation.

Case No. 7:06-cv-1625
Gwin, J.

were discoverable.  On May 17, 2010, the Defendants responded, and raised their own concerns regarding the Plaintiffs' production of documents and witnesses.  [Doc. 61.]  The Plaintiffs replied on May 18, 2010. [Doc. 62.]

On June 2, 2010, the Court held a telephone conference with counsel to resolve the discovery issues.  The Court heard arguments from counsel for both parties, and resolves the discovery issues as described herein:

*Defendants' Production of Emails*

The Plaintiffs say the Defendants have not yet produced any email communications, despite the Court's holding that such emails are discoverable during the April 20, 2010 telephone conference.  [Doc. 60.]  The Defendants say that production of the emails will be time-consuming and costly and requires them to employ a third-party vendor. [Doc. 61.] The Defendants suggest that the Plaintiffs should share in the cost of producing the emails in a readable and searchable format. [*Id.*]

The Court **ORDERS** that the Defendants produce emails either (1) to or from one of the three individual Defendants or (2) involving the six identified independent sales organizations ("ISOs") who dealt with the Plaintiffs.  The parties will meet within the next week to discuss search parameters and the email communications will be produced on an ongoing basis.  Counsel shall meet within the next week to develop these search parameters.

The Court further **ORDERS** that the Defendants produce these emails **within 23 days** from the date of this order.  The Defendants shall bear the cost of producing the emails.

*Plaintiffs' Production of Bank Account Information*

The Defendants say that the Plaintiffs have refused to produce bank statements and cancelled

-2-

Case No. 7:06-cv-1625
Gwin, J.

checks for specified accounts. [Doc. 61.] The Defendants say these documents are relevant to certain Plaintiffs' claims that the Defendants made unauthorized deductions from their accounts. [*Id.*]

Upon further consideration following the telephone conference, the Court concludes that the Defendants are entitled to bank statements for the accounts of only those Plaintiffs who claim that their accounts were debited without authorization.  Thus, the Court **ORDERS** that Plaintiffs Russ, Redner, and Kettler must produce, or otherwise authorize their banks to provide to the Defendants, bank statements for all time periods in which they allege the Defendants made unauthorized debits from their accounts.[2]

*Plaintiffs' Depositions*

The parties agree, with the Court's approval, that the Defendants will depose Plaintiff Redner on July 1, 2010.  Plaintiffs' counsel is to provide opposing counsel with several proposed dates in June 2010 for Plaintiff Smith's deposition and the parties shall select a mutually convenient time.

Plaintiffs' counsel further represented that he had been unable to contact Plaintiff Kettler. The parties agreed to further discuss a possible stipulated dismissal of Plaintiff Kettler.

*Plaintiffs' Production of Retainer Agreements*

The Court **ORDERS** that any retainer agreements between the Plaintiffs and their attorneys are not discoverable at this time.

*Identification of Experts and Exchange of Expert Reports*

The Court **ORDERS** that the Plaintiffs identify any expert(s) they plan to use at trial, by name and curriculum vitae, by Wednesday, June 9, 2010.  Absent a different agreement between the

---

[2] The relevant time periods for these Plaintiffs are as follows--Plaintiff Russ: May 2002 up to and including the month in which he closed his corporation's bank accounts; Plaintiff Redner: January 2004 up to and including the month in which he closed his bank account; Plaintiff Kettler: January 2002 through August 2003. [*See* Doc. 26 at 8-9, 24-16.]

Case No. 7:06-cv-1625
Gwin, J.

parties, both parties shall exchange expert reports as provided by Federal Rule of Civil Procedure

26(a)(2)(C).

      IT IS SO ORDERED.


Dated: June 3, 2010

                                        JAMES S. GWIN
                                        UNITED STATES DISTRICT JUDGE