# MOSES & SINGER LLP

THE CHRYSLER BUILDING
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800    Fax: 212.554.7700
www.mosessinger.com

Jennifer Nigro
Direct: 212.554.7808
Fax: 917-206-4308
jnigro@mosessinger.com

June 8, 2010

**VIA ECF**

Honorable James S. Gwin
United States District Court
Carl B. Stokes United States Court House
801 West Superior Avenue
Cleveland, Ohio 44113-1838

    Re:   Melinda Serin, Judson Russ, Long Soui Lim, Peri Kettler, Gordon Redner, and Thomas J. Smith, v. Northern Leasing Systems, Inc., Jay Cohen, Rich Hahn, and Sara Krieger;
Docket No. 06 CV 1625 (JG)

Your Honor:

    This firm represents defendants Northern Leasing Systems, Inc. ("NLS"), Jay Cohen, Rich Hahn and Sara Krieger (the "Individual Defendants"; together with NLS, "Defendants") in the referenced matter. Pursuant to Your Honor's order entered on June 3, 2010, plaintiffs' counsel was to remit 4-5 possible dates for the deposition of Thomas Smith, a named plaintiff who, according to plaintiffs' counsel, is physically unable to travel to New York for his deposition. As a courtesy, we offered to take Mr. Smith's deposition via videoconference. Plaintiffs' counsel provided us with one proposed date – July 7. Plaintiffs' counsel is now insisting that it is Defendants' responsibility to absorb the cost of the use of videoconferencing in connection with Mr. Smith's deposition.

    Plaintiffs' counsel previously represented to the Court that Plaintiffs' depositions would take place in New York. Since then, Plaintiffs' counsel informed us that plaintiff Smith is unable to travel to New York due to a stroke that he suffered several years ago – prior to commencing this action against Defendants. We are certainly willing to accommodate Mr. Smith in light of his condition; however, Mr. Smith is a plaintiff in this case; he seeks millions of dollars in damages from Defendants. Plaintiffs – including Mr. Smith – commenced this action in New York; their attorneys are located here.

    "As general rule, a plaintiff who brings suit in a particular forum may not avoid appearing for examination in that forum." Dubai Islamic Bank v. Citibank N.A., 2002 WL 1159699, *12 (S.D.N.Y. May 31, 2002). Absent showing of substantial hardship, and "in view of the fact that plaintiff chose to file his lawsuit here rather than in Ireland,

it is hardly unreasonable to expect that he make himself available in the district where he is litigating his million dollar claim." Daly v. Delta Airlines, Inc., 1991 WL 22292, at *1 (S.D.N.Y. Mar. 7, 1991); see also Clem v. Allied Van Lines International Corp., 102 F.R.D. 938, 939-40 (S.D.N.Y. 1984) (nonresident plaintiff who sues in Southern District of New York must appear for deposition here absent compelling circumstances). Here, there are certainly compelling circumstances that make it difficult for Mr. Smith to travel to New York. However, it should not be Defendants' onus to bear the additional cost of deposing a named plaintiff who, for reasons completely out of Defendants' control, cannot travel to New York for his deposition.

In fact, in another action brought by Mr. Chittur's firm against an affiliate of NLS in the Eastern District of New York, *Gagasoules v. MBF Leasing, Inc.*, 08 CV 2409 (ADS) (ARL), the Court recently ruled against Mr. Chittur's clients on the identical issue, holding:

> If the plaintiffs are unwilling to travel to New York and remain unwilling to absorb the cost of a single attorney traveling to California, then the depositions may proceed by video conferencing with the caveat that plaintiffs bear the additional costs. **Accordingly, Mr. Niblett and Ms. Garner's depositions may be taken: (1) in person in New York; (2) in California, provided that plaintiffs bear the reasonable costs of defendant's counsel's travel; or (3) via video conference, provided that plaintiffs bear the reasonable additional costs above and beyond the usual cost of in-person depositions.** (Emphasis added).[1]

We have corresponded with Mr. Chittur twice on this issue – he insists that Defendants pay for the cost of videoconferencing or, in the alternative, that plaintiff Smith's deposition be taken over the telephone, an option that was suggested by Mr. Chittur and rejected by the Court in the *Gagasoules* case. A telephonic deposition would put Defendants at a considerable disadvantage – to wit, being unable to observe the witness and his actions/reactions; this is critical to any examination of a witness – particularly where, as here, that witness is a named party.

We respectfully request an Order directing Plaintiffs to pay for the cost of the videoconference.

Respectfully,

Jennifer Nigro

Cc. Chittur & Assocs. (via ECF)

---

[1] A copy of the Order is attached.