UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
GUS GAGASOULES, et al.,

                Plaintiffs,

       -against-

MBF LEASING, LLC, et al.,

                Defendants.
-----------------------------------------------------------X

**ORDER**
CV 08-2409(ADS)(ARL)

**LINDSAY, Magistrate Judge:**

      Before the court are: (1) District Judge Spatt's memorandum and order dated December 22, 2009, remanding defendant's motion to compel for further clarification; (2) plaintiffs' motion to extend the discovery schedule by six months; and (3) cross motions to compel and for sanctions. These filings relate to the production of named plaintiffs for depositions in New York, an issue which defendants first raised at a status conference before the undersigned in July 2009. Further, both parties vehemently complain that the other is responsible for continued delays in conducting discovery.

      By order dated October 13, 2009, the undersigned granted defendants' motion to compel plaintiffs Jan Niblett and Rhonda Garner to appear in New York City for depositions or, in the alternative, to bear the costs of counsel's travel to their residence in California. (Docket Entry 54.) Plaintiffs then appealed the undersigned's order to District Judge Spatt. By memorandum and order dated December 22, 2009, Judge Spatt found no error in the court's findings that there is a presumption that plaintiffs' depositions should be taken in New York; that plaintiffs have not presented a financial hardship in taking the depositions in New York or bearing the cost of travel to California; and that telephone depositions would not be feasible. However, Judge Spatt remanded the motion solely to clarify whether plaintiffs' depositions may be conducted by video conference.

      To the extent that plaintiffs continue to object to defendants' reasonable proposal that plaintiffs bear the cost of a single lawyer traveling to California, the court now permits a third alternative. If the plaintiffs are unwilling to travel to New York and remain unwilling to absorb the cost of a single attorney traveling to California, then the depositions may proceed by video conferencing with the caveat that plaintiffs bear the additional costs. Accordingly, Mr. Niblett and Ms. Garner's depositions may be taken: (1) in person in New York; (2) in California, provided that plaintiffs bear the reasonable costs of defendant's counsel's travel; or (3) via video conference, provided that plaintiffs bear the reasonable additional costs above and beyond the usual cost of in-person depositions.

      Further, plaintiffs seek to compel defendant to comply with the court's July 2009 order that the parties "meet and confer with technical experts to determine whether it is possible to create a search of back-end database." (Docket Entry 49.) Although the parties met and conferred

with their respective experts in October 2009, plaintiffs claim that this issue is still unresolved and that they have not received any responsive documents. The court has reviewed plaintiffs' submissions and is unable to make a determination based on plaintiffs' motion. Accordingly, the final pretrial conference on February 1, 2010, at 11:30 a.m., is converted to an <u>in-person</u> status conference. The parties are directed to have their respective IT experts present in court to resolve this matter. At that time, the court will also address plaintiffs' motion to extend the discovery schedule. In the interim, the deadlines to complete discovery and to file dispositive motions are adjourned sine die.

Dated:  Central Islip, New York  **SO ORDERED:**
       January 7, 2010

                                                                           _____/s/_____
                                                                          ARLENE R. LINDSAY
                                                                          United States Magistrate Judge