# Chittur & Associates, P.C.

Attorneys & Counselors at law
286 Madison Avenue Suite 1100
New York, New York 10017
Tel: (212) 370-0447
Fax: (212) 370-0465
Web: www.chittur.com
Email: kchittur@chittur.com

June 11, 2010

**VIA ECF**

Hon. James Gwin
United States District Judge
Carl B. Stokes United States Court House
801 West Superior Avenue
Cleveland, Ohio 44113-1838

Re: *Serin et al, v. Northern Leasing et al*, S.D.N.Y. - Docket No. 7:06-CV-01625

Dear Judge Gwin:

Mr. Smith has had a stroke and several other medical complications, and cannot travel to New York for a deposition. "Ex. 1," Letter from Dr. Terrence Hughes.[1] Hence, in response to Defendants' letter-motion of June 8, 2010 (Dkt. 68), Plaintiffs seek an order under Rule 30(b)(4) that Plaintiff Smith's deposition be taken by telephone on grounds of hardship, efficiency, and economy.

Telephone depositions are a "presumptively valid means of discovery." *Normande v. Grippo*, 2002 WL 59427, 2 (S.D.N.Y. Jan 16, 2002); *Zito v. Leasecomm Corp.*, 233 F.R.D. 395, 398 (S.D.N.Y. 2006); *Rehau, Inc. v. Colortech, Inc.*, 145 F.R.D. 444, 446 (W.D.Mich.1993) (permitting officers under control of corporate plaintiff to be deposed abroad by telephone). The party seeking to take depositions by telephone must establish a legitimate reason for its motion. *Cressler v. Neuenschwander*, 170 F.R.D. 20, 21 (D.Kan. 1996).

Leave to take depositions by telephone should be granted liberally. *Jahr v. IU Int'l Corp.*, 109 F.R.D. 429, 431 (M.D.N.C. 1986); *accord, Brown v. Carr*, 236 F.R.D. 311, 312 -313 (S.D.Tex. 2006). Such leave "does not depend upon a showing of hardship by the applicant." *Advani Enterprises, Inc. v. Underwriters at Lloyds*, 2000 WL 1568255, at *2 (S.D.N.Y. Oct. 19, 2000); *Zito v. Leasecomm Corp.*, 233 F.R.D. 395, 398 (S.D.N.Y. 2006) (same). *See also Anguile*

---

[1] Should the Court require a formal affidavit concerning Mr. Smith's medical condition, we will arrange to obtain one expeditiously.

*v. Gerhart*, 1993 WL 414665, at * *2-3 (D.N.J. Oct. 7, 1993) (requirement of showing of extraordinary hardship, "is an anomaly in the line of modern cases dealing with Fed.R.Civ.P. 30(b)(7)"). Indeed,

> The mere assertion by the requesting party that telephonic depositions are preferred on the grounds of efficiency and economy constitutes a legitimate reason to permit them.

*Advani Enterprises, Inc.*, 2000 WL 1568255, 2 (S.D.N.Y. Oct. 19, 2000).

Once such a legitimate reason is established - as here - the opponent has to establish "good cause" why a telephone deposition should not be permitted:

> The party opposing a telephonic deposition bears the burden of demonstrating good cause why the deposition should not be conducted by telephone. *See* James Wm. Moore et al., *Moore's Federal Practice* § 30.24 (3d ed. 1999) ("[L]eave to take a telephonic deposition should be liberally granted. The burden is on the party opposing the deposition to establish why it should not be conducted by telephone."); *see also, e.g., Jahr v. IU Int'l Corp.,* 109 F.R.D. 429, 430-31 (M.D.N.C.1986) (granting plaintiff's motion to depose California witness by telephone when defendants failed demonstrate good cause why telephonic deposition should not be permitted, and where plaintiff alleged financial hardship in traveling to California for deposition).

*Loughin v. Occidental Chem. Corp.*, 234 F.R.D. 75, 76 -77 (E.D.Pa. 2005). *Accord, Cressler*, 170 F.R.D. at 21.

