**MOSES & SINGER LLP**

THE CHRYSLER BUILDING
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800   Fax: 212.554.7700
www.mosessinger.com

Jennifer Nigro
Direct: 212.554.7808
Fax: 917-206-4308
jnigro@mosessinger.com

June 14, 2010

**VIA ECF**

Honorable James S. Gwin
United States District Court
Carl B. Stokes United States Court House
801 West Superior Avenue
Cleveland, Ohio 44113-1838

      Re:  Melinda Serin, Judson Russ, Long Soui Lim, Peri Kettler, Gordon Redner, and Thomas J. Smith, v. Northern Leasing Systems, Inc., Jay Cohen, Rich Hahn, and Sara Krieger;
           Docket No. 06 CV 1625 (JG)

Your Honor:

    This firm represents defendants Northern Leasing Systems, Inc. ("NLS"), Jay Cohen, Rich Hahn and Sara Krieger (the "Individual Defendants"; together with NLS, "Defendants") in the referenced matter. This letter is in reply to plaintiffs' counsel's letter dated June 11, 2010, in opposition of Defendants' request for an Order directing Plaintiffs to pay for the cost of videoconferencing for the deposition of plaintiff Thomas Smith.

    Defendants are sympathetic to plaintiff Smith's medical hardships; accordingly, we have offered to take his deposition via videoconference or, in the alternative, in person at or near where he resides in Wisconsin. Defendants should not, however, be forced to incur the added expense of videoconferencing or travel to/from Wisconsin. Defendants did not cause Mr. Smith's condition. Mr. Smith chose to commence this lawsuit against Defendants here in this district.

    Defendants would normally not need to take a deposition by videoconference. Indeed, Defendants did not videotape the deposition of plaintiff Judson Russ, who was deposed on May 27th. It is only because Mr. Smith is unable to come to New York that Defendants will need to either take his deposition via videoconference, or travel to Wisconsin. Otherwise, they will have no opportunity to observe his demeanor during the deposition. In these circumstances, it would be improper to force Defendants to bear the additional cost of a videotaped deposition, as was done in the <u>Gagasoules</u> case that I referred to in my prior letter to the Court concerning this matter.

Plaintiffs' reliance on Zito v. Leasecomm Corp., 233 F.R.D. 395 (S.D.N.Y. 2006) is completely misplaced. Zito is readily distinguishable because it involved over 200 individual plaintiffs divided into two separate categories of claims - one set with claims for intentional infliction of emotional distress ("IIED"), and another set without IIED claims. See Zito v. Leasecomm Corp., 233 F.R.D. at 396-97. The Zito Court granted plaintiffs' application for telephonic depositions only with respect to the non-IIED plaintiffs, after assessing the equities of having numerous plaintiffs traveling to various cities to be deposed on claims that were, by comparison to the IIED plaintiffs, "very modest in money value." Zito v. Leasecomm Corp., 233 F.R.D. at 398. The Court denied the IIED plaintiffs' application to be relieved of the obligation to appear in New York for their depositions. Upon reviewing the relative declarations of eight of the IIED plaintiffs, the Court held that not withstanding the issues of health and lack of financial resources addressed in their respective declarations, plaintiffs have offered "no persuasive reason for me to reconsider Judge Lynch's prior order directing that all IIED plaintiffs be deposed in New York." Id.

Plaintiffs' reliance on cases such as Rehau, Inc. v. Colortech, Inc., 145 F.R.D. 444, 446 (W.D. Mich. 1993); Cressler v. Neuenschwander, 170 F.R.D. 20, 21 (D. Kan. 1996); Jahr v. UI Int'l Corp., 109 F.R.D. 429, 431 (M.D.N.C. 1986); Avani Enterprises, Inc. v. Underwriters at Lloyds, 2000 WL 1568255 (S.D.N.Y. 2006); and Anguile v. Gerhart, 1993 WL 414665 (D. N.J., Oct. 7, 1993) is also misplaced.

Rehau specifically rejects standing precedent of this Court in Chem v. Allied Van Lines Int'l Corp., 102 F.R.D. 938 (S.D.N.Y. 1984) (absent extreme hardship, and in light of the substantial claims involved here, foreign plaintiff should be required to appear for deposition in his or her chosen forum). Here, as in Chem, several issues involve facts that are not in writing and will depend on testimony of plaintiff Smith – including, without limitation, verbal interactions between Mr. Smith and any independent sales organization, as well as verbal interactions between Mr. Smith and Defendants. "Defendant is entitled to depose the plaintiff face-to-face in order to prepare for trial." Chem v. Allied Van Lines Int'l Corp., 102 F.R.D. at 940 (citation omitted). Moreover, in Rehau, unlike here, the Court emphasized that defendants did not claim that the use of telephonic depositions would be inaccurate or untrustworthy, and did not argue that they would be prejudiced in any way. Rehau, 145 F.R.D. at 447.

Cressler is also not persuasive; there, plaintiff was the deposing party and sought an order permitting him to take the depositions of physicians located in another state by telephonic means in order to reduce his costs. Significantly, defendants did not object to that part of plaintiff's request seeking to depose the physicians by telephone. Cressler, 170 F.R.D. at 21. Likewise, in Jahr, it was plaintiff that sought to depose a third-party witness via telephone in order to reduce plaintiff's costs. Jahr, 109 F.R.D. at 432. Because of plaintiff's lack of financial means, the Court granted plaintiff's motion. Id. Notably, defendants in Cressler and Jahr did not request that the out-of-state depositions be conducted via videoconference. Similarly, Avani involved a motion by plaintiff to take telephonic depositions of two non-party witnesses located in Egypt. Avani, 2000 WL 1568255, at *3. Again, these are hardly comparable circumstances to the instant action wherein Defendants wish to depose a plaintiff – suing them for millions of dollars

– who commenced his action here in New York, but for medical reasons beyond anyone's control, cannot travel to New York for his deposition. Presumably, Mr. Smith will not be able to appear in person at the trial of this matter either.

Finally, in Anguile, the Court granted plaintiff's request that her deposition be taken by telephone, subject to the condition that "the plaintiff must pay the cost of the telephone deposition." 1993 WL 414665, at *2. Significantly, the Court stated that, "[h]aving commenced this action, plaintiff cannot dispute that she has an obligation to provide discovery in the form of a deposition. Nor can plaintiff visit the expense of the deposition upon defendant, for she is the one who asserts the claims. Thus, the cost of the telephonic deposition shall be the responsibility of plaintiff." Id. at *3.

Based on the foregoing, it is respectfully submitted that this Court should grant Defendants' legitimate request for an Order directing Plaintiffs to pay for the cost of videoconferencing for the deposition of plaintiff Smith.

Respectfully,

Jennifer Nigro

Cc. Chittur & Assocs. (via ECF)