**MOSES & SINGER LLP**

THE CHRYSLER BUILDING
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800    Fax: 212.554.7700
www.mosessinger.com

Jennifer Nigro
Direct: 212.554.7808
Fax: 917-206-4308
jnigro@mosessinger.com

June 17, 2010

**VIA ECF**

Honorable James S. Gwin
United States District Court
Carl B. Stokes United States Court House
801 West Superior Avenue
Cleveland, Ohio 44113-1838

        Re:   Melinda Serin, Judson Russ, Long Soui Lim, Peri Kettler, Gordon Redner, and Thomas J. Smith, v. Northern Leasing Systems, Inc., Jay Cohen, Rich Hahn, and Sara Krieger;
             Docket No. 06 CV 1625 (JG)

Your Honor:

      This firm represents defendants Northern Leasing Systems, Inc. ("NLS"), Jay Cohen, Rich Hahn and Sara Krieger (the "Individual Defendants"; together with NLS, "Defendants") in the referenced matter. Pursuant to Your Honor's order entered on June 3, 2010, Defendants are to search for and produce e-mails either authored/received by the Individual Defendants, or e-mails authored by any of the six independent sales organizations ("ISOs") that dealt with plaintiffs, that are responsive to plaintiffs' discovery requests. For the reasons discussed below, Defendants respectfully request an extension of time in which to complete the production of responsive e-mails.

      Further to Your Honor's order, we have conferred with plaintiffs' counsel to determine the parameters of those searches – including, *inter alia*, date ranges and search terms. Plaintiffs' counsel insists that the date range cover 1998 to present. As stated during last week's telephonic conference with Your Honor, NLS did not begin journaling its e-mails until 2005; the e-mails are stored in NSF format (Lotus Notes) and are not word searchable or searchable by custodian. NLS has engaged a vendor – Intelligent Data Management ("IDM") – to process the over 650 gigabytes of data stored in NSF format in order to make that data word searchable. That process is currently underway and is costing NLS upwards of $90,000 to accomplish.

      Separate and apart from the foregoing is any potential e-mail from 1998 – 2004, which, if at all, is stored on back-up tapes only. Back-up tapes are a different storage

**MOSES & SINGER LLP**

medium. Back up tapes are essentially snap-shots of a server at a given point in time. NLS has located approximately 20 tapes (totaling approximately 60 gigabytes) that contain e-email correspondence. IDM is currently in the process of making that data word searchable as well. Overall, over 700 gigabytes of data is being processed. The vendor, IDM, currently anticipates having searchable data, on a rolling basis, available for our review on or before Monday, June 21st, barring any unforeseen issues. IDM anticipates that given the number of search terms negotiated with plaintiff's counsel (approximately 60 terms – exclusive of expanders/qualifiers), there may be a considerable number of "hits" that will need to be reviewed by counsel – both for privilege and responsiveness. Also, if a certain search term yields a substantial number of hits due to its generic nature (e.g., plaintiffs have insisted that we search for e-mails containing the word "practice" as potentially responsive), we will need to address this with plaintiffs' counsel to determine whether additional or alternative terms and/or connectors may alleviate the number of hits. For example, if an e-mail contains a broadly worded disclaimer that uses the word "practice" or "policy" – it will trigger a large number of hits, most of which will have nothing to do with this case, much less plaintiffs' requests. This is something that plaintiffs' counsel, Mr. Altman, and I have specifically addressed. But again, this will feasibly slow the completion of our review and production of responsive e-mails.

Your Honor ordered Defendants to produce the e-mails in 23 days. Unfortunately, due to the sheer volume of data to be processed and reviewed in order to comply with the Order, Defendants will not be able to process and produce all e-mails responsive to plaintiffs' discovery requests by next Friday, June 25th. Defendants should be able to produce responsive e-mails on a rolling basis by July 2nd. Defendants should be able to complete production of responsive e-mails on or before July 15th. Defendants respectfully request the foregoing extension of time in which to complete the production of responsive e-mails.

Defendants also wish to preserve their right to present the Court with a cost-shifting analysis under *Zubulake v. UBS Warburg*, 217 F.R.D. 309 (S.D.N.Y. 2003) and its progeny regarding the substantial costs involved in restoring and reviewing data stored on back-up tapes.

Respectfully,

Jennifer Nigro

Cc. Chittur & Assocs. (via ECF)