# Chitt ur & Associates, P.C.

Attorneys & Counselors at law
286 Madison Avenue Suite 1100
New York, New York 10017
Tel: (212) 370-0447
Fax: (212) 370-0465
Web: www.chittur.com
Email: kchittur@chittur.com

June 21, 2010

<u>VIA ECF</u>

Hon. James Gwin
United States District Judge
Carl B. Stokes United States Court House
801 West Superior Avenue
Cleveland, Ohio 44113-1838

Re: *Serin et al, v. Northern Leasing et al*, S.D.N.Y. - Docket No. 7:06-CV-01625

Dear Judge Gwin:

With respect to Defendants' request for a further extension of time, Plaintiffs draw Your Honor's attention to the following facts.

1.   Under Your Honor's order of April 16, 2010, Defendants were to produce all documents by April 26, 2010.  That order specifically rejected Defendants' objection to the time-period covered by the document requests, and required Defendants to produce documents from "1998 to present."

2.   In the conference of April 19, 2010, Defendants represented that they would be able to produce these emails by April 30, 2010.

3.   Defendants did not produce the emails on April 30, 2010.  Instead, they dragged their feet, and finally demanded that Plaintiffs bear or share the cost of production.  This despite the fact that Defendants' conversion/storage of the emails in inaccessible format was in violation of their preservation obligations under the federal rules.  It would appear that Defendants had not even <u>begun</u> the process of searching the emails for production, despite Your Honor's specific order of April 16 and directions in the conference of April 19.  Accordingly, on May 18, 2010, we apprized Your Honor of this failure, and requested directions to Defendants to produce.

4.   Your Honor held a conference on June 2, 2010, wherein Defendants were directed to produce these emails within 23 days, *i.e.*, by June 25, 2010.  This was memorialized in an

Hon. James Gwin                                            *Serin v.   Northern Leasing*
June 21, 2010                                                            Page 2

order filed the next day, June 3, 2010. That order further provided that these emails were to be produced "on an ongoing basis".

5.  We conferred with Defendants' counsel for discussing the search terms; Defendants' counsel once again objected to the time period. Once again, we pointed out Your Honor's order of April 16, 2010. Defendants also objected to several search terms we had suggested, and demanded that we narrow the list. We pointed out that the number of search terms did not matter; what mattered was whether the searches produced an inordinate number of responses. As with searches in Westlaw and Lexis, electronic searches of this kind were an iterative process; whether a search term is too wide/narrow and would return too many/few hits can be known only by actually running the searches. Nevertheless, Defendants refused to run the searches with several terms that we had suggested, and represented that they would proceed with a search with the remaining words alone.

6.  During these conversations and email communication since June 2, 2010, Defendants never discussed, mentioned, or even hinted that the production would take longer, or that Your Honor's deadline of June 25, 2010, could not be met. They never requested us for an extension or explained the need for one.

7.  On June 17, 2010, Defendants filed the instant letter seeking a further extension until July 15, 2010.

In sum, Defendants did not produce any emails by April 30, or even in response to our May 18th letter. Indeed, despite the June 3rd Order that emails be produced "on an ongoing basis," they have not produced a single email as of today. They now represent that once again, they will not be complying with the Court ordered deadline. While they claim that a third party vendor is "in the process", they do not disclose just when this "process" started. It would appear reasonable to assume that had Defendants started this "process" at least by April 17th, when they ought to have started it, the production would have taken place long ago. Even in the conference of June 2, 2010, when the quantity of electronic data to be sifted was addressed, Defendants never raised any concern whatsoever about being able to meet the deadline when Your Honor directed production 23 days thence, by June 25.

It cannot be seriously disputed these emails are extremely significant to the case, and would bear on many pivotal issues such as each Defendant's *scienter*, the wilful misuse of New York courts with forged documents, and the pattern of racketeering at issue. Nevertheless, Defendants' nonchalance to production of these emails, despite Your Honor's orders, is clear.

Plaintiffs submit that such wilful indifference to Court orders should not be condoned. Your Honor expressly warned in the April 19th conference that sanctions would be imposed if the Court ordered deadlines were not met. Further, Your Honor has repeatedly reiterated that the September 20th trial date would not be moved.

It is clear that if Defendants' request for extension is granted, the trial schedule would have to be changed. Assuming that Defendants produce all the emails by July 15 - a dubious

```
Hon. James Gwin                                    Serin v.  Northern Leasing
June 21, 2010                                                         Page 3
```

assumption, given the above history - Defendants' depositions cannot commence until early August.  Further, Defendants' production may well be incomplete since Defendants have refused to run several specific search words that we had requested (such as "con," "ripoff," and "swindle"), and the search will, in all probability, have to be re-run.  Moreover, review of the emails may well require third party discovery of specific ISOs or salespersons.  It is thus clear that the September 20th trial date would also have to be moved to a later date.

Accordingly, Plaintiffs request that Rule 37 sanctions be imposed upon Defendants, and their pleadings be stricken for repeated failure to comply with Court orders, and/or they be ordered to bear Plaintiffs' attorneys' fees and expenses.

Thank you for your attention.

Yours truly

Sd/

Krishnan S Chittur, Esq.
Keith Altman, Esq.