

# MOSES & SINGER LLP

THE CHRYSLER BUILDING
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800    Fax: 212.554.7700
www.mosessinger.com

Robert D. Lillienstein
Direct: 212.554.7807  Fax: 917-206-4307
rlillienstein@mosessinger.com

June 21, 2010

**VIA ECF**

Honorable James S. Gwin
United States District Court
Carl B. Stokes United States Court House
801 West Superior Avenue
Cleveland, Ohio 44113-1838

      Re:  *Melinda Serin, Judson Russ, Long Soui Lim, Peri Kettler, Gordon Redner, and Thomas J. Smith, v. Northern Leasing Systems, Inc., Jay Cohen, Rich Hahn, and Sara Krieger*
           Docket No. 06 CV 1625 (JSG)

Your Honor:

      This firm represents defendants Northern Leasing Systems, Inc. ("NLS"), Jay Cohen, Rich Hahn and Sara Krieger (the "Individual Defendants"; together with NLS, "Defendants") in the referenced matter.  On or about June 10, 2010, Plaintiffs served their responses to Defendants' First Set of Interrogatories (copy submitted herewith).  We believe that Plaintiffs' responses are clearly inadequate and write to request that the Court Order that Plaintiffs promptly provide sufficient responses to Defendants' interrogatories.  As set forth more fully below, the interrogatories are relevant to crucial issues in this action and Defendants are entitled to such discovery.

      Defendants made a good faith effort to confer with Plaintiffs regarding this discovery dispute.  In an email dated June 15, 2010, I advised Plaintiffs' counsel, Andrey Strutinskiy and Krishnan Chittur, that Plaintiffs' interrogatory responses were inadequate and requested that they contact me or my colleague, Danielle Farber, to discuss these inadequacies.  To date, we have not heard from Plaintiffs' counsel.

      **Interrogatory Requests**

      Plaintiffs objected to virtually every interrogatory request on the grounds that the requested information was "overbroad, unduly burdensome, and not permitted by Rule 33.3 of the Local Civil Rules."  These objections can not have been made in good faith.  We believe that the interrogatories provide a more practical method of obtaining the information sought than a deposition, because in many cases, the individual plaintiffs are likely to have no personal knowledge of the information sought, but their attorneys, as a result of the extensive document production made by defendants, do have such knowledge.  Defendants are entitled to know what claims are going to be made at trial, to avoid surprise.  Accordingly, the following interrogatories require further responses.

818544v4  011082.0121

**MOSES & SINGER LLP**

Hon. James S. Gwin
June 21, 2010
Page 2

- Request No. 3 requests that Plaintiffs identify all individuals who have knowledge of an agreement among Defendants to violate RICO's substantive provisions and to describe in detail the knowledge that each individual has. This case involves claims by Plaintiffs of, among other things, that the Individual Defendants concocted a racketeering scheme to defraud Plaintiffs by commencing or threatening "bogus" legal proceedings against them. The identities of any individuals who have knowledge of any such agreement, other than the named Individual Defendants, is crucial to this case. If no other persons exist, Plaintiffs should confirm the fact. Instead, Plaintiffs objected on the grounds that the requested information was "overbroad, unduly burdensome, and not permitted by Rule 33.3 of the Local Civil Rules."

- Request Nos. 4 and 5 ask that Plaintiffs identify each communication that each Plaintiff had with each of the Individual Defendants and each "representative" or "agent" of NLS concerning the Leases. This case involves, among other things, general allegations that Plaintiffs had various communications with Defendants, informing Defendants of the alleged forgeries. These communications relate to critical issues in this case, to wit, whether Defendants were aware that any of the Leases contained a forged signature at the time NLS filed a lawsuit against any of the Plaintiffs. Plaintiffs' objections on the basis of overbreadth and burdensomeness are without merit, particularly in light of their insistence that Defendants produce emails dating back to 1998, with little or no showing of relevance.

- Request No. 6 requests that Plaintiffs identify each Defendant that was aware that any of the Leases were forged at the time NLS filed a lawsuit against any of the Plaintiffs. Plaintiffs fail to state why this request is overbroad or burdensome, and it clearly is not.

- Request No. 7 requests that Plaintiffs identify all communications between each Plaintiff and any credit reporting agency concerning the Leases. This case involves, among other things, claims that Defendants reported to credit reporting agencies an adverse entry in Plaintiffs' personal credit reports. Plaintiffs' objections on the basis of overbreath and burdensomeness are without merit, particularly in light of their insistence that Defendants produce emails dating back to 1998.

- Request Nos. 8, 9, and 10 ask Plaintiffs to identify all documents that support their contention that a RICO enterprise exists, that Defendants engaged in a fraudulent scheme, and that Defendants engaged in a pattern of racketeering. These requests are clearly relevant to the central claims in this case. Therefore, Plaintiffs' objections of overbreadth and burdensomeness are without merit. If Plaintiffs have no such documents in their possession, custody or control, Plaintiffs should be compelled to so state, to avoid surprise at trial.

