**United States District Court**
**Southern District Of New York**

Melinda Serin, Judson Russ, Long Soui Lim,
Peri Kettler, Gordon Redner, and Thomas J. Smith,
                       Plaintiffs

v.

Northern Leasing Systems, Inc., Jay Cohen,
Rich Hahn, and Sara Krieger

                       Defendants

06-Civ-1625(JSG)

**PLAINTIFFS' RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES**

      Plaintiffs, by and through their attorneys, hereby respond to the aforesaid interrogatories propounded by Defendants in the above matter as follows:

### GENERAL OBJECTIONS

      1.      Plaintiffs object to each instruction, definition, interrogatory propounded by Defendants to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Local Civil Rules and Orders of the Court.

      2.      Plaintiffs object to each interrogatory to the extent that it is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence relevant to the case at bar.

      3.      Plaintiffs object to each definition, instruction, interrogatory to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege. Should any such disclosure by Plaintiffs occur, it is inadvertent and shall not constitute a waiver of any privilege.

1

4. Plaintiffs object to each definition, instruction, interrogatory as overbroad and unduly burdensome to the extent it seeks information and/or documents that are readily or more easily accessible to Defendants from Defendants's own files or documents that Defendants previously produced to Plaintiffs.

5. To the extent any of Defendants's interrogatories seek documents and/or information that include expert material, including but not limited to survey materials, Plaintiffs object to any such requests as premature and expressly reserves the right to supplement, clarify, revise, or correct any or all responses to such requests, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports to be determined by the Court.

6. Plaintiffs incorporate by reference every general objection set forth above into each specific response below as if fully set forth therein. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Plaintiff does not waive and expressly reserves its right to amend its responses.

7. Plaintiffs incorporate by reference all objections raised by Defendants in its discovery responses.

### SPECIFIC OBJECTIONS & RESPONSES
### TO DEFENDANTS' INTERROGATORIES

1. Identify all individuals with knowledge of any of the facts alleged in the Complaint, and identify by paragraph number the allegations that each such individual has knowledge of.

RESPONSE: Subject to the above objections, Plaintiffs respond to this interrogatory by referring

2

Defendants to each of the individuals named as Plaintiffs in the Amended Complaint in this action and to the numbered paragraphs of the Amended Complaint setting forth specific factual allegations concerning each of those named individuals. In addition,

Plaintiff Serin Responds as follows:

Ms. Nina Bentson has knowledge that the Plaintiff Serin resided in Wasington D.C., since 2003.

Plaintiff Russ Responds as follows:

Ms. Alice Haggard 1151 South Nekoma Ave, Lake Alfred, FL 33850 and Ms. Maria Rosa, 5222 Grandview Dr., Orlando, Fl 32808, have knowledge of delivery of the equipment and deductions from business bank account.

Mr. Paul Magiari and Ms Paula Cribb have knowledge of deductions from business bank account. Their addresses are not known to Mr. Russ.

Plaintiff Smith Responds as follows:

Ms. Valerie Smith, N24 W22248 Ridgewood Crt., Waukeisha, WI 53186 has knowledge of the factual allegations concerning Mr. Smith set forth in the Amended Complaint.

Plaintiff Redner Responds as follows:

Ms. Sharla Redner - 322 Linklea Drive, Duncanville, TX 75137 has knowledge of the factual allegations concerning Mr. Redner set forth in the Amended Complaint.

Plaintiff Lim Responds as follows:

Ms. Phung Tran, 2105 Taylor Meadows Way, Marietta, GA 30008 has knowledge of the factual allegations concerning Mr. Lim set forth in the Amended Complaint.

2.     Identify the individual(s) who signed each Plaintiff's name on:

    a.     Equipment Finance Lease No. 228846, naming Jim Cameron Garage Doors, as

Lessee, and Melinda Serin, as Guarantor;

RESPONSE: Subject to the above objections, Plaintiffs are not aware of the identity of such individual(s).

    b.    Equipment Finance Lease No. 219169, naming Rapid Cash, as Lessee, and Judson Russ, as Guarantor;

RESPONSE: Subject to the above objections, Plaintiffs are not aware of the identity of such individual(s).

    c.    Equipment Finance Lease No. 219170, naming Rapid Cash, as Lessee, and Judson Russ, as Guarantor;

RESPONSE: Subject to the above objections, Plaintiffs are not aware of the identity of such individual(s).

    d.    Equipment Finance Lease No. 219172, naming Rapid Cash, as Lessee, and Judson Russ, as Guarantor;

