# Chittur & Associates, P.C.

Attorneys & Counselors at law
286 Madison Avenue Suite 1100
New York, New York 10017
Tel: (212) 370-0447
Fax: (212) 370-0465
Web: www.chittur.com
Email: kchittur@chittur.com

June 23, 2010

**VIA ECF**

Hon. James Gwin
United States District Judge
Carl B. Stokes United States Court House
801 West Superior Avenue
Cleveland, Ohio 44113-1838

Re: *Serin et al, v.  Northern Leasing et al*, S.D.N.Y. - Docket No. 7:06-CV-01625

Dear Judge Gwin:

Defendants' objections to Plaintiffs' responses to interrogatories, Dkt. 75, are baseless and misconceived.  Their Interrogatories go way beyond what is permitted by Local Rules, and are in the nature of contention interrogatories.  Such interrogatories are not permitted at this stage - certainly not before Defendants produce the critical emails and we complete Defendants' depositions thereafter.  Moreover, the depositions of Ms.  Serin, Mr.  Lim, and Mr.  Redner are scheduled to take place within the next week, and are a "much more practical" method of obtaining the information sought in Defendants' Interrogatories.  Besides, Defendants never made the requisite "good faith" effort to even apprize us of the alleged deficiencies, let alone attempt to resolve them.  Their instant request should be denied with costs and attorneys' fees.

First, under Local Civil Rule 33.3, interrogatories are "restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents . . ."  Rule 33.3(a).  Other interrogatories may be served only "(1) if they are a more practical method of obtaining the information sought than a request for production or a deposition; or (2) if ordered by the court."  Rule 33.3(b).  Contention interrogatories may be served only 30 days before cutoff.  Rule 33.3(c).  Thus, the Local Rules of this District seek to enhance cost-efficient discovery by prohibiting endless interrogatories on picayune factual details which should be explored at depositions, and permitting contention interrogatories only by the end of discovery, so as to streamline the case for trial.

Defendants' blunderbuss interrogatories are illustrative of what is prohibited in this Judicial District.  Thus, Request No. 3 demands identity of persons with knowledge of <u>Defendants</u>' agreement to commit the racketeering acts.  Such information is manifestly within Defendants' exclusive possession at this stage, and can be provided only after Defendants' email production and depositions.

The other Requests are similarly beyond the express restrictions imposed by Rule 33.3. This includes:

1. Requests Nos. 4 and 5 - demanding identification of <u>each</u> communication with <u>each</u> Individual Defendant, and Request No. 7 seeks identity of "communication" with credit reporting agency.  Rule 33 permits only interrogatories about "general description" of documents, not detailed, item by item interrogatories.

2. Request No. 6, which demands not only the identity of <u>specific</u> individual <u>defendants</u>' knowledge at a <u>specific time</u>, but even that Plaintiffs "set forth in detail all facts" which is impermissible;

3. Requests Nos. 8-19 are contention interrogatories ("documents that support your contention . . .") and hence impermissible.

Thus, the only proper Interrogatories are those numbered 1 and 2.  Plaintiffs have already answered those, and Defendants raise no issue with those.  The remaining Interrogatories are manifestly improper.

Second, Defendants did not even bother to confer with us in good faith to resolve these alleged deficiencies, which is a requirement under Local Rules.  Defense counsel simply sent a one-line email demanding that we contact him about Plaintiffs' responses being allegedly "completely inadequate and sanctionable."  In a subsequent email, I specifically explained:

> A "good faith" meet and confer requires that you do it in "good faith", *i.e.*, identify just what it is that you find deficient.  That would enable us to focus on the issues (if any), and if necessary, consult with the client(s) and respond appropriately. . .  If you desire to comply with the Federal Rules, I suggest you begin with a simple, polite letter detailing just what you consider deficient.

"Ex. 1," Email of Jun 15, 2010.  Defense counsel sent a one line response that he found it "really hard to take seriously.  "Ex. 2," Email of Jun 15, 2010.  We never received any communication on the subject until Defendants' e-filing of June 21, 2010.

In sum, Plaintiffs answered Interrogatories which were proper under the Local Rules, and properly objected to the rest.  Defendants' objections are substantively meritless; procedurally, Defendants failed to meet the good faith requirement prior to bothering Your Honor with this unwarranted application.  The conclusion is irresistible that this is yet another baseless attempt by Defendants to raise a tit-for-tat discovery dispute to divert attention from their own failures

detailed in our e-filing of Monday (Dkt.  73).  Plaintiffs request that the Court impose sanctions under Rule 37, and order Defendants to bear Plaintiffs' attorneys' fees and expenses incurred in connection with this.

Yours truly

Sd/

Krishnan S Chittur, Esq.