UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
                                     :

MELINDA SERIN, *et al.*,            :

                              :     CASE NO. 7:06-CV-1625

             Plaintiffs,      :

                              :

vs.                            :     OPINION & ORDER

                              :     [Resolving Doc. Nos. 72, 73, 74, 75, 76, 77.]

NORTHERN LEASING SYSTEMS, INC., :
*et al.*,                        :

                              :

             Defendants.     :

                              :
-------------------------------------------------------

JAMES S. GWIN,[1/] UNITED STATES DISTRICT JUDGE:

     Plaintiffs Melinda Serin, Judson Russ, Long Sui Lim, Gordon Redner, Peri Kettler, and

Thomas J. Smith and Defendants Northern Leasing Systems, Inc., Jay Cohen, Rich Hahn, and Sara

Krieger have each filed notices regarding discovery issues in this case.  [Docs. 72, 73, 74, 75, 76,

77.]  The Court will address each issue in turn.

*Defendants' Production of Emails*

     On June 3, 2010, the Court ordered the Defendants to confer with the Plaintiffs regarding

search terms for the production of emails and to produce responsive emails within 23 days.  [Doc.

64.] On June 17, 2010, the Defendants wrote the Court requesting an extension of time to complete

the production of these emails.  The Defendants represented that they would begin producing emails

on a rolling basis on July 2, 2010 and would be able to complete production of responsive emails by

---

[1/]The Honorable James S. Gwin of the United States District Court for the Northern District of Ohio, sitting
by designation.

Case No. 7:06-cv-1625
Gwin, J.

July 15, 2010. [Doc. 72.] The Plaintiffs oppose the Defendants' motion and argue that they will be prejudiced by any further delay in the production of the emails. [Doc. 73.]

The Court **GRANTS** the Defendant's motion for an extension of time to produce these responsive emails and **ORDERS** that the Defendants continue to produce emails on a rolling basis and complete the production of emails by July 15, 2010. The Court will grant no further extensions and failure to comply with this order could result in the imposition of sanctions.

*Disclosure of Expert Reports*

On June 21, 2010, the Defendants again wrote to the Court, requesting an extension of time to produce the expert report of their forensic handwriting expert. [Doc. 74.] The Court earlier ordered that expert reports be exchanged ninety days before trail, pursuant to Federal Rule of Civil Procedure 26(a)(2)(C)(i). The Defendants requested a two-week extension of time to produce their expert report. [Doc. 74.] The Plaintiffs do not oppose the Defendants' motion and also request an extension of time in which to file their expert report, until two-weeks after the completion of the Plaintiffs' depositions. [Doc. 77.]

The Court **GRANTS** the Defendants' motion for an extension of time to produce their expert's report. If they have not done so already, the Defendants shall make this disclosure by **Friday, July 9, 2010.** The Court also **GRANTS** the Plaintiffs' motion for an extension of time, and orders that the Plaintiffs make their expert disclosure by **Friday, July 16, 2010.**

*Plaintiffs' Responses to Interrogatories*

Finally, the Defendants also wrote to the Court on July 21, 2010, requesting that the Court order the Plaintiffs to supplement their answers to the Defendants' First Set of Interrogatories. [Doc. 75.] The Defendants complain that the Plaintiffs objected to several of the interrogatories as

-2-

Case No. 7:06-cv-1625
Gwin, J.

"overbroad, unduly burdensome, and not permitted by Rule 33.3 of the Local Civil Rules." The

Plaintiffs oppose the Defendants' motion and continue to allege that the interrogatories are improper

under Rule 33.3. [Doc. 76.]

The Court sustains the Plaintiff's objections to the Defendants' Interrogatories Numbers 3-19

as improper under Local Civil Rule 33.3. The Defendants seek information beyond the scope of that

allowed by Local Civil Rule 33.3(a) and have not shown that interrogatories are a more practical

method of obtaining this information than, for example, depositions, as required by Local Civil Rule

33.3(b). Moreover, the Court finds that certain of the Defendants' interrogatories are improper as

prematurely filed contention interrogatories under Local Civil Rule 33.3(c).

Accordingly, the Court **DENIES** the Defendants' motion to order the Plaintiffs to supplement

their responses to the interrogatories. The Defendants may prepare and serve new interrogatories

on the Plaintiffs that conform to the requirements of Local Rule 33.3.

IT IS SO ORDERED

Dated: July 7, 2010

s/
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE