# Chittur & Associates, P.C.

Attorneys & Counselors at law
286 Madison Avenue Suite 1100
New York, New York 10017
Tel: (212) 370-0447
Fax: (212) 370-0465
Web: www.chittur.com
Email: kchittur@chittur.com

July 12, 2010

**VIA ECF**

Hon. James Gwin
United States District Judge
Carl B. Stokes United States Court House
801 West Superior Avenue
Cleveland, Ohio 44113-1838

Re: *Serin et al, v. Northern Leasing et al*, S.D.N.Y. - Docket No. 7:06-CV-01625

Dear Judge Gwin:

Plaintiffs seek an order under Rule 45(c)(2)(B) compelling non-party Joseph I. Sussman, P.C., to produce all documents responsive to the subpoena dated June 9, 2010.

As Your Honor may recall from prior proceedings in this case, this case arises out of defendants' racketeering scheme to intimidate out-of-state individuals into paying unwarranted sums of money by commencing fraudulent lawsuits in New York City Civil Court for relatively small sums of money, typically under $3,000.  Defendants were aware well before bringing such actions that the documents underlying Defendants' claims against Plaintiffs were forged.  Nevertheless, Defendants persisted in these small claims proceedings - and even obtained fraudulent default judgments - in order to harass, intimidate, and thereby extort money from Plaintiffs through threats of expensive long-distance litigation, of damage to credit rating, and/or entry of default judgments.  Plaintiffs, six individuals from different states, assert claims under the federal racketeering statute, 18 U.S.C. §1962, and New York's Anti-Deceptive Trade Practices Act, N.Y.G.B.L., §349.  By order entered December 18, 2009 (Dkt. 47), Your Honor denied Defendants' motion to dismiss in its entirety.

Joseph I. Sussman, P.C., was the law firm which handled the six fraudulent lawsuits underlying the racketeering claims actions.  On June 9, 2010, Plaintiffs served a document subpoena under Rule 45, Fed. R. Civ. P., upon that firm seeking documents concerning those six lawsuits and related documents. "Ex. A," Subpoena.  The subpoena required document

Hon. James Gwin  *Serin v. Northern Leasing*
July 13, 2010  Page 2

production by June 28, 2010. Simultaneously, Plaintiffs also served a separate deposition subpoena scheduling Mr. Sussman's deposition for July 14, 2010. "Ex. B."

By June 28, 2010, Plaintiffs did not receive any response from Joseph I. Sussman, P.C. On June 29, 2010, Plaintiffs' counsel Mr. Strutinskiy called up Sussman's office inquiring about their compliance. Mr. Sussman then sought an extension of time to arrange for production of the responsive documents, and a rescheduling of the deposition on grounds of a bicycle accident. Thereafter, Mr. Sussman has produced 894 documents by email. However, Sussman has refused to produce any communication between his office and Northern Leasing personnel or any of the Defendants herein.

The fraudulent nature of the six underlying lawsuits in City Civil Court is central to this case, *i.e.*, that Defendants commenced and persisted in pursuing the lawsuits despite knowing that they were fraudulent. Despite the pivotal nature of these documents, Sussman has refused to produce them. No privilege log has ever been produced.

The Sussman law firm's failure to provide requisite details for a privilege assertion under Rule 26 renders its claim of privilege facially unsustainable. *Lugosch v. Congel*, 2006 WL 931687, at *15 (N.D.N.Y. Mar.7, 2006) ("Failure to timely provide the privilege log or objection constitutes a waiver of any of the asserted privileges."); *Kitevski v. City of New York*, 2006 WL 680527, at *4 (S.D.N.Y. Mar. 16, 2006) ("The City has failed to provide a privilege log, and has failed to present any justification for that failure. It has, therefore, waived any privilege with respect to the ... records by failing to properly identify the documents, and assert the privilege."); *accord, Strauss v. Credit Lyonnais, S.A.*, 242 F.R.D. 199, 236 (E.D.N.Y. 2007); *Cohen v. City of New York*, 255 F.R.D. 110, 123 (S.D.N.Y. 2008).

In any event, these documents are covered by the crime-fraud exception to the attorney-client privilege, which exception is "to assure that the 'seal of secrecy' between lawyer and client does not extend to communications 'made for the purpose of getting advice for the commission of a fraud' or crime." *U.S. v. Zolin*, 491 U.S. 554, 563 (1989). The verified complaint here sets forth sufficient facts for "a reasonable basis to suspect the perpetration or attempted perpetration of a crime or fraud, and that the communications were in furtherance thereof." *In re John Doe, Inc.*, 13 F.3d 633, 637 (2nd Cir. 1994). Indeed, the crime-fraud racketeering scheme is the fundamental issue here. Sussman should be required to produce these documents, including e-discovery.

Accordingly, Plaintiffs request an order (a) holding that communications between Mr. Sussman and Northern Leasing or its personnel in connection with the six fraudulent lawsuits

Hon. James Gwin                                                     *Serin v.  Northern Leasing*
July 13, 2010                                                                          Page 3

underlying this action are not privileged, and are subject to disclosure in this case; and accordingly, (b) compelling Sussman to produce <u>all</u> documents responsive to the subpoena, and to answer <u>all</u> questions in deposition, forthwith, irrespective of such privilege.

                                                                                 Yours truly

                                                                                    Sd/

                                                            Krishnan S Chittur, Esq.

Cc:    Joseph I. Sussman, P.C. (By email)
          Joseph I. Sussman, Esq., (By email)
          Jennifer Nigro (via ecf).