AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| Melinda Serin, et al., | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 06cv1625 |
| Northern Leasing Systems, Inc., et al., | ) |
| | ) (If the action is pending in another district, state where: |
| *Defendant* | )                    ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: JOSEPH I. SUSSMAN, 132 West 31st Street, Suite 1502, New York, NY 10001

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

1) Representation of and relationship with Defendants herein concerning above named Plaintiffs; 2) Subject mater of the documents referred to in Subpoena Rider A.

| Place: Chittur & Associates, P.C., 286 Madison Avenue, Ste. 1100, New York, New York 10017 | Date and Time: 07/14/2010 9:30 am |
|---|---|

The deposition will be recorded by this method: __Stenographic and video__

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: June 9, 2010

_____           OR           _____
*CLERK OF COURT*                               *Attorney's signature*
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* __Melinda Serin, Judson Russ, Long Soui Lim, Peri Kettler, Gordon Redner__, who issues or requests this subpoena, are:
Krishnan Chittur, Esq. Chittut & Associates, P.C., 286 Madison Ave, Suite 1100, New York, NY 10017
E-mail: kchittur@chittur.com
Tel. (212) 370-0447

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 06cv1625

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named individual as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## Subpoena Rider A

### INSTRUCTIONS

1. Unless otherwise indicated, the request covers and relates to the period from January 1, 1998 to the present.

2. You should produce the originals of all documents requested herein in your possession, custody or control, as well as any and all copies of documents which bear any mark or notation not present on the original.

3. If there are no documents responsive to any document request, you shall so state.

4. In responding to these requests, produce all documents and things which are in your possession, custody, or control, or can be obtained upon reasonable inquiry of persons within your control, including those which are in the possession, custody, or control of your attorney, investigators for your attorney, independent accountants, directors, trustees, officers, employees, or agents, or any person acting on behalf of or in concert with you or with any of these persons, and not merely those from your own files, records, or facilities.

5. If you cannot respond to any of the following requests in full, respond to the extent possible, specifying the reasons why you are unable to respond in full, and provide whatever information you have concerning the unprovided documents or things, including the source or sources from which they may be obtained.

6. If documents or things requested are not reasonably available to you in precisely the form requested, or for the particular date or period specified, but could be

1

produced in a modified form and/or for a slightly different date or period, then you are requested to respond to that request in such modified form or for such different date or period.

7. If any document or thing which is responsive to a request is no longer complete or has been altered, state in what respect it is incomplete or altered and explain the reasons therefor. If any such document or thing is no longer in existence or no longer in your possession, custody, or control, state the disposition which was made of it, the reasons for such disposition, the date of the disposition, the identity of the person(s) ordering, authorizing, and supervising such disposition, the substance or contents of the document or the nature of the thing disposed of, and the identity of all persons having knowledge of such document or thing.

8. If any document or portion thereof is or will be withheld because of a claim of privilege or work product or is not produced for any reason other than destruction, that document is to be identified as follows:

   (1) identify the author of the document;

   (2) identify each person to whom the document indicates the original or a copy thereof was sent, and any others who at any time possessed the document;

   (3) state the date of the document;

   (4) state the number of pages, attachments, and appendices;

   (5) state the name, title, and address of the present custodian of the document;

   (6) describe the subject matter of the document or portion thereof for which the privilege is claimed; and

   (7) state the basis on which the privilege is or will be claimed or the reason

asserted for non-production.

9. "Person" means and includes, without limitation, any natural person, corporate or business entity, firm, partnership, association, group, governmental body, agency, or subdivision committee, commission or other organization or entity.

10. "Plaintiffs" mean and include Melinda Serin, Judson Russ, Long Soui Lim, Peri Kettler, Gordon Redner, and Thomas J. Smith.

11. "Defendants" mean and include Northern Leasing Systems, Inc., Jay Cohen, Rich Hahn, and Sara Krieger.

12. The terms "concerning," "relate to," and "relating to" include referring to, alluding to, responding to, relating to, connected with, commenting on, in respect of, about, regarding, discussing, summarizing, showing, describing, reflecting, analyzing, constituting, or in any way relevant to the specified subject within the meaning of Rule 26 of the Federal Rules of Civil Procedure.

