# MOSES & SINGER LLP

THE CHRYSLER BUILDING
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800    Fax: 212.554.7700
www.mosessinger.com

Robert D. Lillienstein
Direct: 212.554.7807   Fax: 917-206-4307
rlillienstein@mosessinger.com

July 23, 2010

**VIA ECF**

Honorable James S. Gwin
United States District Court
Carl B. Stokes United States Court House
801 West Superior Avenue
Cleveland, Ohio 44113-1838

    Re: *Melinda Serin, Judson Russ, Long Soui Lim, Peri Kettler, Gordon Redner, and Thomas J. Smith, v. Northern Leasing Systems, Inc., Jay Cohen, Rich Hahn, and Sara Krieger*
      Docket No. 06 CV 1625 (JSG)

Your Honor:

    This firm represents defendants Northern Leasing Systems, Inc. ("NLS"), Jay Cohen, Rich Hahn and Sara Krieger (the "Individual Defendants"; together with NLS, "Defendants"), in the referenced matter.

    Plaintiffs' letter dated July 12, 2010, seeking an order compelling non-parties Joseph I. Sussman, P.C. and Joseph I. Sussman, Esq. (together, "Sussman"), to produce privileged communications between Sussman and NLS relating to the underlying lawsuits in response to the June 9, 2010 subpoenas should be denied and a protective order should be entered.  Attached as Exhibit D to the accompanying affidavit of Joseph I. Sussman, Esq. (the "Sussman Affidavit"), is a copy of the privilege log that was served upon Plaintiffs' counsel on July 22, 2010.

    As set forth more fully in the Sussman Affidavit, Mr. Sussman did not waive the attorney-client privilege with respect to the demanded documents.  Rather, in his cover letter dated June 29, 2010, enclosing documents Bates stamped 1-191, Mr. Sussman expressly preserved his objection by stating that he "vigorously object[s] to the series of document requests set forth in the subpoenas as they seek information protected by the attorney-client privilege." Mr. Sussman further indicated that the parties had a telephone conversation relating to the precise timing of his response, that the production contained "non-privileged documents", and that he would produce the remaining documents, "not subject to the attorney-client privilege, no earlier than July 9, 2010, as we discussed." Sussman Aff., Exh. B. Mr. Sussman repeated his objection to the production of privileged material in an email to Plaintiffs' counsel dated June 30, 2010. Sussman Aff., Exh. C. Mr. Sussman's two-week delay in serving a privilege log, especially in light of his recent accident, is not untimely so as to constitute a waiver of the

## MOSES & SINGER LLP

Honorable James Gwin
July 23, 2010
Page 2

privilege. *See Grand River Enterprises Six Nations, Ltd. v. King*, 2009 WL 63461, at *3 (S.D.N.Y. 2009) (holding that seven month delay in serving privilege logs was not untimely, and thus, defendants did not waive privilege on the ground that "[o]nly flagrant violations require such an outcome.").

Furthermore, the attorney-client privilege is not something that may be lightly cast aside. The Second Circuit has recognized the sanctity of the attorney-client privilege, "not only by this Court's jurisprudence, but by the Federal Rules of Civil Procedure." *In re Dow Corning Corp.*, 261 F.3d 280, 284 (2d Cir. 2001). "The privilege rests on the belief that in an adversary system, a client's full disclosure to an attorney is a necessary predicate to skillful advocacy and fully informed legal advice." *Chase Manhattan Bank, N.A. v. Turner & Newall, PLC*, 964 F.2d 159, 165 (2d Cir. 1992).

Moreover, Plaintiffs fail to sustain the high burden of demonstrating that the crime-fraud exception is applicable under these circumstances. The crime-fraud exception only applies in narrow circumstances where the proponent can demonstrate "probable cause to believe that crime or fraud has been attempted or committed and that the communications were in furtherance thereof." *See e.g.*, *In re Richard Roe, Inc.*, 68 F.3d 38, 40 (2d Cir. 1995) ("A simple finding of relevance does not demonstrate a criminal or fraudulent purpose and thus does not trigger the exception."); *see also Sackman v. Ligget Group, Inc.*, 173 F.R.D. 358, 364 (E.D.N.Y. 1997) (plaintiffs have failed to sustain the high burden of probable cause, which is prerequisite to application of the crime-fraud exception."); *Rattner v. Netburn*, 1989 WL 223059, at *48 (S.D.N.Y. June 20, 1989) (defendants' consultations with counsel have not been shown to bear the necessary indicia of impropriety to justify piercing the protection of the attorney-client privilege or the work-product rule.").

It is Plaintiffs' responsibility, as the party seeking to invoke the exception, to demonstrate that the exception is applicable. *See Bria v. United States*, 2002 WL 663862, at *4 (D. Conn. March 26, 2002). Here, Plaintiffs' counsel doesn't even bother to cite to the "sufficient facts" set forth in the Amended Complaint that, according to Plaintiffs, provide "a reasonable basis to suspect the perpetration or attempted perpetration of a crime or fraud, and that the communications were in furtherance thereof." Plaintiffs' Letter at p. 2 (*quoting In re John Doe, Inc.*, 13 F.3d 633, 637 [2d Cir. 1994]). Plaintiffs' counsel's speculation does not substitute for showing probable cause. *See Danisco A/S v. Novozymes A/S*, 427 F.Supp.2d 443, 445 (S.D.N.Y. 2006) ("While courts must be vigilant to prevent a client's attempt to misuse attorneys to perpetrate a crime or a genuine fraud, the privilege is not to be lightly cast aside based on speculative allegations."). Courts have regularly rejected attempts to substitute speculative allegations for a proper prima facie showing. *See, e.g., Ross v. UKI Ltd.*, 2004 WL 67221, at * 6 (S.D.N.Y. Jan. 15, 2004).

## MOSES & SINGER LLP

Honorable James Gwin
July 23, 2010
Page 3

      Accordingly, Plaintiffs' request should be denied in its entirety and the Court should enter a protective order relating to the demanded privileged materials.

Very truly yours,<br><br>
Robert D. Lillienstein