UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
MELINDA SERIN, JUDSON RUSS, LONG SOUI :
LIM, PERI KETTLER, GORDON REDNER, AND :
THOMAS J. SMITH, :
: 06 CV 1625 (JSG)
          Plaintiffs, :
: **AFFIDAVIT OF JOSEPH I.**
     -against- : **SUSSMAN, ESQ.**
:
NORTHERN LEASING SYSTEMS, INC., JAY :
COHEN, RICH HAHN, and SARA KRIEGER, :
:
          Defendants. :
------------------------------------------------------------------ X

STATE OF NEW YORK    )
COUNTY OF NEW YORK   ) ss.:

JOSEPH I. SUSSMAN, ESQ. being duly sworn, deposes and says:

1. I am an attorney admitted to the practice of law in the State of New York and the sole shareholder of Joseph I. Sussman, P.C., a private New York law practice and New York professional corporation.

2. My law practice primarily concentrates on the representation of independent commercial creditors in debt collection litigation proceedings brought in the New York area. Among my firms' clients is Northern Leasing Systems, Inc. and its affiliates ("NLS") which we have represented since 2003. Although I do not represent NLS exclusively, we work closely with its collections department in connection with defaulted equipment finance lease contracts and guaranties.

3. On or about June 9, 2010, Plaintiffs served two subpoenas -- one upon my law firm and the other upon myself -- seeking production of documents and scheduling

my deposition for July 14, 2010. The subpoenas request, among other things, privileged communications between myself and NLS, as well as documents prepared in anticipation of, the six actions underlying this lawsuit. Attached hereto as Exhibit A are copies of the June 9, 2010 subpoenas.

4. On June 28, 2010, Plaintiffs' counsel Andrey Strutinskiy called me to find out the status of the document production. I advised him that I had been involved in a serious cycling accident and requested a brief extension until July 9, 2010, to respond to the subpoenas. He agreed provided that I begin producing responsive documents within the next few days.

5. The following day, on June 29, 2010, I served Plaintiffs' counsel a document production Bates stamped 1-191 on behalf of my firm and myself. In my cover letter enclosing the document production, I stated that, "I vigorously object to the series of document requests set forth in the subpoenas as they seek information protected by the attorney-client privilege." I further indicated that the production contained "non-privileged documents" and that I would produce the remaining documents, "not subject to the attorney-client privilege, no earlier than July 9, 2010, as we discussed." Attached hereto as Exhibit B is a copy of the June 29, 2010 letter.

6. In an email dated June 30, 2010, Mr. Strutinskiy complained about the document production asserting that, "no attorney-client privilege can be asserted in connection with these actions; they are covered by the crime-fraud exception." In a response email, I reiterated my assertion of attorney-client privilege, and noted that his position on the crime fraud exception, was just that, his position (i.e., not a rule of law). Attached hereto as Exhibit C is a copy of the June 30, 2010 email chain between me and

Mr. Strutinskiy. I note that Plaintiffs' subpoenas, themselves, reflect that a party responding to the subpoenas might assert privilege.

7. Over the course of the next week, I produced a total of 894 documents in response to the subpoenas. On July 22, 2010, I served Plaintiffs' counsel with a privilege log listing the documents being withheld. Attached hereto as Exhibit D is a copy of the privilege log.

8. At no time did I waive the attorney-client privilege. I repeatedly advised Plaintiffs' counsel that documents were being withheld on that basis and served a privilege log within two weeks after my final production. Indeed, not only did I raise the attorney client privilege with my very first production in response to the subpeona, but I believe my response to the subpoenas was prompt.

9. I respectfully request that the Court reject Plaintiffs' contention that my two-week delay in serving a privilege log was untimely so as to constitute a waiver, especially in light of my accident, and decline to cast aside the privilege based on Plaintiffs' speculative and specious allegations that the crime-fraud exception is applicable.

_____
Joseph I. Sussman

Sworn to before me this 23rd
day of July, 2010.

_____
Notary Public

**ELLIOT SUSSMAN**
Notary Public - State of New York
No. 01SU6181846
Qualified in Queens County
My Commission Expires February 11, 2012

828071v2 011082.0121