# *Chittur & Associates, P.C.*

Attorneys & Counselors at law
286 Madison Avenue Suite 1100
New York, New York 10017
Tel: (212) 370-0447
Fax: (212) 370-0465
Web: www.chittur.com
Email: kchittur@chittur.com

July 28, 2010

<u>VIA ECF</u>

Hon. James Gwin
United States District Judge
Carl B. Stokes United States Court House
801 West Superior Avenue
Cleveland, Ohio 44113-1838

       Re: *Serin et al, v. Northern Leasing et al*, S.D.N.Y. - Docket No. 7:06-CV-01625

Dear Judge Gwin:

    Defendants' objections to the production of allegedly privileged documents by Sussman are misconceived.  As shown below, Sussman disobeyed the subpoena, and Defendants' belated attempt to raise objections is untimely under Rule 45, Fed. R.Civ. P.  Moreover, Sussman waived any privilege by failing to comply with the subpoena, and by further failing to assert timely objections.  In any event, the crime-fraud exception clearly applies here.   Lastly, Defendants lack standing to raise these objections and the motion to compel should be granted as requested.

    First, Rule 45 required Sussman to object and/or file a motion to modify within 14 days of service:

> A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. <u>The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served.</u>

Rule 45, Fed. R. Civ. P. (Emphasis added).  A motion to quash or modify on grounds of

privilege is subject to the same 14-day timeliness requirement. 7A *Fed. Proc., L. Ed.* §19:272, *citing Tutor-Saliba Corp. v. U.S.*, 30 Fed. Cl. 155 (1993). *Accord, Innomed Labs, LLC v. Alza Corp.*, 211 F.R.D. 237, 240 (S.D.N.Y.2002); *Nova Biomedical Corp. v. i-STAT Corp.*, 182 F.R.D. 419, 422 (S.D.N.Y.1998); *Ireh v. Nassau University Medical Center*, 2008 WL 4283344, 2 (E.D.N.Y. Sep 17, 2008).

Since service was effected on June 9, Sussman's objections and/or motion to modify ought to have been made on or before June 24, 2010. <u>But Sussman never filed such a motion, and has not done so till today</u>. Instead, Sussman imposed upon Plaintiffs the burden of filing a motion to seek a court order for compliance - and even then, has not filed any cross-motion himself. The objections to Plaintiffs' motion to compel are raised by Defendants, not Sussman. The Court ought not to indulge Sussman's complete nonchalance to the Federal Rules, and should simply enter an order requiring him to comply with the subpoena in its entirety or hold him in contempt.

Second, Sussman's indifference has to be considered in the context of Defendants' continued delays in this case (with which Your Honor is familiar), and Your Honor's scheduling orders. The subpoenas called for document production by June 28. <u>Sussman blithely disobeyed the subpoena, and never bothered saying, emailing, or faxing anything until Plaintiffs' counsel called him on the 29th</u>. He then purported to serve a privilege log about a month late, on July 22, 2010.

Our courts have repeatedly held that failure to make a timely privilege-based objection, accompanied by a privilege log required by Fed.R.Civ.P. 26(b)(5), constitutes a waiver of the objection. *Jagielo v. Van Dyke Public Schools*, 2010 WL 259053, 2 (E.D.Mich. Jan 20, 2010); *Kingsway Fian. Servs., Inc. v. Pricewaterhouse-Coopers, LLP*, 2006 WL 1295409 at *1 (S.D.N.Y. May 10, 2006) (collecting authorities); cases cited in our earlier letter (Dkt. 82). As another Court explained:

> "Limiting the remedy to the belated preparation of a privilege log effectively tells practitioners they can flout the [Federal Rules of Civil Procedure] and incur no sanction other than an Order directing compliance with the rules." *PKFinans Int'l Corp. v. IBJ Schroder Leasing Corp.*, 1996 WL 525862 at *4. <u>Federal Courts would quickly grind to a halt if litigants were free to ignore the requirements of the Federal Rules of Civil Procedure in the absence of an order directing them to comply with the Rules</u>. *See generally* 2 Michael C. Silberberg & Edward M. Spiro, *Civil Practice in the Southern District of New York* § 22:12 at 22-33 (2d ed. 2004) ("[T]he cases imposing waiver appear to express the better view of the appropriate remedy in the event a party fails to timely provide the privilege list.").

*Kingsway Financial Services, Inc. v. Pricewaterhouse-Coopers LLP*, 2008 WL 4452134, *11

Hon. James Gwin							*Serin v. Northern Leasing*
July 28, 2010										Page 3

(S.D.N.Y. Oct 2, 2008).

 The only case cited by Defendants, *Grand River Enterprises Six Nations, Ltd. v. King*, 2009 WL 63461 (S.D.N.Y. Jan 12, 2009), dkt. 84 at 2, is of no help to them. Unlike Sussman, those defendants raised timely objections, and the Court held that they "did not have to complete their privilege logs while this objection was pending." *Grand River Enterprises,* 2009 WL 63461, 3. That is not the case here: Sussman ignored the subpoena, and chose to respond only after Plaintiffs' counsel's call after he had already disobeyed the subpoena.

