# Chittur & Associates, P.C.

Attorneys & Counselors at law
286 Madison Avenue Suite 1100
New York, New York 10017
Tel: (212) 370-0447
Fax: (212) 370-0465
Web: www.chittur.com
Email: kchittur@chittur.com

August 17, 2010

**VIA ECF**

Hon. James Gwin
United States District Judge
Carl B. Stokes United States Court House
801 West Superior Avenue
Cleveland, Ohio 44113-1838

      Re: *Serin et al, v. Northern Leasing et al*, S.D.N.Y. - Docket No. 7:06-CV-01625

Dear Judge Gwin:

      By order of April 16, 2010, Your Honor had directed Defendants to provide a privilege log by April 26, 2010.  This was in response to Plaintiff's contention that communication concerning the six underlying lawsuits - which lawsuits were commenced by Defendants fraudulently in the City Civil Court and which form the basis for the RICO claims here - were not privileged since they were covered by the "crime fraud exception" to the attorney client privilege.

      By letter of April 26, 2010, Defendants' counsel Lillienstein represented to Your Honor that he had "conferred" with prior counsel for Defendants, including Epstein Becker, and Joseph Sussman.  He categorically represented to Your Honor that not a single document had been withheld on "grounds of privilege."  "Ex. 1," Letter of April 26, 2010.

      Three and half months after that Court-ordered April 26 deadline, on August 10, 2010, Defendants produced about 750 documents on a CD.  Several of these were communication between Defendants and Sussman, and have been redacted.  "Ex. 2." Examples of documents produced on August 10, 2010.  Defendants subsequently purported to serve a "privilege log" of these documents, "Ex. 3."  In other words, these redacted documents were clearly communication that had been the subject of the April 16th order, but Defendants failed to produce them.

```
Hon. James Gwin                                    Serin v.  Northern Leasing
August 17, 2010                                                         Page 2
```

    Defendants did not bother to seek Your Honor's leave for the belated production or explain their misrepresentation to Your Honor of April 26, 2010.

    Further, Defendants also have not produced two major categories of documents which Your Honor had specifically ordered to be produced in the same order of April 16, 2010: first, personnel and employment files of employees who dealt with Plaintiffs, and second, documents concerning complaints to the Attorney General, BBB, and local/state/federal authorities prior to 2006.

    On August 12, Plaintiff took the deposition of Defendant's Custodian of Records under Rule 30(b)(6) to answer questions about Defendants' document production.  Her testimony revealed that

    a.    Defendants had not searched computers for non-email responsive documents such as word-processing documents;
    b.    Defendants had not searched for complaint files prior to 2006; and
    c.    Defendants maintain a paper archive that was also not searched for responsive documents at all.

    It is clear that without these Court-ordered documents, the depositions of Defendants cannot be taken.  Accordingly, Plaintiffs seek appropriate orders under Rule 37.  At a minimum, Plaintiffs submit that such orders should require Defendants to (a) produce the unredacted documents and overrule their claims of attorney-client or work product privilege; (b) produce the personnel and full employment records of all employees who dealt with Plaintiffs; (c) produce all communication and complaints with Attorney Generals, Better Business Bureau, and local/state/federal authorities prior to 2006; and (d) pay Plaintiffs the attorneys' fees and expenses incurred in connection with the April 16th order and this letter-motion.  Thank you for your attention.

                                          Yours truly,

                                          Sd/

                                          Andrey Strutinskiy, Esq.

Cc: Moses & Singer, LLP (via ECF)