UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------
                                            :
MELINDA SERIN, *et al.*,                    :
                                            :     CASE NO. 7:06-CV-1625
            Plaintiffs,                     :
                                            :
      v.                                    :     OPINION & ORDER
                                            :     [Resolving Doc. 82.]
NORTHERN LEASING SYSTEMS, INC.,             :
*et al.*,                                   :
                                            :
            Defendants.                     :
                                            :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

The Plaintiffs in this RICO action move to compel the Defendants to comply with a subpoena seeking written communications between the Defendants and their attorney in the six allegedly fraudulent lawsuits that form the basis of the Plaintiffs' claim. [Doc. 82.] The Plaintiffs contend that these documents are not privileged because they fall within the "crime-fraud" exception. *See United States v. Jacobs*, 117 F.3d 82, 87 (2d Cir. 1997).

The crime-fraud exception applies only where (1) the communication in question "'was itself in furtherance of the crime or fraud'" and (2) there is "'probable cause to believe that the particular communication . . . was intended in some way to facilitate or to conceal the criminal activity.'" *In re Richard Roe, Inc.*, 168 F.3d 69, 71 (2d Cir. 1999).

After conducting an in camera review of the communications in question, the Court concludes that these communications do not fall within the crime-fraud exception. Here, as in *In re Richard Roe, Inc.*, the communications are merely "the kind of documents that one would typically expect to find generated in the course of a legitimate defense" and do not "suggest[] a

-2-

Case No. 7:06-CV-1625
Gwin, J.

belief that the defense of the litigation had no legal or factual support or that the act of litigating was for an improper purpose." *Id.* at 72.

    Consequently, the Court DENIES the Plaintiffs' motion to compel.

    IT IS SO ORDERED.

Dated: August 17, 2010

                                                     JAMES S. GWIN
                                                     UNITED STATES DISTRICT JUDGE