

THE CHRYSLER BUILDING
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800    Fax: 212.554.7700
www.mosessinger.com

Jennifer Nigro
Direct: 212.554.7808
Fax: 917-206-4308
jnigro@mosessinger.com

August 19, 2010

**VIA ECF**

Honorable James S. Gwin
United States District Court
Carl B. Stokes United States Court House
801 West Superior Avenue
Cleveland, Ohio 44113-1838

      Re:   Melinda Serin, Judson Russ, Long Soui Lim, Peri Kettler, Gordon Redner, and Thomas J. Smith, v. Northern Leasing Systems, Inc., Jay Cohen, Rich Hahn, and Sara Krieger;
Docket No. 06 CV 1625 (JG)

Your Honor:

      This firm represents defendants Northern Leasing Systems, Inc. ("NLS"), Jay Cohen, Rich Hahn and Sara Krieger (the "Individual Defendants"; together with NLS, "Defendants") in the referenced matter.  This letter is in response to Plaintiffs' counsel's letter dated August 17, 2010.  Once again, Plaintiffs' counsel has chosen to shoot off a purported "letter-motion" to the Court without any notice to or consultation with Defendants' counsel, in clear violation of Local Civil Rule 37.2, which provides that "no motion under Rules 26 through 37 inclusive of the Federal Rules of Civil Procedure shall be heard unless counsel for the moving party has first requested and informal conference with the court and such request has either been denied or the discovery dispute has not been resolved a a consequence of such a conference."  Here, Plaintiffs have repeatedly disregarded the rule.  The instant "letter motion" is yet another example.

In support of their "letter motion", Plaintiffs' counsel has blatantly misstated the facts.  Defendants have produced, literally, over 800,000 pages of documents in response to Plaintiffs' requests.  Pursuant to Your Honor's June 3, 2010 Order directing Defendants to produce certain categories of e-mail communications, Defendants produced over 700,000 pages of e-mail communications and attachments.  From those productions – all of which occurred after June 3rd – certain documents were withheld on the grounds of privilege, while others were redacted for privilege.  A detailed privilege log was provided to Plaintiffs' counsel for those documents withheld from production on the grounds of

legal privilege, along with a redaction log for those documents produced with redactions. A copy of that privilege log is enclosed herewith.

Moreover, Your Honor has granted plaintiffs' request for a 60-day extension of time to complete depositions until October 30th, and trial of this action to be adjourned accordingly to November 30th. Plaintiffs have not been prejudiced in any way by Defendants supplemental production or their privilege log.

Also, Plaintiffs' counsel's letter **falsely** states that Defendants have not produced personnel and employment files of employees who dealt with Plaintiffs; this is incorrect. These documents were produced at Bates numbers NLS 01989-2328 in April 2010. We would be happy to make those documents available to the Court for inspection.

As for documents concerning complaints to the Attorney General ("AG"), Better Business Bureau ("BBB"), and local/state/federal authorities, NLS has produced over 21,000 pages of documents responsive to this request. As testified by the custodial witness for NLS, Sara Krieger, NLS started tracking AG and BBB correspondence in or about 2006. For documents prior to that date, such information would have been stored "at the lease level" – meaning that NLS would have to check each of its individual lease files (totaling over 200,000 files) to determine whether any of them contain AG or BBB related correspondence or correspondence with local/state/federal authorities. The cost and time associated with such request would be extraordinary. Defendants have already incurred over $130,000 in vendor costs in connection with the e-mail production alone – exclusive of attorney time. This next endeavor proposed by Plaintiffs' counsel is nothing more than a continued effort to stall this case by requesting more and more documents that are irrelevant to the claims in this case and have nothing to do with the individual plaintiffs.

There is nothing improper or nefarious about Defendants' actions; they are complying with discovery, while Plaintiffs have still failed even to produce a privilege log detailing each document withheld on the grounds of legal privilege – as directed by Your Honor's April 26th Order. Plaintiffs' counsel also continues to delay this case so that they can badger Defendants with more and more expense, by first scheduling defendants' depositions, and then cancelling the depositions days beforehand. This has now happened twice.. We respectfully submit that plaintiffs' counsel is engaged in an obvious effort to prejudice this Court, and to drive up costs for Defendants. Enough is enough. The procedurally improper "letter motion", which is replete with blatant factual falsities, should be denied.

Respectfully,

/s/
Jennifer Nigro

Enc.

Cc. Chittur & Assocs. (via ECF)

831719v1  011082.0121