# Chittur & Associates, P.C.

Attorneys & Counselors at law
286 Madison Avenue Suite 1100
New York, New York 10017
Tel: (212) 370-0447
Fax: (212) 370-0465
Web: www.chittur.com
Email: kchittur@chittur.com

August 23, 2010

**VIA ECF**

Hon. James Gwin
United States District Judge
Carl B. Stokes United States Court House
801 West Superior Avenue
Cleveland, Ohio 44113-1838

Re: *Serin et al, v. Northern Leasing et al*, S.D.N.Y. - Docket No. 7:06-CV-01625

Dear Judge Gwin:

Defendants neither apologize nor bother explaining their misrepresentation to Your Honor of April 26, 2010 that they had not withheld any documents. They say nothing about their failure to provide the privilege log as directed on April 26.

Defendants also say nothing about their disobedience of Your Honor's Order to produce all documents concerning "communications with the BBB and government authorities" from 1998 to the present. Order (Dkt. 57), at 2, 3-4. Defendants simply failed/refused to produce responsive documents for more than half of this period (1998-2005). Defendants themselves had acknowledged that "the time period of events described in the Amended Complaint" was from 2001 to 2006, *id*., 3-4. Defendants' only explanation for their brazen violation of Your Honor's Order is that the corporate Defendant would have had to check "each of its individual lease files", Dkt 91, at 2 - in other words, Defendants say, the way they kept their records made compliance with Your Honor's order burdensome.

Defendants cite no authority permitting them to override a Court order unilaterally in this manner. Indeed, even without an express Court Order, Defendants' objection would fly in the face of well-settled law. *Rhone-Poulenc Rorer, Inc. v. Home Indem. Co.*, 1991 WL 111040 (E.D. Pa. June 17, 1991) ("To allow a defendant whose business generates massive records to frustrate discovery, by creating an inadequate filing system, and then claiming undue burden,

Hon. James Gwin  *Serin v. Northern Leasing*
August 23, 2010  Page 2

would defeat the purposes of the discovery rules" citations omitted); *Alliance to End Repression v. Rochford*, 75 F.R.D. 441 (N.D.Ill.1977).

Defendants refer to NLS 01989-2328 as comprising the employment and personnel records. But Plaintiffs never received these documents, and Defendants have now agreed to provide these documents by Monday, Aug 23, 2010.

Defendants' invocation of the "meet and confer" requirement of local rules for discovery disputes is misconceived. This is not a discovery dispute, but an issue of compliance with a Court order which resolved such a dispute. So also, Defendants' attempt to fault Plaintiffs for alleged discovery deficiencies is, once again, nothing more than a feeble attempt at tit-for-tat. Plaintiffs provided a privilege log long ago, and can complete depositions only after Defendants produce all documents which Your Honor has ordered them to produce.

This is not the first time that Defendants have wilfully disobeyed Your Honor's orders. As detailed in our earlier letter of June 21, 2010 (dkt 73), Defendants did not even commence their search for responsive email production until long after the deadline given by Your Honor, and eventually produced over 750,000 documents on July 15, and another 700 by August 10. This made it all but impossible for Plaintiffs to complete all depositions according to the schedule.

Moreover, as the deposition of Defendants' Custodian of Records revealed, Defendants have not even bothered searching for, let alone producing, several significant categories of documents, as detailed in our earlier letter (dkt. 89). While Defendants complain about litigation expenses, it is their hide-and-seek games that are creating "extraordinary" waste of Your Honor's time and resources, as well as of Plaintiffs.

Given Defendants' repeated disobedience of Your Honor's orders, Plaintiffs request that Defendants' pleadings may be struck and/or they may be precluded from presenting any evidence. "The increased sanction of Rule 37(b) arises because the party disregards both the discovery demand and the Court's Order compelling production." *Zhao v. U.S. Dep't of Homeland Sec.*, 2008 WL 123933 (W.D.N.Y. Jan. 10, 2008). In such case, an inquest may be directed with respect to Plaintiffs' damages expeditiously. Alternatively, the trial date and attendant deadlines should be adjourned to an appropriate date after Defendants fulfill their discovery obligations.

Yours truly,

Sd/

Krishnan Chittur, Esq.

Cc: Moses & Singer, LLP (via ECF)