UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------

MELINDA SERIN, *et al.*,  :
: CASE NO. 7:06-CV-1625
　　　　　Plaintiffs,  :
:
vs.  : OPINION & AMENDED ORDER
: [Resolving Doc. Nos. 89, 91, 92]
NORTHERN LEASING  :
SYSTEMS, INC., *et al.*,  :
:
　　　　　Defendants.  :
:

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

The Plaintiffs in this RICO suit file notice of a discovery dispute. [Doc. 89.] The Plaintiffs claim that the Defendants failed to comply with earlier discovery orders of this Court and also seek an order overruling the Defendants' claim of attorney-client and attorney work product privileges. [*Id.*] The Plaintiffs say that the Defendants failed to comply with earlier Court orders (1) by failing to provide the personnel and employment files of all employees who dealt with the Plaintiffs and (2) by failing to produce documents concerning complaints to state Attorney Generals, the Better Business Bureau, and other governmental authorities prior to 2006. [*Id.*] Additionally, the Plaintiffs seek an order compelling production of allegedly privileged documents and also seek sanctions and expenses under Fed. R. Civ. P. 37. [*Id.*; Doc. 92.] The Defendants responded, [Doc. 91], and the Plaintiffs replied. [Doc. 92.]

The Court **ORDERS** that the Defendants produce all of the allegedly privileged documents

-1-

Case No. 7:06-CV-1625
Gwin, J.

to the Court for in camera inspection by **September 30, 2010**. After the Court conducts an in camera review, it will rule on whether the documents should be produced to the Plaintiffs.

The Defendants have agreed to provide the personnel and employment files for employees who dealt with the Plaintiffs. [Doc. 91; Doc. 92.] Since the parties have reached an agreement on this issue, the Court finds it is unnecessary to issue an order.

On April 16, 2010, the Court ordered that the Defendants comply with the Plaintiffs' discovery requests and produce documents related to communications with state Attorney Generals, the Better Business Bureau, and other governmental authorities. [Doc. 57.] The Court denied the Defendant's request to limit the time period and to limit production to files related to the named Plaintiffs. [*Id.*] Under the Federal Rules of Civil Procedure, parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter in the pending action. Fed. R. Civ. P. 26(b)(1). The Court finds, in the context of a RICO suit, that information related to earlier complaints or investigations is highly relevant. Thus, the Court reaffirms its earlier order and **ORDERS** that the Defendants produce documents related to communications with the Better Business Bureau, state Attorney Generals, or other relevant government authorities to the extent and over the time period requested. [*Id.*]

The decision to impose sanctions lies within the discretion of the Court. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642 (1976). The Court declines to

Case No. 7:06-CV-1625
Gwin, J.

impose costs or sanctions under Federal Rule of Civil Procedure 37.

    IT IS SO ORDERED.


Dated: September 22, 2010                 _____
                                                      JAMES S. GWIN
                                                      UNITED STATES DISTRICT JUDGE