

MOSES & SINGER LLP

THE CHRYSLER BUILDING
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800    Fax: 212.554.7700
www.mosessinger.com

Robert D. Lillienstein
Direct: 212.554.7807  Fax: 917-206-4307
rlillienstein@mosessinger.com

September 28, 2010

**VIA ECF**

Honorable James S. Gwin
United States District Court
Carl B. Stokes United States Court House
801 West Superior Avenue
Cleveland, Ohio 44113-1838

> Re:  *Melinda Serin, Judson Russ, Long Soui Lim, Peri Kettler, Gordon*
> *Redner, and Thomas J. Smith, v. Northern Leasing Systems, Inc.,*
> *Jay Cohen, Rich Hahn, and Sara Krieger*
> Docket No. 06 CV 1625 (JSG)

Your Honor:

As you know, this firm represents defendants Northern Leasing Systems, Inc. ("NLS"), Jay Cohen, Rich Hahn and Sara Krieger (the "Individual Defendants"; together with NLS, "Defendants") in the referenced matter.  In accordance with Local Civil Rule 37.3, I am submitting this letter motion to request discovery sanctions against Plaintiffs, pursuant to Fed.R.Civ.P. 37(a) and (c), for their: (1) repeated failure and refusal to provide a calculation of the damages that they are claiming in the case, and to produce documents supporting that calculation, as required by Fed.R.Civ. P. 26(a)(1)(a)(iii), and (ii) their failure to produce documents in response to items 6, 8 – 18 of Defendants' Second Notice To Produce Documents, dated July 16, 2010 (the "Second Notice").  A copy of the Second Notice is submitted herewith as Exhibit A.  A copy of Plaintiffs' Response to that Notice is submitted herewith as Exhibit B.

**Documents Underlying Plaintiffs' Damage Claims and Expert Reports**

In their Rule 26 Initial Disclosures, which they amended on September 13, 2010 (copy enclosed as Exhibit C),  Plaintiffs did not provide a calculation of damages that each plaintiff claims to have sustained, as required Fed.R.Civ.P. 26(a)(1)(a)(iii).  Nor did they make available the "documents or other evidentiary material on which such calculation is based, including materials bearing on the nature and extent of the injuries suffered," as also required by Fed.R.Civ.P. 26(a)(1)(a)(iii).

Plaintiffs' failure to provide a calculation of damages and support for that calculation is exacerbated by their refusal to produce documents on which their testifying damage expert relied in forming his opinions.  Plaintiffs have served several reports from their damage expert, Stan Smith, who is expected to testify in this case.  We believe that those reports will not survive a *Daubert* motion, and intend to make such a motion following the completion of the deposition of Plaintiffs' expert.  However, before we can depose the expert, we need to see  the documents and

822921v1  011082.0121

# MOSES & SINGER LLP

Hon. James S. Gwin
September 28, 2010
Page 2

other information that he considered in forming his opinion.  We must have these documents before we can have our own expert produce an opinion regarding Plaintiffs' damages.

Accordingly, on July 16, 2010, shortly after receiving the first of Mr. Smith's expert reports, Defendants's served the Second Notice, which asked Plaintiffs to produce the following documents, none of which have been produced to date:

12:     All documents that Plaintiffs or their counsel have provided and/or will provide to their testifying expert, Stan V. Smith, Ph.D. in connection with this case.

13:     All documents reviewed by Plaintiffs' testifying expert, Stan V. Smith, Ph.D. in forming the opinions that he intends to testify to in this case.

15:     All documents setting forth the terms on which Plaintiffs' testifying expert, Stan V. Smith, Ph.D., has been engaged to provide testimony in this action.

16:     All documents reflecting the compensation paid and/or to be paid to Plaintiffs' testifying expert, Stan V. Smith, Ph.D.

17:     Transcripts of all testimony given by Plaintiffs' testifying expert, Stan V. Smith, Ph.D., during the last five years.

