MOSES & SINGER LLP
Attorneys for Defendants
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Robert D. Lillienstein (RL-4585)
Jennifer Nigro (JN-3584)
Tel: (212) 554-7800

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
MELINDA SERIN, JUDSON RUSS, LONG SOUI
LIM, PERI KETTLER, GORDON REDNER, AND
THOMAS J. SMITH,

                              Plaintiffs,

      -against-

NORTHERN LEASING SYSTEMS, INC., JAY
COHEN, RICH HAHN, and SARA KRIEGER,

                              Defendants.
------------------------------------------------------------------- X

06 CV 1625 (JSG)

**DEFENDANTS' SECOND NOTICE TO PRODUCE DOCUMENTS**

Defendants Northern Leasing Systems, Inc. ("NLS"), Jay Cohen, Rich Hahn, and Sara Krieger (together with NLS, "Defendants"), pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Civil Rule 26.3, request that Plaintiffs respond to the requests herein and produce for inspection and copying the documents and things described below that are in Plaintiffs' possession, custody or control, on or before August 16, 2010 at 10:00 AM, at the offices of Moses & Singer, LLP, 405 Lexington Avenue, New York, New York 10174.

## DEFINITIONS AND INSTRUCTIONS

1. Defendants hereby incorporate the definitions and rules of construction set forth in Local Civil Rule 26.3.

2. The term "Plaintiff" shall refer to each of the Plaintiffs identified in the caption above, and includes any present or former representative acting on his/her behalf.

3. The term "NLS" shall refer to the defendant Northern Leasing Systems, Inc., and any present or former owner, officer, director, or employee, but shall not include its agents or attorneys or other representative(s) acting on its behalf and shall not include any parent corporation, wholly-owned or partially-owned subsidiary, predecessor, successor, or affiliate either within the United States or a foreign country.

4. The term "Individual Defendants" shall refer to defendants Jay Cohen, Rich Hahn and Sara Krieger.

5. The term "Defendants" shall refer to NLS and the Individual Defendants collectively.

6. The term "Leases" shall mean one or more of the following equipment finance leases:

   a. Equipment Finance Lease No. 228846, naming Jim Cameron Garage Doors, as Lessee, and Melinda Serin, as Guarantor;

   b. Equipment Finance Lease No. 219169, naming Rapid Cash, as Lessee, and Judson Russ, as Guarantor;

   c. Equipment Finance Lease No. 219170, naming Rapid Cash, as Lessee, and Judson Russ, as Guarantor;

    d. Equipment Finance Lease No. 219172, naming Rapid Cash, as Lessee, and Judson Russ, as Guarantor;

    e. Equipment Finance Lease No. 219173, naming Rapid Cash, as Lessee, and Judson Russ, as Guarantor;

    f. Equipment Finance Lease No. 86224, naming Nail Queen, as Lessee, and Lung Lim, as Guarantor;

    g. Equipment Finance Lease No. 236595, naming Yodamo, Inc., as Lessee, and Peri Kettler, as Guarantor;

    h. Equipment Finance Lease No. 0396210, naming GSR Gifts, as Lessee, and Gordon Redner, as Guarantor;

    i. Equipment Finance Lease No. 254885, naming KIL/BAC Chemical Co., d/b/a Schmidt/Killbac, as Lessee, and Thomas J. Smith, as Guarantor.

7. The term "document" shall have the meaning ascribed to it in Rule 26.3 of the applicable Local Civil Rules and shall include any tangible thing upon which information is or has been stored, recorded, or communicated and any written, printed, typed, and visually or aurally reproduced material of any kind, whether or not privileged, such as (by way of example and not by way of limitation) correspondence, letters, notes, memoranda, diaries, invoices, purchase orders, records, minutes, bills, contracts, agreements, orders, receipts, price lists, studies, drawings or sketches, films, pictures, photographs, electronic mail, tapes or discs capable of being mechanically read, advertising or promotional literature, operating manuals or instruction bulletins, cables or telegrams, maps, charts, surveys, test data, reports, tape or other recordings, HTML code, and Internet website pages, every copy of every such writing or record where the original is not in the possession, custody, or control of Plaintiff, and every copy of

every such writing or record where such copy is not an identical copy of the original or where such copy contains any commentary that does not appear on the original.

8. The term "thing" shall mean all tangible objects of any type, composition, construction, or nature.

9. The term "person" shall include both natural persons and corporate or other business entities, whether or not in the employ of Plaintiff.

10. The term "communication(s)" includes the transmittal of information (in the form of facts, ideas, inquiries or otherwise) by any means, written, verbal, electronic, or otherwise.

11. The term "concerning" means relating to, reflecting, regarding, about, referring to, describing, involving, evidencing or constituting.

12. The connectives "and" and "or" shall be construed either disjunctively, conjunctively, as necessary to bring within the scope of each discovery request all responses that might otherwise be construed to be outside its scope.

13. The use of the singular form of any word includes the plural, and vice versa.

14. The terms "all" and "each" should be construed as both all and each.

15. The term "Amended Complaint" shall mean the document entitled "Amended Complaint," dated October 1, 2008.

16. The terms "Representative" shall refer to the person or entity identified by plaintiffs as NLS's "representative" in paragraph 73 of the Amended Complaint.

