**United States District Court**
**Southern District Of New York**

Melinda Serin, Judson Russ, Long Soui Lim,
Peri Kettler, Gordon Redner, and Thomas J. Smith,
                    Plaintiffs

          v.

Northern Leasing Systems, Inc., Jay Cohen,
Rich Hahn, and Sara Krieger

                    Defendants

06-Civ-1625(JSG)

**PLAINTIFFS' RESPONSES TO DEFENDANTS' SECOND NOTICE TO PRODUCE DOCUMENTS**

Pursuant to Rule 34, Fed. R. Civ. P., Plaintiffs hereby respond to Defendants' Second Notice to Produce Documents ("Notice"), dated July 16, 2010, as follows:

### General Objections

1. Plaintiffs incorporate all the objections contained in (a) "Plaintiffs' Responses to Defendants' First Notice to Produce," dated April 12, 2010, and (b) "Defendants' Responses to Plaintiffs' First Set of Interrogatories and Document Requests," dated September 7, 2006.

2. Plaintiffs object to the Notice to the extent it requires the disclosure of information which is subject to the protection of either attorney/client privilege or attorneys' work product privilege.

3. Plaintiffs object to the Notice to the extent it seeks information and/or documents in violation of privacy rights of plaintiffs and/or other persons.

4. Plaintiffs object to the Definitions and Instructions contained in the Notice to the extent they exceed the scope and requirements of the Federal Rules of Civil Procedure, the

1

Local Rules, and other applicable provisions.

5. Plaintiffs object to the Notice to the extent it is unduly broad, burdensome, and/or oppressive.

6. Plaintiffs object to the Notice to the extent it seeks information concerning third parties who have nothing to do with this case, and the production of such information would be violative of third parties' rights to privacy and confidentiality.

7. Plaintiffs incorporate the objections contained in Defendants' responses to Plaintiffs' discovery requests.

8. The responses to the Notice hereto are without waiver of any and all objections and does not constitute an admission of any nature whatsoever.

**Responses**

REQUEST NO. 1:

All documents concerning and/or reflecting the robbery of Melinda Serin in November 2007, including, but not limited to, filed police reports and insurance claims.

Response: Plaintiffs object to this request on the grounds aforesaid. Without prejudice to the aforesaid objections, Plaintiffs will produce responsive documents, to the extent they exist, and are in the possession, custody, or control of Plaintiff.

REQUEST NO. 2:

All hard drives of each computer that Melinda Serin has stored documents that relate to the claims made in this case, including but not limited to the Toshiba and Dell computers identified by Ms. Serin during her deposition on June 25, 2010.

Response: Plaintiffs object to this request on the grounds aforesaid. Without prejudice to the

aforesaid objections, as Ms. Serin testified, she is not in possession, custody, or control of the Dell computer, and the Toshiba is dysfunctional. Ms. Serin also objects on the ground that her computers contained personal and campaign information of many sitting and non-sitting elected officials, which information has nothing to do with the issues at bar

REQUEST NO. 3:

All documents that Melinda Serin has in her possession, custody or control, concerning this matter in digital form, including, but not limited to, the Metropolitan Police Department Report of Identity Theft, dated April 21, 2005.

Response: Plaintiffs object to this request on the grounds aforesaid. Without prejudice to the aforesaid objections, Plaintiffs will produce responsive documents, to the extent they exist, and are in the possession, custody, or control of Plaintiffs and have not already been produced.

REQUEST NO. 4:

Unredacted versions of documents that are bate-stamped from 000142 to 000147, and 000178 to 000183 that were previously produced by Plaintiffs herein.

Response: Plaintiffs object to this request on the grounds aforesaid. Without prejudice to the aforesaid objections, Plaintiffs state that the redacted portions contained information that is private, confidential, and not calculated to lead to the discovery of material information herein. Plaintiffs are willing to reconsider their position upon further explanation by Defendants.

REQUEST NO. 5:

All pages that were printed out at the same time as documents that are bate-stamped from 000142 to 000147, as indicated by the "x of y" or "page x of y" notation.

Response: See Response to No. 4 above.

REQUEST NO. 6:

Fifteen (15) or more examples of the genuine signatures of Melinda Serin from the period one year before or after August 15, 2001. In the event that sufficient signatures from the period requested are not available, please produce examples from any period of time that is available.

