# Chittur & Associates, P.C.

Attorneys & Counselors at law
286 Madison Avenue Suite 1100
New York, New York 10017
Tel: (212) 370-0447
Fax: (212) 370-0465
Web: www.chittur.com
Email: kchittur@chittur.com

October 1, 2010

<u>VIA ECF</u>

Hon. James Gwin
United States District Judge
Carl B. Stokes United States Court House
801 West Superior Avenue
Cleveland, Ohio 44113-1838

Re: *Serin et al, v. Northern Leasing et al*, S.D.N.Y. - Docket No. 7:06-CV-01625

Dear Judge Gwin:

Defendants letter-motion for discovery sanctions (Dkt. 100) is in clear violation of Rule 37, Fed. R. Civ. P., which mandates that "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37. While Defendants misleadingly suggest that they asked for "these documents" in an email of September 24, they conceal that in response to that email, we promptly stated that we would provide additional and supplementary materials by "Monday or Tuesday." "Ex. 1," Email of September 24, 2010.  Nevertheless, Defendants filed this motion on that Tuesday morning, <u>without</u> waiting for that production, and <u>without</u> even a phone call to us.  That, without more, suffices for denial of the Defendants' motion. *Amatangelo v. National Grid USA Service Co., Inc.*, 2007 WL 4560666, *5 (W.D.N.Y.2007); *Prescient Partners, L.P. v. Fieldcrest Cannon, Inc.*, 1998 WL 67672 at *3 (S.D.N.Y. Feb. 18, 1998).  Hence, Defendants' letter-motion itself would, if anything, appear to be sanctionable.

In any event, even if the Court is inclined to address the substance of Defendants' motion, it is meritless.

<u>Plaintiffs Have Complied with Federal Rule 26 Governing Expert Discovery</u>

As required by Rule 26, Plaintiffs produced in July and August,

Hon. James Gwin					*Serin v. Northern Leasing*
October 1, 2010								Page 2

> (i) a complete statement of all opinions the witness [Dr. Smith] will express and the basis and reasons for them;(ii) the facts or data considered by the witness in forming them;(iii) any exhibits that will be used to summarize or support them;(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and(vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). To the extent any gaps remained in production, Plaintiffs supplied them on Tuesday, September 28, 2010, exactly as promised in the email ("Ex. 1"). Thus, no issue exists with respect to items 12, 13, 15 and 16 of Defendants' Second Request, Dkt. 100 at 2. As directed by the Court in the conference of September 28, we have also arranged for hard copies of these reports to be delivered to the Court; the other documents will of course be provided should the Court so require.

In Requests 17 and 18, Defendants seek "transcripts of all testimony" and "all" expert reports issued by Dr. Smith "during the last five years." Dkt. 100 at 2.[1] Dr. Smith has testified in about 575 cases in the last four years. "Ex. 2," List of Cases. Plaintiffs have already produced this list; Defendants' demand for 575 reports and testimony is clearly burdensome and oppressive, and is, even by itself, far from a legitimate discovery demand.

It is also violative of the express language of Rule 26(a)(2)(B)(v), which requires only a "list", not the reports themselves; further the list has to cover only the "previous 4 years". "The plain language of Rule 26 directs parties to provide a list of cases, not the expert reports relied upon in those cases." *Cartier, Inc. v. Four Star Jewelry Creations, Inc.*, 2003 WL 22227959 (S.D.N.Y. Sept. 26, 2003). *Accord, Surles v. Air France*, 50 Fed. R. Serv. 3d 983 (S.D.N.Y.), *aff'd*, 2001 WL 1142231 (S.D.N.Y. Sept. 27, 2001) ("because the rule requires only the production of a list of the expert's cases, Surles is not entitled to disclosure of the reports in those cases, regardless of their subject matter.").

In the conference of September 28, Defendants blindsided Plaintiffs - once again - by raising these issues. While some discussion took place about pruning these blunderbuss demands, it is settled that ""Rule 26 does not require the Court to rewrite discovery requests for the parties." *Finkelstein v. Guardian Life Ins. Co. of Am.*, 2008 WL 2095786 (N.D. Cal. May 14, 2008). *Accord, Bartolome v. City & County of Honolulu*, 2008 WL 2736016 (D. Haw. July 14, 2008) ("That is counsel's job."). Requests 17-18 are flatly impermissible. We also note that Plaintiffs' production goes well beyond the contours of the Rules.

---

[1] We note that Defendants themselves have provided <u>only</u> the list of cases where their expert testified, and have not produced their expert's testimony or report in any other case.

