

**MOSES & SINGER LLP**

THE CHRYSLER BUILDING
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800    Fax: 212.554.7700
www.mosessinger.com

Robert D. Lillienstein
Direct: 212.554.7807  Fax: 917-206-4307
rlillienstein@mosessinger.com

October 6, 2010

**VIA ECF**

Honorable James S. Gwin
United States District Court
Carl B. Stokes United States Court House
801 West Superior Avenue
Cleveland, Ohio 44113-1838

> Re:   *Melinda Serin, Judson Russ, Long Soui Lim, Peri Kettler, Gordon*
>       *Redner, and Thomas J. Smith, v. Northern Leasing Systems, Inc.,*
>       *Jay Cohen, Rich Hahn, and Sara Krieger*
>       Docket No. 06 CV 1625 (JSG)

Your Honor:

I am writing in response to Mr. Chittur's letter of October 1, 2010 (dkt #105) and in further support of Defendants' motion seeking discovery sanctions against Plaintiffs (dkt #100).

**Documents Underlying Plaintiffs' Damage Claims and Expert Reports**

Mr. Chittur's affirmation does not even address the first item raised by the motion, namely, Plaintiffs' failure to provide a calculation of damages that each plaintiff claims to have sustained, and their failure to make available the "documents or other evidentiary material on which such calculation is based, including materials bearing on the nature and extent of the injuries suffered," as required by Fed.R.Civ.P. 26(a)(1).  This was due well over a year ago. Apparently, Plaintiffs believe that their submission of expert's reports in August satisfies their obligation, although they offer no support for that position, which is inconsistent with a plain reading of the rule.

Plaintiffs' failure to provide the required disclosure under Rule 26 is admitted.  Even if the Court agrees that Plaintiffs' submission of an expert's report is an adequate substitute for the disclosures required by Fed.R.Civ.P. 26(a)(1), the Court should issue an Order precluding Plaintiffs from offering in evidence, or referring to, any document that is not contained in the expert's reports and the other materials that were produced by Plaintiffs on September 28, 2010.

With regard to the documents supporting Plaintiff's expert reports, Mr. Chittur's letter acknowledges that he did not provide the documents that he was obligated to provide until September 28th, even though they had been demanded on July 16th.  During the conference call with the Court on September 28th, Mr. Chittur falsely stated that Plaintiffs' had fully complied with their obligations.  Now, he concedes that a "disk that was provided to the expert and some promotional material received from him" had not been produced.  While we disagree that

MOSES & SINGER LLP

Hon. James S. Gwin
October 6, 2010
Page 2


Plaintiffs have now complied with their obligations under Rule 26(a)(2) (discussed further below), we believe that it is appropriate, at a minimum, for the Court to issue an Order precluding Plaintiffs from introducing in evidence, or referring to, any document that was not produced to Defendants by September 28, 2010, in support of their damage claim.

In response to our statement that attachments to emails have not been produced, Mr. Chittur states unequivocally that the "the attachments to those emails were the expert reports . . ."  That may be partially true, but at least in the case of the Russ report, it appears to be questionable.  According the emails attached to my September 28th letter-motion as Exhibit D, it appears that the expert sent one file called "Russ-rpt disc.pdf" on July 15, 2010 that was 873K in size (see page 000198).  The next day, the expert apparently sent another version the same report that was 835K in size (see page 00197).  Defendants are entitled to see what changed between July 15th and July 16th.  Similarly, the file called "Russ-wknotes disc.pdf" was apparently sent on July 15, 2010 containing 450K bits of data.  The next day, the same file was sent containing 436K bits of data.  Defendants are entitled to see what changed.

Mr. Chittur's letter does not even address two of the other document requests with which Plaintiffs have not complied.  For example, he does not address request numbers 15 and 16, which seek "documents setting forth the terms on which Plaintiffs' testifying expert, Stan V. Smith, Ph.D., has been engaged to provide testimony in this action" and "documents reflecting the compensation paid and/or to be paid to Plaintiffs' testifying expert, Stan V. Smith, Ph.D."  Plaintiffs have produced a one page transmittal letter, dated July 7, 2010, from Plaintiff's counsel's office to Mr. Smith (attached hereto), which states "Enclosed please find the following:  1.  Signed engagement letter; . . .3.  Check in the amount of $2,500."  Neither the engagement letter, nor the check, nor any further documents relating to the compensation of Mr. Smith have been provided.  Plaintiffs should therefore be compelled to provide these documents immediately.

Finally, with respect to the expert's reports and transcripts of testimony, Plaintiffs agreed to provide such documents for 7 cases during the September 28th conference call with the Court. We are currently evaluating the list of cases in which Plaintiffs' expert has given testimony and will promptly forward a list of 7 such cases to Plaintiffs attorney.  In addition, at the suggestion of the Court during the last conference, we have served a subpoena upon Mr. Smith for the testimony and reports he has issued within the last year.  Mr. Smith has not yet responded to that subpoena.

At their request, the Court permitted Plaintiffs to serve their expert reports in August, which was AFTER the plaintiffs' depositions had taken place.  As a result, Defendants had no damage disclosure from Plaintiffs at the time of their depositions.  Contrary to Mr. Chittur's statement to this Court, Defendants did inquire about damages at the depositions.  However, those inquiries were necessarily limited, due to Plaintiff's lack of disclosure.   As a result, Plaintiffs should be required to appear for a further deposition regarding their alleged damages.

## MOSES & SINGER LLP

Hon. James S. Gwin
October 6, 2010
Page 3


### **<u>Handwriting Exemplars</u>**

This is a case about forged documents. It is elemental that the persons claiming forgery should be required to provide handwriting exemplars.

As noted in the motion, only one Plaintiff, Judson Russ, has produced documents in response to Defendants' demand for handwriting exemplars from the relevant period. Mr. Chittur now concedes that to be the case, claiming that the other Plaintiffs do not have any handwriting exemplars in their possession, custody or control, from the periods requested. Mr. Chittur gives no valid reason why plaintiffs should not be required to provide handwriting exemplars <u>for a later period that they do have in their possession, custody or control</u>. Clearly, Plaintiffs should be required to produce 15 such exemplars immediately.

Finally, Mr. Chittur's claim that this motion violates the Court's rules is misplaced. As shown by the September 24th email he attaches to his letter, his position was that Plaintiffs had already provided all of the disclosure that they were required to produce, which was clearly untrue, as he now admits. Clearly, there was no reason for me to wait four or five days to have him confirm that a motion would be necessary.

Respectfully submitted,


/s/
Robert D. Lillienstein


cc.     Chittur & Associates
        *Attorneys for Plaintiffs*

838411v1  011082.0121