UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
:
MELINDA SERIN, *et al.*,                :
                                        :    CASE NO. 7:06-CV-1625
           Plaintiffs,                  :
                                        :
vs.                                     :    OPINION & ORDER
                                        :    [Resolving Doc. Nos. 89, 91, 92]
NORTHERN LEASING                        :
SYSTEMS, INC., *et al.*,                :
                                        :
           Defendants.                  :
                                        :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

The Plaintiffs move to compel production of allegedly privileged documents, saying that they are not protected by any privilege. [Doc. 89.] The Defendants responded, asserting that attorney-client and attorney work-product privileges protect several thousand pages of non-disclosed materials. [Doc. 91.] On September 22, 2010, the Court ordered production of these documents for *in camera* review. [Doc. 97.]

The attorney-client privilege only protects "confidential communications made for the purpose of obtaining legal advice." *In re Grand Jury Subpoena Dated July 6, 2005*, 256 F. App'x 379, 382 (2d Cir. 2007). A party invoking the privilege has the burden of establishing: "(1) a communication between client and counsel, which (2) was intended to be and was in fact kept confidential, and (3) made for the purpose of obtaining or providing legal advice." *United States v. Constr. Products Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996). The purpose of the attorney-

-1-

Case No. 7:06-CV-1625
Gwin, J.

client privilege is to "'encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and the administration of justice.'" *Pritchard v. County of Erie*, 546 F.3d 222, 228 (2d Cir. 2008) (quoting *Swidler & Berlin v. United States*, 524 U.S. 399, 403 (1998)). However, since the privilege renders relevant information undiscoverable, courts apply it only where necessary to achieve its purpose. *Pritchard*, 473 F.3d at 418.

The work-product privilege establishes a zone of privacy for an attorney's preparation to represent a client in anticipation of litigation. *See Hickman*, 329 U.S. 495, 510-11 (1947); *United States v. Adlman*, 134 F.3d 1194, 1196 (2d Cir. 1998). It "provides qualified protection for materials prepared by or at the behest of counsel in anticipation of litigation or for trial." *In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002*, 318 F.3d 379, 383 (2d Cir. 2003). The party invoking the privilege bears the heavy burden of establishing its applicability. *Id.* at 384.[1]

Upon reviewing the submitted documents, the Court finds that the vast majority are typical communications between a lawyer and client or are attorney work-product prepared by Defendants' counsel. Thus, these documents are protected by attorney-client or attorney work-product privileges and the Defendants properly withheld them during discovery.

However, the Court also finds that neither of the asserted privileges apply to a number of the documents that the Defendants withheld from production. Under both the attorney-client and the attorney work-product privileges, the party asserting privilege bears the burden of proving that the

---

[1] There are two types of work product, ordinary or fact, and opinion. Fact work product may encompass factual material, including the result of a factual investigation. *See In re Grand Jury Subpoena Dated Oct. 22, 2001*, 282 F.3d 156, 161 (2d Cir. 2002). In contrast, opinion work product reveals the "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative," and is entitled to greater protection than fact work product. *Adlman*, 134 F.3d at 1197 (2d Cir. 1998).

Case No. 7:06-CV-1625
Gwin, J.

privilege applies.[2]

First, a number of the documents contained redacted information that is not even arguably protected by either privilege. These documents are screen shots of computer entries of lessee and guarantor information, which seem to be from Northern Leasing records. The Defendants provided the Plaintiffs a copy of these screen shots with the social security number of the guarantor and bank account information of the lessee redacted. Although this information is confidential, it is not protected by either of the asserted privileges. Thus, the Court **ORDERS** the production of the documents identified by the following numbers: NLS 029818, NLS 029960, NLS 030123, NLS 030155, and NLS 030325 (Exhibits 6, 8, 11, 13, 15, and 18, respectively).[3]

Second, many of the allegedly privileged documents appear to be internal Northern Leasing records that were emailed or otherwise sent to the Defendants' attorneys. The attorney-client and attorney work-product privileges do not prevent from disclosure the underlying factual information included in attorney-client communications. *United States v. Walker*, 243 F. App'x 621, 624 (2d Cir. 2007). Placing otherwise non-privileged business records in attorney hands (or in email in-boxes) does not magically render the material privileged. *Id.*; *Ratliff v. Davis Polk & Wardwell*, 354 F.3d 165, 170-71 (2d Cir. 2003) ("Documents obtain no special protection because they are housed in a law firm; any other rule would permit a person to prevent disclosure of any of his papers by the simple expedient of keeping them in the possession of his attorney.") The Court finds that many of

---

[2] The Defendants provided a large binder of documents and a PDF file to the Court. In supporting their assertion of privilege, the Defendants provided no explanation for why privilege applies to particular documents or even what many of the documents are. Thus, for many of the documents, unless the grounds of privilege were obvious to the Court from the document itself, the Defendants fail to carry their burden.

[3] For all documents located in the binder provided by the Defendants, the documents will be referred to based on both the Bates number of the redacted documents and by the Defendant's exhibit number in the binder. For all documents on the CD, they will be referred to based on the identification number in the lower right hand corner of the document.

-3-

Case No. 7:06-CV-1625
Gwin, J.

the allegedly privileged documents are in fact business communications that did not become privileged simply because they were sent to an attorney. Therefore, the Court **ORDERS** the production of the documents identified by the following page ranges: NLS 029425 – 029480 (Exhibit 1), MS_00055361–00055391, MS_00055393–00055643, MS_02858293–02858300, MS_02858305–02858311, MS_03008635–03015463, MS_00752928–00752958, MS_03119153–03119277, MS_03122231– 03122240.

Finally, the Defendants claim privilege over a number of emails sent by Northern Leasing employees to their attorneys. The emails contain no text and the only redacted portions are a lists of attachments that appear to be Northern Leasing business records (for example, some typical attachments are entitled "228846 Lease," "228846 Check," or "228846 Pay Screen"). Beyond the simple fact that the attached files were sent to their attorney, these documents do not appear to be communicative in nature and there is no evidence that the emails were sent to obtain legal advice. For these documents, the Defendants fail to carry their burden in establishing that the emails are entitled to attorney-client privilege.[4/] Accordingly, the Court **ORDERS** the production of the documents identified by the following numbers: NLS 029487, NLS 029677, NLS 029819, NLS 029961, NLS 030015, and NLS 030124 (Exhibits 1, 5, 7, 9, 12, and 14, respectively).

The Court **GRANTS IN PART and DENIES IN PART** the Plaintiffs' motion to compel.

---

[4/] A party invoking the privilege has the burden of establishing: "(1) a communication between client and counsel, which (2) was intended to be and was in fact kept confidential, and (3) made for the purpose of obtaining or providing legal advice." *Constr. Products Research, Inc.*, 73 F.3d at 473.

-4-

Case No. 7:06-CV-1625
Gwin, J.

The Court **ORDERS** that the Defendants produce all non-privileged documents by **October 11, 2010**.

    IT IS SO ORDERED.


Dated: October 6, 2010                                     _____
                                                             JAMES S. GWIN
                                                             UNITED STATES DISTRICT JUDGE