UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------
:
MELINDA SERIN, *et al.*,                :
                                        :   CASE NO. 7:06-CV-1625
            Plaintiffs,                 :
                                        :
vs.                                     :   OPINION & ORDER
                                        :   [Resolving Doc. Nos. 100, 104]
NORTHERN LEASING                        :
SYSTEMS, INC., *et al.*,                :
                                        :
            Defendants.                 :
                                        :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

The parties in this suit give notice of yet another discovery dispute. The Defendants move for production of (1) documents underlying the Plaintiffs' damages claims and expert reports and (2) fifteen handwriting exemplars from each Plaintiff, written during the time period in which the lease document were allegedly forged. [Doc. 100.] The Plaintiffs replied – saying first that all of the documents requested in (1) above were timely provided, with the exception of expert reports and testimony from previous cases, and second, that the demand for handwriting exemplars in (2) above is unreasonable. [Doc. 104.] On September 28, 2010, the Court held a status conference with the parties during which these issues were discussed.[1]

First, the Plaintiffs state that all of the documents requested in paragraphs 12, 13, 15 and 16

---

[1] During the phone conference the parties expressed a wish to file motions for summary judgment. The Court reminds the parties that the deadline for dispositive motions was May 3, 2010 and that the parties failed to file motions by that deadline. [Doc. 49.] The Court will not consider dispositive motions at this time.

-1-

Case No. 7:06-CV-1625
Gwin, J.

of the Defendants' July 16, 2010 notice of production were already produced. [Doc. 100-1, Doc. 104.] Thus, there is no longer a dispute regarding these documents and no order is needed.[2/]

However, the Plaintiffs continue to refuse to produce the documents requested in paragraphs 17 and 18 of that notice of production.[3/] [Doc. 104.] The documents in paragraphs 17 and 18 request all expert reports prepared by and copies of all testimony given by the Plaintiffs' damages expert, Stan V. Smith, within the past five years. [Doc. 100-1.] The Court finds that this information is relevant to a determination of the expert qualifications and methodology of witness Smith in a future *Daubert* motion or on cross-examination at trial. *See* Fed. R. Civ. Proc. 26; *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978) (construing Fed. R. Civ. Proc. 26(b)(1) broadly). Thus, these reports and testimony are discoverable. However, the Court also has a responsibility to manage and limit the scope of discovery. Fed. R. Civ. P. 26(b); *Oppenheimer*, 437 U.S. at 351. With those considerations in mind, the Court **ORDERS** the production of seven expert reports that are to be chosen by the Defendants.[4/] The Defendants shall provide Plaintiffs a list of seven reports by **October 11, 2010** and the Plaintiffs shall provide copies of such expert reports by **October 18, 2010**.

With regard to the handwriting exemplars, the Court **DENIES** the Defendants' request for fifteen exemplars from each witness, dating back in some cases, more than ten years. [Doc. 100-1.]

---

[2/] If any documents in those requests was not provided, the Court **ORDERS** production by October 11, 2010.

[3/] "Request No. 17: Transcripts of all testimony given by Plaintiffs' testifying expert, Stan V. Smith, Ph.D., during the last five years." [Doc. 100-1.]
"Request No. 18: All expert reports issued by Plaintiffs' testifying expert, Stan V. Smith, Ph.D., during the last five years." *Id*.

[4/] *See, e.g., Surles v. Air France*, 2001 WL 815522 (S.D.N.Y. July 19, 2001) (denying request for production of all of a witness's expert reports on the grounds that earlier production of seven reports was sufficient), *aff'd*, 2001 WL 1142231 (S.D.N.Y. Sept. 27, 2001).

-3-

Case No. 7:06-CV-1625
Gwin, J.

Although relevant to whether the instruments were forged, this particular request is not reasonable. Fed. R. Civ. P. 26(b). The Plaintiffs' counsel previously stated that he is not in possession of these records and is unable to obtain handwriting samples that old for each Plaintiff.

Accordingly, the Court **GRANTS IN PART and DENIES IN PART** the Defendants' motion to compel.

IT IS SO ORDERED.

Dated: October 6, 2010

                                              JAMES S. GWIN
                                              UNITED STATES DISTRICT JUDGE