

THE CHRYSLER BUILDING
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800    Fax: 212.554.7700
www.mosessinger.com

Robert D. Lillienstein
Direct: 212.554.7807  Fax: 917-206-4307
rlillienstein@mosessinger.com

October 6, 2010

**VIA ECF**

Honorable James S. Gwin
United States District Court
Carl B. Stokes United States Court House
801 West Superior Avenue
Cleveland, Ohio 44113-1838

      Re:  *Melinda Serin, Judson Russ, Long Soui Lim, Peri Kettler, Gordon Redner, and Thomas J. Smith, v. Northern Leasing Systems, Inc., Jay Cohen, Rich Hahn, and Sara Krieger*
           Docket No. 06 CV 1625 (JSG)

Your Honor:

      Please accept this letter as a motion for reconsideration of your ruling (dkt #108) on Defendant's motion seeking discovery sanctions against Plaintiffs (dkt #100). I believe that the Court issued its ruling without having seen my Reply letter (dkt #106), which was filed a short time before the Court issued its ruling.

      As shown in my Reply, a copy of which is submitted herewith, Plaintiffs have not produced all of the documents that Mr. Chittur claimed to have provided, including but not limited to any retainer agreement with the expert, and any payments made to him.

      Plaintiffs have also not provided any calculation of damages in accordance with Rule 26(a)(1). Nor have they provided "documents or other evidentiary material on which such calculation is based, including materials bearing on the nature and extent of the injuries suffered," as expressly required by Rule 26(a)(1)(A)(iii). Given Plaintiffs' insistence that all relevant damage documents have been produced, we believe that it is appropriate, at a minimum, for the Court to issue <u>an Order precluding Plaintiffs from introducing in evidence, or referring to, any document that was not produced to Defendants by September 28, 2010, in support of their damage claim</u>.

      In addition, because the only damages disclosures that Plaintiffs made – in the form of an expert's report and related document disclosure -- took place AFTER all of the Plaintiffs were deposed (other than Kettler, who has refused to be deposed), <u>Defendants should be permitted to depose each plaintiff again with respect to the issue of damages only</u>.

      With regard to handwriting exemplars, we believe that Plaintiffs should be required to provide 15 handwriting exemplars, irrespective of the date of writing. While the Court ruled that to require them to produce exemplars from nearly 10 years ago is unduly burdensome, to require

MOSES & SINGER LLP

Hon. James S. Gwin
October 6, 2010
Page 2

them to produce 15 exemplars from any time period would not be unduly burdensome.  <u>Plaintiffs should be directed to promptly provide 15 such signature exemplars</u>.

   We thank you for your consideration of this request.

                Respectfully submitted,


                /s/
                Robert D. Lillienstein


cc.  Chittur & Associates (via ECF)
   *Attorneys for Plaintiffs*

838476v1  011082.0121