# Chittur & Associates, P.C.

Attorneys & Counselors at law
286 Madison Avenue Suite 1100
New York, New York 10017
Tel: (212) 370-0447
Fax: (212) 370-0465
Web: www.chittur.com
Email: kchittur@chittur.com

October 7, 2010

Hon. James Gwin
United States District Judge
Carl B. Stokes United States Court House
801 West Superior Avenue
Cleveland, Ohio 44113-1838

    Re: *Serin et al, v. Northern Leasing et al*, S.D.N.Y. - Docket No. 7:06-CV-01625

Dear Judge Gwin:

    Defendants' motion for reconsideration is as frivolous and unwarranted as their original motion.

> Under Local Civil Rule 6.3, a party seeking reconsideration of a decision must "set[ ] forth concisely the matters or controlling decisions which counsel believes the court has overlooked." Reconsideration is appropriate only if the court overlooked controlling decisions or facts presented in the underlying motion which, had they been considered, might reasonably have altered the result of the initial decision. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995); *Keiser v. CDC Inv. Mgmt. Corp.*, 2004 WL 516212, at *1 (S.D.N.Y. Mar. 17, 2004). The goal of Local Rule 6.3 is to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Grand Crossing, L.P. v. U.S. Underwriters Ins. Co.*, 2008 WL 4525400, at *3 (S.D.N.Y. Oct. 6, 2008) (citations omitted); *see In re Refco Capital Markets, Ltd. Brokerage Customer Secs. Litig.*, 2008 WL 4962985, at *1 (S.D.N.Y. Nov. 20, 2008) (a motion for reconsideration "is not an opportunity for a losing party to advance new arguments to supplant those that failed in the prior briefing of the issue"). . . The motion is neither an invitation for the parties to relitigate a settled issue, nor is it an appropriate substitute for an

Hon. James Gwin *Serin v. Northern Leasing*
October 7, 2010 Page 2

>appeal. *See Morales v. Quintiles Transnational Corp.*, 25 F.Supp.2d 369, 372 (S.D.N.Y.1998).

*Sahu v Union Carbide Corp.*, 2010 WL 909074 (SDNY Mar. 15, 2010).  Defendants do not even come close to meeting this standard; they simply rehash arguments already rejected by Your Honor.

 First, <u>Defendants' assertion - for the second time - that we did not provide the retainer agreement with Dr. Smith is simply false.</u>  "Ex. 1," Bates 345-51.  If Defendants' counsel had carefully reviewed the documents we produced, and somehow missed these documents, once again, they could have avoided bothering Your Honor <u>for the second time</u> with a simple phone call or email to us - which is what the "meet and confer" requirement of Rule 37 mandates anyway.  Significantly, Your Honor's order of yesterday specifically directed that Plaintiffs produce such documents, if they had not been produced, by October 11, 2010.  Dkt. 108 at 3 n.2.  That only further highlights the impropriety of Defendants' demand.

 Second, Defendants <u>repeat</u> their argument that Plaintiffs' expert disclosures are somehow insufficient to provide calculation of damages, and that these calculations should also be duplicated separately in the Rule 26 disclosure.  <u>Once again</u>, Defendants cite no authority "overlooked or misapprehended" by Your Honor.  Neither precedent nor principle would support such a meaningless exercise.

 Third, Defendants <u>repeat</u> their demand for a re-call of each Plaintiff for a deposition merely because the expert report was submitted after Plaintiffs' depositions.  Not surprisingly, <u>once again</u>, Defendants cite no authority "overlooked or misapprehended" by Your Honor.  As pointed out earlier, it is routine practice in federal courts to complete fact discovery before expert discovery.  Such recall of Plaintiffs is especially objectionable where Plaintiffs have already expended considerable resources and come to New York for their depositions (except Smith, who was deposed by videoconference at Plaintiffs' expense).

 Fourth, Defendants <u>reiterate</u> their demand for additional fifteen handwriting exemplars.  <u>Once again</u>, Defendants cite no authority "overlooked or misapprehended" by Your Honor.  As pointed out earlier, if time period was not an issue, *i.e.*, the handwriting exemplars could be from any time period, Defendants could have simply sought these samples during Plaintiffs' depositions.  Defendants chose not to do so, and cannot be heard to complain now.

 In sum, this is yet another motion which ought not to have been filed at all, and should be summarily rejected with costs and sanctions.

            Yours truly,
             Sd/
           Krishnan S. Chittur, Esq.

Cc: Moses & Singer, LLP (via ECF)