# *Chittur & Associates, P.C.*

Attorneys & Counselors at law
286 Madison Avenue Suite 1100
New York, New York 10017
Tel: (212) 370-0447
Fax: (212) 370-0465
Web: www.chittur.com
Email: kchittur@chittur.com

October 7, 2010

**VIA ECF**

Hon. James Gwin
United States District Judge
Carl B. Stokes United States Court House
801 West Superior Avenue
Cleveland, Ohio 44113-1838

Re: *Serin et al, v. Northern Leasing et al*, S.D.N.Y. - Docket No. 7:06-CV-01625

Dear Judge Gwin:

This is a request under Rule 37, Fed. R. Civ. P., for appropriate orders to deal with serious discovery misconduct by Defendants.

On October 5, 2010, Defendants served a "Supplemental Rule 26 Disclosure" with a covering email. For the first time in this four-year old litigation, Defendants identified five of their hitherto unnamed managerial employees as material witnesses - Hertzman, Taylor, Shahani, Schechter, Kravic, Derussey - who Defendants intend to call at trial. "Ex. 1," Supplemental Rule 26 Disclosure, with covering email. None of these persons had ever been identified even as a potential witness, let alone one to be presented at trial, till now. "Ex. 2," Defendants' Initial Rule 26 Disclosures.

This is highly objectionable and unfairly prejudicial to Plaintiffs on several grounds. First, it is less than six weeks before trial, and the persons identified are - and have been at all relevant times - employees of Defendants under their control. Defendants certainly knew at all relevant times of the materiality of these witnesses, and cannot seriously claim that they were somehow unaware of the identities of these witnesses or their potential testimony. Nevertheless, Defendants never even identified them as witnesses until now. The conclusion is irresistible that this belated naming of employees as "trial witnesses" is simply an attempt to bushwhack Plaintiffs. Under Rule 26, these witnesses could and should have been - but were not - disclosed as part of Defendants' initial automatic disclosures.

```
Hon. James Gwin                                          Serin v.  Northern Leasing
October 7, 2010                                                                Page 2
```

Second, as late as last week, during the phone conference held by Your Honor on September 28, Defendants' counsel did not even hint at the possibility that they may be adding witnesses, let alone adding their own hitherto unidentified managerial employees.  Instead, he complained about Plaintiffs having identified several non-parties as potential witnesses, whereupon Your Honor directed both parties to submit a trial witness list by October 5, 2010.

Third, separate and apart from identifying these persons as trial witnesses, Defendants have not produced documents associated with these witnesses despite their affirmative duty to do so.  Since these are obviously <u>material</u> witnesses - which follows from the very fact that Defendants have named them as <u>trial</u> witnesses - documents concerning these witnesses ought to have been disclosed several months ago.  As the Court may recall, the issue of employee-related documents was the subject of a previous dispute, and by order of April 16, 2010 (Dkt. 57), Your Honor directed Defendants to produce all these records.  That was about six months ago.

Compounding the initial non-production, Defendants have affirmatively refused to produce any documents concerning these five managerial employees even today.  Instead, Defendants have sought to draw a parallel with the non-party witnesses Plaintiffs identified in their September 13th supplemental disclosure.  This is frivolous.  Plaintiffs identified potential <u>non-party</u> witnesses, who are obviously <u>not</u> in Plaintiffs' control, and whose documents were <u>not</u> in Plaintiffs' possession, custody, or control.  That is obviously not the case with the five managerial employees identified as trial witnesses by Defendants this late in the game; these are persons very much in Defendants' control, and their documents are (and have always been) in Defendants' custody.

Moreover, in response to Your Honor's September 28th order, Plaintiffs have identified exactly <u>two</u> of these non-parties as witnesses for trial.  Further, these witnesses are no strangers to Defendants; both these witnesses have been sued by Northern Leasing in New York, and Defendants are well aware of the substance of their expected testimony.  In sharp contrast, every one of Defendants' newly identified managerial employees is a total stranger to Plaintiffs.  Without even their employment-related documents, Plaintiffs stand to be completely blind-sided at trial.

In sum, Defendants failed to identify five material witnesses in a timely manner in February 2010, and failed to produce documents concerning them.  Plaintiffs request that the Court enter an order (a) precluding Defendants from presenting these newly-identified witnesses at trial; and (b) imposing an adverse inference against Defendants for failure to produce documents concerning these witnesses.

                         Yours truly,

                         Sd/
                         Krishnan Chittur, Esq.

Cc: Moses & Singer, LLP (via ECF)