

Krishnan Chittur <kchittur@chittur.com>

# DOCS-#838137-v3-Serin_Supplemental_Rule_26_disclosures.DOC

**Robert Lillienstein <RLillienstein@mosessinger.com>**      Tue, Oct 5, 2010 at 6:42 PM
To: "Krishnan Chittur (kchittur@chittur.com)" <kchittur@chittur.com>, Keith Altman <kaltman@lawampmmt.com>
Cc: "Scott E. Silberfein" <SSilberfein@mosessinger.com>, Jennifer Nigro <jnigro@mosessinger.com>

Gentlemen:

Attached please find Defendants' Supplemental Rule 26 disclosures. In accordance with Judge Gwinn's directive, be advised that Defendants currently intend to call as witnesses the persons identified in paragraphs 1-12, 14 and 17 of this disclosure. We still await Plaintiff's witness list.

MOSES & SINGER LLP
COUNSELORS AT LAW

ROBERT D. LILLIENSTEIN | 212.554.7807
The Chrysler Building | 405 Lexington Avenue | New York, NY 10174-1299
Tel 212.554.7800 | Cell 516.815.5403 | Fax 917.206.4307



MSI Global Alliance is an international alliance of independent legal and accounting firms, with over 250 member firms in 100 countries.

---

IRS CIRCULAR 230 DISCLOSURE:
To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
**********************************************************************

This message is being sent from a Law Firm and may contain CONFIDENTIAL or PRIVILEGED information. If you are not the intended recipient, do not printout, copy or distribute this message or any attachments. Advise the sender immediately by reply e-mail, and delete this message and attachments without retaining a copy.

📎 **DOCS-#838137-v3-Serin_Supplemental_Rule_26_disclosures.DOC**
51K

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

MELINDA SERIN, JUDSON RUSS, LONG SOUI LIM,
PERI KETTLER, GORDON REDNER, AND THOMAS
J. SMITH,

                        Plaintiffs,

          -against-

NORTHERN LEASING SYSTEMS, INC., JAY
COHEN, RICH HAHN, and SARA KRIEGER,

                        Defendants.
------------------------------------------------------------------ X

06 CV 1625 (JSG)

SUPPLEMENTAL RULE 26
DISCLOSURES OF
DEFENDANTS NORTHERN
LEASING SYSTEMS, INC.,
JAY COHEN, RICH HAHN
AND SARA KRIEGER

Defendants Northern Leasing Systems, Inc. ("NLS"), Jay Cohen, Rich Hahn and Sara Krieger (together with NLS, "Defendants"), by their attorneys, Moses & Singer, LLP, hereby supplement their initial disclosures pursuant to Rule 26(a)(1)(a) of the Federal Rules of Civil Procedure:

## QUALIFICATIONS

1.	These Disclosures are based upon information currently determined by Defendants and are given without prejudice to amending or supplementing these disclosures during further discovery or at trial, data, information or documents that are (i) subsequently discovered; (ii) subsequently determined to be relevant and/or necessary for any purpose; or (iii) subsequently determined to have been omitted from these disclosures.  Thus, defendants hereby expressly reserve their right to revise and/or supplement these Disclosures.

2.	Defendants hereby expressly reserve all objections to the use, for any purpose, of these Disclosures or any of the information and documents referenced herein in this case or any other case or proceeding.

3.	By identifying potential witnesses herein, Defendants do not waive, and expressly reserve, the right to object, on any grounds, including, but not limited to, relevance, burden and competence, to the deposition or other testimony of any identified potential witnesses.

4.	By identifying documents herein, Defendants make no representations or admissions regarding the relevance or admissibility of any document, and expressly reserve the right to object, on any grounds, to any document request and/or to admissibility, discoverability and/or relevance.

## RULE 26(a)(1) DISCLOSURES

**Witnesses**

**(A)	the name and, if known, the address and telephone number of each individual likely to have discoverable information, along with the subjects of that information that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment**
**(B)**

Subject to and without waiving the Initial Disclosure Qualifications, based upon the information presently determined by Defendants, the following individuals are likely to have discoverable information that Defendants may use to support their defenses:

2
838137v3  011082.0121

1. Jay Cohen, Northern Leasing Systems, Inc., c/o Moses & Singer LLP, 405 Lexington Avenue, New York, New York 10174; 212-554-7800.  Mr. Cohen is likely to have information concerning (a) the procedures followed by NLS in entering into the equipment finance leases that are the subject of the Amended Complaint; (b) Defendants' business records; (c) the relationship between NLS, on the one hand, and the independent sales organization(s) that dealt with Plaintiffs in this case; (d) the organization of NLS's business; (e) the process and procedures followed by NLS in the event that a lease is in default; (f) procedures followed by NLS in cases involving claims of forgery.

