UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
MELINDA SERIN, JUDSON RUSS, LONG SOUI LIM, PERI KETTLER, GORDON REDNER, AND THOMAS J. SMITH,

                Plaintiffs,

     -against-

NORTHERN LEASING SYSTEMS, INC., JAY COHEN, RICH HAHN, and SARA KRIEGER,

                Defendants.
------------------------------------------------------------------ X

06 CV 1625 (JSG)

INITIAL DISCLOSURES OF DEFENDANTS NORTHERN LEASING SYSTEMS, INC., JAY COHEN, RICH HAHN AND SARA KRIEGER

Defendants Northern Leasing Systems, Inc. ("NLS"), Jay Cohen, Rich Hahn and Sara Krieger (together with NLS, "Defendants"), by their attorneys, Moses & Singer, LLP, hereby make these initial disclosures pursuant to Rule 26(a)(1)(a) of the Federal Rules of Civil Procedure:

## INITIAL DISCLOSURE QUALIFICATIONS

1.    These Initial Disclosures are based upon information currently determined by Defendants and are given without prejudice to amending or supplementing these disclosures during further discovery or at trial, data, information or documents that are (i) subsequently discovered; (ii) subsequently determined to be relevant and/or necessary for any purpose; or (iii) subsequently determined to have been omitted from these disclosures. Thus, defendants hereby expressly reserve their right to revise and/or supplement these Initial Disclosures.

2.    Defendants hereby expressly reserve all objections to the use, for any purpose, of these Initial Disclosures or any of the information and documents referenced herein in this case

797443v7  011082.0121

or any other case or proceeding.

3. By identifying potential witnesses herein, Defendants do not waive, and expressly reserve, the right to object, on any grounds, including, but not limited to, relevance, burden and competence, to the deposition or other testimony of any identified potential witnesses.

4. By identifying documents herein, Defendants make no representations or admissions regarding the relevance or admissibility of any document, and expressly reserve the right to object, on any grounds, to any document request and/or to admissibility, discoverability and/or relevance.

## RULE 26(a)(1) INITIAL DISCLOSURES

### Witnesses

**(A)** **the name and, if known, the address and telephone number of each individual likely to have discoverable information, along with the subjects of that information that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment**

Subject to and without waiving the Initial Disclosure Qualifications, based upon the information presently determined by Defendants, the following individuals are likely to have discoverable information that Defendants may use to support their defenses:

1. Jay Cohen, Northern Leasing Systems, Inc., c/o Moses & Singer LLP, 405 Lexington Avenue, New York, New York 10174; 212-554-7800.  Mr. Cohen is likely to have information concerning (a) the procedures followed by NLS in entering into the equipment finance leases that are the subject of the Amended Complaint; (b) Defendants' business records; and (c) the relationship between NLS, on the one hand, and the independent sales organization(s) that dealt with Plaintiffs in this case.

2. Sara Krieger, Northern Leasing Systems, Inc., c/o Moses & Singer, LLP, 405 Lexington Avenue, New York, New York 10174; 212-554-7800.  Ms. Krieger is likely to have information concerning (a) the procedures followed by NLS in entering into the equipment finance leases that are the subject of the Amended Complaint; (b) Defendants' business records; (c) the relationship between NLS, on the one hand, and the independent sales organization(s) that dealt with Plaintiffs in this case; (d) the amounts paid by NLS to purchase the equipment

that is the subject of each of the leases; (e) the process and procedures followed by NLS in the event that a lease is in default.

3. Rich Hahn, Northern Leasing Systems, Inc., c/o Moses & Singer, LLP, 405 Lexington Avenue, New York, New York 10174; 212-554-7800.  Mr. Hahn is likely to have information concerning: (a) the relationship between NLS, on the one hand, and the independent sales organization(s) that dealt with Plaintiffs in this case; and (b) the amounts paid by NLS to purchase the equipment that is the subject of each of the leases.

4. Sam Buono, Northern Leasing Systems, Inc., c/o Moses & Singer, LLP, 405 Lexington Avenue, New York, New York 10174; 212-554-7800.  Mr. Buono is likely to have information concerning NLS's customer service department, and the process and procedures followed by NLS in the event that a lease is in default, including collections actions.

5. Ricardo Brown, Manager of Legal Collections, Northern Leasing Systems, Inc.  Mr. Brown is likely to have information concerning NLS's customer service department, and the process and procedures followed by NLS in the event that a lease is in default, including collections actions.  Defendants reserve the rightt to identify other representatives of NLS who were involved in collection activity.

6. The independent sales organization(s), and their employees, with whom each plaintiff dealt, at the time that each plaintiff signed the Lease that is the subject of this action.  Such independent sales organization(s) would likely have information concerning (a) the terms of the lease at the time each lease was signed by each plaintiff; (b) whether any information was added to or changed after each Plaintiff signed the lease; (c) the terms of the leases at the time that the leases were provided to NLS; (d) the documents provided by each plaintiff at or about the time that such plaintiff executed a lease; (e) any representations made to each plaintiff at or about the time that the plaintiff signed each lease; and (f) the relationship between NLS, on the one hand, and the independent sales organization(s) that dealt with Plaintiffs in this case; and

7. All persons identified by Plaintiffs as individuals who are likely to have discoverable information.

8. Tarly Dall, current address and telephone number unknown.  Mr. Dall is likely to have information concerning Mr. Smith's execution of an equipment finance lease with Northern Leasing Systems, Inc.

9. K. Michael Fitzgerald, Trustee, 600 University St. #2200, Seattle, WA 98101.  Mr. Fitzgerald is likely to have information concerning the bankruptcy of Perigail Kettler, and whether the causes of action asserted in this action by Peri Kettler were identified as assets of the bankruptcy estate in case number 07-10909, United States Bankruptcy Court for the Western District of Washington at Seattle.

**Documents**

**(B)** a copy or a description by category and location of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment

Subject to and without waiving the Initial Disclosure Qualifications, based on the information presently available to Defendants, the following categories of documents, data compilations and tangible things may be used in support of Defendants' defenses:

The leases that are the subject of the Amended Complaint; correspondence between NLS and Plaintiffs concerning the leases; any records of telephonic communications between NLS and Plaintiffs concerning the leases; pleadings in collection actions commenced by NLS against the Plaintiffs; correspondence, if any, between NLS and the vendor of the subject equipment concerning the leases; agreements between NLS and the vendor of the subject equipment; documents reflecting payments made by or on behalf of NLS to acquire the subject equipment.

Documents identified above are located at the offices of Northern Leasing Systems Inc. in New York City, and/or at the offices of Defendants' attorneys, Moses & Singer LLP, 405 Lexington Avenue, New York, New York, and, in the case of the leases, in The Bank of New York, 2 Hanson Place, 6th Floor, Brooklyn, New York.  Electronically stored information is located in the offices of Northern Leasing Systems, Inc., in New York City.

**(C)** a computation of each category of damages claimed by the disclosing party who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered

This provision is not applicable to Defendants.

**(D)** for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to

4

**satisfy the judgment**

None.

Dated: New York, New York
February 9, 2010

           MOSES & SINGER LLP

           By:  /s/ Robert D. Lillienstein
             Robert D. Lillienstein (RL-4585)
             Jennifer Nigro (JN-3584)
             The Chrysler Building
             405 Lexington Avenue
             New York, New York 10174
             (212) 554-7800

           Attorneys for Defendants