UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------
:
MELINDA SERIN, *et al.*,                              :
: CASE NO. 7:06-CV-1625
              Plaintiffs,          :
:
vs.                                                   : OPINION & ORDER
: [Resolving Doc. Nos. 109, 110]
NORTHERN LEASING                                      :
SYSTEMS, INC., *et al.*,                              :
:
              Defendants.          :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

       The Defendants file a motion for reconsideration of the Court's discovery order of October 6, 2010. [Doc. 109.] The Defendants say that the Court did not consider its reply brief supporting its motion to compel before making a ruling. [Doc. 100; Doc. 108; Doc. 109.] The Plaintiffs oppose the motion. [Doc. 110.]

       In its ruling of October 6, the Court (1) ordered that the Plaintiffs comply with discovery requests 12,13, 15, and 16 of the Defendants' July 16 notice of production; (2) ordered that the Defendants provide a list of seven expert reports to be turned over by the Plaintiffs; and (3) denied Defendants request for fifteen handwriting exemplars for each Plaintiff dating back to the time of the events at issue in the current litigation (in some cases more than ten years old). [Doc. 108.]

       In arguing its motion for reconsideration, the Defendants state that the Plaintiffs failed to provide a calculation of damages in accordance with Fed. R. Civ. P. 26(a)(1), request additional

-1-

Case No. 7:06-CV-1625
Gwin, J.

documentation regarding expert witness Smith's compensation, request leave to conduct additional depositions of each Plaintiff regarding damages, and request that the each Plaintiff be ordered to provide fifteen recent handwriting exemplars. [Doc. 109.]

The Court declines to reconsider its earlier ruling. The Court finds that its earlier ruling is not affected by the Defendants' reply briefing. The Court reiterates this earlier ruling and **ORDERS** the Plaintiffs to comply with discovery requests 12, 13, 15, and 16 to the extent not already done so. Fed. R. Civ. Proc. 26(a)(2)(B)(vi). The Court finds that the Plaintiffs' attached financial disclosures are an adequate response to discovery requests 15 and 16.

The Court notes that in its reply briefing the Defendants raise several new discovery issues that were not clearly set forth in the original motion to compel and that were not, therefore, addressed by this Court in its order of October 6. Accordingly, to the extent that new issues are raised, the Court construes the Defendants' current motion to reconsider as a new motion to compel.

As previously stated, the Court finds that handwriting exemplars are relevant to whether the instruments at issue in this suit were forged. The Court finds that the Defendants' new demand for exemplars from any date is reasonable and **ORDERS** that each Plaintiff provide fifteen handwriting exemplars from 2007 or later by **October 18, 2010**. Further, to the extent that the Plaintiffs failed to already provide a computation of damages claimed under Federal Rule of Civil Procedure 26(a)(1) – and the documents supporting those computations – the Court **ORDERS** that these materials be produced by **October 18, 2010**. The Court **DENIES** the Defendants request to depose each Plaintiff again prior to trial on the issue of damages. The Court also declines to impose any

Case No. 7:06-CV-1625
Gwin, J.

of the sanctions requested by both parties pursuant to Federal Rule of Civil Procedure 37.

     IT IS SO ORDERED.


Dated: October 12, 2010                  _____
                                                         JAMES S. GWIN
                                                         UNITED STATES DISTRICT JUDGE