

THE CHRYSLER BUILDING
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800    Fax: 212.554.7700
www.mosessinger.com

Robert D. Lillienstein
Direct: 212.554.7807  Fax: 917-206-4307
rlillienstein@mosessinger.com

October 15, 2010

**VIA ECF**

Honorable James S. Gwin
United States District Court
Carl B. Stokes United States Court House
801 West Superior Avenue
Cleveland, Ohio 44113-1838

      Re:  *Melinda Serin, Judson Russ, Long Soui Lim, Peri Kettler, Gordon Redner, and Thomas J. Smith, v. Northern Leasing Systems, Inc., Jay Cohen, Rich Hahn, and Sara Krieger*
           Docket No. 06 CV 1625 (JSG)

Your Honor:

      I am writing in opposition to the letter-motion (dkt #111) filed by Mr. Chittur, which seeks discovery sanctions against Defendants based on Defendants' service of its Supplemental Rule 26 Disclosures on October 5, 2010.  The basis for Plaintiffs' motion is that the Supplemental Disclosures name six new persons as potential trial witnesses for the defendant.[1]  The motion should be denied for several reasons, discussed below.

      Plaintiffs served their own Amended Rule 26 Disclosures on September 13, 2010 (Exh. B).  In that Amended Disclosure, Plaintiffs identified **61** witnesses, of which **50** had never been previously identified by Plaintiffs.  Clearly, that tactic was intended to force Defendants to waste time trying to conduct 50 depositions in the short time that remained before trial.  Counsel's tactic was exposed when the Court directed Plaintiffs to identify those that they intend to call as witnesses, and Plaintiffs had to concede that they intend to call ***only 4*** of the 50 newly identified witnesses at trial.  (dkt #105).  At least three of the four had been known to Plaintiffs' counsel for a long time.  Natalia Russ is the wife of one of the Plaintiffs.  Gus Gagasoules is a person represented by Mr. Chittur in another action that has been pending in the Eastern District of New York, before Judge Spatt, since June 2008.   Stephen Turner is an officer of SB Restaurants, Inc., and is represented by Mr. Chittur in an action entitled *Northern Leasing Systems, Inc. v. Estate of Edward Turner and SB Restaurants, Inc.*, which has been pending in New York State Court since 2004.[2]

---

[1]     It should be pointed out that Lina Kravic, one of the witnesses identified by Defendants in their Supplemental Rule 26 Disclosure, was identified as a witness <u>by Plaintiffs</u> in their initial disclosures back in January 2010.  *See* Exhibit A.  She is also listed by Plaintiffs as a trial witness (dkt. #105).

[2]     On October 13, 2010, the *Turner* Court granted summary judgment in favor of Northern Leasing Systems, Inc. ("NLS"), and dismissed the defendants' counterclaims alleging fraud.  *See* Exh. C.

838476v1  011082.0121

**MOSES & SINGER LLP**

Hon. James S. Gwin
October 15, 2010
Page 2

      With respect to Mr. Chittur's claim of prejudice, he fails to note that NLS has already agreed to produce all of the witnesses that Defendants have identified as potential trial witnesses for depositions, and that all but one of the depositions has been scheduled for the week of October 25, 2010. At the same time, Plaintiffs have refused to make their newly identified trial witnesses available for deposition, and have insisted that Defendants subpoena each of them, even though all but one resides out of New York. Depending on their cooperation, this may necessitate a request to extend the date for the completion of depositions.

      There is no validity to Mr. Chittur's complaint about NLS's failure to produce documents. Indeed, he fails to specify any specific document demand or Court order with which Defendants have not complied; instead, he relies on the unsupported claim that because these people are "material witnesses", "documents concerning them should have been disclosed months ago." There is no such amorphous requirement in the Federal Rules.

      It is simply not true that Defendants have failed to produce any document that the Court directed Defendants to produce. Mr. Chittur's letter states, "[a]s the Court may recall, the issue of employee-related documents was the subject of a previous dispute, and by order of April 16, 2010 (Dkt. 57), Your Honor directed Defendants to produce all these records." That statement is vastly misleading, if not an outright falsehood.

      On April 16, 2010 (dkt. 57), Your Honor directed Defendants to produce specific documents with respect to specific employees who dealt with the individual Plaintiffs; not all documents relating to all employees. Those documents, which include the very documents that Mr. Chittur now complains about not having (Bates #NLS 01989-2596), **were produced to Plaintiffs on May 13, 2010**. *See* Exh. D. It is clear that Mr. Chittur would rather make unsupported accusations, which waste the time and resources of the Court, than actually look at the voluminous documentation that he has demanded, and that Defendants have painstakingly produced.

      For these reasons, Plaintiffs' motion should be denied in its entirety, and Plaintiffs' counsel should be sanctioned for making a motion that is completely lacking in merit.

      Respectfully submitted,

/s/
Robert D. Lillienstein

cc.   Chittur & Associates (via ECF)
      *Attorneys for Plaintiffs*

838476v1  011082.0121