SCANNED ON 10/15/2010

# SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: __JANE S. SOLOMON__     PART __55__

_Justice_

| | |
|---|---|
| Index Number : 602006/2004 | INDEX NO. _____ |
| **NORTHERN LEASING SYSTEMS INC** | MOTION DATE _7/23/10_ |
| VS. | MOTION SEQ. NO. _____ |
| **TURNER, EDWARD M.** | MOTION CAL. NO. _____ |
| SEQUENCE NUMBER : 010 | |
| SUMMARY JUDGMENT | this motion to/for _SJ_ |

Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ...

Answering Affidavits — Exhibits _____

Replying Affidavits _____

| PAPERS NUMBERED |
|---|
| 1-4, 5 |
| 6-8 |
| 9-10 |

**Cross-Motion:** ☒ Yes ☐ No

Upon the foregoing papers, it is ordered that this motion *is decided by the annexed memorandum Decision and Order*

*Nb Reference directed at end.*

FILED

OCT 13 2010

NEW YORK
COUNTY CLERK'S OFFICE

Dated: _10/12/10_

_____
JANE S. SOLOMON  J.S.C.

Check one: ☒ FINAL DISPOSITION   ☐ NON-FINAL DISPOSITION

Check if appropriate: ☐ DO NOT POST   ☐ REFERENCE

☐ SUBMIT ORDER/JUDG.   ☐ SETTLE ORDER /JUDG.

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE FOR THE FOLLOWING REASON(S):

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: IAS PART 55
----------------------------------X
NORTHERN LEASING SYSTEMS, INC.,                Index No. 602006/2004

        Plaintiff,

      -against-                                   DECISION AND ORDER

THE ESTATE OF EDWARD M. TURNER and
SB RESTAURANTS, INC.,

        Defendants.
----------------------------------X

*FILED*

*OCT 1 3 2010*

*COUNTY N... C...*

**SOLOMON, J.:**

        Plaintiff, Northern Leasing Systems, Inc. (NLS) sues to
recover under three equipment leases between it and defendant SB
Restaurants, Inc. (SB).  Edward M. Turner (Turner), now deceased,
was the principal of SB and guarantor of each lease.  While the
action was pending, Mr. Turner died and his estate has been
substituted for him (Estate).  Defendants counterclaims, alleging
fraudulent inducement and misrepresentation.  NLS moves for
summary judgment granting its complaint, dismissing Turner's
affirmative defenses and counterclaims, and for an inquest to
determine damages; it also seeks sanctions for frivolous conduct.
Defendants cross-move for leave to consolidate this case with
*Pludeman v. Northern Leasing Systems, Inc.*, Index No.
101059/2009, a class action law suit against NLS presently before
Justice Shulman of this Court.  In the alternative, Defendants
seek to vacate the note of issue to allow them to conduct further
discovery.

Cardpayment Solutions, Inc. (CSI), the "Vendor" in the
lease, and financed the transaction by transferring title to
NLS and leasing the equipment from it.  The equipment was
delivered to SB on July 28, 2003.  SB made payments to NLS
until April 2004, after which it defaulted.  This law suit
was commenced on June 28, 2004.

Defendants answer asserted the counterclaims
claiming that CSI's salesperson, Chet Green (Green), made
false statements and misrepresented the terms of payment and
how the equipment worked.  They claim that Green was an
agent of NLS, despite being an employee of CSI, and that he
took advantage of Turner, who was a quadriplegic and
allegedly incapacitated by heavy medication at the time he
signed the leases.

In an October 15, 2008 decision and order
(deciding motion sequence 005), the court addressed
discovery issues pertaining to Turner's counterclaims, and
directed that outstanding discovery be concluded and
depositions taken.  Defendants did not comply with many of
NLS's discovery demands and NLS moved to strike the answer
and counterclaims (motion sequence 009).  On March 2, 2009,
the court issued an interim order with a detailed list of
specific items of disclosure for Defendants to provide
before April 2, 2009--failure of which would preclude
defendants from relying on any unproduced material.

