# Chittur & Associates, P.C.

Attorneys & Counselors at law
286 Madison Avenue Suite 1100
New York, New York 10017
Tel: (212) 370-0447
Fax: (212) 370-0465
Web: www.chittur.com
Email: kchittur@chittur.com

October 18, 2010

Hon. James Gwin
United States District Judge
Carl B. Stokes United States Court House
801 West Superior Avenue
Cleveland, Ohio 44113-1838

      Re: *Serin et al, v. Northern Leasing et al*, S.D.N.Y. - Docket No. 7:06-CV-01625

Dear Judge Gwin:

    Defendants do not dispute that they knew that five of their management employees were material witnesses, but that Defendants concealed that fact until the highly belated October 5th naming as trial witnesses. Defendants proffer no explanation for this concealment, and their attempted explanation of their failure to produce documents concerning these highly material witnesses is totally beside the point.

    Mr. Lillienstein's assertion that "NLS has already agreed to produce all of the witnesses," Dkt. 113 at 2, is disingenuous. In fact, just two days before that representation to the Court, Defendants invoked Rule 30(a) to refuse the deposition of three of these witnesses, and of Jay Cohen, Northern Leasing's principal and boss of the remaining defendants:

> The depositions of Ariel Schechter, Deepika Shahani, and Cortes Derussy, noticed for Wednesday, October 27th, and the deposition of Jay Cohen, scheduled for Thursday, October 28th are outside the limited number of depositions without leave of Court under the Rules.

"Ex. 1," Letter of Oct. 13, 2010; "Ex. 2," Emails. Defendants' invocation of Rule 30(a) is baseless given the belated nature of their disclosure, the lack of opportunity for Plaintiffs to have conducted this discovery, the significance of these managerial employees in light of the needs of

```
Hon. James Gwin                                          Serin v.  Northern Leasing
October 18, 2010                                                              Page 2
```

this case, and other relevant factors.  *Atkinson v Goord*, 2009 WL 890682 (S.D.N.Y. Apr. 2, 2009).

Moreover, Defendants' only response to the issue of non-production of documents concerning these trial witnesses is that there exists no document demand or court order to that effect, and that Defendants have produced documents of the specific employees as directed by the April 16th order.[1]  That begs the question:  Under Rule 26, Defendants had the obligation to identify and itemize these witnesses and documents over eight months ago.  That would have permitted Plaintiffs to propound proper document demands.  Defendants' production of employment, performance, and compensation related documents of other employees directed by the April 16th order is beside the point.  Rather, the point is that the same category of job-related documents concerning these trial witnesses ought to have been, but were not, disclosed or produced.  In fact, these documents would appear to be even <u>more</u> relevant and material, since these witnesses are important enough to have been named as trial witnesses. The severe prejudice to Plaintiffs is clear and palpable.

Lastly, Defendants' attempt at drawing a parallel with Plaintiffs' identification of additional <u>non-party</u> witnesses three weeks earlier is, as explained earlier, meritless.  Defendants argue that Plaintiffs' counsel knew of these witnesses earlier.  Defendants ignore that Plaintiffs' counsel has scores of cases with these Defendants, who are running a national scam, *see, e.g., Pludeman v N. Leasing Sys., Inc.*, 10 NY3d 486, 489 (2008).  A class has been certified, *Pludeman v N. Leasing Sys., Inc.*, 74 A.D.3d 420 (1st Dept 2010), and class notice is scheduled to be sent by Defendants by November 30, 2010.  Obviously, every one of these scores of lessees are potential witnesses, as are the 700,000 plus victims of Defendants' scam who are members of the *Pludeman* Class.  Plaintiffs' counsel, <u>and</u> Defendants and their counsel know that.  So?  ***The critical issue here is that, unlike Defendants, Plaintiffs identified (a) <u>no</u> new persons as trial witnesses for the first time on October 5, the deadline set by Your Honor; and (b) none of the persons identified by Plaintiffs three weeks earlier were Plaintiffs' employees or otherwise within Plaintiffs' control***.

Defendants' (a) belated disclosure of these trial witnesses six weeks before trial; (b) failure to identify and/or produce their employment-related documents; (c) followed on the heels with an attempt to limit depositions, can only be construed as an attempt at blindsiding Plaintiffs at trial.  In this context, it is significant that Defendants took <u>all</u> Plaintiffs' depositions first, several months ago.  But they themselves consistently delayed production of documents, so that Plaintiffs could not even commence taking Defendants' depositions.  In fact, Defendants produced a huge number of important documents just on Friday, October 8, 2010, which Your

---

[1]Defendants assert that "**these documents were produced to Plaintiffs on May 13, 2010**." Dkt.  113 at 2 (emphasis in original).  That is false.  In fact, Defendants produced these documents three months later, on August 23, 2010, after we had filed a Rule 37 motion for failure to produce (dkt.  92).  "Ex. 3," Def letter of Aug 23, 2010.

```
Hon. James Gwin                                    Serin v.  Northern Leasing
October 18, 2010                                                       Page 3
```

Honor had first ordered produced about six months ago by the April 16, 2010, order, but which required two more orders from Your Honor before Defendants produced them.  None of the Defendants' depositions has been taken, and Defendants have consistently adjourned them.  In fact, Defendant Krieger's deposition had been scheduled for last week, and Defendant Hahn's deposition had been scheduled for tomorrow.  Defendants have postponed both.

     The severe prejudice to Plaintiffs by Defendants' discovery misconduct is clear.  Plaintiffs request that the instant motion be granted in its entirety, and (a) Defendants be precluded from presenting these witnesses at trial, and (b) An adverse inference instruction should be given against Defendants.

                                                                                     Yours truly,

                                                                                      Sd/
                                                          Krishnan S.  Chittur, Esq.

Cc: Moses & Singer, LLP (via ECF)