# Chittur & Associates, P.C.

Attorneys & Counselors at Law
286 Madison Avenue Suite 1100
New York, NY 10017
Tel: (212) 370-0447
Fax: (212) 370-0465
Email: kchittur@chittur.com

October 20, 2010

<u>VIA ECF</u>

Hon. James Gwin
United States District Judge
Carl B. Stokes United States Court House
801 West Superior Avenue
Cleveland, Ohio 44113-1838

    Re:    *Serin v. Northern Leasing*, S.D.N.Y. (No. 7:06-CV-01625)

Dear Judge Gwin:

    Defendants' letter-motion of October 19, 2010, Dkt. 115, is meritless.

    Defendants' letter is purportedly in furtherance of Your Honor's Order of October 11, 2010, which directed Plaintiffs to provide a "computation of damages" and supporting documents "<u>to the extent Plaintiffs failed to already provide</u>" these documents. Dkt. 112 (emphasis added). In fact, <u>all</u> of these documents were provided to Defendants together with Dr. Smith's expert report several weeks ago. Plaintiffs also made supplementary productions last week of, *inter alia*, documents demanded from Dr. Smith. Knowing that we are a small, two-person law firm with very limited resources, <u>Mr. Lillienstein then refused to accept service of supplementary productions by email</u>, presumably in a bid to overwhelm us with ministerial tasks. Accordingly, we arranged for Dr. Smith to send him paper copies of the supplementary production directly. Dr. Smith's office informed me that they did so on October 15, 2010, long before the October 18th deadline. Mr. Lillienstein does not claim that he has not received those documents..

    Thus, Mr. Lillienstein's assertion that Plaintiffs have not provided "basic discovery concerning Plaintiffs' damages" is demonstrably untrue. In fact, a copy of Dr. Smith's reports of July 2010 was even sent to Your Honor in furtherance of the conference of September 28, 2010, and is part of the Court records.

    Given these facts, it is difficult to fathom just what Mr. Lillienstein's grievance is. This problem is compounded by the fact that (a) he never followed the "meet and confer" requirement mandated by Rule 37, which requirement he has been routinely ignoring; and (b) he has failed to

Hon. James Gwin                                                                 October 20, 2010
*Serin v. Northern Leasing*, S.D.N.Y.(7:06-CV-01625)                                       Page 2

specify just what documents Plaintiffs have not provided.  We can only surmise that his grievance is that Plaintiffs have not <u>repeated</u> Dr. Smith's computation of damages formalistically in a separate document incorporating his report and called that document "Rule 26" disclosures.  But Mr. Lillienstein has cited neither precedent nor principle for insisting on such a meaningless ritual, and in any event, his claim of Plaintiffs' failure to indulge in this ritual being "highly prejudicial" to Defendants is, put bluntly, absurd.  Dr. Smith's report provides the computation of damages for each Plaintiff, and also the basis on which it was made.  The Federal Rules require nothing more.

      We note that Mr. Lillienstein had first raised this very issue in his letter of September 28, 2010 (dkt 100).  Your Honor addressed this by order of October 6, 2010 (dkt. 108), which did not require Plaintiffs to indulge in this meaningless ritual.  Mr. Lillienstein sought reconsideration of that order, and Your Honor directed Plaintiffs to produce the damage-related documents to the extent they had not already done so; once again, Your Honor did not direct Plaintiffs to indulge in Mr. Lillienstein's meaningless ritual.  This is Mr. Lillienstein's third successive motion on the same issue which was totally baseless to begin with.

      While on this, we note that Defendants have taken all of Plaintiffs' depositions, but have yet to produce a single Defendant for deposition; instead, Defendants have kept adjourning the depositions.  Ms. Krieger's deposition scheduled for last week, and Mr. Hahn's deposition scheduled for the day before yesterday, were adjourned, once again, at Defendants' instance.  Meanwhile, Defendants have not only revealed five hitherto unidentified managerial employees as trial witnesses without producing any documents concerning them, but have also sprung a last minute "expert report" barely three weeks before trial.

      The conclusion is irresistible that this is yet another frivolous motion in what appears to be Defendants' sustained attempt to overwhelm Plaintiffs' counsel with unwarranted work heading to trial. Whether to impose sanctions upon Defendants to stop this discovery misconduct, and if so, whether an award of attorneys' fees to Plaintiffs is appropriate, is upto Your Honor.

      On a personal note, I should also draw Your Honor's attention to the fact that, as intimated earlier, I have to be out of the country to attend my late father's death anniversary from October 20, 2010, to November 5, 2010.  I would request that should there be any filings before then which require a response, they be held in abeyance until November 10 so as to permit me an opportunity to respond.  Thank you for your attention.

                                                     Yours very truly,

                                                     Sd/-
                                                Krishnan S. Chittur, Esq.
                                                Attorney for Plaintiffs

cc:      Moses & Singer LLP (by ecf)