

THE CHRYSLER BUILDING
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800    Fax: 212.554.7700
www.mosessinger.com

Robert D. Lillienstein
Direct: 212.554.7807  Fax: 917-206-4307
rlillienstein@mosessinger.com

October 21, 2010

**VIA ECF**

Honorable James S. Gwin
United States District Court
Carl B. Stokes United States Court House
801 West Superior Avenue
Cleveland, Ohio 44113-1838

      Re:  *Melinda Serin, Judson Russ, Long Soui Lim, Peri Kettler, Gordon Redner, and Thomas J. Smith, v. Northern Leasing Systems, Inc., Jay Cohen, Rich Hahn, and Sara Krieger*
          Docket No. 06 CV 1625 (JSG)

Your Honor:

      I am writing this letter-motion in further support of Defendant's motion (dkt. #115) seeking an Order, pursuant to Fed.R.Civ.P. 37(b), precluding Plaintiffs from introducing any evidence in support of their damage claims in this case, due their failure to provide the disclosures required by Rule 26(a)(1)(A)(iii), despite this Court's Order directing them to do so by October 18, 2010 (dkt #112).

      In their opposition, Plaintiffs concede that:

- Rule 26(a)(1)(A)(iii) requires Plaintiffs to provide a calculation of damages together with the "documents or other evidentiary material on which such calculation is based":

- Plaintiffs did not provide the disclosure before they were ordered to do so by October 18, 2010;

- Plaintiffs have still not provided the required disclosure, despite having been ordered to do so by this Court no later than October 18, 2010.

      As their excuse for failing to provide the mandatory disclosures directed by this Court, Plaintiffs October 20th opposition (dkt #116) says that their expert's damage report serves as a substitute for the mandatory calculation of damages required by Rule 26, and that the documents that they first provided to us on September 28, 2010, serve as a substitute for the "documents or other evidentiary material on which such calculation is based".

**MOSES & SINGER LLP**

Hon. James S. Gwin
October 21, 2010
Page 2

      Plaintiffs' suggestion that their expert witness disclosure is a sufficient substitute for their Rule 26 disclosures is completely misplaced.[1] The documents that they provided on September 28 did not purport to be limited to documents on which their calculation of damages was based, as their cover letter attests. According to Plaintiffs' counsel, those documents included a "CD containing video testimony of Stan V. Smith"; a "CD containing documents Nos. 000307-000661"; and a "CD containing documents provided to Dr. Smith by Plaintiffs." While it may be that there are few pages within the thousands of pages that were produced on September 28th that could arguably bear on the calculation of damages, it would be pure guesswork for Defendants to determine which documents were intended by Plaintiffs to support their damage calculation. I submit that the vast majority of those documents have nothing whatsoever to do with damages at all, much less the calculation of damages. We will be happy to provide copies of those CDs to the Court for in camera inspection to confirm what I have just said.

      As an example, Plaintiffs have not produced one piece of paper which purports to quantify the "additional cost of mortgage" as claimed in the expert report regarding Plaintiff Thomas Smith.[2] Nor have they provided any document on which a calculation of the "loss of credit expectancy" could be based, despite claims made by several Plaintiffs for such damages.[3] Nor do any of the documents provided address the loss of business profits as claimed by Judson Russ.[4] Nor do any of those documents address in any manner a calculation of the alleged "reduction of the value of life", which is claimed by all of the Plaintiffs.[5] To suggest that Plaintiffs satisfied their Rule 26 obligation to provide the "documents or other evidentiary material on which [their] calculation [of damages] is based" by dumping an undifferentiated mass of documents on Defendants, most of which have absolutely no relation to the calculation of damages, is to make a mockery of the Rule.

      Nor do the expert reports provided by Plaintiffs clarify the situation. In each of those reports, Dr. Smith lists the documents that he reviewed (not the documents on which his calculations were based), including this unenlightening description: "numerous court documents and communications between [Plaintiff] and Northern Leasing." Presumably, Defendants are supposed to guess which of the thousands of pages that he was provided he reviewed.

      Discovery in the Federal Courts is not supposed to be a game. Throughout this case Plaintiffs have put Defendants to the task of complying to the letter with their voluminous

---

[1] Plaintiffs have not provided any expert damage report with respect to Plaintiff Peri Kettler. Nor have Plaintiffs' counsel produced Ms. Kettler for deposition, claiming that they are unable to locate her. Accordingly, Plaintiffs should be precluded from supporting any damages claims in favor of Ms. Kettler.

[2] In support of this claim, one would expect to see, at a minimum, one or more mortgage documents, and documents reflecting amounts expended on such mortgage. There are no such documents.

[3] In support of this claim, one would expect to see, at a minimum, the denial of credit to one or more of the plaintiffs. There is no such document.

[4] In support of this claim, one would expect to see, at a minimum, a financial statement, profit and loss statement or tax return from the business claiming the alleged loss. There is no such document.

[5] Defendants believe that this item of damages, which is akin to pain and suffering in a personal injury case, is not recoverable at all. That issue will be addressed in a subsequent motion.

MOSES & SINGER LLP

Hon. James S. Gwin
October 21, 2010
Page 3

discovery demands, forcing them to expend literally hundreds of thousands of dollars in discovery. Yet, Plaintiffs have failed to provide the basic mandatory disclosure of their damages that they were required to provide at the outset of this case. It is now just a few weeks before trial and Defendants <u>still</u> do not have know what documents Plaintiffs claim their calculation of damages is based. Plaintiffs should therefore be precluded from supporting their claims of damages in this case.[6]

                Respectfully submitted,

                /s/
                Robert D. Lillienstein

cc.  Chittur & Associates (via ECF)
    *Attorneys for Plaintiffs*

---

[6]  Plaintiffs statement that Defendants have not produced their witnesses for deposition is purposely misleading. Defendants have been made available for deposition on repeated occasions going back several months. Each time, it was the Plaintiffs who unilaterally adjourned the deposition. There was just one occasion this week, in which Defendants had to adjourn a deposition, due to illness. All other depositions of Defendants and their witnesses (up to Rule 26's ten deposition limit) have been scheduled consensually.
  On the other hand, other than the Plaintiffs themselves, Plaintiffs have thus far refused to produce any of their trial witnesses for deposition, forcing Defendants to serve subpoenas on them out of state. To make matters worse, although Plaintiffs have identified Steven Turner as a trial witness, they have refused to provide an address for Mr. Turner, making it impossible to serve him with a subpoena. Plaintiffs' disingenuous claims that Defendants are impeding them from taking depositions is like the pot calling the kettle black.

838476v1  011082.0121