

THE CHRYSLER BUILDING
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800    Fax: 212.554.7700
www.mosessinger.com

Robert D. Lillienstein
Direct: 212.554.7807  Fax: 917-206-4307
rlillienstein@mosessinger.com

October 21, 2010

**VIA ECF**

Honorable James S. Gwin
United States District Court
Carl B. Stokes United States Court House
801 West Superior Avenue
Cleveland, Ohio 44113-1838

      Re:  *Melinda Serin, Judson Russ, Long Soui Lim, Peri Kettler, Gordon Redner, and Thomas J. Smith, v. Northern Leasing Systems, Inc., Jay Cohen, Rich Hahn, and Sara Krieger*
          Docket No. 06 CV 1625 (JSG)

Your Honor:

      I am writing in opposition to Plaintiffs' motion (dkt. #117) seeking to preclude Defendants from introducing expert testimony from Dr. Christopher Erath, whose rebuttal testimony will be limited to addressing the shortcomings in the reports and testimony to be given by Plaintiffs' expert, Stan Smith.

      As described in detail in my letter of earlier today (dkt. #118), Plaintiffs have been playing games with their expert witness and damage disclosures, which has necessitated the delay in producing Defendants' expert witness report.  They did not serve the last of Dr. Smith's expert reports until August 12, 2010, although the Court directed them to so by August 5th[1], and they have still not provided an expert report or any calculation of damages for Plaintiff Peri Kettler.

      For six weeks after serving the last of their expert reports, Plaintiffs refused to produce any of the documents that the expert reviewed in preparing his reports.[2]  On September 28, 2010, during a status conference with the Court, the Court directed Plaintiffs to do so.  That afternoon, Plaintiffs produced to Defendants <u>for the first time</u> the documents that they had provided to Plaintiffs' expert, although as discussed further below, even at this late date, Plaintiffs have still not complied with their obligation to produce a calculation of damages and the "documents or other evidentiary material on which such calculation is based."  Rule 26(a)(1)(A)(iii).

      The documents that Plaintiffs provided on September 28 do not even purport to be the documents on which their calculation of damages was based.  Those documents consist of a "CD

---

[1]    The Court subsequently deemed these reports to be timely.
[2]    In contrast, I immediately provided Plaintiffs with all of the documents that were reviewed by Dr. Erath, as well as all the retainer agreement and correspondence between Defendants' counsel and Dr. Erath.

844656v1  011082.0121

**MOSES & SINGER LLP**

Hon. James S. Gwin
October 21, 2010
Page 2

containing video testimony of Stan V. Smith"; a "CD containing documents Nos. 000307-000661"; and a "CD containing documents provided to Dr. Smith by Plaintiffs."  While there may be few pages within the thousands of pages that were produced on September 28th that arguably bear on the calculation of damages, the vast majority of those documents have nothing whatsoever to do with damages at all, much less the calculation of damages.  We will be happy to provide copies of those CDs to the Court for in camera inspection to confirm what I have just said.

For example, Plaintiffs have not <u>still</u> produced one piece of paper which purports to quantify the "additional cost of mortgage" as claimed in the Plaintiffs' expert report regarding Plaintiff Thomas Smith.[3]  Nor have they provided any document on which a calculation of the "loss of credit expectancy" could be based, despite claims made by several Plaintiffs for such damages.[4]  Nor do any of the documents provided address the loss of business profits claimed by Judson Russ.[5]  Nor do any of those documents address in any manner a calculation of the alleged "reduction of the value of life", which is claimed by all of the Plaintiffs.[6]

The Court ordered Plaintiffs to provide these documents by October 18th.  (dkt #112).  It was our hope to provide these documents to our expert so that we could decide whether or not to identify him a rebuttal expert and, if so, he could incorporate his review of the documents into his report.  When October 18th came and went, we felt that we could no longer wait, and decided to identify Dr. Erath as a rebuttal expert witnsess and serve his report, which is submitted herewith as Exhibit A.

The delay in serving the Defendants' expert report was entirely the result of Plaintiffs' delays in providing the damage and expert witness disclosure.  Because Dr. Erath is being used solely as a rebuttal witness, to rebut the opinions of Stan Smith, there was no reason to have him waste time producing a report until after Plaintiffs had completed their expert witness disclosures, and the Rule 26 disclosures directed by this Court.   For these reasons, Dr. Erath's report should be accepted as timely, and the motion to preclude him from testifying should be denied in its entirety.

Respectfully submitted,

/s/

Robert D. Lillienstein

cc. Chittur & Associates (via ECF)

---

[3] In support of this claim, one would expect to see, at a minimum, one or more mortgage documents, and documents reflecting amounts expended on such mortgage.  There are no such documents.

[4] In support of this claim, one would expect to see, at a minimum, the denial of credit to one or more of the plaintiffs.  There is no such document.

[5] In support of this claim, one would expect to see, at a minimum, a financial statement, a profit and loss statement or a tax return from the business claiming the alleged loss.  There are no such documents.

[6] Defendants believe that this item of damages, which is akin to pain and suffering in a personal injury case, is not recoverable at all.  That issue will be addressed in a subsequent motion.

844656v2  011082.0121