# Chittur & Associates, P.C.

Attorneys & Counselors at law
286 Madison Avenue Suite 1100
New York, New York 10017
Tel: (212) 370-0447
Fax: (212) 370-0465
Web: www.chittur.com
Email: kchittur@chittur.com

October 25, 2010

Hon. James Gwin
United States District Judge
Carl B. Stokes United States Court House
801 West Superior Avenue
Cleveland, Ohio 44113-1838

Re: *Serin et al, v. Northern Leasing et al*, S.D.N.Y. - Docket No. 7:06-CV-01625

Dear Judge Gwin:

Defendants say nothing about their failure to list Dr. Erath in their trial witness list of October 5, 2010. Dkt. 119. They also do not deny that their attempt to introduce Dr. Erath and his report barely three weeks before trial is severely prejudicial to Plaintiffs.

Rather, Defendants' only explanation is that documents buttressing Plaintiffs' damage calculations have still "not been produced" by Plaintiffs. These documents, which they identify for the first time (after having filed three motions on this issue), are, according to them, documents concerning Plaintiff Smith's "additional cost of mortgage," all of the Plaintiffs' "loss of credit expectancy", Plaintiff Russ's loss of business profits, or all of Plaintiffs' reduction in value of life.

No such documents exist, and Plaintiffs cannot produce what does not exist. Plaintiffs have produced whatever was considered by Dr. Smith. The Federal Rules require nothing more.

At best, Defendants' grievance about the lack of these documents can go only to the issue of credibility - whether, for example, Smith's claim of additional cost of mortgage is credible without a credit denial letter or mortgage application. But it cannot be seriously disputed that that is an issue for the jury.

Hon. James Gwin  *Serin v. Northern Leasing*
October 25, 2010  Page 2

  It would thus appear that Defendants' baseless blame-throwing on Plaintiffs is simply a ruse to justify the last minute Erath report.  Indeed, if Defendants were <u>really waiting</u> for these damage calculation documents from Plaintiffs till October 18, 2010 to retain Dr. Erath, they don't explain why, all of a sudden, they changed their mind and produced this report even though, according to them, they <u>still</u> don't have these documents.

  Defendants' response only highlights who is "playing games".  For example, Defendants complain that Plaintiffs "did not serve the last of Dr. Smith's expert reports until August 12, 2010, although the Court directed them to so by August 5th," only to concede in a footnote that this Court subsequently "deemed these reports to be timely."  In fact, Plaintiffs had sought and obtained leave of Court for the short delay – in sharp contrast to Defendants' attempt to sandbag Plaintiffs with Dr. Erath and his highly belated report.  Plaintiffs' motion to preclude should be granted in its entirety.

             Yours truly,

             Sd/
             Krishnan S.  Chittur, Esq.

Cc: Moses & Singer, LLP (via ECF)