UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------
                           :

MELINDA SERIN, *et al.*,          :

                       :       CASE NO. 7:06-CV-1625

           Plaintiffs,   :

                       :

vs.                      :       OPINION & ORDER

                       :       [Resolving Doc. Nos. 115, 116, & 118]

NORTHERN LEASING      :

SYSTEMS, INC., *et al.*,     :

                       :

           Defendants.   :

                       :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

       The Defendants file a motion under Federal Rule of Civil Procedure 37(b)  requesting that

the Court preclude the Plaintiffs from introducing any evidence in support of their damages claim.

[Doc. 115.]  The Defendants say that the Plaintiffs have flaunted previous orders by this Court that

require production of disclosures related to damages under Rule 26(a)(1)(A)(iii).  [*Id.*]  The

Plaintiffs oppose the motion, saying that they complied with the requirements of Rule

26(a)(1)(A)(iii) by providing the expert report of Dr. Stan Smith, the Plaintiffs' damages expert, and

the documents that he used to form his opinions, arguably the same documents that Plaintiffs will

offer to support their damage claims.  [Doc. 116.]  The Defendants replied, arguing that this expert

report is not a valid substitute for the required calculation of damages.  [Doc. 118.]

       The Court notes that it has already ordered the Plaintiffs to provide a calculation of damages

for each Plaintiff in accordance with Rule 26(a)(1)(A)(iii).   In its order of October 11, 2010, the

Case No. 7:06-CV-1625
Gwin, J.

Court ordered the Plaintiffs to "provide a computation of damages claimed under Federal Rule of Civil Procedure 26(a)(1) . . . and the documents supporting those computations . . . by October 18, 2010" to the extent that they were not already produced.  [Doc. 115.]  In its response to the Defendants' motion, the Plaintiffs mischaracterize the Court's previous orders, saying that the Court declined to require them to provide a calculation of damages – as is required by Rule 26(a)(1) – since that requirement is a "meaningless formality."  [Doc. 116.]

Under Federal Rule of Civil Procedure 26(a)(1)(A)(iii), the Plaintiffs are required to timely provide "a computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered . . ."  Fed.R.Civ.P. 26(a)(1)(A)(iii).  "*In addition* to the disclosures required by Rule 26(a)(1)," the Plaintiffs are required to provide a written report for each expert witness, which must include "a complete statement of all opinions the witness will express and the basis and reasons for them . . . [and] the data or other information considered by the witness in forming them . . ."  Fed.R.Civ.P. 26(a)(2)(B)(i)-(vi) (emphasis added).  Although in this instance both of these disclosures are addressing the same subject matter, the disclosures are not necessarily identical and disclosure of one will not excuse non-disclosure of the other.  The disclosures required under the Federal Rules of Civil Procedure are not "meaningless rituals" – as the Plaintiffs glibly describe them in their reply brief – nor are the explicit orders of this Court.  [Doc. 116.]

The Court **ORDERS** the Plaintiffs to comply with Rule 26(a)(1)(A)(iii) and the Court's previous order and to make full disclosures of damages by **October 29, 2010**.  If such disclosures

Case No. 7:06-CV-1625
Gwin, J.

are not made, the Court will consider sanctions under Federal Rule of Civil Procedure 37, such as

the exclusion of testimony at trial on the issue of damages as Defendants currently request. *See ,*

*e.g.*, *Gould Paper Corp. v. Madisen Corp.*, 614 F. Supp. 2d 485, 489 (S.D.N.Y. 2009) (excluding

damages testimony for failure to timely disclose); *24/7 Records, Inc. v. Sony Music Entm't, Inc.*, 566

F. Supp. 2d 305 (S.D.N.Y. 2008) (same); *Design Strategies, Inc. v. Davis*, 367 F. Supp. 2d 630

(S.D.N.Y. 2005) (same).

IT IS SO ORDERED.


Dated: October 25, 2010                                          _____
                                                                 JAMES S. GWIN
                                                                 UNITED STATES DISTRICT JUDGE