UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
:
MELINDA SERIN, *et al.*,                         :
: CASE NO. 7:06-CV-1625
Plaintiffs,        :
:
vs.                                              : OPINION & ORDER
: [Resolving Doc. Nos. 111, 113, & 114]
NORTHERN LEASING                                 :
SYSTEMS, INC., *et al.*,                         :
:
Defendants.        :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

The Plaintiffs file a motion under Federal Rule of Civil Procedure 37 seeking an order barring the Defendants from presenting several witnesses at trial and seeking an adverse inference instruction. [Doc. 111.] The Defendants oppose the motion. [Doc. 113.] The Plaintiffs have replied. [Doc. 114.]

This particular dispute centers around a supplemental Rule 26 disclosure ("the supplemental disclosure") that the Defendants made on October 5, 2010. The supplemental disclosure identifies five of Defendant Northern Leasing's managerial employees as witnesses at the upcoming trial. [Doc. 111-1.] The Plaintiffs object to this disclosure as "highly objectionable" and "unfairly prejudicial" since these witnesses were disclosed at such a late date. [Doc. 111.] The Defendants argue that no prejudice will occur because depositions have been scheduled for all "but one" of the five witnesses. [Doc. 113.] The Defendants also point out that the Plaintiffs only recently disclosed

-1-

Case No. 1:06-CV-1625
Gwin, J.

a list of potential trial witnesses that were not previously identified, several of whom the Defendants allege the Plaintiffs were aware of some time ago. [Doc. 113.]

A district court has "wide discretion to impose sanctions, including severe sanctions, under Federal Rule of Civil Procedure 37." *Design Strategy, Inc. v. Davis*, 469 F.3d 284 (2d Cir. 2006). Under Federal Rule of Civil Procedure 26(e), a party must supplement their initial Rule 26(a) disclosures "in a timely manner if the party learns that in some material respect the [earlier] disclosure or response is incomplete." Fed.R.Civ.P. 26(e). Rule 37(c)(1) provides that "[i]f a party fails to provide information or identity a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1); *Haas v. Del. & Hudson Ry. Co.*, 282 F. App'x 84, 86 (2d Cir. 2008). In determining whether exclusion of a witness is an appropriate remedy, the Court should look to the factors set forth by the Second Circuit in *Patterson v. Balsamico*, 440 F.3d 104 (2d Cir. 2006). The Court must consider: "(1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the testimony of the precluded witnesses; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Id.* at 117. Additionally, "although a bad-faith violation of the Rule 26 is not required in order to exclude evidence pursuant to Rule 37, it can be taken into account as part of the party's explanation for its failure to comply." *Davis*, 469 F.3d at 296.

The witnesses identified by the Defendants in their supplemental disclosure are witnesses Hertzman, Taylor, Shahani, Schechter, and Derussey. [Doc. 111; Doc. 114.] According to the parties, none of these witnesses were previously identified in earlier disclosures. [Doc. 111; Doc.

Case No. 1:06-CV-1625
Gwin, J.

113.] All of these witnesses are or were employees of the Defendant Northern Leasing. [Doc. 111-1.]

As to the first *Patterson* factor – the party's explanation for the failure to disclose earlier – the Defendants offer no persuasive explanation. Indeed, as a response the Defendants simply accuse the Plaintiffs of similar misconduct. Since all of these witnesses are or were Northern Leasing employees, the Court can think of no reason why these witnesses were disclosed at such a late date. It is highly unlikely that the Defendants were unaware that they would call these employees as witnesses until now. On the second *Patterson* factor – the importance of the testimony of the precluded witnesses – neither party offers discussion and the Court is not able to make a determination.

The Court finds the third factor – the prejudice suffered by the opposing party – persuasive here. In their opposition, the Defendants state that depositions for all "but one" of these witnesses were scheduled for the week of October 25. [Doc. 113.] However, just two days before that statement, the Defendants sent a letter to the Plaintiffs demanding that at least four scheduled depositions (naming four of the witnesses listed above specifically) be removed from the schedule since the Plaintiffs would exceed the ten deposition limit. [Doc. 114-1.] The late disclosure and ensuing correspondence makes very clear that the Defendants were not simply careless in their disclosures, but were purposely trying to blind-side the Plaintiffs. By late disclosing witnesses, the Defendants were attempting to force the Plaintiffs to not only depose these witnesses at the last minute, but were also trying to force the Plaintiffs to seek Court leave to conduct additional depositions just days before trial. Further, by representing to the Court that "all but one of the depositions has been scheduled for the week of October 25," the Defendants were also trying to

Case No. 1:06-CV-1625
Gwin, J.

mislead the Court. [Doc. 113.] Although the Defendants statement is not technically untrue, it was obviously intended to mislead the Court into believing that the Plaintiffs' motion was frivolous and that no prejudice would occur should these witnesses be allowed to testify.

Finally, the Court looks to the fourth *Patterson* factor – the possibility of a continuance. This case was originally set for trial on September 20, 2010. The trial date was already continued to November 1, 2010 and then again to November 15, 2010 due to scheduling conflicts and delays in discovery. The Court will entertain no more requests for a continuance, particularly since the parties both have made a habit of delaying and impeding discovery.

After considering the *Patterson* factors, the Court **GRANTS** the Plaintiffs' motion to exclude witnesses Hertzman, Taylor, Shahani, Schechter, and Derussey. The Defendants give no description regarding what evidence the late-disclosed witnesses will provide. A description that the witnesses would provide limited testimony might have resulted in a different sanction where, as here, the witnesses will be subject to discovery. But having given no clue regarding how extensive or contested these witnesses's testimony will be, the Court assumes the Plaintiffs will have difficulty given the late disclosure. The Court also advises both parties that it will not tolerate any future misconduct, such as misleading the Court, and strongly warns the parties that it will not hesitate to impose severe sanctions.

IT IS SO ORDERED.

Dated: October 25, 2010

JAMES S. GWIN
UNITED STATES DISTRICT JUDGE