UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
                                                      :
MELINDA SERIN, *et al.*,                              :
                                                      :   CASE NO. 7:06-CV-1625
               Plaintiffs,                            :
                                                      :
vs.                                                   :   OPINION & ORDER
                                                      :   [Resolving Doc. Nos.117, 119, & 120]
NORTHERN LEASING                                      :
SYSTEMS, INC., *et al.*,                              :
                                                      :
               Defendants.                            :
                                                      :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

The Plaintiffs file motion under Federal Rule of Civil Procedure 37 seeking an order barring the Defendants from introducing expert witness Christopher Erath at trial. [Doc. 117.] The Plaintiffs say that the Defendants failed to timely disclose witness Erath and that this late disclosure was prejudicial. [*Id.*] The Defendants oppose the motion. [Doc. 119.] The Plaintiffs replied. [Doc. 120.] Trial in this case is set for November 15, 2010. [Doc. 102.]

The Defendants disclosed their expert witness, Christopher Erath, on October 19, 2010. [Doc. 117-1.] In this disclosure, the Defendants included an expert report, which indicated that Erath will be testifying as a rebuttal witness to the Plaintiffs' damages expert, Stan Smith. [*Id.*] The Plaintiffs object to this late disclosure, saying that it is "severely prejudicial" because they will not have time to analyze the report, issue additional subpoenas or discovery requests, or depose expert witness Erath. [Doc. 117.]

-1-

Case No. 7:06-CV-1625
Gwin, J.

The Defendants primarily justify their late disclosure by pointing out that the Plaintiffs failed to timely disclose damages under Federal Rule of Civil Procedure 26(a)(1)(A)(iii). The Defendants say that they delayed disclosing Erath until October 18 because they were hoping to incorporate these documents into his analysis and report. [Doc. 119.] The Defendants also justify the late disclosure on the grounds that the Plaintiffs did not fully disclose the documents that its damages expert Stan Smith relied upon in forming his conclusions until September 28. [*Id.*]

On June 3, the Court ordered the parties to identify experts for trial by June 9. [Doc. 67.] The Court also ordered the parties to exchange expert reports "as provided by Federal Rule of Civil Procedure 26(a)(2)(C)." [Doc. 67.] Under Rule 26(a)(2)(C), parties are required to disclose experts "intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B)[] within 30 days after the other party's disclosure." Fed.R.Civ.P. 26(a)(2)(C). The default thirty day requirement applies here, and the Defendants were required to disclose their rebuttal witness within thirty days of the Plaintiffs' mandatory disclosures related to witness Smith.

The Court agrees with the Defendants that the Plaintiffs failed to make proper disclosures related to damages under Rule 26(a)(1)(A)(iii); indeed, in a separate order the Court recently ordered the Plaintiffs to make these disclosures. [Doc. 121.] However, the Defendants attempt to use this late disclosure to justify the delay in disclosing their rebuttal expert witness is misplaced. Under the plain language of Rule 26, the timeliness of the disclosure of a rebuttal expert is measured based upon the date of the disclosure of the original expert witness. Fed.R.Civ.P. 26(a)(2)(C). Accordingly, in determining whether the Defendants disclosure is timely, the Court will not take the Plaintiffs' late production of damages reports under Rule 26(a)(1)(A)(iii) into account. Rather, most

Case No. 7:06-CV-1625
Gwin, J.

relevant in determining whether the Defendants' expert disclosure is timely is the date upon which the Plaintiffs produced materials related to expert Smith.

In an earlier discovery dispute, the parties argued whether the information and documents provided by the Plaintiffs to expert Smith were properly produced. [Doc. 100; Doc. 104.] In their briefing, the Plaintiffs represented to the Court that all "facts or data considered by the witness in forming [his opinion]" were disclosed in July and August, but also admitted that some of the documents provided to expert Smith were actually not disclosed until September 28. [Doc. 104.] As this Court has already noted, disclosure of these additional documents was required under Rule 26(a)(2)(B). *See, e.g.*, *Weil v. Long Island Sav. Bank FSB*, 206 F.R.D. 38, 39 (E.D.N.Y. 2001) ("Fed. R. Civ. P. 26(a)(2)(B) . . . mandates disclosure of all information considered by an expert in forming his or her opinion"). On October 6, the Court ordered that any documents provided to Smith that were not already disclosed be immediately produced. [Doc. 108.]

Since the Plaintiffs did not complete the document production required under Rule 26(a)(2)(B) until September 28 at the earliest, the Court finds that the Defendants' disclosure of rebuttal witness Erath on October 18 is timely. The Court agrees with the Plaintiffs that it will be difficult to complete full discovery related to Erath before trial; however, the Court points out that the Plaintiffs created this predicament by not making mandatory disclosures related to Smith until at least September 28. If desired by Plaintiffs, Defendant shall make rebuttal witness Erath available for deposition before November 5, 2010. Additional, the Court cautions that Erath may only give rebuttal testimony at trial.

Although the Defendants state that the documents turned over on September 28 are largely unrelated to damages, [Doc. 119], these documents were in fact disclosed to Smith – and presumably

Case No. 7:06-CV-1625
Gwin, J.

relevant in determining whether the Defendants' expert disclosure is timely is the date upon which the Plaintiffs produced materials related to expert Smith.

In an earlier discovery dispute, the parties argued whether the information and documents provided by the Plaintiffs to expert Smith were properly produced. [Doc. 100; Doc. 104.] In their briefing, the Plaintiffs represented to the Court that all "facts or data considered by the witness in forming [his opinion]" were disclosed in July and August, but also admitted that some of the documents provided to expert Smith were actually not disclosed until September 28. [Doc. 104.] As this Court has already noted, disclosure of these additional documents was required under Rule 26(a)(2)(B). *See, e.g.*, *Weil v. Long Island Sav. Bank FSB*, 206 F.R.D. 38, 39 (E.D.N.Y. 2001) ("Fed. R. Civ. P. 26(a)(2)(B) . . . mandates disclosure of all information considered by an expert in forming his or her opinion"). On October 6, the Court ordered that any documents provided to Smith that were not already disclosed be immediately produced. [Doc. 108.]

Since the Plaintiffs did not complete the document production required under Rule 26(a)(2)(B) until September 28 at the earliest, the Court finds that the Defendants' disclosure of rebuttal witness Erath on October 18 is timely. The Court agrees with the Plaintiffs that it will be difficult to complete full discovery related to Erath before trial; however, the Court points out that the Plaintiffs created this predicament by not making mandatory disclosures related to Smith until at least September 28. If desired by Plaintiffs, Defendant shall make rebuttal witness Erath available for deposition before November 5, 2010. Additional, the Court cautions that Erath may only give rebuttal testimony at trial.

Although the Defendants state that the documents turned over on September 28 are largely unrelated to damages, [Doc. 119], these documents were in fact disclosed to Smith – and presumably

Case No. 7:06-CV-1625
Gwin, J.

also used by him in making his conclusions – and the Defendants were entitled to production before designating a rebuttal expert. Accordingly, the Court **DENIES** the Plaintiffs' motion to preclude.

    IT IS SO ORDERED.


Dated: October 28, 2010

                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE