

MOSES & SINGER LLP

THE CHRYSLER BUILDING
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800    Fax: 212.554.7700
www.mosessinger.com

Robert D. Lillienstein
Direct: 212.554.7807  Fax: 917-206-4307
rlillienstein@mosessinger.com

November 1, 2010

**VIA ECF**

Honorable James S. Gwin
United States District Court
Carl B. Stokes United States Court House
801 West Superior Avenue
Cleveland, Ohio 44113-1838

> Re:  *Melinda Serin, Judson Russ, Long Soui Lim, Peri Kettler, Gordon
> Redner, and Thomas J. Smith, v. Northern Leasing Systems, Inc.,
> Jay Cohen, Rich Hahn, and Sara Krieger*
> Docket No. 06 CV 1625 (JSG)

Your Honor:

I am writing this letter-motion (dkt #111) to once again request an Order, pursuant to Fed.R.Civ.P. 37(b), precluding Plaintiffs from introducing any evidence in support of their damage claims in this case, due their failure to provide the disclosures required by Rule 26(a)(1)(A)(iii), despite <u>two</u> Orders by this Court directing them to do so (dkt #112 and 121). The Court's most recent Order, dated October 26, 2010, directed Plaintiffs to do so by October 29, 2010.

On the evening of October 29, 2010, Plaintiffs' counsel sent me a letter by email, attached hereto as Exhibit A, which presumably is their effort to comply with the Court's most recent directive.  That letter merely restates the damage totals provided in their experts' reports. No documents supporting those calculations were provided.  The only reference to documents supporting their damage calculation is the following: "CDs containing documents provided by Plaintiffs to Smith Economics Group were hand delivered to your offices on September 28, 2010."

It would appear that Plaintiffs are intentionally flouting the Orders of this Court.  I say this because Plaintiffs' October 29th letter nowhere references the Court's most recent Order, and ends with the following sentence, which appears to be an affront to the authority of the Court:  "This letter is not required by [sic] Federal Rules and [sic] provided to Defendants' counsel only as a courtesy."  Exh. A, p. 3.

In its most recent Order, the Court held:

> Under Federal Rule of Civil Procedure 26(a)(1)(A)(iii), the
> Plaintiffs are required to timely provide "a computation of each
> category of damages claimed by the disclosing party – who must

# MOSES & SINGER LLP

Hon. James S. Gwin
November 1, 2010
Page 2

> also make available for inspection and copying as under Rule 34
> the documents or other evidentiary material, unless privileged or
> protected from disclosure, on which each computation is based,
> including materials bearing on the nature and extent of injuries
> suffered . . ." Fed.R.Civ.P. 26(a)(1)(A)(iii). "In addition to the
> disclosures required by Rule 26(a)(1)," the Plaintiffs are required
> to provide a written report for each expert witness, which must
> include "a complete statement of all opinions the witness will
> express and the basis and reasons for them . . . [and] the data or
> other information considered by the witness in forming them . . ."
> Fed.R.Civ.P. 26(a)(2)(B)(i)-(vi) (emphasis added). Although in
> this instance both of these disclosures are addressing the same
> subject matter, the disclosures are not necessarily identical and
> disclosure of one will not excuse non-disclosure of the other. **The
> disclosures required under the Federal Rules of Civil
> Procedure are not "meaningless rituals" – as the Plaintiffs
> glibly describe them in their reply brief – nor are the explicit
> orders of this Court**. [Doc. 116.]  (Emphasis added).

> The Court ORDERS the Plaintiffs to comply with Rule
> 26(a)(1)(A)(iii) and the Court's previous order and to make full
> disclosures of damages by October 29, 2010.

Not only have Plaintiffs failed to comply with Fed.R.Civ.P. 26(a)(1)(A)(iii) and this Court's Orders, but they have not even made any attempt to do so.  Their response continues to treat their obligations as meaningless rituals, a position that this Court has emphatically rejected.

