Howard S. Finkelstein, P.C. (NY)
Andrew G. Finkelstein, P.C. (NY & NJ)
George M. Levy (NY)
Kenneth L. Oliver, P.C. (NY)
Duncan W. Clark (NY)
Ronald Rosenkranz (NY)
Robert J. Camera (NY & NJ)
Joseph P. Rones (NY)
Steven Lim (NY)
George A. Kohl, II (NY & MA)
Eleanor L. Polimeni (NY)
Steven H. Cohen (NY)
Francis Navarra (NY)
Andrew J. Genna, LLM (NY & PA)
Thomas C. Yatto (NY)
Elyssa M. Fried-DeRosa (NY)
Mary Ellen Wright, R.N. (NY)
Kenneth B. Fromson (NY, NJ & PA)
Nancy Y. Morgan (NY, NJ & PA)
Andrew L. Spitz (NY)

James W. Shuttleworth, III (NY)
Lawrence D. Lissauer (NY)
David E. Gross (NY & NJ) *
Julio E. Urrutia (NY)
Victoria Lieb Lightcap (NY & MA)
Ann R. Johnson (NY & CT)

Debra J. Reisenman (NY)
John F. Dowd (NY & CT)
Michael T. McGarry (NY)

Marshall P. Richer (NY)
Thomas J. Pronti (NY)
Kara L. Campbell (NY & CT)
Silvia Fermanian (NY)
Edward M. Steves (NY)
Marie M. DuSault (NY)
Melody A. Gregory (NY & CT)
Gail Schlanger (NY)
Elizabeth A. Wolff (NY & MA)
Keith L. Altman (CA)
Michael M. Emminger (NY)

*Of Counsel*

Michael Feldman (NY & NJ)
Michael Finkelstein (NY)
Cynthia M. Maurer (NY & NJ)
Raye D. Futerfas (NJ)
Kenneth Cohen (NJ)
Linda Armatti-Epstein (NY)
David Akerib (NY)
Mark B. Hudoba (NY)
Kenneth G. Bartlett (CT & NJ)
Gustavo W. Alzugaray (NY)

Frances M. Bova, R.N. (NY & NJ)
Sharon A. Scanlan (NY & CT)
Robert E. Borrero (NY)
Marc S. Becker (NY)
Ari Kresch (NY & MI)
Jeffrey A. Brown, M.D., M.P.H. (NY, NJ & FL) *
Dennis G. Ellis (NY)
Gail Koff, P.C. (NY)
Joel Bossom (NY)
Michael O. Gittelsohn (NY)
Antonio S. Grillo (NY & NJ)
Glenn W. Kelleher (NY)
Cristina L. Dulay (NY)

Stephanie O'Connor, R.N. (NY & NJ) *
Shareef Rabaa (NY & OH) *

**\* The Neurolaw Trial Group**

November 2, 2010

**VIA ECF**

Honorable James S. Gwin
United States District Court
Carl B. Stokes United States Court House
801 West Superior Avenue
Cleveland, Ohio 44113-1838

      Re: *Melinda Serin, Judson Russ, Long Soui Lim, Peri Kettler, Gordon Redner, and Thomas J. Smith, v. Northern Leasing Systems, Inc., Jay Cohen, Rich Hahn, and Sara Krieger*
      Docket No. 06 CV 1625 (JSG)

Your Honor:

    Defendants' "second motion to preclude," (dkt #127), is yet another baseless and unwarranted imposition on Court and counsel. Defendants' grievance appears to be that Plaintiffs have not produced certain documents which, if existent, might support damage calculations. But no such documents exist, as Plaintiffs have repeatedly stated, and Defendants provide no basis for claiming otherwise.

    It is important to emphasize at the outset that on no less than three occasions after Your Honor's Order (dkt #121), I tried to engage Mr. Lillienstein in the "meet and confer" mandated by Rule 37. My last e-mail to Mr. Lillienstein apart from requests in person of Defendants was:

> As part of the meet and confer process I would expect that you would tell me what it is that you think you are missing. For example, Dr. Smith's reports clearly show how the damages he opines upon are calculated. Yet you claim that we have not provided such calculations. So I am not sure what it is that you want beyond that. Would you please explain what it is with respect to damage calculations that you think you do not have?
>
>     Will you confirm that what I have offered below in my previous email is acceptable? I am not going to play a game of guessing what you want and then having you say that I didn't give you what you wanted. Frankly, I believe that Plaintiffs have provided everything required under the rules. I am trying to resolve the issue and you are not helping by telling me to figure it out for myself.

Newburgh • Albany • Binghamton • Kingston • Middletown • New Windsor • Newark • Port Jervis • Poughkeepsie • Spring Valley • Syracuse • Troy

1279 ROUTE 300, P.O. BOX 1111
NEWBURGH, NY 12551
Phone: (845) 562-0203   Fax: (845) 562-3492   www.lawampm.com
101 WHITNEY AVENUE
NEW HAVEN, CT 06510

"Ex. 1," Email of October 27, 2010. This was written in response to Mr. Lillienstein response to my request to confer on the issue:

> Regarding the Rule 26 damage calculation and supporting documents, I can't tell you what to do. What we are looking for is what the Rule requires and what the Court ordered. You represent the Plaintiffs, not us. *Id.*

Given such obdurate refusal, the conclusion is irresistible that Defendants' concern was not any alleged "prejudice" or obtaining any hitherto undisclosed discovery, but simply in orchestrating a situation to prejudice the Court and saddle Plaintiffs with more unwarranted motion practice. Tellingly, Mr. Lillienstein does not - and cannot - even claim to have conferred in "good faith" with Plaintiffs' counsel.

