UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
:
MELINDA SERIN, *et al.*          :
                                 :   CASE NO. 7:06-CV-1625
            Plaintiffs,          :
                                 :
vs.                              :   OPINION & ORDER
                                 :
NORTHERN LEASING                 :
SYSTEMS, INC., *et al.*,         :
                                 :
            Defendants.          :
                                 :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this RICO case, the parties file notice of a dispute regarding the terms of their settlement agreement. Per mutual request of the parties, filings related to this dispute have not been made on the docket to keep the terms of the settlement confidential.

This case was scheduled for trial before the Court on November 15, 2010. [Doc. 102.] On November 11, 2010, the parties informed the Court that they had reached a settlement. On November 15, 2010, the Court conducted a settlement hearing with the parties in open court, during which the parties provided the Court a signed letter memorializing the terms of the agreement. [Doc. 138.] The letter agreement states that an actual settlement agreement will later be drafted, which will contain the terms of the letter agreement, and that any disputes regarding the drafting of the settlement agreement will be resolved by the Court. [*Id.*] At the settlement hearing, the parties both stated that they were in agreement regarding the terms of the settlement, and that the letter

-1-

Case No. 7:06-CV-1625
Gwin, J.

agreement submitted to the Court was an accurate description of those terms. [*Id.*] No objections to this settlement agreement were placed on the record by either party. [*Id.*] At the settlement hearing, the Court retained jurisdiction over this case to resolve disputes related to the settlement.

On November 22, 2010, the Plaintiffs filed a letter with the Court, seeking the Court's intervention regarding a disagreement related to the drafting of the final settlement agreement. The disagreement now before the Court centers on the section of the settlement agreement discussing the the payment of attorneys' fees. As part of the settlement, the parties agreed that Plaintiffs' attorneys were entitled to an award of attorneys' fees and that an application would be made to the Court for a reasonable award. In their letter to the Court, the Plaintiffs accuse the Defendants of materially altering the terms of that section of the agreement. Specifically, the Plaintiffs say that during the settlement negotiations that the parties agreed the Defendants, as a collective group, would not challenge the Plaintiffs' right to attorneys' fees and that the Defendants, as a group, would be jointly and severally liable for the payment of those fees. The Plaintiffs object to the proposed settlement agreement sent by the Defendants on November 12, which states that Northern Leasing – but not the individual defendants – will not challenge the right to collect attorneys' fees and that Northern Leasing – but not the individual defendants – will be liable for payment of such fees.

The Defendants dispute the contention that they surreptitiously altered the terms of the settlement, saying that the letter agreement between the parties specifically stated that Northern Leasing would not dispute the right to attorneys' fees and that Northern Leasing individually would be liable for payment of such fees. In support of their argument, the Defendants give as evidence the letter agreement signed by the parties and presented to the Court during the settlement hearing. The Defendants also note that at the settlement hearing the Plaintiffs stated that they agreed with the

Case No. 7:06-CV-1625
Gwin, J.

terms contained in the letter agreement.

Where a party has entered into an oral agreement to settle, the party cannot avoid the settlement by refusing to sign the papers that would memorialize the terms of the agreement that were reported to the court. Even if parties to an oral settlement agreement contemplate memorializing that agreement in a formal written document that is intended to be subsequently executed, they will still be bound by the oral agreement. *See V'Soske v. Barwick*, 404 F.2d 495, 499 (2d Cir. 1968); *Acot v. New York Med. Coll.*, 99 F. App'x 317, 317-18 (2d Cir. 2004). "An agreement to end a lawsuit is construed according to contract principles." *United States v. Sforza*, 326 F.3d 107, 115 (2d Cir. 2003); *see also Bank of New York v. Amoco Oil Co.*, 35 F.3d 643, 661 (2d Cir. 1994) (under New York law, a settlement agreement is a contract subject to the ordinary rules of contract interpretation and enforcement). A determination of whether there was a meeting of the minds is an issue to be determined by examining the totality of the circumstances. *Sforza*, 326 F.3d at 115 (citing *Ciaramella v. Reader's Digest Ass'n*, 131 F.3d 320, 322 (2d Cir. 1997)).

After reviewing evidence submitted by the parties, the Court finds that the that the Plaintiffs' contentions fail. In several places the signed letter agreement refers to the Defendants as a collective group – using the term "Defendants." However, in the section of the letter agreement discussing attorneys' fees, the letter refers to Northern Leasing individually – using the term "Northern." Thus, the letter agreement distinguishes between provisions of the settlement agreement applying to the Defendants generally and those applying to Northern Leasing individually.

Further, the Court finds that the Plaintiffs agreed to the terms set forth in the letter agreement. First, the Plaintiffs signed the letter agreement, which conspicuously states that the final settlement agreement would contain the same terms. The parties submitted this letter agreement to

Case No. 7:06-CV-1625
Gwin, J.

the Court as a record of the terms of their settlement. This belies any argument that the Plaintiffs make that the letter agreement was not intended to be repeated – potentially verbatim – in the final settlement agreement. Further, the Plaintiffs' attorneys stated in open court that this letter accurately reflected the terms of their agreement and voiced no objections to it. [Doc. 138.][1/] There is more than sufficient evidence that the parties reached a meeting of the minds, and the Court finds that Plaintiffs should therefore be bound by the terms of the letter agreement. The Court rejects the Plaintiffs' current contentions and orders that the parties execute a final settlement agreement that is fully consistent with the terms of the letter agreement agreed upon in open court. The Court also denies the Plaintiffs' request to require that the Defendants submit bond to cover the cost of attorneys' fees. The Plaintiffs submit no evidence indicating that Northern Leasing is incapable or

---

[1/] The Court: And I'll just ask Mr. Chittur if this exhibit [the letter agreement] accurately reflects the terms that you've agreed upon in settlement of this case.

Mr. Chittur: Yes, Judge, we agreed upon these terms in principle. Subsequently we received formal documents from defense counsel, Friday, and we had some revisions that we sent back to them, and we haven't heard back from them on the revisions, the formal documents.

The Court: I'm sorry, these would be additional terms?

Mr. Chittur: No, formalizing the whole thing, in terms of the releases and things like that.

The Court: OK. And then, Mr. Skoff, does Court's Exhibit 1 [the letter agreement] accurately reflect the settlement that's been reached?

Mr. Skoff: Yes, your Honor, it does. And in terms of the additional documents, we agreed to Court's Exhibit 1, no additional terms, to the extent this calls for general releases on the Blumberg form that's in common use. Of course those will be executed but, yes, Court's Exhibit 1 reflects the parties' settlement.

The Court: Then I'll mark this case as settled and dismissed, and I'll retain jurisdiction to endeavor to enforce the terms of the settlement.

[Doc. 138.]

The Plaintiffs now submit evidence indicating that one of the revisions submitted to the Defendants prior to the settlement hearing substituted the term "Defendants" for "Northern" in the attorneys' fees section. However, this is a material change affecting the legal rights of the other Defendants. As such, Plaintiffs' counsel cannot fairly claim that this revision was included in his statement that he had made some revisions "formalizing the whole thing, in terms of releases and things like that."

Case No. 7:06-CV-1625
Gwin, J.

unwilling to meet their potential obligations under the settlement.

    IT IS SO ORDERED.


Dated: December 10, 2010             _____
                                                     JAMES S. GWIN
                                                     UNITED STATES DISTRICT JUDGE