UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------

MELINDA SERIN, *et al.*

            Plaintiffs,

vs.

NORTHERN LEASING
SYSTEMS, INC., *et al.*,

           Defendant.

-------------------------------------------------------

CASE NO. 7:06-CV-01625

OPINION & ORDER

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

The parties in this RICO case file notice of another dispute regarding the terms of their settlement agreement. Per mutual request of the parties, filings related to this dispute have not been made on the docket to keep the terms of the settlement confidential.

On December 10, the Court ordered the parties to "execute a final settlement agreement that is fully consistent with the terms of the letter agreement agreed upon in open court." [Doc. 139.] On January 13, 2011, Plaintiffs filed a letter with the Court, stating that they signed and executed a copy of the mutually agreed upon settlement agreement, but had not received payment from the Defendants. The Plaintiffs requested a Court order requiring prompt payment by the Defendants.

On January 14, 2011, the Defendants replied to the Court by letter, disputing the contentions of the Plaintiff. The Defendants say that the version of the settlement agreement signed by the Plaintiffs was the "November 21st" version, which was no longer the most current and that this

-1-

Case No. 7:06-CV-01625
Gwin, J.

version of the settlement was not mutually agreed upon. The Defendants submitted a proposed version to the Plaintiffs more recently, which contained only minor changes from the "November 21st" version. Most significantly, in an attempt to comply with the letter of the Court's December 10th order, the updated version of the settlement now included a space for all Plaintiffs to sign the settlement, rather than just Plaintiffs' attorneys. Otherwise, this version of the settlement agreement is largely the same as the "November 21st" version. Defendants say that Plaintiffs' counsel sent the signed version of the "November 21st" agreement to the Defendants with knowledge that it was not mutually agreed upon and that Plaintiffs' contentions are baseless.

On January 17, 2011, the Plaintiffs filed a reply, which recounted the entire drafting process of the settlement and also accused the Defendants of delaying payment as a means of defrauding the Plaintiffs. In this letter, the Plaintiffs also requested that the Defendants be required to post bond in an amount sufficient to cover the entire amount of the settlement, plus all requested attorney's fees. On January 24, 2011, the Defendants submitted a reply, which argued that the signature of all Plaintiffs was required on the settlement. Attached to this letter is a copy of a version of the settlement agreement that Defense counsel says was sent to Plaintiffs' counsel, but that was rejected out of hand by Plaintiffs as not complying with the November 10th letter agreement. Finally, on January 26, 2011, Plaintiffs submitted a final letter to the Court, in which Plaintiffs again accuse the Defendants of stalling payment in an attempt to defraud. In this letter, Plaintiffs also represent to the Court that on January 17, 2011 they submitted a version of the "November 21st" settlement agreement to the Defendants, this time with a space for the individual Plaintiffs to sign the agreement, but that this version was rejected by Defendants.

Frankly, the Court finds this dispute difficult to understand and slightly ridiculous. The

-3-

Case No. 7:06-CV-01625
Gwin, J.

settlement could easily have been completed weeks ago if the parties were not purposely delaying the drafting process by squabbling over every petty issue. The parties both propose versions of the finalized settlement agreement that are largely consistent with each other and that differ from each other only in very minor ways. The Court finds that both the "November 21st" version of the proposed settlement and the "January 24th" version of the proposed settlement are entirely consistent with the terms of the letter agreement and the Court's December 10 order. The Court declines to choose which version of the settlement agreement will govern and instead leaves that decision to the parties. The Court will however, in the interest of bringing this case to a timely conclusion, **ORDER** the parties to completely finalize and sign the settlement and releases by February 7, 2011. No extensions on this deadline will be granted. Additionally, the Court **ORDERS** the Defendants to immediately make payment of the $295,000 settlement to Plaintiffs.

    IT IS SO ORDERED.

Dated: January 27, 2011

                                                                JAMES S. GWIN
                                                                 UNITED STATES DISTRICT JUDGE