CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK : PART 32/68
-----------------------------------------------------------------------x
NORTHERN LEASING SYSTEMS, INC.,

                              Plaintiff,

-against-

JUDSON RUSS, a/k/a JUDSON W. RUSS,

                              Defendant.
-----------------------------------------------------------------------x

Index Nos. 47733CVN2003,
47737CVN2003, 47754CVN2003,
047755CVN03

**DECISION & ORDER**

BARBARA JAFFE, J.:

| For plaintiff: | For defendant: |
|---|---|
| Barry A. Cozier, Esq. | Krishnan S. Chittur, Esq. |
| Epstein Becker & Green, PC | Andrey Strutinskiy, Esq. |
| 250 Park Avenue | Chittur & Associates, PC |
| New York, NY 10177-1211 | 60 East 42nd Street Suite 1501 |
| 212-351-4500 | New York, NY 10165 |
| Joseph I. Sussman, PC | 212-370-0447 |
| 132 West 31st Street Suite 1320 | Mahendra Ramgopal, Esq. |
| New York, NY 10001 | 55 Tiemann Place Suite 57 |
| 212-457-8590 | New York, NY 10027 |
| | 212-283-4944 |

In a decision and order dated September 7, 2006, I ordered a hearing to be held on October 5, 2006 on defendant's motion pursuant to CPLR 327 for an order dismissing the consolidated actions against him on the ground of forum non conveniens. The issue to be resolved at the hearing was whether defendant's signatures on four equipment finance leases were forged, thereby requiring the setting aside of the forum selection clauses contained therein. I held in abeyance plaintiff's motion for an order granting it summary judgment on the leases allegedly executed by defendant and personally guaranteed by him.

Prior to October 5, 2006, the date originally set for the hearing, defendant moved before the Appellate Term, First Department, for an order staying trial pending the determination of the

appeal of my September 7 decision and order. In light of the pendency of the stay application, the hearing was adjourned on October 5 to November 9, 2006. By order dated October 17, 2006, the Appellate Term denied defendant's stay application. (2006 NY Slip Op 77693).

Defendant was the sole witness at the hearing as the parties agreed that there was no need to hear from plaintiff's witness who was called only to establish a foundation for the admission in evidence of the documents submitted on plaintiff's motion for summary judgment.

Defendant testified that he never signed the four leases and that on March 26, 2001, the date on which they were signed, he was in Odessa, Ukraine. He also denied that he authorized the signing of his name on the leases or on a fax dated March 30, 2001. Admitted in evidence as signature exemplars were a credit card receipt dated February 2001 and a forgery affidavit executed by defendant. (Def. Exh. 4; Pl. Exh. 1). Plaintiff also offered in evidence a check allegedly signed by defendant which he does not admit to having signed. (Pl. Exh. Q). Defendant testified that he disputed the rental charges as soon as they appeared on his bank statements, that upon his return from the Ukraine, he discovered the equipment he allegedly leased in boxes stored out of plain view, and that the equipment was never used.

By statute, parties to a contract who have agreed that New York state law governs their rights and duties under the contract are not entitled to the dismissal of an action arising from the contract on the ground of inconvenient forum. (CPLR 327[b]). By decisional law, a forum selection clause is deemed *prima facie* valid and in order to set one aside, the party seeking to invalidate it "must show that enforcement would be unreasonable and unjust or that the clause is invalid because of fraud or overreaching, such that a trial in the contractual forum would be so gravely difficult and inconvenient that the challenging party would, for all practical purposes, be

deprived of his or her day in court." (*British West Indies Guar. Trust Co., Ltd. v. Banque Internationale a Luxembourg*, 172 AD2d 234 [1st Dept 1991], citing *M/S Bremen v Zapata Off-Shore Co.*, 407 US 1 [1972]). Moreover, "absent a strong showing that it should be set aside, [a forum selection clause] will be upheld." (*Bell Constructors, Inc. v Evergreen Caissons, Inc.*, 236 AD2d 859, 860 [4th Dept 1997]). The burden of proof is a "heavy" one and in order to overcome the clause's presumption of validity, the party seeking to avoid its enforcement must make a "strong showing," with the opposing party being entitled to have all of the relevant facts viewed in the light most favorable to it. (*New Moon Shipping Co., Ltd. v Man B & W Diesel AG*, 121 F3d 24, 29 [2d Cir 1997]; *cf.* Lawrence W. Newman and David Zaslowsky, "Not So Fast With That Forum Selection Clause," NYLJ, Nov. 30, 2006, at 3 [addressing recent national trend in invalidating forum selection clauses in franchise agreements]).

Here, defendant credibly testified that he never signed any of the leases or the March 30 fax, that he was in the Ukraine at the time they were signed, and that he was not even aware of the equipment allegedly leased by him, and his acknowledged handwriting exemplars support his unimpeached testimony. Consequently, as defendant has offered substantially more than "a bald assertion of forgery" (*Banco Popular N. Am. v Victory Taxi Mgt., Inc.*, 1 NY3d 381, 384 [2004]), and in light of plaintiff's failure to rebut defendant's testimony, I find that defendant has made a sufficiently strong showing that the forum selection clause in each lease is invalid due to fraud, thereby rebutting its presumption of validity. Given the fraud, there is no need to address whether a trial in New York would be so gravely difficult and inconvenient for defendant such that he would be deprived of his day in court.

As this court's jurisdiction depends on the validity of the forum selection clauses which

3

are unenforceable, this court has no jurisdiction to entertain plaintiff's motion for summary judgment.

Accordingly, defendant's motion for an order dismissing the action pursuant to CPLR 327 is granted. This constitutes the decision and order of the court.

                                                                Barbara Jaffe, JCC

DATED:   December 4, 2006                        HON. BARBARA JAFFE
                  New York, New York