# MOSES & SINGER LLP

THE CHRYSLER BUILDING
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800    Fax: 212.554.7700
www.mosessinger.com

Robert D. Lillienstein
Direct: 212.554.7807  Fax: 917-206-4307
rlillienstein@mosessinger.com

January 14, 2011

**VIA EMAIL ONLY**
Honorable James S. Gwin
United States District Court
Carl B. Stokes United States Court House
801 West Superior Avenue
Cleveland, Ohio 44113-1838

> Re:  *Melinda Serin, Judson Russ, Long Soui Lim, Peri Kettler, Gordon*
> *Redner, and Thomas J. Smith, v. Northern Leasing Systems, Inc.,*
> *Jay Cohen, Rich Hahn, and Sara Krieger*
> Docket No. 06 CV 1625 (JSG)

Honorable Sir:

    We represent the defendants in the above action.  We submit this letter in response to the letter from plaintiffs' counsel, dated January 13, 2011.  In his letter to the Court, Mr. Chittur has submitted a draft of a Stipulation of Settlement, dated November 21, 2010, claiming that Defendants refuse to comply with its terms.  What Mr. Chittur neglects to tell the Court is that the November 21st document was a draft that has not been executed by Defendants' counsel because it is not consistent with the terms of the November 10th letter agreement pursuant to which the parties agreed to settle this action.

    This is the second time that Plaintiffs have sought this Court's aid in compelling Defendants to accept settlement terms that are not consistent with the November 10th letter agreement.  In the Court's Order of December 10, 2010, the Court rejected Plaintiffs' prior request, and ordered that the "parties execute a final settlement agreement that is fully consistent with the terms of the letter agreement agreed upon in open court."

    In compliance with the Court's directive of December 10th, I submitted a proposed Stipulation and Settlement Agreement to Mr. Chittur on January 4, 2011 (the "Settlement Agreement").[1]  A copy of that Settlement Agreement, together with all exhibits thereto, is submitted herewith as Exhibit 1.[2]  Plaintiffs' counsel has not suggested that the proposed Settlement Agreement does not conform with this Court's December 10th Order in any way.  To the contrary, Mr. Chittur sent me an email on January 7th saying that he would not even review

---

[1]     I submitted a prior draft to Mr. Chittur on December 23, 2010, with a proviso that it was subject to final review and approval by Defendants and their attorneys.  Mr. Chittur wrote to me that same day stating that he would not even review our proposal until it had received final approval by Defendants.  I then sent him the proposed Settlement Agreement on January 4th – the day after I returned to work from a vacation.
[2]     Because of the confidential nature of the settlement terms, the letter and the exhibits annexed hereto is being submitted to the Court by email, and is not being filed on ECF or with the Clerk.

# MOSES & SINGER LLP

Hon. James S. Gwin
January 14, 2011
Page 2

the proposed Settlement Agreement or give comments (see Exh. 2), and that he was going to execute the November 21st Draft despite the fact that it is <u>not</u> fully consistent with the terms of the November 10th letter agreement, or this Court's December 10th Order, and knowing that Defendants' attorneys had submitted a revised document that did comply with this Court's Order.

The most significant difference between the proposed Settlement Agreement and the November 21st Draft, is that the proposed Settlement Agreement must be signed by each of the Plaintiffs. This requirement is consistent with this Court's December 10th Order, which ordered the "parties [to]execute a final settlement agreement that is fully consistent with the terms of the letter agreement agreed upon in open court."[3] The November 21st Draft is in the form of a stipulation between counsel.[4] The difference has important substantive implications, as, for example, the November 10th Letter Agreement provides for confidentiality, and the individual Plaintiffs and their counsel are the ones who must comply with this obligation. Plaintiffs' counsel's vehement refusal to have them sign causes concern.

Mr. Chittur's execution of the November 21st Draft, despite his awareness that Defendants believe that it is not consistent of this Court's December 10th Order, is troubling. What is equally troubling is the fact that he has concealed from the Court Defendants' attempts to comply with the Court's Order, while asking the Court, for a second time, to compel Defendants to comply with settlement terms that are inconsistent with the terms of the November 10th letter agreement. As I wrote to Mr. Chittur on January 6th:

> If you believe that there is something in the proposed Stipulation and Settlement Agreement, or in any of the exhibits, that is not consistent with the terms of the November 10th Letter Agreement, please tell us. However, be advised that if you choose to have your clients execute a version of the settlement documents that are different than those that I sent to you on January 4th, you will only delay the date on which this case is finally resolved and that the Settlement Amount is delivered.

