UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

MELINDA SERIN, JUDSON RUSS, LONG SOUI LIM, PERI KETTLER, GORDON REDNER, AND THOMAS J. SMITH,

                Plaintiffs,

-against-

NORTHERN LEASING SYSTEMS, INC., JAY COHEN, RICH HAHN, and SARA KRIEGER,

                Defendants.

------------------------------------------------------------X

06 CV 01625 (JSG)

**DECLARATION OF KEITH ALTMAN, ESQ.**

I, KEITH ALTMAN, an attorney licensed to practice in the state of California, make the following declaration:

1. I am an attorney with Finkelstein & Partners, 1279 Route 300, Newburgh, NY 12551. 800-634-1212 x 9263. I have been admitted *pro hac vice* as co-counsel for Plaintiffs in this case.

2. I write this declaration in support of Plaintiffs' Reply to Defendant's Opposition to Plaintiffs' Attorneys' fee application.

3. Defendants claim that Plaintiffs "agreed" to absolve the individual defendants all liability. I was the person who negotiated and signed the November 10th settlement agreement with Defendants' counsel, and can categorically say that is not true. With respect to the individual defendants, at no time was their ever a discussion with Defense counsel that Plaintiffs intended to release them. It was always my understanding that all discussions were concerning all Defendants. Mr. Lillienstein never raised the issue of

differential treatment of the individual defendants. Mr. Lillienstein knew that Plaintiffs had a different view as to whether the individual defendants had conceded Plaintiffs' entitlement to attorneys' fees before the November 15, 2010 conference with the court, because he received our revisions to his proposed draft of the formal agreement at least two days earlier. Despite knowing that Plaintiffs had a different understanding from himself, Mr. Lillienstein allowed Plaintiffs to go on record affirming the settlement letter. But in any event, the signed letter does not set forth that Plaintiffs were intending to release the individual defendants from any joint and several liability that existed.

4. On the question of my fee application itself, Defendants completely ignore or misrepresent several issues. First, with respect to the hourly rate for the fee, my extensive experience in litigation, both as a lawyer and before I was licensed, supports the rate sought. This experience begins in 1996 and stretches for some 15 years. Defendants also ignore that my specific experience and expertise allowed me to expend far *fewer* hours reviewing electronic documents than would normally be required for reviewing a document production such as that in this case.

5. Second, I provided declarations from other reputed attorneys who were familiar with me and the quality of the work I do, and what are appropriate rates for such work. Defendants say nothing about these declarations, and have provided nothing more than a conclusory objection that I was only licensed as a lawyer for little more than two years.

6. Third, I had primary responsibility for areas which Defendants opposed with attorneys using higher rates than my own. For example, Defendants paid Mr. Silberfein - who defended some depositions which I took - at the rate of $465 per hour. If, as Defendants suggest, I was nothing more than a second year lawyer, they did not need to use such senior attorneys. As such, I should be compensated commensurate with my overall expertise and experience.

7. With respect to my travel time to the depositions, Defendants objection is misplaced. It never takes me less than 3.5 hours round trip to drive into New York on a normal weekday when I spend the majority of the day in the city. During the drive, I rarely had

the opportunity to conduct other legal business. Indeed, given the traffic and driving conditions, it would be extremely risky if not impossible to even attempt to do so. To account for even the possibility of a possible phone call or two, I have reduced the billing by 50%.

8. While it is true that my hours are mostly in whole hour increments, that is because as a general practice, I round my time down. Furthermore, the majority of my time is for large blocks on particular days where I was engaged in discrete multi day projects. I did not generally work on this matter in small chunks of time. As specified in my original application, I had responsibility for a few specific projects such as reviewing the documents, taking depositions, and preparing for trial. When I engaged in these activities, these often took substantial parts of particular days.

9. For the e-mails and phone calls that I listed as part of my application, I did state in ¶20 of my declaration that these were related to the case. I only have two matters with Mr. Chittur and the other matter had very little activity during the time in question. I specifically excluded e-mails concerning the other matter. As to the phone calls, I spent very little time discussing the other matter in the time period in question and my calls are limited to this case.

10. As to the eight hours that I spent preparing the database which was objected to by Defendants, first, even when I provide this consulting to other firms, I charge $250 per hour for those activities. Here, beyond simply loading the documents, I was also making a preliminary survey of the materials. As such, it is totally appropriate for me to have conducted that work and I should be compensated at the same rate as my other activities.

11. On the topic of contemporaneous time records, as I have stated in the past, I am essentially a contingency fee lawyer except for occasions where I provided hourly consulting services. I managed my time recording as I have done in the past given the nature of my work. The records that I used to support my application are contemporaneous and have explicit time stamps; the only difference is that I did not enter the time into a time tracking program contemporaneously. I understand that this

practice may be partially inconsistent with the standard expected in the Second Circuit in cases involving federal fee-shifting statutes, and have made adjustments to my time keeping practices accordingly.

12. Defendants were present at all of the depositions which I took. Defendants produced some 800,000 pages of documents and were part of the discussions with me concerning their production. At the depositions where Defendants were present, I used nearly 200 documents as deposition exhibits as a result of my document review. Defendants are effectively objecting to hours they know are legitimate simply because of a technicality. In fact, Defendants did not question any of the time as not being an accurate reflection of time I actually expended on the case other than the whole billing issue discussed above. Furthermore, assuredly Defendants' own billing records reflect activity directly concerning me. When their records were produced, Defendant's redacted all of the activities, which makes it impossible for me to confirm this.

13. Thus, for example, the depositions I took were attended by Defendants and was documented by the deposition-transcripts themselves. I have attached as Exhibit "A" to this declaration the cover pages and time pages for the depositions. I prepared for all of the depositions and reviewed and selected documents for each one. Defendants were at the deposition and they cannot seriously question whether I had spent time in this preparation.

14. To partially support my claim for fees, I provided some 1200 emails and phone calls. Before November 1, it was my belief that these time-based entries would be adequate to support my activities in this case. Many of the emails and phone calls involved the Defendants themselves and for which they assuredly have records on their end. These are contemporaneous time records.

15. Taking all of the activities that are explicitly documented along with the supporting time based activities, combined with Defendants' own knowledge, it is clear that I have adequately documented my time spent on this case, absent Defendants' insistence that I did not follow a specific technical procedure. Contemporaneous records form the backbone of of my time entries.

16. I also reviewed Defendant's claims that Mr. Strutitsky's time should be excluded at the depositions and disagree with their premise. Mr. Strutinskiy performed a dual function, as a videographer as well as assistant attorney. He supported me during the deposition on substantive matters. He suggested exhibits that should be used. He also was able to research legal issues that I would ask of him during the deposition. At virtually ever break, he and I consulted as to the immediately previous testimony and the strategy during the next deposition segment. In short, Mr. Strutitsky's actions as a videographer were totally coincidental to his substantive legal assistance to me in taking the depositions.

I declare under penalties of perjury that the foregoing statement is true and correct to the best of my knowledge.

/s Keith Altman

Keith Altman, Esq.

Finkelstein & Partners

1279 Route 300

Newburgh, NY 12551

800-634-1212

kaltman@lawampmmt.com

Co-Counsel for Plaintiffs

Dated: February 4, 2011