Mr. Smith has clearly established a legitimate reason for seeking a telephone deposition. Defendants' only objection is that they would be "put at a considerable disadvantage" because they would be "unable to see his actions/reactions." Letter at 2.[2] But this reasoning would negate the express language of the Federal Rules; Rule 30(b)(4) would be a dead letter. As other courts have observed while rejecting this very argument:

> Defendants oppose a telephone deposition, based on the conclusory argument that it would hamper their presenting documents to the deponent, and would preclude them from observing Plaintiff's demeanor. . . . There is no reason to believe that this case involves a large volume of

---

[2]Given the fact that Mr. Smith has suffered a stroke and has "left-sided neglect," apart from several other medical complications, his physical "actions/reactions" to questions may well be irrelevant if not distracting or misleading.

>documents, and premarking the exhibits in advance of the deposition
>would reduce any difficulty in identifying documents for the deponent.
>Moreover, "lack of face-to-face questioning is the very essence of a
>telephone deposition. Acceptance of defendant's argument [about the need
>to see the deponent's demeanor] would be tantamount to repealing
>[Fed.R.Civ.P. 30(b)(7) ]." *Jahr*, 109 F.R.D. at 432

*Normande*, 2002 WL 59427, 2.

Lastly, Defendants' reliance upon the Magistrate Judge's order in *Gagasoules v. MBF Leasing* is misconceived.  First, the *Gagasoules* movants did not establish any hardship.  That is not so here; Mr. Smith is physically unable and under instructions from his physicians to avoid travel to New York.  Second, *Gagasoules* was a class action, where the named plaintiffs' depositions were of singular significance to the case.  Underscoring the significance of those class plaintiffs' depositions in *Gagasoules*, Defendants took their depositions by videotape.  However, here, Defendants did <u>not</u> take Plaintiff Russ's deposition by videotape, but simply recorded it by regular stenographic method.  A telephone deposition is clearly sufficient for this purpose.

Courts have routinely permitted nonresident deponents to be deposed where they live, when they have been able to show hardship. *See, e.g., Abdullah v. Sheridan Square Press, Inc.*, 154 F.R.D. 591, 592-94 (S.D.N.Y.1994) (where plaintiff lived in London, had no choice of forum, had meager financial resources, and would face prejudice with respect to an asylum application in the United Kingdom if he left the country, defendant was required to travel to London for his deposition).

Two other points in Defendants' letter, while not directly relevant to the issue at hand, need clarification so that the Court record is not misleading.  First, in the conference of April 19, 2010, Defendants counsel had blindsided us by raising, without any notice, the issue of location of Plaintiffs' deposition.  I had immediately pointed that out before stating that Plaintiffs would come to New York but in doing so, obviously, I had overlooked Mr. Smith's medical situation and hardship he and his family are suffering due to that.  Mr. Russ has already come to New York for his deposition, and the remaining Plaintiffs will also be doing so.  Second, in the June 2nd conference, Your Honor had directed that <u>if I was unable to get in touch with Mr. Smith</u>, I should provide five alternative dates; however, I did manage to confirm Mr. Smith's availability on July 7, and so informed Defendants.  This does not affect the trial date, and Your Honor had indicated that while the trial date was firm, the remaining dates for various steps before that were flexible.  In fact, given that Defendants' email production will take place only on June 25, the parties have agreed to adjourn Defendants' depositions to July to mutually convenient dates.

In sum, Mr. Smith has shown hardship, which suffices for entry of an order for a telephonic deposition.   Rule 30(b)(4) aims to simplify discovery and reduce the cost of litigation. *See, e.g., Cacciavillano v. Ruscello, Inc.,* 1996 WL 745291 at *2-3, (E.D.Pa. Dec. 23, 1996)

(explaining that "the Rules of Civil Procedure favor the use of our technological benefits in order to promote flexibility, simplify the pretrial and trial procedure and reduce expense to parties"). Accordingly, Defendants' letter-motion should be denied, and Mr. Smith's deposition directed to proceed by telephone. Thank you very much for your attention.

                                                Yours very truly,

                                                Sd/

                                                Krishnan S. Chittur, Esq.
                                                Attorneys for Plaintiffs

Cc: Moses & Singer LLP (Via ECF)