- Request Nos. 11 and 12 request that Plaintiffs set forth the factual basis, and identify all documents, supporting their contention that Defendants forged Plaintiffs' signatures on

818544v2  011082.0121                              2

**MOSES & SINGER LLP**

Hon. James S. Gwin
June 21, 2010
Page 3

> the Leases. The Amended Complaint alleges, among other things, that the signatures on the Leases, which served as the basis for Defendants' alleged "bogus" lawsuits against Plaintiffs, were forged and/or unauthorized. Documents pertaining to the alleged "forgerors" are clearly relevant to this case and Defendants are entitled to discovery pertaining to the factual basis for Plaintiffs' claims of forgery. We believe that Plaintiffs' objections on the grounds of overbreadth and burdensomeness are patently improper.

- Request Nos. 13 and 14 ask that Plaintiffs set forth the factual basis, and identify all documents, supporting their contention that Defendants commenced lawsuits against Plaintiffs in an effort to extort money from them. Again, this case involves claims that Defendants filed "bogus" lawsuits against Plaintiffs solely for the purpose of injuring them and recovering unwarranted sums through extortion. Defendants are entitled to discovery pertaining to this crucial issue. If no such documents exist, Plaintiffs should be compelled to so state, to avoid surprise at trial.

- Request No. 15 requests that Plaintiffs identify all documents supporting their contention that Defendants engaged in mail and wire fraud. The Amended Complaint alleges, among other things, that Defendants knowingly caused several letters and/or packages to be mailed to Plaintiffs by Postal Service to execute its fraudulent scheme to defraud Plaintiffs. This case also involves claims that Defendants deducted funds through the use of interstate wires from Plaintiffs' bank accounts without authorization. Plaintiffs' objections on the basis of overbreath and burdensomeness are patently improper. If they are unwilling to provide discovery on this issue, they should be precluded from going forward with this case.

- Request Nos. 16 and 18 ask that Plaintiffs identify all documents that support their contention that the Defendants acted with actual or constructive knowledge or intent to further a fraudulent scheme and that Defendants knew about and agreed to violate RICO's substantive provisions. In response, Plaintiffs simply object, despite the fact that in their Amended Complaint, Plaintiffs allege that Defendants' "scienter is clearly established," without pointing to *any* documents or setting forth any factual basis supporting this conclusory assertion (Am. Compl. ¶ 91). Defendants are entitled to discovery relating to this crucial issue. If no such documents exist, Plaintiffs should be compelled to so state, to avoid surprise at trial. If they are unwilling to provide discovery on this issue, they should be precluded from going forward with this case.

- Request No. 17 requests that Plaintiffs identify all documents that support their contention that the fraudulent scheme constitutes Defendants' regular way of operating business. This request is clearly relevant to Plaintiffs' allegations that the association of Defendants, which includes certain attorneys and salesmen, constitutes an enterprise under RICO and that Defendants had a pattern and practice of commencing "bogus" legal proceedings for the purpose of injuring Plaintiffs. If no such documents are within their possession, custody or control, Plaintiffs should confirm be compelled to so state, to

**MOSES & SINGER LLP**

Hon. James S. Gwin
June 21, 2010
Page 4

- avoid surprise at trial. If they are unwilling to provide discovery on this issue, they should be precluded from going forward with this case.

- Request No. 19 requests that Plaintiffs identify all documents that support their contention that Defendants filed frivolous lawsuits containing false averments and based on forged documents, and that each of the Individual Defendants were aware that any of the Leases were forged at the time when the lawsuits were commenced. This case involves, among other things, alleged forgeries and/or unauthorized deductions for equipment -- specifically, credit card processing machines -- that Plaintiffs allege they never used, received, and/or financed. Documents pertaining to Defendants' awareness that any of the Leases were forged and/or that the underlying lawsuits contained false statements are clearly relevant to this case. If no such documents are within their possession, custody or control, Plaintiffs should confirm be compelled to so state, to avoid surprise at trial. If they are unwilling to provide discovery on this issue, they should be precluded from going forward with this case.

For the foregoing reasons, Defendants respectfully request that Your Honor compel Plaintiffs to immediately provide sufficient responses to Defendants' interrogatories. The deposition of Melinda Serin is scheduled to take place on June 25, 2010, and the deposition of Lung Lim is scheduled to take place on June 29th. Defendants intend to go forward with these depositions, and to hold them open if these interrogatory answers have not been provided, so that they may be completed after sworn interrogatory responses from these Plaintiffs have been received. To the extent that this will require them to travel to New York a second time, I respectfully request that the Court order them to do so.

Respectfully submitted,

/s/
Robert D. Lillienstein

cc.    Chittur & Associates (via ECF)
       *Attorneys for Plaintiffs*