RESPONSE: Subject to the above objections, Plaintiffs are not aware of the identity of such individual(s).

    e.    Equipment Finance Lease No. 219173, naming Rapid Cash, as Lessee, and Judson Russ, as Guarantor;

RESPONSE: Subject to the above objections, Plaintiffs are not aware of the identity of such individual(s).

    f.    Equipment Finance Lease No. 86224, naming Nail Queen, as Lessee, and Lung Lim, as Guarantor;

RESPONSE: Subject to the above objections, Plaintiffs are not aware of the identity of such

individual(s).

      g.    Equipment Finance Lease No. 236595, naming Yodamo, Inc., as Lessee, and Pen Kettler, as Guarantor;

RESPONSE: Subject to the above objections, Plaintiffs are not aware of the identity of such individual(s).

      h.    Equipment Finance Lease No. 0396210, naming GSR Gifts, as Lessee, and Gordon Redner, as Guarantor;

RESPONSE: Subject to the above objections, Plaintiffs are not aware of the identity of such individual(s).

      i.    Equipment Finance Lease No. 254885, naming KIL/BAC Chemical Co., d/b/a Schmidt/Killbac, as Lessee, and Thomas J. Smith, as Guarantor.

RESPONSE: Subject to the above objections, Plaintiffs are not aware of the identity of such individual(s).

3.    Identify all individuals who have knowledge of an agreement among Defendants to violate RICO's substantive provisions and describe in detail the knowledge that each such individual has.

RESPONSE: Subject to the above objections, Plaintiffs identify the following persons: Jay Cohen, Sara Krieger, Rich Hahn. The remainder of this interrogatory is overbroad, unduly burdensome, and not permitted by Rule 33.3 of the Local Civil Rules.

4.    Identify each communication that each Plaintiff had with each Individual Defendants concerning the Leases, giving the date, time and substance of the communication.

RESPONSE: Plaintiffs object to this interrogatory on the grounds that it is overbroad, unduly

burdensome, and not permitted by Rule 33.3 of the Local Civil Rules.

5. Identify each communication that each Plaintiff had with each "representative" or "agent" of NLS concerning the Leases, giving the name of the representative or agent, and the date, time and substance of the communication.

RESPONSE: Plaintiffs object to this interrogatory on the grounds that it is overbroad, unduly burdensome, and not permitted by Rule 33.3 of the Local Civil Rules.

6. Identify each Defendant that was aware that any of the Leases contained a forged signature at the time when NLS filed a lawsuit against any of the Plaintiffs, and set forth in detail all facts known to Plaintiffs that support the allegation that such Defendants was aware of the forgery at the time when NLS filed a lawsuit against any of the Plaintiffs.

RESPONSE: Plaintiffs object to this interrogatory on the grounds that it is overbroad, unduly burdensome, and not permitted by Rule 33.3 of the Local Civil Rules.

7. Identify all communications between each Plaintiff and any credit reporting agency concerning the Leases, giving the name of the credit reporting agency, and the date, time and substance of the communication.

RESPONSE: Plaintiffs object to this interrogatory on the grounds that it is overbroad, unduly burdensome, and not permitted by Rule 33.3 of the Local Civil Rules.

8. Identify all documents that support your contention that a RICO enterprise exists.

RESPONSE: Plaintiffs object to this interrogatory on the grounds that it is overbroad, unduly burdensome, and not permitted by Rule 33.3 of the Local Civil Rules.

9. Identify all documents that support your contention that Defendantss engaged in a fraudulent scheme.

RESPONSE: Plaintiffs object to this interrogatory on the grounds that it is overbroad, unduly burdensome, and not permitted by Rule 33.3 of the Local Civil Rules.

10. Identify all documents that support your contention that Defendants engaged in a pattern of racketeering.

RESPONSE: Plaintiffs object to this interrogatory on the grounds that it is overbroad, unduly burdensome, and not permitted by Rule 33.3 of the Local Civil Rules.

11. Set forth the factual basis for your contention that any or all of the Defendantss forged Plaintiffs' signatures on the Leases.

RESPONSE: Plaintiffs object to this interrogatory on the grounds that it is overbroad, unduly burdensome, and not permitted by Rule 33.3 of the Local Civil Rules.

12. Identify all documents that support your contention that any or all of the Defendants forged Plaintiffs' signatures on the Leases.

RESPONSE: Plaintiffs object to this interrogatory on the grounds that it is overbroad, unduly burdensome, a misreading of the Amended Complaint, and not permitted by Rule 33.3 of the Local Civil Rules.