13. "Communication" includes any written or oral communication.

14. As used here, the singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa. The male gender form of a pronoun shall also include the female gender form of the pronoun and vice versa. The use of any tense of any verb shall be considered to include also within its meaning all other tenses of the verb so used.

15. "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

16. "Each," "any," and "all" are both singular and plural.

17. Each document sought to be produced by this request shall be produced in and with the file folder and other documents in which such document was located when this request was served.

18. Documents shall be produced in the condition and order of arrangement in which they existed when this request was served and shall not be "shuffled" or otherwise rearranged when produced.

19. All electronic documents shall be produced in searchable and readable format in electronic form.

## DOCUMENT REQUESTS

1. All documents concerning each plaintiff herein, including without limitation, litigation files, letters, faxes, emails, electronic notes, memos, minutes of meetings, discussion notes, notes, forensic analysis, dunning letters, notes of phone calls, and communication (whether to Defendants or any co-counsel) concerning all legal proceedings involving Plaintiffs herein, including without limitation the following proceedings in the New York City Civil Court, New York County:

    a. Northern Leasing v. Serin, Index No.34434/05;

    b. Northern Leasing v. Russ, Index Nos. 47755/03, 47733/05, 47754/05, and 47737/05;

    c. Northern Leasing v. Redner, Index No.

    d. Northern Leasing v. Smith, Index No. 39815/04

    e. Northern Leasing v. Long Soui Lim, Index No. 57937/03

    f. Northern Leasing v. Yodamo, Inc., Index No. 19693/06, and Northern

4

Leasing v. Peri Kettler, Index No.32743/04.

2. All documents concerning any investigation, review, report or analysis about the genuineness or otherwise of each plaintiff's signature in the respective Equipment Finance Leases in the proceedings abovenamed.

3. All documents concerning any compensation or consideration received by you, or on your behalf, for services and/or out-of-pocket expenses in the proceedings mentioned in item #1 above, including without limitation, any canceled checks, deposit slips, advise of remittance, letters, memos, emails, and/or faxes.

4. Documents regarding the compensation paid by any of the Defendants to you, or received by you from or on behalf of any Defendant herein.

5. All documents concerning any working arrangements between you and any of the Defendants in this case, including without limitation arrangements for use or sharing of computers and/or databases and/or other electronic data.

6. All documents concerning any person(s) who is or may be authorized to sign and/or send (a) draft summons and complaint; and/or (b) dunning or debt collection letters, on behalf of you or your law firm.

7. All documents concerning every legal proceeding brought by you on behalf of Northern Leasing Systems, Inc., or any of its affiliate(s) based on an alleged lease wherein the defendant(s) alleged forgery.

8. All documents concerning you or your law firm's dunning practices and procedures, including without limitations, training manuals, instruction manuals, "do not say" lists, talking scripts, memos, discussion notes, and all other documents.

9. All documents concerning follow up calls, if any, to lessees and/or guarantors under leasing and/or financing contracts with Northern Leasing Systems, Inc., including without limitation, training manuals, instruction manuals, "do not say" lists, talking scripts, memos, discussion notes, and all other documents.

10. All documents concerning plaintiffs' accounts, leases, and/or other transactions with Northern Leasing, including without limitation, amounts paid by Northern Leasing to any vendor(s), salesman/salesmen, independent sales organizations, and/or third party representatives (by whatever name called) and amounts collected from plaintiffs through electronic deductions.

11. Correspondence, memos, notes, drafts, discussion papers, communication between (a) you and (b) defendants or any of them, any witness, vendor(s), salesman/salesmen, independent sales organizations, and/or third party representatives (by whatever name called) concerning the plaintiffs or leases at issue herein, including without limitation, documents concerning completion, drafting, preparation, and execution of any documents.

12. Communication with Better Business Bureaus, federal, state, and/or local authorities.

Dated: New York, New York  
June 8, 2010

CHITTUR & ASSOCIATES, P.C.

*Krishnan Chittur/A.S.*

Krishnan Chittur, Esq.  (KC 9258 )  
286 Madison Avenue Suite 1100  
New York, New York  10017  
(212) 370-0447  
Attorneys for Plaintiffs