 Third, even if the Court were to consider the merits of Defendants' objections, the crime-fraud exception is applicable. As one Court summarized it,

> "It is well-established that communications that otherwise would be protected by the attorney-client privilege ... are not protected if they relate to client communications in furtherance of contemplated or ongoing criminal or fraudulent conduct." *In re Grand Jury Subpoena Duces Tecum Dated Sept. 15, 1983*, 731 F.2d 1032, 1038 (2d Cir.1984) (*citing Clark v. U.S.*, 289 U.S. 1, 15 (1933)). "It is the purpose of the crime-fraud exception to the attorney-client privilege to assure that the 'seal of secrecy' ... between lawyer and client does not extend to communications made for the purpose of getting advice for the commission of a fraud or crime." *United States v. Zolin*, 491 U.S. 554, 563 (1989) (internal citations omitted). In determining whether to invade the privilege, the "controlling question is whether the communications at issue were undertaken to facilitate or conceal the commission of a crime or fraud." *In re Omnicom Group, Inc. Securities Litigation*, 233 F.R.D. 400, 404 (S.D.N.Y.2006). This exception is aimed at "serious misconduct," *HSH Nordbank AG New York Branch*, 2009 U.S. Dist. LEXIS 63711, at *21, and it is the client's intent, not that of the attorney, that is relevant to this inquiry, *In re Omnicom Group*, 233 F.R.D. at 404.

*Fuller v. Interview, Inc.*, 2009 WL 3241542, 5 (S.D.N.Y. Sep 30, 2009). There can be no serious question that these criteria are met here.

 The nub of this case is the fraud upon the New York City Civil Court through the filing of fraudulent lawsuits. Obviously, this entailed multiple crimes including, for example perjury, and fraud on the court (Section 487, N.Y. Jud. L.). As Your Honor held earlier, Plaintiffs have described

> in detail how the Defendants allegedly forged leases in each Plaintiff's name; how the Defendants made electronic deductions from the bank accounts of Plaintiffs Russ, Redner, and Kettler; how the Defendants then called and/or mailed letters to each Plaintiff demanding payment on the

> leases and threatening litigation if the Plaintiffs refused to pay; how the Defendants initiated litigation in New York City Civil Court against Plaintiffs Serin, Russ, Lim, Kettler, and Smith; how these Plaintiffs personally appeared and defended these allegedly meritless lawsuits; and how the Defendants allegedly made adverse entries in all of the Plaintiffs' personal credit reports.

Order of Dec. 18, 2009 (Dkt. 47), at 14. Plaintiffs' deposition testimony abundantly buttressed these allegations.

Commencing these City Civil Court lawsuits was "serious misconduct" since the central underlying allegation, *i.e.*, that the leases were duly executed by Plaintiffs, was false to the knowledge of Defendants. So was the continuance of these lawsuits, after being expressly advised <u>again</u> of their fraudulent nature. For example, Defendants' insistence that Ms. Serin attend the City Court in New York in person, only to dismiss the lawsuit with prejudice when she did come was inexcusable misconduct. So also, with respect to Russ, Defendants

> insisted on proceeding with the litigation, expecting a default judgment and not anticipating that [Russ] would spend the time and resources to come personally. Defendants refused to consent to even an adjournment of the evidentiary hearing, whereupon Mr. Russ had to come all the way from Florida. Mr. Russ did so, and testified at the hearing in the New York City Civil Court, much to Defendants' shock and dismay. <u>Defendants had no evidence whatsoever to dispute Mr. Russ's assertion of forgery</u>, whereupon all four of Defendants' lawsuits were dismissed.

Am. Comp. (Dkt. 32-2), 10 n.2 (emphasis added). That insistence was clearly in furtherance of the fraudulent scheme, "to facilitate or conceal the commission of a crime or fraud." That is the crime-fraud at issue, and communication in connection with these fraudulent lawsuits are not and cannot be covered by the attorney-client privilege.

Lastly, the objections are raised by Defendants, not Sussman. It is settled that "Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action." Wright & Miller, *Fed. Prac & Procedure*, §2459 (Subpoena for the production of documents and things - quashing or modifying a subpoena). And even Defendants did not file a timely motion to quash or modify, but instead, raised these objections only defensively to justify Sussman's disobedience. We also note that the proffered privilege log does not provide the information mandated by the Federal Rules, and is thus unavailing. However, that need not detain us now, in view of the other fundamental infirmities detailed above.

  Accordingly, Plaintiffs' request for Court orders requiring Sussman to produce all documents and answer all questions in deposition, irrespective of privilege, should be granted in its entirety.

                Yours truly,

                Sd/

               Krishnan S. Chittur, Esq.