18:     All expert reports issued by Plaintiffs' testifying expert, Stan V. Smith, Ph.D., during the last five years.

In response to each of these requests, with the exception of paragraphs 15 and 16, Plaintiffs objected on the ground that the requested information exceeds the scope of permissible discovery under Rule 26, Fed. R. Civ. P.  In response paragraphs 15 and 16, Plaintiffs responded that responsive documents would be produced.  Despite this representation, they have not been produced.

Plaintiffs' objection to the production of documents that were provided to, considered, by and relied upon by their testifying expert is without merit.  Under Fed.R.Civ.P. 26(a)(2)(B), as revised in 1993, a party must disclose all "information considered by the [expert] in forming [his] opinions." The Advisory Committee Notes to the 1993 amendments make plain that this includes any materials "furnished to ... experts to be used in forming their opinions-whether or not ultimately relied upon by the expert," regardless of whether those materials "are privileged or otherwise protected from disclosure." *Amster v. River Capital International Group, LLC.*, 2002 WL 1733644 (S.D.N.Y. July 26, 2002); *see also Aniero Concrete Co., Inc. v. New York City School Const. Authority*, 2002 WL 257685, 52 Fed.R.Serv.3d 730 (S.D.N.Y. Feb. 22, 2002). Plaintiffs' refusal to comply with this unequivocal discovery obligation, coupled with their continued failure to provide any computation of their claimed damages in their Rule 26 Disclosures, and their failure to provide documents support any such calculation, leaves Defendants without the ability to contest Plaintiffs damage claims.

In addition, in response to paragraph 14 of the Notice, which seeks documents reflecting communications between Plaintiffs and/or their counsel and the expert, Plaintiffs have provided

# MOSES & SINGER LLP

Hon. James S. Gwin
September 28, 2010
Page 3

only hard copies of email communications between plaintiffs' counsel and the expert.  None of the attachments to those emails has been produced, although it is clear that many of those emails had one or more attachments.  *See* Exhibit D.  Nor have any documents reflecting communications between the expert and the Plaintiffs themselves been produced, although it is clear from a number of the emails that the expert has been in direct contact with each of the Plaintiffs.  *See* Exhibit E.  Accordingly, Plaintiffs should be compelled to produce documents reflecting all communications with the expert, including notes of the expert's conversations with Plaintiffs, failing which Plaintiffs' expert should be precluded from testifying in this case.  If the Court permits Plaintiffs to provide this discovery, Defendants should be permitted to depose Plaintiffs concerning their damages claims.

I reminded Mr. Chittur of Plaintiffs' failure to produce these documents on September 24th, by email.  In his response, he indicated that he believed that he had provided all responsive documents, which is incorrect, and that he would provide us a copy of the disc that his office provided to the expert.  To date, we have received nothing.  Moreover, Mr. Chittur's offer to provide only those documents that his office provided to his expert is insufficient, particularly because it is clear that the expert considered additional documents that were provided by the Plaintiffs themselves.  Further, as noted above, the documents provided by Mr. Chittur's office obviously do not contain all communications between Plaintiffs and the expert.

Accordingly, Plaintiffs should be precluded from supporting their claims of damages, either through their own, or through an expert's testimony.  Alternatively, they should be compelled to produce a further amended Rule 26 disclosure concerning damages, and all of the documents requested in paragraphs 12, 13, 15, 16, 17 and 18 of the Notice.  Moreover, because the depositions of Plaintiffs took place without the benefit of these damage documents, if Plaintiffs are going to be permitted to produce documents supporting their damage claims at this late date, including those provided to and relied upon by their expert, Defendants should also be permitted to depose Plaintiffs again with regard to the damages claimed in this case.