17. The term "Equipment" shall mean the equipment described in the Leases.

## GENERAL INSTRUCTIONS

1. If you claim that any documents or things requested are privileged, please produce all documents or things falling within the scope of the Request which are not privileged

and identify with sufficient particularity for purposes of a Motion to Compel a Response or Production each document or thing, separately, with respect to which you claim a privilege, and state, as to each:

    a. the basis on which the privilege is claimed;

    b. the author or creator of the document or thing;

    c. each individual or other person to whom the document, copy thereof, or thing was sent or otherwise disclosed;

    d. the date of the document;

    e. the type of document (e.g., letter, memorandum, etc.); and

    f. the general subject matter of the document.

You are not requested to provide privileged documents or things for which you claim privilege but only to identify such documents or things in the foregoing manner, and including the basis for the claim of privilege.

    2. If any document or thing that you would have produced in response to any Request was, but is no longer, in your present possession or subject to your control or is no longer in existence, please state whether any such document or thing is:

    a. missing or lost;

    b. destroyed;

    c. transferred to others; or

    d. otherwise disposed of, and in such instance, set forth the surrounding circumstances and any authorization of such disposition and state the approximate date of any such disposition, and the present location and custodian of such document or thing.

3. The documents produced pursuant to these Requests shall be separately produced for each paragraph of the Request or, in the alternative, shall be identified as complying with the particular paragraphs of the Requests to which they are responsive.

4. You are required in responding to these Requests to obtain all documents available to you and any of your employees, agents, and attorneys, and to obtain and furnish all documents that are in your possession, custody or control, or in the possession, custody or the control of any of your employees, agents, servants and attorneys.

5. Plaintiff's obligation to respond to these Requests is continuing, and the responses to the following Requests are to be promptly supplemented to include subsequently acquired information in accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

6. The obligation to respond to these Requests is continuing in nature, and Plaintiff should comply with the requirements of the Federal Rules of Civil Procedure as appropriate.

## REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

REQUEST NO. 1:

All documents concerning and/or reflecting the robbery of Melinda Serin in November 2007, including, but not limited to, filed police reports and insurance claims.

REQUEST NO. 2:

All hard drives of each computer that Melinda Serin has stored documents that relate to the claims made in this case, including but not limited to the Toshiba and Dell computers identified by Ms. Serin during her deposition on June 25, 2010.

REQUEST NO. 3:

All documents that Melinda Serin has in her possession, custody or control, concerning this matter in digital form, including, but not limited to, the Metropolitan Police Department Report of Identity Theft, dated April 21, 2005.

REQUEST NO. 4:

Unredacted versions of documents that are bate-stamped from 000142 to 000147, and 000178 to 000183 that were previously produced by Plaintiffs herein.

REQUEST NO. 5:

All pages that were printed out at the same time as documents that are bate-stamped from 000142 to 000147, as indicated by the "x of y" or "page x of y" notation.

REQUEST NO. 6

Fifteen (15) or more examples of the genuine signatures of Melinda Serin from the period one year before or after August 15, 2001. In the event that sufficient signatures from the period requested are not available, please produce examples from any period of time that is available.

REQUEST NO. 7

Fifteen (15) or more examples of the genuine signatures of Judson Russ from the period one year before or after March 26, 2001. In the event that sufficient signatures from the period requested are not available, please produce examples from any period of time that is available.

REQUEST NO. 8

Fifteen (15) or more examples of the genuine signatures of Long Soui Lim from the period one year before or after April 28, 1998. In the event that sufficient signatures from the

period requested are not available, please produce examples from any period of time that is available.

REQUEST NO. 9

Fifteen (15) or more examples of the genuine signatures of Peri Kettler from the period one year before or after January 9, 2002. In the event that sufficient signatures from the period requested are not available, please produce examples from any period of time that is available.

REQUEST NO. 10

Fifteen (15) or more examples of the genuine signatures of Gordon S. Redner from the period one year before or after January 27, 2004. In the event that sufficient signatures from the period requested are not available, please produce examples from any period of time that is available.

REQUEST NO. 11

Fifteen (15) or more examples of the genuine signatures of Thomas Smith from the period one year before or after October 17, 2002. In the event that sufficient signatures from the period requested are not available, please produce examples from any period of time that is available.

REQUEST NO. 12

All documents that Plaintiffs or their counsel have provided and/or will provide to their testifying expert, Stan V. Smith, Ph.D. in connection with this case.

REQUEST NO. 13

All documents reviewed by Plaintiffs' testifying expert, Stan V. Smith, Ph.D. in forming the opinions that he intends to testify to in this case.

REQUEST NO. 14

All communications between Plaintiffs or their counsel and their testifying expert, Stan V. Smith, Ph.D.

REQUEST NO. 15

All documents setting for the terms on which Plaintiffs' testifying expert, Stan V. Smith, Ph.D., has been engaged to provide testimony in this action.

REQUEST NO. 16

All documents reflecting the compensation paid and/or to be paid to Plaintiffs' testifying expert, Stan V. Smith, Ph.D.