Response: Plaintiffs object to this request on the grounds aforesaid. Without prejudice to the aforesaid objections, Plaintiffs have produced responsive documents, to the extent they exist, and are in the possession, custody, or control of Plaintiffs. Further, this request is burdensome, oppressive, and calculated to harass and annoy Plaintiffs, especially since it seeks fifteen signatures from "any period of time", and since Defendants have already served an expert report.

REQUEST NO. 7:

Fifteen (15) or more examples of the genuine signatures of Judson Russ from the period one year before or after March 26, 2001. In the event that sufficient signatures from the period requested are not available, please produce examples from any period of time that is available.

Response: See response No. 6 above.

REQUEST NO. 8:

Fifteen (15) or more examples of the genuine signatures of Long Soui Lim from the period one year before or after April 28, 1998. In the event that sufficient signatures from the period requested are not available, please produce examples from any period of time that is available.

Response: See response No. 6 above.

REQUEST NO. 9:

Fifteen (15) or more examples of the genuine signatures of Perri Kettler from the period

one year before or after January 9, 2002. In the event that sufficient signatures from the period requested are not available, please produce examples from any period of time that is available.

Response:  See response No. 6 above.

REQUEST NO. 10:

Fifteen (15) or more examples of the genuine signatures of Gordon S. Redner from the period one year before or after January 27, 2004. In the event that sufficient signatures from the period requested are not available, please produce examples from any period of time that is available.

Response:  See response No. 6 above.

REQUEST NO. 11:

Fifteen (15) or more examples of the genuine signatures of Thomas Smith from the period one year before or after October 17, 2002. In the event that sufficient signatures from the period requested are not available, please produce examples from any period of time that is available.

Response:  See response No. 6 above.

REQUEST NO. 12:

All documents that Plaintiffs or their counsel have provided and/or will provide to their testifying expert, Stan V. Smith, Ph D in connection with this case.

Response: Plaintiffs object to this Request to the extent it exceeds Rule 26, Fed. R. Civ. P. Without prejudice to that objection, Plaintiffs will produce all responsive documents, to the extent they have not already been produced.

REQUEST NO. 13:

5

All documents reviewed by Plaintiffs' testifying expert, Stan V. Smith, Ph.D. in forming the opinions that he intends to testify to in this case.

Response: Plaintiffs object to this Request to the extent it exceeds Rule 26, Fed. R. Civ. P. Without prejudice to that objection, Plaintiffs will produce responsive documents to the extent they are in the possession, custody, or control of Plaintiffs.

REQUEST NO. 14:

All communications between Plaintiffs or their counsel and their testifying expert, Stan V. Smith, Ph.D.

Response: Plaintiffs object to this request on the grounds aforesaid. Without prejudice to the aforesaid objections, Plaintiffs will produce all communication with Dr. Smith concerning this case to the extent they have not already been produced.

REQUEST NO. 15:

All documents setting forth the terms on which Plaintiffs' testifying expert, Stan V. Smith, Ph.D., has been engaged to provide testimony in this action.

Response: Plaintiffs object to this request on the grounds aforesaid. Without prejudice to the aforesaid objections, Plaintiffs will produce documents setting forth the terms on which Dr. Smith has been engaged, to the extent such documents have not already been produced.

REQUEST NO. 16:

All documents reflecting the compensation paid and/or to be paid to Plaintiffs' testifying expert, Stan V. Smith, Ph.D.

Response: See response to Request No. 15 above.

REQUEST NO. 17:

6

Transcripts of all testimony given by Plaintiffs' testifying expert, Stan V. Smith, Ph.D., during the last five years.

Response:  Plaintiffs object to this Request on the grounds aforesaid.  This request is beyond the scope of permissible discovery under Rule 26, Fed. R. Civ. P., is oppressive, burdensome, and not calculated to lead to the discovery of admissible evidence.

REQUEST NO. 18:

All expert reports issued by Plaintiffs' testifying expert, Stan V. Smith, Ph.D , during the last five years.

Response: See response to Request 17 above.

REQUEST NO. 19:

Copies of all account statements and cancelled checks for each of the following accounts for the period 2001 through 2002:

a) Bank of America or Nations Bank of Florida account no. 3660493588 — account holder: Rapid Cash;

b) Bank of America or Nations Bank account no. 003062775037— account holder: Rapid Cash Title Loans, Inc.;

c) Bank of America or Nations Bank of Florida account no. 3660314951; and

Am South account no. 3720573367 — account holder: Rapid Cash Title Loans Inc.