Hon. James Gwin                                           *Serin v. Northern Leasing*
October 1, 2010                                                              Page 3

Defendants' objections that Plaintiffs produced email communications, but not the attachment to those communications is false. The attachments to those emails were the expert reports, which reports were promptly sent as attachments to emails by Plaintiffs' counsel to Defendants' counsel. Ex. 3, Emails.

So also, Defendants' assertion that Plaintiffs have not produced "documents reflecting communications between the expert and the Plaintiffs themselves," Dkt. 100 at 3, is equally frivolous. The emails referred to by Defendants, Dkt. 100-5, merely reflect that Dr. Smith's staff spoke by telephone to Plaintiffs; their notes of these conversations are the only "documents" concerning Plaintiffs' communication with Dr. Smith and have already been produced. *See, e.g.*, "Ex. 4," Worknotes concerning Ms. Serin. No other documents exist.

Defendants also seek to recall each Plaintiff for depositions because the depositions took place allegedly without the benefit of these "damage documents". Dkt. 100 at 3. This is baseless. Plaintiffs came, at their own expense, to New York for the depositions (except Mr. Smith, whose deposition was taken by videoconference at Plaintiffs' expense). <u>Defendants chose not to question Plaintiffs about their damages</u>. Plaintiffs have not produced any "damage documents" - these are Dr. Smith's production. As the Court is aware, expert reports are routinely prepared only after Plaintiffs' depositions. Defendants cite no case citing the expert's backup documents as reason for recalling Plaintiffs for depositions. Defendants' demand should be rejected outright; alternatively, they should be required to take these recalled depositions at Plaintiffs' respective counties of residence, and pay Plaintiffs' counsel's reasonable travel expenses and attorneys' fees for such depositions.

<u>Defendants' Belated Demand for Handwriting Exemplars Should Be Rejected</u>

Defendants then complain that except for Mr. Russ, the remaining Plaintiffs have not produced documents containing handwriting samples in response to Defendants requests 6-11. These requests demand handwriting samples "from at or about the time the allegedly forged instruments at issue in this case were allegedly provided to NLS," Dkt. 100 at 3. These periods run from 1997-98 (Lim) to 2003-04 (Redner).

Plaintiffs responded that they are not in "possession, custody or control" of such documents. That should end this issue. *Woodward v. Mullah*, 2010 WL 3023117 (W.D.N.Y. July 29, 2010) ("Accepting defendants' counsel's representations, as an officer of the court, that defendants are not in possession, custody or control of documents responsive to plaintiff's requests, plaintiff's motion to compel is denied."); *see also Nycomed U.S. Inc. v. Glenmark Generics Ltd.*, 2009 WL 3463912 (E.D.N.Y. Oct. 21, 2009). Defendants' demand that Plaintiffs go hunting for these old records from third parties[2] is unprecedented, and not surprisingly,

---

[2] Few people (except lawyers) keep records that are that old. Indeed, Plaintiffs have produced documentation from Bank of America that even banks don't keep those records.

```
Hon. James Gwin                                    Serin v.  Northern Leasing
October 1, 2010                                                        Page 4
```

Defendants cite no case in support.  Defendants may, of course, serve subpoenas upon such banks if Defendants really consider them "highly relevant;" Defendants already have the banking information in the forged leases.

  We also note that during each Plaintiff's depositions, Defendants never asked for any "handwriting exemplars," and never sought any testimony about Plaintiffs' records for signature-comparisons.  If time period was not an issue, *i.e.*, if the signatures need not have been "from at or about the time the allegedly forged instruments at issue in this case were allegedly provided to NLS," nothing prevented Defendants to request each Plaintiff to provide these samples at that time.  Instead, Defendants chose to provide an expert report on July 8, 2010 - one day after the last Plaintiff's (Smith) deposition.  Having made the strategic decision <u>not</u> to seek these samples, Defendants cannot now seek to saddle Plaintiffs with the consequences of that decision.

  In sum, Plaintiffs have fully complied with their discovery obligations.  Defendants' motion is premature, baseless, and beyond the limits of permissible discovery, and should be denied.  Should the Court be inclined to impose sanctions, Plaintiffs respectfully submit that it should be Defendants, not Plaintiffs whose actions warrant such sanctions - heightened by their failure to produce the pre-2006 communication with Attorney General and BBB which has now required <u>two</u> specific Court orders.

  Thank you for your attention.

                Yours truly,

                Sd/

                Krishnan Chittur, Esq.

Cc: Moses & Singer, LLP (via ECF)