2. Sara Krieger, Northern Leasing Systems, Inc., c/o Moses & Singer, LLP, 405 Lexington Avenue, New York, New York 10174; 212-554-7800.  Ms. Krieger is likely to have information concerning (a) the procedures followed by NLS in entering into the equipment finance leases that are the subject of the Amended Complaint; (b) Defendants' business records; (c) the relationship between NLS, on the one hand, and the independent sales organization(s) that dealt with Plaintiffs in this case; (d) the amounts paid by NLS to purchase the equipment that is the subject of each of the leases; (e) the process and procedures followed by NLS in the event that a lease is in default; (f) procedures followed by NLS in cases involving claims of forgery.

3. Rich Hahn, Northern Leasing Systems, Inc., c/o Moses & Singer, LLP, 405 Lexington Avenue, New York, New York 10174; 212-554-7800.  Mr. Hahn is likely to have information concerning: (a) the relationship between NLS, on the one hand, and the independent sales organization(s) that dealt with Plaintiffs in this case; and (b) the amounts paid by NLS to purchase the equipment that is the subject of each of the leases.

4. Sam Buono, Northern Leasing Systems, Inc., c/o Moses & Singer, LLP, 405 Lexington Avenue, New York, New York 10174; 212-554-7800.  Mr. Buono is likely to have information concerning (a) NLS's customer service department; (b) NLS's collections department; (c) the process and procedures followed by NLS in the event that a lease is in default, including collections actions; and (d) procedures followed by NLS in cases involving claims of forgery.

5. Neil Hertzman, Manager - Collections, Northern Leasing Systems, Inc., c/o Moses & Singer LLP, 405 Lexington Avenue, New York, New York 10174; 212-554-7800.  Mr. Hertzman is likely to have information concerning (a) NLS's customer service department; (b) NLS's collections department; (c) the process and procedures followed by NLS in the event that a lease is in default, including collections actions; and (d) procedures followed by NLS in cases involving claims of forgery.

6. Ricardo Brown, Manager - Legal Collections, Northern Leasing Systems, Inc. Mr. Brown is likely to have information concerning NLS's customer service department, and the process and procedures followed by NLS in the event that a

lease is in default, including collections actions and procedures followed by NLS in cases involving claims of forgery. Defendants reserve the right to identify other representatives of NLS who were involved in collection activity.

7. Robert Taylor, Supervisor - Legal Collections, Northern Leasing Systems, Inc., c/o Moses & Singer LLP, 405 Lexington Avenue, New York, New York 10174; 212-554-7800. Mr. Taylor is likely to have information concerning NLS's customer service department, and the process and procedures followed by NLS in the event that a lease is in default, including collections actions and procedures followed by NLS in cases involving claims of forgery. Defendants reserve the right to identify other representatives of NLS who were involved in collection activity.

8. Deepika Shahani, Supervisor – Originations, Northern Leasing Systems, Inc., c/o Moses & Singer LLP, 405 Lexington Avenue, New York, New York 10174; 212-554-7800. Ms. Shahani is likely to have information regarding chargebacks and procedures followed by NLS in cases involving claims of forgery.

9. Ariel Schecter, formerly of the Risk Department, Northern Leasing Systems, Inc., c/o Moses & Singer LLP, 405 Lexington Avenue, New York, New York 10174; 212-554-7800. Mr. Schecter is likely to have information regarding procedures followed by NLS in cases involving claims of forgery.