3

Defendants did not supply the vast majority of the sought
discovery.  After a compliance conference and further oral
argument on the motion, the court issued an order, dated
April 14, 2010 (deciding motion sequence 009), stating:

> Defendants were given several opportunities to comply
> both with NLS's discovery demands and this court's
> orders, and their compliance has been minimal. . . .  The
> appropriate sanction is to preclude defendants from
> introducing into evidence any material not produced by
> April 2, 2009.  This preclusion bars defendants from
> introducing testimony of defendants or any non-party
> witness, including that of Turner's doctor, because
> defendants failed to make even minimal efforts to procure
> such testimony in a timely fashion, and instead engaged
> in dilatory tactics to hinder discovery.

(Decision, attached to Krieger Affidavit, Ex. A).

The instant motion and cross motion followed.

## DISCUSSION

### A.  Transfer and Consolidate

Defendants request that this case be transferred
and consolidated with the *Pludeman* class action, because
common questions of law and fact exist, as both *Pludeman* and
the instant matter deal with breaches of lease.  Defendants
also argue that NLS is bound by the Pludeman decision by res
judicata and collateral estoppel.  NLS argues that the cases
have no common questions of law of fact.

Where actions involve a common question of law or
fact, the court may order the actions consolidated (CPLR
602).  Justice Shulman described the gravamen of the
*Pludeman* claim: "this lawsuit addresses whether NLS had a

4

contractual right to either require a lessee to insure the leased/financed credit card equipment against risk of loss or damage or otherwise be subject to a potentially variable LDW [liability and destruction waiver] fee or charge" (*Pludeman v. Northern Leasing Systems, Inc.*, 27 Misc3d 1203(A), fn 3 [New York Co., 2010]).  In that recent Pludeman decision, partial summary judgment was granted in favor of the class-action plaintiffs "on the issue of liability as to Plaintiffs' cause of action for breach of contract for overcharges" (Id., at 7).

In the instant matter, Defendants crossclaim for fraud and negligence, not breach of contract.  The only breach of contract issue in this matter is NLW's direct claim that Defendants failed to make payments under the lease agreements.  NLW does not seek any LDW fees and Defendants do not challenge the form of the lease (another issue in Pludeman).  Accordingly, there are no common questions of law or material fact between Pludeman and this action, nor is NLW bound by res judicata or collateral estoppel.  Defendants' motion to consolidate is denied.

B. Strike Note of Issue

Defendants seek to strike the note of issue because the following statements in the certificate of readiness are materially false:  "Discovery proceedings now known to be necessary completed;" "There are no outstanding

requests for discovery;" "There has been a reasonable
opportunity to complete the foregoing proceedings;" and "The
case is ready for trial" (Note of Issue, attached to cross
motion, Ex. 2).

Defendants argue that it had issued a notice of
deposition for eight witnesses, and those depositions had
yet to be taken at the time NLW filed the note of issue,
and, therefore, discovery was not complete. NLW contends
that the preclusion order, which "bars defendants from
introducing testimony of defendants or any non-party
witness," prevents defendants from introducing what they
seek, effectively nullifying all of their outstanding
discovery requests.

NLW is correct. Defendants notices of deposition
(cross motion, Ex. 3 and 4) seek evidence contemplated by
the court's compliance order and were precluded by the
subsequent preclusion order. Because Defendants were
precluded from introducing new evidence, there remained no
necessary or outstanding discovery requests. Accordingly,
NLW's certificate of readiness is not false, and the motion
to strike the note of issue is denied.

C. Summary Judgment

1. The Counterclaims & Affirmative Defenses

NLS moves for summary judgment dismissing
Defendants' counterclaims (fraud and negligent

misrepresentation) and affirmative defenses (lack of

capacity, fraud in the inducement) on the ground that

Defendants are precluded from entering any evidence in

support of their claims that Mr. Turner lacked capacity to

sign the leases and that Green was an agent of NLS.

Defendants produced no evidence that Green was an

agent of NLS, while NLS produced its Vendor Agreement

(Agreement, attached to Motion, Ex. K), which provides:

> 2. Independant Contractor/Distributor: Market Area
> . . .
> Vendor [CSI] and [its] Principal shall perform such
> services as an Independent Contractor, not as an agent of
> NLSI. Nothing in this Agreement shall serve to create a
> partnership or joint venture between the Vendor and
> Principal and NLSI or deem the Vendor and Principal to be
> an agent of NLSI."