Plaintiffs' position that the CDs that they produced on September 28 satisfied their discovery obligation under Rule 26 was also explicitly rejected by this Court – for good reason. Plaintiffs' September 28th disclosure did not purport to be limited to documents on which their calculation of damages was based.  By separate letter that I am sending by Federal Express, I am providing the Court with a copy of the CDs that were produced by Plaintiffs on September 28th. Those documents include a "CD containing documents Nos. 000307-000661"; and a "CD containing documents provided to Dr. Smith by Plaintiffs."[1]  While it may be that there are few pages within the thousands of pages that were produced on September 28th that could arguably bear on the calculation of damages, it would be pure guesswork for Defendants to determine which documents were intended by Plaintiffs to support their damage calculation.  I submit that the vast majority of those documents have nothing whatsoever to do with damages at all, much less the calculation of damages.

As an example, Plaintiffs have not produced one piece of paper which purports to quantify the "additional cost of mortgage" as claimed in the expert report regarding Plaintiff

---

[1]     I am not including a copy of the "CD containing video testimony of Stan V. Smith" because it does not contain any documents that were provided to Dr. Smith by Plaintiffs.

# MOSES & SINGER LLP

Hon. James S. Gwin
November 1, 2010
Page 3

Thomas Smith.[2]  Nor have they provided any document on which a calculation of the "loss of credit expectancy" could be based.  Nor do any of the documents provided address the loss of business profits claimed by Judson Russ.[3]  Nor do any of those documents address in any manner a calculation of the alleged "reduction of the value of life", which is claimed by all of the Plaintiffs.[4]  To suggest that Plaintiffs satisfied their obligation to provide the "documents or other evidentiary material on which [their] calculation [of damages] is based" (Fed.R.Civ.P. 26(a)(1)(A)(iii)) by dumping an undifferentiated mass of documents on Defendants, most of which have absolutely no relation to the calculation of damages, is to continue to treat the Rule and this Court's Orders as "meaningless rituals."  (dkt #121).

Plaintiffs' failure to provide the documents supporting their damage calculations is both inexcusable and highly prejudicial, given the fact that the trial of this matter is just two weeks away.  *Daubert* motions are due in two days, and the pretrial order and jury instructions are due on November 8, 2010.  Moreover, because Plaintiffs did not provide a calculation of their damages until long after Plaintiffs' depositions were completed, Defendants did not know that they were claiming damages in the form of reduction in value of life and loss of credit expectancy, and did not ask questions addressing those claims.  All of this prejudice would have been avoided if Plaintiffs had provided a timely calculation of damages, as well as documents supporting that calculation, to Defendants.

For these reasons, we respectfully request that the Court now issue an Order excluding all testimony at trial on the issue of damages, in accordance with Federal Rule of Civil Procedure 37, as the Court indicated it might do if Plaintiffs failed to comply with its Order.   (dkt # 121, at p. 3, *citing Gould Paper Corp. v. Madisen Corp.*, 614 F. Supp. 2d 485, 489 (S.D.N.Y. 2009) (excluding damages testimony for failure to timely disclose); *24/7 Records, Inc. v. Sony Music Entm't, Inc.*, 566 F. Supp. 2d 305 (S.D.N.Y. 2008) (same); *Design Strategies, Inc. v. Davis*, 367 F. Supp. 2d 630 (S.D.N.Y. 2005) (same).

Respectfully submitted,

/s/

Robert D. Lillienstein

cc.    Chittur & Associates (via ECF)

---

[2]       In support of this claim, one would expect to see, at a minimum, one or more mortgage documents, and documents reflecting amounts expended on such mortgage.  There are no such documents.

[3]       In support of this claim, one would expect to see, at a minimum, a financial statement, profit and loss statement or tax return from the business claiming the alleged loss.  No such document has been provided to Defendant, although Plaintiffs' expert testified at deposition on October 29, 2010 that at least one such tax return was provided to him.

[4]       Defendants believe that this item of damages, which is akin to pain and suffering in a personal injury case, is not recoverable at all.  That issue will be addressed in a subsequent motion.