"Motions to compel and motions for sanctions under Rule 37 must be accompanied by a certification that the movant 'has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.'" *R.F.M.A.S., Inc. v. So*, 2010 WL 3322639 (S.D.N.Y. Aug. 11, 2010) (citing Fed.R.Civ.P. 37(a)(1); Fed.R.Civ.P. 37(d)(1)(B)).

To achieve this end, the meet-and-confer obligation requires that the parties meet, in person or by telephone, and make a genuine effort to resolve the dispute by determining ... what the requesting party is actually seeking; what the discovering party is reasonably capable of producing that is responsive to the request; and what specific genuine issues, if any, cannot be resolved without judicial intervention.

*AIU Ins. Co. v. TIG Ins. Co.*, 2008 WL 4067437 (S.D.N.Y. Aug. 28, 2008). Absent such a "live exchange of ideas and opinions," the Rule 37 motion should be denied summarily. *See, e.g., Ali v. Khan*, 2008 WL 5234054 (E.D.N.Y. Dec. 12, 2008) (Ms. Borne has failed to demonstrate that she attempted to confer in good faith with plaintiffs' counsel prior to bringing her application, as required by Rule 37(A)(1)"); *Prescient Partners, L.P. v. Fieldcrest Cannon, Inc.*, 1998 WL 67672 (S.D.N.Y. Feb. 18, 1998).

Here, not only has Mr. Lillienstein failed to "meet and confer" as required, he went further. Even when Plaintiffs took the initiative to cut short unwarranted waste of time by seeking to discuss the alleged issue, Mr. Lillienstein rebuffed that initiative summarily.

In any event, Plaintiffs have complied with Rule 26(a)(1)(A)(iii) as well as the previous orders of this court. First, Defendants have been in possession of Plaintiffs' damages and associated calculations since Dr. Smith's reports - which dealt exclusively with damages - were produced in July and August. Second, all materials provided to Dr. Smith have been provided twice over, by Plaintiffs as well as by Dr. Smith, and indeed, Defendants have even conducted Dr. Smith's deposition where they could question him on the alleged documentation or lack thereof to their heart's content.[1] Lastly, Defendants speculate as to the existence of materials that have not been provided, but Defendants provide no evidence that such documents exist.

Defendants' suggestion that Plaintiffs have not provided their damages and calculations of the damages is absurd given the contents of Dr. Stan Smith's expert reports. At the Court's request, these reports were submitted in hard copy several weeks ago, and in electronic format on Friday, October 29, 2010. Even a cursory review of the reports shows Plaintiff's damages as

---

[1] Defendants state that Dr. Smith had a tax return of Mr. Russ which had not been produced earlier. Dr. Smith testified that he did not review or consider that return in forming his opinions; thus, Defendants can claim no prejudice whatsoever. In any event, that return was copied and provided to Defendant promptly, immediately upon discovery of the inadvertent omission.

well as how Dr. Smith arrived at those damages. Dr. Smith's opinions are the calculation of Plaintiffs' damages. During Dr. Smith's deposition on Friday, October 29th, Defendants questioned Dr. Smith about the foundation of his damages calculations and what formed the basis of those calculations. Defendants simply don't like Dr. Smith's methodology and the materials in which he forms the basis of his opinions, but that is ultimately up to the jury.

Nevertheless, Mr. Lillienstein blithely asserts that Plaintiffs have not produced documents quantifying "additional cost of mortgage", "loss of credit expectancy", loss of business profits, and reduction in value of life. Dkt. 127 at 3. No such documents exist, as Plaintiffs have stated earlier. Dr. Smith found the documents given to him to be sufficient basis for his report, and Defendants could - and did - question him on that. Mr. Lillienstein's assertion that Plaintiffs "dumped" an "undifferentiated mass" of documents, *id*., is incomprehensible: that is the same "mass" that was given to Dr. Smith. We leave aside for now Defendants' own dumping of an "undifferentiated mass" of over 700,000 documents in emails.

Any claims of prejudice by Defendants' fail for several reasons. Defendants had all documents relied upon by Dr. Smith long before his deposition. These documents were nothing more than documents produced by parties in this action. Plaintiffs had provided Dr. Smith's reports more than two months ago which set forth the exact calculations for damages. Defendants' rebuttal expert renders opinions on the adequacy of Dr. Smith's foundation for his calculations. If Defendant wants to cross examine Dr. Smith on what he relies upon and does not rely upon, there is no reason that they can not do so.

Defendants request the Court to effectively sanction Plaintiffs for not providing documents that do not exist. As to Mr. Strutinskiy's letter of October 29th, Plaintiffs had already provided the materials forming the basis of the letter to Defendants though Dr. Smith's reports. That Mr. Strutinskiy did not refer to Your Honor's order does not detract from the fact that it was in compliance with that order.[2] Defendants' assertion that the information underlying calculation of damages had not been provided suggested to Plaintiffs that Defendants needed assistance in reviewing the Smith reports- assistance that should have been provided by Defendants' retained expert Dr. Erath.

In sum, Rule 26 requires that Plaintiffs provide a "computation of each category of damages claimed" and "make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26. Plaintiffs have fully complied with this, and Defendants do not and cannot point to any responsive documents which exist but have not been produced. Mr. Lillienstein's steadfast refusal to even state just what was missing, apart from being a violation of Rule 37, only highlights this. Defendants' instant motion is once again, baseless and should be denied in its entirety. Whether to impose sanctions on Defendants is up to Your Honor.

Respectfully submitted,
/s/
Keith Altman, Esq.

cc:     Moses & Singer (via ECF)

---

[2] So also, Mr. Strutinskiy's reference to "courtesy" was far from an "affront" to the Court, as Mr. Lillienstein's hyperbole would have it; the very fact that the information was provided in compliance with the Court order negates even the possibility of such inference.