---

[3]     That directive is consistent with the terms of November 10th letter agreement, which contemplates the execution of a Settlement Agreement, and not merely a stipulation among counsel.
[4]     The other differences between the November 21st Draft and the proposed Stipulation and Settlement Agreement are detailed in my email of January 6 to Mr. Chittur, a copy of which is submitted herewith as Exh. 3.

857179v2   011082.0121

# MOSES & SINGER LLP

Hon. James S. Gwin
January 14, 2011
Page 3

  Because Plaintiffs have not complied with this Court's December 10th Order, Plaintiffs' request for "an order that Defendants tender the funds and the duly executed releases by Defendants" should be denied.  Defendants are prepared to comply with the terms of the Settlement Agreement once it is fully executed.

        Respectfully submitted,

        /s/

        Robert D. Lillienstein

cc.  Krishnan Chittur, Esq. (via email)
   Keith Altman, Esq. (via email)

Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X

MELINDA SERIN, JUDSON RUSS, LONG SOUI            :
LIM, PERI KETTLER, GORDON REDNER, AND            :
THOMAS J. SMITH,                                 :
                                                 :
                                                 :      06 CV 01625 (JSG)
                          Plaintiffs,            :
                                                 :
                                                 :      **STIPULATION AND**
         -against-                               :      **SETTLEMENT**
                                                 :      **AGREEMENT**
                                                 :
NORTHERN LEASING SYSTEMS, INC., JAY              :
COHEN, RICH HAHN, and SARA KRIEGER,              :
                                                 :
                          Defendants.            :
-------------------------------------------------------------------- X

     This STIPULATION and  SETTLEMENT AGREEMENT, dated as of November 10,

2010 (the "Effective Date"), along with any exhibits hereto (together, the "Settlement

Agreement"), is made by and among Plaintiffs, MELINDA SERIN, JUDSON RUSS, LONG

SOUI LIM, GORDON REDNER, AND THOMAS J. SMITH (collectively referred to herein as

the "Settling Plaintiffs"), and Defendants NORTHERN LEASING SYSTEMS, INC.

("Northern"), JAY COHEN, RICH HAHN, and SARA KRIEGER (Northern, Cohen, Hahn and

Krieger are collectively referred to hereinafter as the "Defendants")

     WHEREAS, the Settling Plaintiffs and Defendants wish to compromise, settle and

resolve all claims between them and to enter into this Stipulation and Settlement Agreement as a

full and final settlement of all of their respective claims and disputes between and among them

now pending in this Court, in any other Court, or otherwise;

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth below and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the parties hereby agree as follows:

1.     <u>Settlement Amount.</u>   Northern will pay the following amounts in full settlement of Settling Plaintiffs' claims:

> (a)     $200,000, without interest or costs, to Mr. Russ;
>
> (b)     $25,000, without interest or costs, to Ms. Serin;
>
> (c)     $45,000, without interest or costs, to Mr. Lim;
>
> (d)     $10,000, without interest or costs, to Mr. Redner;
>
> (e)     $15,000, without interest or costs, to Mr. Smith;

A check in the amount of $295,000, payable to "Krishnan S. Chittur IOLA Account", will promptly be issued and delivered to Plaintiffs' undersigned attorneys upon receipt of a fully executed copy of this Settlement Agreement, the fully executed Releases annexed hereto as Exhibit A, and the executed Stipulation and Order of Dismissal With Prejudice annexed hereto as Exhibit C, and Settling Plaintiffs agree to accept that form of payment from Defendants in full satisfaction of Defendants' payment obligations to Plaintiffs; the parties recognize that this payment does not include, and is in addition to, any attorneys' fees and costs that may be awarded to Plaintiffs' counsel, if any, under Paragraph 3 hereof.

2.     This Settlement Agreement memorializes the terms of settlement set forth in a letter agreement between and among the parties, dated November 10, 2010, which was affirmed in open Court by the attorneys for all parties, on November 15, 2010 (the "Settlement Letter"). This Stipulation and Settlement Agreement, the Settlement Letter, and the settlement set forth therein, constitute a compromise and resolution of disputed claims, and do not constitute an admission or evidence of any wrongdoing on the part of any of the Defendants.

3.      Northern will not challenge the Settling Plaintiffs' attorneys' right to make an application to recover attorneys' fees and costs in a hearing or proceeding to be held before Hon. James S. Gwin, or a U. S. Magistrate Judge.  Northern reserves the right to challenge the amount or reasonableness of the attorneys' fees sought by Settling Plaintiffs' attorneys.  Judge Gwin will retain jurisdiction over this case until the fee application is decided and to enforce the terms of this Stipulation.