13. Set forth the factual basis for your contention that any or all of the Defendants commenced lawsuits against Plaintiffs in an effort to extort money from Plaintiffs.

RESPONSE: Plaintiffs object to this interrogatory on the grounds that it is overbroad, unduly burdensome, and not permitted by Rule 33.3 of the Local Civil Rules.

14. Identify all documents that support your contention that Defendants commenced lawsuits against Plaintiffs in an effort to extort money from Plaintiffs.

RESPONSE: Plaintiffs object to this interrogatory on the grounds that it is overbroad, unduly

burdensome, and not permitted by Rule 33.3 of the Local Civil Rules.

15. Identify all documents that support your contention that Defendants engaged in mail and wire fraud.

RESPONSE: Plaintiffs object to this interrogatory on the grounds that it is overbroad, unduly burdensome, and not permitted by Rule 33.3 of the Local Civil Rules.

16. Identify all documents that support your contention that Defendants acted with actual or constructive knowledge or intent to further a fraudulent scheme.

RESPONSE: Plaintiffs object to this interrogatory on the grounds that it is overbroad, unduly burdensome, and not permitted by Rule 33.3 of the Local Civil Rules.

17. Identify all documents that support your contention that the alleged fraudulent scheme constitutes Defendants' regular way of operating business.

RESPONSE: Plaintiffs object to this interrogatory on the grounds that it is overbroad, unduly burdensome, and not permitted by Rule 33.3 of the Local Civil Rules.

18. Identify all documents that support your contention that Defendants knew about and agreed to violate RICO's substantive provisions.

RESPONSE: Plaintiffs object to this interrogatory on the grounds that it is overbroad, unduly burdensome, and not permitted by Rule 33.3 of the Local Civil Rules.

19. Identify all documents that support your contention that Defendants filed frivolous lawsuits containing false averments and based on forged documents, including, without limitation, documents that support your contention that each of the Individual Defendants were aware that any of the Leases contained a forged signature, at the time when such lawsuits were commenced.

RESPONSE: Plaintiffs object to this interrogatory on the grounds that it is overbroad, unduly burdensome, and not permitted by Rule 33.3 of the Local Civil Rules.

20. Identify all damages sustained by each Plaintiff, including how such damages were calculated for each Plaintiff.

RESPONSE: Plaintiffs' damages include, without limitation, damages caused by the adverse entries in their credit reports, loss of time and wages, mental anguish, emotional distress, annoyance, harassment, loss of enjoyment of life, hedonic damages, loss of earnings, loss of business opportunities, loss of financing and/or credit opportunities, increased rate of interest, expenses incurred in connection with the legal proceedings at issue, travel and lodging expenses, attorneys' fees, and all other damages caused by Defendants' fraudulent lawsuits. Plaintiffs will be retaining an expert for the purpose of calculating damages, and will supplement this response.

21. Identify each person who is expected to provide expert witness testimony at trial on behalf of the Plaintiffs and/or the class, and provide a copy of such expert witness's written report containing all of the information required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.

RESPONSE: Plaintiffs have retained Dr. Stan Smith, Smith Economics Group, Ltd., 1165 N. Clark Street, Suite 600, Chicago, Illinois 60610, as expert for the purposes of trial. Plaintiffs reserve their right to supplement this response.

Dated:  New York, New York
        June 10, 2010

**CHITTUR & ASSOCIATES, P.C.**

*/s/ Krishnan Chittur*
By: Krishnan Chittur, Esq.
286 Madison Avenue Suite 1100
New York, New York 10017
Tel. (212) 370-0447
Attorneys for Plaintiffs

Declaration

I, Gordon Redner declare under penalty of perjury that the contents of the foregoing Plaintiffs' Responses to Defendants' First Set of Interrogatories concerning me personally are true and correct.

Dated: June 10, 2010

Gordon Redner

## Declaration

I, Melinda Serin declare under penalty of perjury that the contents of the foregoing Plaintiffs' Responses to Defendants' First Set of Interrogatories concerning me personally are true and correct.

Dated: June 10, 2010

*[signature]*
Melinda Serin

Declaration

I, Judson Russ declare under penalty of perjury that the contents of the foregoing Plaintiffs' Responses to Defendants' First Set of Interrogatories concerning me personally are true and correct.

Dated: June 10, 2010

_____
Judson Russ

Declaration

I, Long Soui Lim declare under penalty of perjury that the contents of the foregoing Plaintiffs' Responses to Defendants' First Set of Interrogatories concerning me personally are true and correct.

Dated: June 10, 2010

_____
Long Soui Lim