## Handwriting Exemplars

Plaintiffs' claims in this case center on their allegation that Defendants took part in a practice of prosecuting lawsuits against individuals based on forged instruments that they knew to be forged.  Clearly therefore, the issue of whether the instruments were, in fact forged, is highly relevant.  One category of documents that Defendants have sought, and that Plaintiffs have refused to provide, are documents, such as cancelled checks, containing examples of the Plaintiffs' signatures.  Defendants served the Second Notice on July 16, 2010.  Paragraphs 6 through 11 of the Second Notice ask each Plaintiff to produce not less than 15 examples of his or her signature from at or about the time the allegedly forged instruments at issue in this case were allegedly provided to NLS.  Only one Plaintiff, Judson Russ, has produced documents in response to this demand.[1]

---

[1]     Defendants are not moving with respect to Request No. 7, which pertains to Mr. Russ.

818544v2  011082.0121                               3

**MOSES & SINGER LLP**

Hon. James S. Gwin
September 28, 2010
Page 4


Plaintiffs have failed to provide any documents in response to paragraphs 6, 8, 9, 10 and 11 of the Notice.  In each case, they have objected on the grounds that "they have produced responsive documents, to the extent they exist, and are in the possession, custody, or control of Plaintiffs.  Further, this request is burdensome, oppressive, and calculated to harass and annoy Plaintiffs, especially since it seeks fifteen signatures from "any period of time", and since Defendants have already served an expert report."

We submit that Plaintiffs' objections are without merit.  Virtually everyone has access to cancelled checks by requesting them from a bank.  Plaintiffs' objection gives no indication that they made any effort to request these documents from any source, much less a source such as a bank that is likely to have them.  Moreover, compared to the burden to which Plaintiffs have put Defendants in responding to discovery in this case, the burden of looking for and producing 15 or more cancelled checks or other documents containing examples of Plaintiffs' signatures is infinitesimal.  To the extent that examples from the time requested in the Second Notice are not available, Plaintiffs should be compelled to produce 15 or more signature examples from any period of time that they can find them, and to identify the period of time from which they  derive.  Moreover, should they fail to provide any such documents, they should be required to submit a sworn statement setting forth the efforts they undertook to obtain such documents, and the results of those efforts.

**Conclusion**

To summarize, Defendants request that the Court issue the following Orders:

1.      Precluding Plaintiffs from providing evidence in support of their damage claims in this case, as a result of their failure to comply with their obligations under Fed. R. Civ. P. 26(a)(1)(a)(iii), and their failure to produce the documents provided to and relied upon by their testifying witness;

2.      In the alternative to item 1 above:

(a) directing Plaintiffs to provide a detailed calculation of each of their damages, in accordance with Fed. R. Civ. P. 26(a)(1)(a)(iii), directing them further to produce "documents or other evidentiary material on which such calculation is based, including materials bearing on the nature and extent of the injuries suffered";

(b) directing Plaintiffs to immediately produce all documents that were requested in paragraphs 12, 13, 14,15, 16, 17 and 18 of the Notice, failing which Plaintiffs' expert should be precluded from testifying; and

(c) permitting Defendants to depose each Plaintiff with regard to their damage claims within 30 days of their production of the documents requested herein;

(d) permitting Defendants to depose Plaintiffs expert witness within 30 days of their production of the documents requested herein.


818544v2  011082.0121                                        4

# MOSES & SINGER LLP

Hon. James S. Gwin
September 28, 2010
Page 5

     3.     Directing each of the Plaintiffs (other than Russ) to produce 15 or more signature examples, and to identify the period of time from which each signature originated.  Should they fail to provide any such documents, they should be required to submit a sworn statement setting forth the efforts they undertook to obtain such documents, and the results of those efforts;

     4.     Pursuant to Fed.R.Civ.P. 37, directing Plaintiffs to pay the reasonable expenses, including attorneys' fees, caused by their failure to produce discovery.

Respectfully submitted,

/s/
Robert D. Lillienstein

cc.    Chittur & Associates
     *Attorneys for Plaintiffs*