REQUEST NO. 17

Transcripts of all testimony given by Plaintiffs' testifying expert, Stan V. Smith, Ph.D., during the last five years.

REQUEST NO. 18

All expert reports issued by Plaintiffs' testifying expert, Stan V. Smith, Ph.D., during the last five years.

REQUEST NO. 19

Copies of all account statements and cancelled checks for each of the following accounts for the period 2001 through 2002:

   a) Bank of America or Nations Bank of Florida account no. 3660493588 – account holder: Rapid Cash;

   b) Bank of America or Nations Bank account no. 003062775037 – account holder: Rapid Cash Title Loans, Inc.;

   c) Bank of America or Nations Bank of Florida account no. 3660314951; and

Am South account no. 3720573367 – account holder: Rapid Cash Title Loans Inc.

To the extent that any of the forgoing statements have been destroyed or otherwise disposed of, set forth the surrounding circumstances and any authorization of such disposition and state the approximate date of any such disposition, and the present location and custodian of such document or thing.

REQUEST NO. 20

Documentation from Bank of America, Nations Bank, Nations Bank of Florida and/or Am South Bank confirming that bank statements for the period 2001 through 2002 are unavailable from the following accounts, as represented Mr. Russ's counsel in an e-mail dated June 15, 2010 that such documentation would be provided:

- d) Bank of America or Nations Bank of Florida account no. 3660493588 – account holder: Rapid Cash;
- e) Bank of America or Nations Bank account no. 003062775037 – account holder: Rapid Cash Title Loans, Inc.;
- f) Bank of America or Nations Bank of Florida account no. 3660314951; and
- g) Am South account no. 3720573367 – account holder: Rapid Cash Title Loans Inc.

REQUEST NO. 21

The Equipment in the possession, custody or control of Mr. Russ and/or his counsel, and any documentation concerning the transfer of the Equipment from Mr. Russ to his counsel, including, without limitation, documents evidencing the date on which such Equipment was transferred from Mr. Russ to his counsel, and the method by which such Equipment was transferred (mail, hand delivery, overnight courier).

REQUEST NO. 22

The original U.S. Passport of Mr. Judson Russ issued 11 December 2000.

REQUEST NO. 23

The Equipment in the possession, custody or control of Mr. Redner and/or his counsel, and any documentation concerning the transfer of the Equipment from Mr. Redner to his counsel, including, without limitation, documents evidencing the date on which such Equipment was transferred from Mr. Render to his counsel, and the method by which such Equipment was transferred (mail, hand delivery, overnight courier).

REQUEST NO. 24

All documents concerning Mr. Lim's alleged return of the Equipment to Mr. Cordell Houston and/or TermNet Atlanta Merchant Service Inc., including, without limitation, documents evidencing the date on which such Equipment was returned by Mr. Lim, and the method by which such Equipment was returned (mail, hand delivery, overnight courier).

REQUEST NO. 25

All documents concerning Mr. Smith's alleged return of the Equipment to Mr. Tarly Dall and/or Tarly Dall & Assocs., or NLS, including without limitation, documents evidencing the date on which such Equipment was returned by Mr. Smith, and the method by which such Equipment was returned or disposed of (mail, hand delivery, overnight courier).

Dated: New York, New York
July 16, 2010

                               MOSES & SINGER LLP
                               *Attorneys for Defendants*

                               By: *Robert Lillienstein /jn.*
                                    Robert D. Lillienstein (RL-4585)
                                    Jennifer Nigro (JN-3584)
                                    The Chrysler Building
                                    405 Lexington Avenue
                                    New York, New York 10174
                                    (212) 554-7800

TO:

CHITTUR & ASSOCIATES, P.C.
Attorneys for Plaintiffs
286 Madison Avenue Suite 1100
New York, New York 10017
212-370-0447
212-370-0465 (facsimile)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
MELINDA SERIN, JUDSON RUSS, LONG SOUI
LIM, PERI KETTLER, GORDON REDNER, AND
THOMAS J. SMITH,

                          Plaintiffs,

        -against-

NORTHERN LEASING SYSTEMS, INC., JAY
COHEN, RICH HAHN, and SARA KRIEGER,

                          Defendants.
------------------------------------------------------------------ X

06 CV 1625 (JSG)

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK   )
COUNTY OF NEW YORK ) ss.:

      Muyindeen Olajide, being duly sworn, deposes and says: I am not a party to the action, is over 18 years of age, and resides in New York, New York.

      On July 16, 2010, I served a copy of the attached **DEFENDANTS' SECOND NOTICE TO PRODUCE DOCUMENTS** dated July 16, 2010, upon:

          Krishnan Chittur, Esq.
          CHITTUR & ASSOCIATES, P.C.
          286 Madison Avenue, Suite 1100
          New York, New York 10017

                                                        /s/ Muyindeen Olajide
                                                           Muyindeen Olajide

Sworn to before me this
16th day of July, 2010

/s/ Notary Public

JENNIFER NIGRO
Notary Public, State of New York
No. 02NI6139170
Qualified in New York County
Commission Expires Jan. 3, 2014

826604v1  011082.0121