To the extent that any of the forgoing statements have been destroyed or otherwise disposed of, set forth the surrounding circumstances and any authorization of such disposition and state the approximate date of any such disposition, and the present location and custodian of such document or thing.

7

Response: Without prejudice to the aforesaid objections, Plaintiffs will produce responsive documents, to the extent they exist, and are in the possession, custody, or control of Plaintiffs. The remainder of this request is beyond the scope of a document request and, in any event, has been testified to by Mr. Russ in his deposition.

REQUEST NO. 20:

Documentation from Bank of America, Nations Bank, Nations Bank of Florida and/or Pun South Bank confirming that bank statements for the period 2001 through 2002 are unavailable from the following accounts, as represented Mr. Russ's counsel in an e-mail dated June 15, 2010 that such documentation would be provided:

    d)      Bank of America or Nations Bank of Florida account no. 3660493588 — account holder: Rapid Cash;

    e)      Bank of America or Nations Bank account no. 003062775037 — account holder: Rapid Cash Title Loans, Inc.;

    f)      Bank of America or Nations Bank of Florida account no. 3660314951; and

    g)      Am South account no. 3720573367 — account holder: Rapid Cash Title Loans Inc.

Response: Plaintiffs will produce such documentation to the extent it exists.

REQUEST NO. 21:

The Equipment in the possession, custody or control of Mr. Russ and/or his counsel, and any documentation concerning the transfer of the Equipment from Mr. Russ to his counsel, including, without limitation, documents evidencing the date on which such Equipment was transferred from Mr. Russ to his counsel, and the method by which such Equipment was

8

transferred (mail, hand delivery, overnight courier).

Response: Without prejudice to the aforesaid objections, Plaintiff produced all responsive documents, to the extent they exist, and are in the possession, custody, or control of Plaintiff. The Equipment is available for inspection at Plaintiffs' counsel offices at a mutually agreeable time.

REQUEST NO. 22:

The original U.S. Passport of Mr. Judson Russ issued 11 December 2000.

Response: Plaintiffs have already provided copies of this passport. Since this document remains valid and unexpired, Plaintiffs will keep the original available for inspection, for 30 days from today, at a mutually agreeable time at Plaintiffs' counsel offices.

REQUEST NO. 23:

The Equipment in the possession, custody or control of Mr. Redner and/or his counsel, and any documentation concerning the transfer of the Equipment from Mr. Redner to his counsel, including, without limitation, documents evidencing the date on which such Equipment was transferred from Mr. Render to his counsel, and the method by which such Equipment was transferred (mail, hand delivery, overnight courier).

Response: Without prejudice to the aforesaid objections, Plaintiff produced all responsive documents, to the extent they exist, and are in the possession, custody, or control of Plaintiff. The Equipment is available for inspection at Plaintiffs' counsel offices at a mutually agreeable time.

REQUEST NO. 24:

All documents concerning Mr. Lim's alleged return of the Equipment to Mr. Cordell

Houston and/or TermNet Atlanta Merchant Service Inc., including, without limitation, documents evidencing the date on which such Equipment was returned by Mr. Lim, and the method by which such Equipment was returned (mail, hand delivery, overnight courier).

Response:   Without prejudice to the aforesaid objections, Plaintiff produced all responsive documents, to the extent they exist, and are in the possession, custody, or control of Plaintiff.

REQUEST NO. 25:

All documents concerning Mr. Smith's alleged return of the Equipment to Mr. Tarly Dall and/or Tarly Dall & Assocs., or NLS, including without limitation, documents evidencing the date on which such Equipment was returned by Mr. Smith, and the method by which such Equipment was returned or disposed of (mail, hand delivery, overnight courier).

Response:   Without prejudice to the aforesaid objections, Plaintiff produced all responsive documents, to the extent they exist, and are in the possession, custody, or control of Plaintiff.

Dated: New York, New York  
      August 30, 2010

**Chittur & Associates, P.C.**

_____  
By: Andrey Strutinskiy, Esq.  
286 Madison Avenue Suite 1501  
New York, NY 10017  
Tel: (212) 370-0447  
Attorneys for Plaintiffs