10. Lina Kravic, Manager - Originations, Northern Leasing Systems, Inc., c/o Moses & Singer LLP, 405 Lexington Avenue, New York, New York 10174; 212-554-7800. Ms. Kravic is likely to have information concerning (a) the procedures followed by NLS in entering into the equipment finance leases that are the subject of the Amended Complaint; (b) Defendants' business records; (c) the relationship between NLS, on the one hand, and the independent sales organization(s) that dealt with Plaintiffs in this case; (d) the amounts paid by NLS to purchase the equipment that is the subject of each of the leases; (e) the process and procedures followed by NLS in the event that a lease is in default; (f) procedures followed by NLS in cases involving claims of forgery.

11. Cortes Derussey, Director, Special Projects, Northern Leasing Systems, Inc., c/o Moses & Singer LLP, 405 Lexington Avenue, New York, New York 10174; 212-554-7800. Mr. Derussey is likely to have information concerning (a) the procedures followed by NLS in entering into the equipment finance leases that are the subject of the Amended Complaint; (b) Defendants' business records; (c) the relationship between NLS, on the one hand, and the independent sales organization(s) that dealt with Plaintiffs in this case; (d) the organization of NLS's business; (e) the process and procedures followed by NLS in the event that a lease is in default; (f) procedures followed by NLS in cases involving claims of forgery.

12. Joseph Sussman, Esq.  Mr. Sussman is likely to have knowledge regarding NLS's involvement in the collection actions involved in this case, the procedures followed by NLS regarding collections, and the procedures followed by NLS in cases involving claims of forgery.

13. The independent sales organization(s), and their employees, with whom each plaintiff dealt, at the time that each plaintiff signed the Lease that is the subject of this action.  Such independent sales organization(s) would likely have information concerning (a) the terms of the lease at the time each lease was signed by each plaintiff; (b) whether any information was added to or changed after each Plaintiff signed the lease; (c) the terms of the leases at the time that the leases were provided to NLS; (d) the documents provided by each plaintiff at or about the time that such plaintiff executed a lease; (e) any representations made to each plaintiff at or about the time that the plaintiff signed each lease; and (f) the relationship between NLS, on the one hand, and the independent sales organization(s) that dealt with Plaintiffs in this case.

14. Any expert witnesses identified by Defendants.

15. All persons identified by Plaintiffs as individuals who are likely to have discoverable information.

16. Tarly Dall, current address and telephone number unknown.  Mr. Dall is likely to have information concerning Mr. Smith's execution of an equipment finance lease with Northern Leasing Systems, Inc.

17. K. Michael Fitzgerald, Trustee, 600 University St. #2200, Seattle, WA 98101.  Mr. Fitzgerald is likely to have information concerning the bankruptcy of Perigail Kettler, and whether the causes of action asserted in this action by Peri Kettler were identified as assets of the bankruptcy estate in case number 07-10909, United States Bankruptcy Court for the Western District of Washington at Seattle.

**Documents**

**(A)    a copy or a description by category and location of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment**

**(B)**
Subject to and without waiving the Initial Disclosure Qualifications, based on the information presently available to Defendants, the following categories of documents, data compilations and tangible things may be used in support of Defendants' defenses:

The leases that are the subject of the Amended Complaint; correspondence between NLS and Plaintiffs concerning the leases; any records of telephonic communications between NLS and Plaintiffs concerning the leases; pleadings in collection actions commenced by NLS against

the Plaintiffs; correspondence, if any, between NLS and the vendor of the subject equipment concerning the leases; agreements between NLS and the vendor of the subject equipment; documents reflecting payments made by or on behalf of NLS to acquire the subject equipment.

      Documents identified above are located at the offices of Northern Leasing Systems Inc. in New York City, and/or at the offices of Defendants' attorneys, Moses & Singer LLP, 405 Lexington Avenue, New York, New York, and, in the case of the leases, in The Bank of New York, 2 Hanson Place, 6th Floor, Brooklyn, New York.  Electronically stored information is located in the offices of Northern Leasing Systems, Inc., in New York City.

    **(C)**    **a computation of each category of damages claimed by the disclosing party who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered**

    **(D)**

18.    This provision is not applicable to Defendants.

    **(A)**    **for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment**

    **(B)**

19.    None.

Dated:  New York, New York
         October 5, 2010

                MOSES & SINGER LLP

                By:      /s/ Robert D. Lillienstein
                      Robert D. Lillienstein (RL-4585)

                The Chrysler Building
                405 Lexington Avenue
                New York, New York 10174
                (212) 554-7800

                Attorneys for Defendants