Likewise, Defendants produced no evidence that

Green was authorized to modify, waive or alter the terms and

conditions of the leases, while the leases provide:

> LESSEE UNDERSTANDS AND AGREES THAT NEITHER VENDOR NOR ANY
> AGENT OF VENDOR IS AN AGENT OF LESSOR AND THAT NEITHER
> VENDOR NOR HIS AGENT IS AUTHORIZED TO WAIVE OR ALTER ANY
> TERM OF CONDITION OF THIS LEASE

(Leases, attached to Motion, Ex. G, H and I, ¶ 3).

There is no evidence showing that Green or CSI

were agents of NLS, were in any way authorized to bind NLS,

or had apparent authority to bind NLS. Accordingly, any

claims that Green made that contradicted the leases cannot

be attributed to NLS and Defendants' counterclaims and

affirmative defenses for fraud and misrepresentation must be

denied (*see, e.g. Worchester Ins. Co. v. Hempstead Farms Fruit Corp.*, 220 AD2d 659 [2nd Dept., 1995]).

Similarly, Defendants' affirmative defense that Turner lacked the capacity to enter into the leases and guarantees is denied. Defendants have not supplied any evidence in admissible form that shows Turner's lack of capacity. Moreover, they are precluded from entering any further evidence in support. Accordingly, they have failed to make a prima facie showing that Turner was incompetent.

## 2. The Direct Claims

On its direct claim, NLS seeks to enforce the terms of the three equipment leases and guarantees. A lessor is entitled to summary judgment in action for breach of an equipment lease where it submits the lease agreement and proof of non-payment (*Canon Financial Services, Inc. v. Medico Stationery Service*, 300 AD2d 66, 66-7 [1st Dept., 2002]).

In support of its motion, NLS submits the leases and guarantees, signed by Turner (Motion, Ex. G, H and I); three Delivery and Acceptance Receipts (Motion, Ex. J), showing that the leased equipment was delivered to Defendants; and its billing records, showing the payments SB made payments on each lease (Motion, Ex. L). NLS also submits the affidavit of Sara Krieger (Krieger), the Vice President of Operations for NLS. She discusses the billing

8

records and states that payments stopped in April 2004, and
the remaining balances on each lease is $13,728, $13,728 and
$14,040 (Krieger Affidavit, attached to Motion).

Defendants have not refuted this evidence.
Accordingly, summary judgment on the complaint is warranted
in favor of NLS for the amount of the leases due, plus
interest, as well as attorneys fees and out of pocket
expenses as contemplated by the leases.

Because NLS clarifies that it seeks sanctions only
in the alternative to the award of attorneys fees and out of
pocket expenses, the branch of its motion for sanctions need
not be addressed.

CONCLUSION

In accordance with the foregoing, it hereby is

ORDERED that Defendants' cross motion is denied;
and it further is

ORDERED that Plaintiff's motion for summary
judgment on the crossclaims and affirmative defenses is
granted and the crossclaims and affirmative defenses are
dismissed; and it further is

ORDERED that Plaintiff's motion for summary
judgment on the complaint is granted in favor of plaintiff
and against defendants in the amount of $41,496, together
with interest at the statutory rate from April 1, 2004,
together with costs and disbursements to be taxed upon

9

submission of an appropriate bill of costs; and it further
is

ORDERED that the issue of attorneys fees and
additional monies that defendants owe plaintiff under
sections 12 and 13 of the leases is referred to a Special
Referee to hear and report with recommendations, except
that, in the event of and upon the filing of a stipulation
of the parties, as permitted by CPLR 4317, the Special
Referee, or another person designated by the parties to
serve as referee shall determine the aforesaid issue; and it
further is

ORDERED that this motion shall be held in abeyance
pending the report and recommendations of the Special
Referee and a motion pursuant to CPLR 4403; and it further
is

ORDERED that a copy of this order with notice of
entry shall be served on the Special Referee Clerk in the
Motion Support Office (Room 119M), who is directed to place
this matter on the calendar of the Special Referee's Part
for the earliest convenient date.

Dated: October /2, 2010

Enter:

FILED
OCT 13 2010
NEW YORK
COUNTY CLERK'S OFFICE

JANE S. SOLOMON

10