4.      The Settling Plaintiffs and all Defendants will exchange full, general releases of each other in the forms annexed hereto as Exhibit A (Settling Plaintiffs to Defendants) and Exhibit B (Defendants to Settling Plaintiffs) of all their claims of any kind against the other.  The releases from the Settling Plaintiffs to Defendants will name, in addition to Defendants, Northern's current and former officers, directors, employees, attorneys and accountants, as well as its subsidiaries and affiliates, and their current and former officers, directors, employees, members, subsidiaries, affiliates, attorneys and accountants, as Releasees (collectively, the "Defendant Releasees").

5.      Settling Plaintiffs and their attorneys agree that they will not reveal the fact of this settlement, the agreement to settle, or its terms, to anyone, other than the Settling Plaintiffs' accountants, and then, only to the extent necessary to comply with tax requirements.  Settling Plaintiffs and their attorneys agree further that they will not make any public filing in any court that refers to the amounts being paid to the Settling Plaintiffs under this settlement.  The parties may disclose that this case has been resolved.

6.      Settling Plaintiffs agree that they will not bring any action against any of the Defendant Releasees, nor will they, except as required by law or court order, directly or indirectly provide any assistance or information to any person or entity asserting or intending to

assert any litigation, investigation or proceeding against any of the Defendant Releasees, or be involved in any manner (e.g. as witness, consultant, advisor or otherwise) in any other litigation against any of the Defendant Releasees).

7.     All claims and counterclaims asserted by Northern (or its affiliates) against the Settling Plaintiffs in cases now pending in the New York City Civil Court or elsewhere, and all claims and counterclaims asserted by any of the Settling Plaintiffs against Northern (or its affiliates) in cases now pending in the New York City Civil Court or elsewhere, shall be promptly dismissed with prejudice and without costs, and all judgments entered in such actions against the Settling Plaintiffs shall be vacated promptly, with prejudice and without costs.

8.     Counsel for the parties agree to promptly sign and caused to be filed, to be So Ordered by the Court, a Stipulation and Order of Dismissal with Prejudice, in the form annexed hereto as Exhibit C, as to all claims asserted by the Settling Plaintiffs in this action against the Defendants, other than claims for attorneys fees which the Court, on November 15, 2010, referred to a Magistrate Judge to hear and report.

9.     <u>Entire Agreement</u>.  This Stipulation and Settlement Agreement, the Settlement Letter, and the documents being exchanged and executed pursuant to this Settlement Agreement (the "Settlement Documents"), constitute the entire agreement between the parties hereto with respect to the subject hereof, and except as otherwise expressly set forth herein, no representations, warranties, or promises have been made or relied upon by any person or the parties hereto.  Any and all prior agreements, correspondence, discussions, and undertakings of the parties are merged herein and made a part hereof with the intention of the parties that the Settlement Documents shall serve as the complete and exclusive statement of the terms of their

agreement.  No amendment, waiver or modification to the Settlement Documents shall be valid unless in writing, and signed by an authorized signatory of the parties affected thereby.

      10.   <u>Successors And Assigns.</u>     This Stipulation and Settlement Agreement is intended to bind and inure to the benefit of and be enforceable by each of the parties hereto and their respective heirs, successors, and assigns.

      11.   <u>Counterparts.</u>  This Stipulation and Settlement Agreement may be executed in multiple counterpart copies, each and all of which will be deemed an original.

      13.   <u>General.</u>     All pronouns and any variations thereof contained herein shall be deemed to refer to the masculine, feminine, neuter, single, or plural, as the context may require. No principle of strict construction shall be applied for or against any of the parties in the construction of the Stipulation and Settlement Agreement.  The section headings in this Settlement Agreement are for convenience only; they form no part of this Stipulation and Settlement Agreement and shall not affect its interpretation.

Dated:  New York, New York
       January 4, 2011


CHITTUR & ASSOCIATES, P.C.                     MOSES & SINGER LLP
*Attorneys for Settling Plaintiffs*                    *Attorneys for Defendants*

                                        By:_____

By:_____                       Abraham Y. Skoff, Esq.
    Krishnan Shanker Chittur, Esq.              The Chrysler Building
286 Madison Avenue                             405 Lexington Avenue
New York, New York  10007                      New York, New York 10174-1299
212-370-0447                                   Tel: (212) 554-7800

Dated: _____, 2011                  Dated: _____, 2011

SIGNATURES CONTINUED ON NEXT PAGE

Melinda Serin

Dated: _____, 2011


_____
Judson Russ

Dated: _____, 2011

_____
Long Soui Lim

Dated: _____, 2011

_____
Gordon Redner

Dated: _____, 2011

_____
Thomas J. Smith

Dated: _____, 2011

## EXH. A-1 GENERAL RELEASE

TO ALL TO WHOM THESE PRESENTS SHALL COME OR MAY CONCERN, KNOW THAT, **JUDSON RUSS**, as RELEASOR, for **Two Hundred Thousand Dollars ($200,000.00)** and other good and valuable consideration, received from NORTHERN LEASING SYSTEMS, INC. ("Northern"), Jay Cohen, Rich Hahn, Sara Krieger (collectively referred to herein as "Defendants"), receipt whereof is hereby acknowledged, hereby releases and discharges all Defendants, as well as Northern's current and former officers, directors, employees, attorneys, accountants, as well as Northern's subsidiaries and affiliates and their respective current and former officers, directors, employees, members, subsidiaries, affiliates, attorneys and accountants and each and all of the their heirs, executors, administrators, agents, contractors, and representatives, including but not limited to counsel, and their respective successors and assigns (collectively, the "RELEASEE"), of and from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the RELEASEE, the RELEASOR, RELEASOR'S successors and assigns ever had, now have or hereafter can, shall or may have, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE.

The words "RELEASOR" and "RELEASEE" include all releasors and all releasees under this RELEASE.  This RELEASE is being executed and delivered in connection with a Settlement Agreement between Releasor and Defendants, in the action entitled *Serin v. Northern Leasing Systems, Inc.*, Case #06 CV 01625 (JSG), now pending in the U. S. District Court for the Southern District of New York., and does not constitute and shall not be construed as an admission of liability on the part of RELEASEE, as to which liability is expressly denied.

Any Court of competent jurisdiction may be provided with a photocopy hereof instead of the original, which photocopy shall have the same force and effect as the original.

This RELEASE may not be changed orally.

IN WITNESS WHEREOF, the RELEASOR has hereunto set RELEASOR'S hand and seal on the ___ day of January, 2011.

_____

JUDSON RUSS

STATE OF   _____ )

) ss.:

COUNTY OF   _____ )

On January _____, 2011 before me personally came _____, to me known, and known to me to be the individual described in and who executed the foregoing RELEASE, and duly acknowledged to me that (s)he executed the same.

_____

Notary Public

848610v9  011082.0121

## EXH. A-2 GENERAL RELEASE

TO ALL TO WHOM THESE PRESENTS SHALL COME OR MAY CONCERN, KNOW THAT, **MELINDA SERIN**, as RELEASOR, for **Twenty-Five Thousand Dollars ($25,000.00)** and other good and valuable consideration, received from NORTHERN LEASING SYSTEMS, INC. ("Northern"), Jay Cohen, Rich Hahn, Sara Krieger (collectively referred to herein as "Defendants"), receipt whereof is hereby acknowledged, hereby releases and discharges all Defendants, as well as Northern's current and former officers, directors, employees, attorneys, accountants, as well as Northern's subsidiaries and affiliates and their respective current and former officers, directors, employees, members, subsidiaries, affiliates, attorneys and accountants and each and all of the their heirs, executors, administrators, agents, contractors, and representatives, including but not limited to counsel, and their respective successors and assigns (collectively, the "RELEASEE"), of and from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the RELEASEE, the RELEASOR, RELEASOR'S successors and assigns ever had, now have or hereafter can, shall or may have, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE.

The words "RELEASOR" and "RELEASEE" include all releasors and all releasees under this RELEASE.  This RELEASE is being executed and delivered in connection with a Settlement Agreement between Releasor and Defendants, in the action entitled *Serin v. Northern Leasing Systems, Inc.*, Case #06 CV 01625 (JSG), now pending in the U. S. District Court for the Southern District of New York., and does not constitute and shall not be construed as an admission of liability on the part of RELEASEE as to which liability is expressly denied.

Any Court of competent jurisdiction may be provided with a photocopy hereof instead of the original, which photocopy shall have the same force and effect as the original.

This RELEASE may not be changed orally.

IN WITNESS WHEREOF, the RELEASOR has hereunto set RELEASOR'S hand and seal on the ___ day of January, 2011.

_____
MELINDA SERIN

STATE OF        _____ )
                                         ) ss.:
COUNTY OF   _____ _____ )

On January _____, 2010 before me personally came _____, to me known, and known to me to be the individual described in and who executed the foregoing RELEASE, and duly acknowledged to me that (s)he executed the same.

_____
Notary Public

## **EXH. A-3 GENERAL RELEASE**

TO ALL TO WHOM THESE PRESENTS SHALL COME OR MAY CONCERN, KNOW THAT, **LONG SOUI LIM**, as RELEASOR, for **Forty-Five Thousand Dollars ($45,000.00)** and other good and valuable consideration, received from NORTHERN LEASING SYSTEMS, INC. ("Northern"), Jay Cohen, Rich Hahn, Sara Krieger (collectively referred to herein as "Defendants"), receipt whereof is hereby acknowledged, hereby releases and discharges all Defendants, as well as Northern's current and former officers, directors, employees, attorneys, accountants, as well as Northern's subsidiaries and affiliates and their respective current and former officers, directors, employees, members, subsidiaries, affiliates, attorneys and accountants and each and all of the their heirs, executors, administrators, agents, contractors, and representatives, including but not limited to counsel, and their respective successors and assigns (collectively, the "RELEASEE"), of and from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the RELEASEE, the RELEASOR, RELEASOR'S successors and assigns ever had, now have or hereafter can, shall or may have, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE.

The words "RELEASOR" and "RELEASEE" include all releasors and all releasees under this RELEASE. This RELEASE is being executed and delivered in connection with a Settlement Agreement between Releasor and Defendants, in the action entitled *Serin v. Northern Leasing Systems, Inc.*, Case #06 CV 01625 (JSG), now pending in the U. S. District Court for the Southern District of New York., and does not constitute and shall not be construed as an admission of liability on the part of RELEASEE as to which liability is expressly denied.

Any Court of competent jurisdiction may be provided with a photocopy hereof instead of the original, which photocopy shall have the same force and effect as the original.

This RELEASE may not be changed orally.

IN WITNESS WHEREOF, the RELEASOR has hereunto set RELEASOR'S hand and seal on the ___ day of January, 2011.

_____
LONG SOUI LIM

STATE OF        _____ )
                                                                      ) ss.:
COUNTY OF   _____ _____)

On January _____, 2011 before me personally came _____, to me known, and known to me to be the individual described in and who executed the foregoing RELEASE, and duly acknowledged to me that (s)he executed the same.

_____
Notary Public

## EXH. A-4 GENERAL RELEASE

TO ALL TO WHOM THESE PRESENTS SHALL COME OR MAY CONCERN, KNOW THAT, **GORDON REDNER**, as RELEASOR, for **Ten Thousand Dollars ($10,000.00)** and other good and valuable consideration, received from NORTHERN LEASING SYSTEMS, INC. ("Northern"), Jay Cohen, Rich Hahn, Sara Krieger (collectively referred to herein as "Defendants"), receipt whereof is hereby acknowledged, hereby releases and discharges all Defendants, as well as Northern's current and former officers, directors, employees, attorneys, accountants, as well as Northern's subsidiaries and affiliates and their respective current and former officers, directors, employees, members, subsidiaries, affiliates, attorneys and accountants and each and all of the their heirs, executors, administrators, agents, contractors, and representatives, including but not limited to counsel, and their respective successors and assigns (collectively, the "RELEASEE"), of and from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the RELEASEE, the RELEASOR, RELEASOR'S successors and assigns ever had, now have or hereafter can, shall or may have, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE.

The words "RELEASOR" and "RELEASEE" include all releasors and all releasees under this RELEASE. This RELEASE is being executed and delivered in connection with a Settlement Agreement between Releasor and Defendants, in the action entitled *Serin v. Northern Leasing Systems, Inc.*, Case #06 CV 01625 (JSG), now pending in the U. S. District Court for the Southern District of New York., and does not constitute and shall not be construed as an admission of liability on the part of RELEASEE as to which liability is expressly denied.

Any Court of competent jurisdiction may be provided with a photocopy hereof instead of the original, which photocopy shall have the same force and effect as the original.

This RELEASE may not be changed orally.

IN WITNESS WHEREOF, the RELEASOR has hereunto set RELEASOR'S hand and seal on the ___ day of January, 2011.

<br>

_____
GORDON REDNER

STATE OF   _____ )
                               ) ss.:
COUNTY OF   _____ _____)

On January _____, 2011 before me personally came _____, to me known, and known to me to be the individual described in and who executed the foregoing RELEASE, and duly acknowledged to me that (s)he executed the same.

_____
Notary Public

### EXH. A-5 GENERAL RELEASE

TO ALL TO WHOM THESE PRESENTS SHALL COME OR MAY CONCERN, KNOW THAT, **THOMAS SMITH**, as RELEASOR, for **Fifteen Thousand Dollars ($15,000.00)** and other good and valuable consideration, received from NORTHERN LEASING SYSTEMS, INC. ("Northern"), Jay Cohen, Rich Hahn, Sara Krieger (collectively referred to herein as "Defendants"), receipt whereof is hereby acknowledged, hereby releases and discharges all Defendants, as well as Northern's current and former officers, directors, employees, attorneys, accountants, as well as Northern's subsidiaries and affiliates and their respective current and former officers, directors, employees, members, subsidiaries, affiliates, attorneys and accountants and each and all of the their heirs, executors, administrators, agents, contractors, and representatives, including but not limited to counsel, and their respective successors and assigns (collectively, the "RELEASEE"), of and from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the RELEASEE, the RELEASOR, RELEASOR'S successors and assigns ever had, now have or hereafter can, shall or may have, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE.

The words "RELEASOR" and "RELEASEE" include all releasors and all releasees under this RELEASE.  This RELEASE is being executed and delivered in connection with a Settlement Agreement between Releasor and Defendants, in the action entitled *Serin v. Northern Leasing Systems, Inc.*, Case #06 CV 01625 (JSG), now pending in the U. S. District Court for the Southern District of New York., and does not constitute and shall not be construed as an admission of liability on the part of RELEASEE as to which liability is expressly denied.

Any Court of competent jurisdiction may be provided with a photocopy hereof instead of the original, which photocopy shall have the same force and effect as the original.

This RELEASE may not be changed orally.

IN WITNESS WHEREOF, the RELEASOR has hereunto set RELEASOR'S hand and seal on the ___ day of January, 2011.

_____
THOMAS SMITH

STATE OF   _____ )
                                                                            ) ss.:
COUNTY OF   _____ _____)

On January _____, 2011 before me personally came _____, to me known, and known to me to be the individual described in and who executed the foregoing RELEASE, and duly acknowledged to me that (s)he executed the same.


_____
Notary Public

## EXH. B GENERAL RELEASE

TO ALL TO WHOM THESE PRESENTS SHALL COME OR MAY CONCERN, KNOW THAT, NORTHERN LEASING SYSTEMS, INC. ("Northern"), Jay Cohen, Rich Hahn, Sara Krieger (collectively referred to herein as "Defendants"), on behalf of themselves and Northern's current and former officers, directors, employees, attorneys, accountants, as well as Northern's subsidiaries and affiliates and their respective current and former officers, directors, employees, members, subsidiaries, affiliates, attorneys and accountants and each of the their heirs, executors, administrators, agents, contractors, and representatives, including but not limited to counsel, and their respective successors and assigns, as RELEASOR, for Ten Dollars and other good and valuable consideration, receipt whereof is hereby acknowledged, received from **MELINDA SERIN, JUDSON RUSS, LONG SOUI LIM, GORDON REDNER and THOMAS SMITH, as RELEASEE**, hereby releases and discharges RELEASEE, and RELEASEE'S heirs, executors, administrators, agents, contractors, and representatives, including but not limited to counsel, and their respective successors and assigns, of and from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the RELEASEE, the RELEASOR, RELEASOR'S successors and assigns ever had, now have or hereafter can, shall or may have, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE.

The words "RELEASOR" and "RELEASEE" include all releasors and all releasees under this RELEASE.  This RELEASE is being executed and delivered in connection with a Settlement Agreement between Releasor and Defendants, in the action entitled *Serin v. Northern Leasing Systems, Inc.*, Case #06 CV 01625 (JSG), now pending in the Southern District of New York., and does not constitute and shall not be construed as an admission of liability on the part of RELEASOR to which liability is expressly denied.

This RELEASE may be executed in counterparts.  Any Court of competent jurisdiction may be provided with a photocopy hereof instead of the original, which photocopy shall have the same force and effect as the original.  This RELEASE may not be changed orally.

IN WITNESS WHEREOF, the RELEASOR has hereunto set RELEASOR'S hand and seal on the ___ day of January, 2011.

NORTHERN LEASING SYSTEMS, INC.

By:_____

Title:_____


_____
JAY COHEN


_____
RICH HAHN


_____
SARA KRIEGER

STATE OF _____          )
                                 ) ss.:
COUNTY OF _____         )


On _____ ___, 2011 before me, the undersigned, a Notary Public in and for said State, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity as _____ of Northern Leasing Systems, Inc., and that by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.


_____
NOTARY PUBLIC

STATE OF NEW YORK          )
                          ) ss.:
COUNTY OF NEW YORK         )

On _____ ___, 2011 before me personally came **JAY COHEN**, to me known, and known to me to be the individual described in and who executed the foregoing RELEASE, and duly acknowledged to me that (s)he executed the same.

_____
Notary Public


STATE OF NEW YORK          )
                          ) ss.:
COUNTY OF NEW YORK         )

On _____ ___, 2011 before me personally came **RICH HAHN**, to me known, and known to me to be the individual described in and who executed the foregoing RELEASE, and duly acknowledged to me that (s)he executed the same.

_____
Notary Public


STATE OF NEW YORK          )
                          ) ss.:
COUNTY OF NEW YORK         )

On _____ ___, 2011 before me personally came **SARA KRIEGER**, to me known, and known to me to be the individual described in and who executed the foregoing RELEASE, and duly acknowledged to me that (s)he executed the same.


_____
Notary Public

**EXHIBIT C**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
MELINDA SERIN, JUDSON RUSS, LONG SOUI        :
LIM, PERI KETTLER, GORDON REDNER, AND        :
THOMAS J. SMITH,                             :
                                             :
                                             :        06 CV 01625 (JSG)
                         Plaintiffs,         :
                                             :
                                             :   **STIPULATION AND**
         -against-                           :   **ORDER OF DISMISSAL**
                                             :   <u>**WITH PREJUDICE**</u>
                                             :
NORTHERN LEASING SYSTEMS, INC., JAY          :
COHEN, RICH HAHN, and SARA KRIEGER,          :
                                             :
                                             :
                         Defendants.         :
---------------------------------------------------------------- X

      IT IS HEREBY STIPULATED AND AGREED, by and among the attorneys of

record for all of the parties hereto, that this action, and all claims asserted by the Plaintiffs

against the Defendants in this action, are hereby dismissed with prejudice, and without

costs to either side.

      This STIPULATION may be submitted to the Court to be SO ORDERED without

further notice to either side.

X

X

X

X

X

SIGNATURES FOLLOW ON THE NEXT PAGE

856041v1   011082.0121

CHITTUR & ASSOCIATES, P.C.                    MOSES & SINGER LLP
*Attorneys for Settling Plaintiffs*              *Attorneys for Defendants*


                                              By:_____
By:_____                        Abraham Y. Skoff, Esq.
      Krishnan Shanker Chittur, Esq.          The Chrysler Building
286 Madison Avenue                            405 Lexington Avenue
New York, New York  10007                     New York, New York 10174-1299
212-370-0447                                  Tel: (212) 554-7800

Dated: _____, 2011                 Dated: _____, 2011


SO ORDERED:

_____
Hon. James Gwin, U.S.D.J.

Dated: _____, 2011

Exhibit 2

Mr. Lillienstein:

We refuse to waste time and resources in endless re-drafting. If you <u>now</u> believe that your own draft of November 21 was somehow inconsistent with the November 10th letter, or that your re-re-re-revision of that draft is somehow "more consistent", you may try to convince the Judge and get a Court order.

The signed Releases, and the settlement agreement dated November 21, 2010, will be delivered on Monday, January 10, 2011. Please arrange to give us a check for $295,000 as required by the Agreement in exchange at that time. If we fail to receive the check, we intend to seek Court orders immediately. It is over two months since the settlement was agreed to, and Plaintiffs have waited long enough.

Defendants should also be aware that they are being, and will be, billed for all the time that we are being made to spend on this.

Yours truly,
K. Chittur, Esq.
Chittur & Associates, P.C.
286 Madison Avenue Suite 1100
New York, New York 10017
Tel: (212) 370-0447

P.S. This email may contain confidential and/or privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message

Exhibit 3

| From: | Robert Lillienstein |
|---|---|
| Sent: | Thursday, January 06, 2011 11:59 AM |
| To: | Krishnan Chittur; Keith Altman |
| Cc: | Arnold N. Bressler; Avi Skoff; Jennifer Nigro |
| Subject: | Serin Settlement Documents |
| Attachments: | Re: Serin - Release from Defendants to Plaintiffs - subject to revisions; DV_Comparison_DOCS-#849546-v1-Revised_Settlement_Agreement_-_Ser-DOCS-#849546-v7-Revised_Settlement_Agreement_-_Ser.doc; 2010-11-10 Signed Settlement Letter.pdf; Re: Serin - Release from Defendants to Plaintiffs - subject to revisions |

Mr. Chittur:

I am writing in response to your email of yesterday morning, which is below.

In the Court's Order of December 10, 2010, the Court rejected all of Plaintiffs' contentions and ordered that the "parties execute a final settlement agreement that is fully consistent with the terms of the letter agreement agreed upon in open court." As you know, the Court was referring to the letter agreement, dated November 10, 2010, a copy of which is attached hereto. The Court's Order makes no reference at all to a draft dated November 21, 2010 which, in any event, was just a draft, as your email notes.

The proposed Stipulation and Settlement Agreement that I sent to you on January 4 is fully consistent with the terms of the November 10th letter agreement, and I note that your email does not suggest otherwise. I am attaching a redline showing the changes from the November 21st draft. As you can see, the title of the document has been changed from "Stipulation of Settlement" to "Stipulation and Agreement of Settlement" to recognize the fact that we have added signature lines for each of the settling plaintiffs. This is fully consistent with the terms of November 10th letter agreement, which contemplates the execution of a Settlement Agreement, and not merely a stipulation among counsel. We have also eliminated the provision permitting facsimile signatures, as we would prefer to have original signatures of all signatories to the document. The provision allowing for execution of the document in counterparts has not been changed.

I also took the liberty of drafting a proposed Stipulation and Order of Dismissal With Prejudice, which is annexed as Exhibit C. This is consistent with paragraph 7 of the November 10th Letter Agreement, with paragraph 8 of the November 21st draft, and with Judge Gwin's statment on November 15th that this case has been marked "settled and dismissed." Paragraph 1(e) has been modified to make clear that the Settlement Amount will be delivered upon our receipt of the Settling Plaintiffs' releases and the Stipulation and Order of Dismissal With Prejudice. The change to paragraph 3, adding that Judge Gwin will retain jurisdiction over this case "to enforce the terms of this Stipulation", is consistent with the Letter Agreement, and with Judge Gwin's November 15th statement that "I'll retain jurisdiction to endeavor to enforce the terms of that settlement." All of these changes are fully consistent with the terms of the November 10th letter agreement. I can't imagine that you have any real objection to any of those changes.

Paragraph 7 of the Stipulation and Settlement Agreement has been changed to make clear that Northern is agreeing to vacate any judgments entered against the Settling Plaintiffs, even though this is not required by the November 10th letter agreement. We have agreed to include that provision because we believe that it is consistent with paragraph 3 of the November 10th Letter Agreement, which requires Northern to provide a general release to the "Settling Plaintiffs. " This clarification was necessitated by your recent requests to have Northern provide a satisfaction of a judgment to Rapid Cash. As you know, Rapid Cash is not a "Settling Plaintiff" as defined in the November 10th Letter Agreement, and your request for a satisfaction in favor of Rapid Cash is inconsistent with the terms of the Letter Agreement.

Paragraph 9 of the November 21st draft, which relates to Peri Kettler, was deleted because it is no longer relevant in light of Judge Gwin's statment on November 15th that "I'll mark this case as settled and dismissed." We will, however, be filing a motion to dismiss the claims asserted by Peri Kettler, with prejudice, in accordance with

paragraph 8 of the Letter Agreement.

None of the other changes that were made to the Stipulation and Settlement Agreement are substantive.

Your blanket rejection of all of the changes from the November 21st draft
is counterproductive and inconsistent with your email from December 23rd (attached), where you specifically requested that we send you revised versions of the settlement documents after review by all concerned on our side.  We have now done that.  If you believe that there is something in the proposed Stipulation and Settlement Agreement, or in any of the exhibits, that is not consistent with the terms of the November 10th Letter Agreement, please tell us.  However, be advised that if you choose to have your clients execute a version of the settlement documents that are different than those that I sent to you on January 4th, you will only delay the date on which this case is finally resolved and that the Settlement Amount is delivered.



MOSES & SINGER LLP

COUNSELORS AT LAW



website  vCard  bio  map  email

ROBERT D. LILLIENSTEIN | 212.554.7807

The Chrysler Building | 405 Lexington Avenue | New York, NY 10174-1299
Tel 212.554.7800 | Cell 516.510.5483 | Fax 917.206.4307

MSI Global Alliance is an international alliance of independent legal
and accounting firms, with over 250 member firms in 100 countries.

