UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
MELINDA SERIN, JUDSON RUSS, LONG SOUI LIM,   :
PERI KETTLER, GORDON REDNER, and THOMAS      :
J. SMITH,                                    :   06 CV 1625 (JSG) (PED)
                                             :
                        Plaintiffs,          :
                                             :
        -against-                            :
                                             :
NORTHERN LEASING SYSTEMS, INC., JAY          :
COHEN, RICH HAHN, and SARA KRIEGER,          :
                                             :
                        Defendant.           :
------------------------------------------------------------------- X

## DEFENDANT NORTHERN LEASING SYSTEM, INC.'S OBJECTIONS TO CERTAIN PORTIONS OF THE REPORT AND RECOMMENDATION OF <u>MAGISTRATE JUDGE PAUL E. DAVISON, DATED FEBRUARY 24, 2011</u>

MOSES & SINGER LLP
*Attorneys for Defendants*
405 Lexington Avenue
New York, New York 10174
(212) 554-7800 (telephone)
(212) 554-7700 (facsimile)

Of Counsel:

Abraham Y. Skoff, Esq.
Robert D. Lillienstein, Esq.

864813v2  011082.0121

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................................ i

PRELIMINARY STATEMENT ........................................................................................................ 1

BACKGROUND ................................................................................................................................ 2

ARGUMENT ...................................................................................................................................... 4

I. ALL OF THE FINKELSTEIN ATTORNEY TIME CHARGES SHOULD BE EXCLUDED FROM THE AWARD ................................................................................... 4

    A. The Finkelstein Attorneys Time Charges Are Based On Reconstructed Time Records, And Should Be Excluded ................................................................. 4

    B. In Addition to Being Reconstructed, Most Of Mr. Altman's Time Charges Are Vague And Should Be Excluded ...................................................................... 6

    C. Mr. Altman Is Not Admitted To Practice In New York And His Time Charges Should Be Excluded Or, In the Alternative, Reduced Below $275 Per Hour ...................................................................................................................... 7

II. THE AMOUNT OF ANY AWARD SHOULD BE REDUCED TO REFLECT PLAINTIFFS' LACK OF SUCCESS IN THIS CASE ........................................................... 8

CONCLUSION .................................................................................................................................. 11

# TABLE OF AUTHORITIES

Adorno v. Port Authority of New York and New Jersey,
    685 F. Supp. 2d 507 (S.D.N.Y. 2010)..............................................................................9, 10

Baird v. Boies, Schiller & Flexner LLP,
    219 F. Supp. 2d 510 (S.D.N.Y. 2002)...............................................................................8, 10

Barfield v. New York City Health and Hospitals Corp.,
    537 F.3d 132 (2d Cir. 2008) ..............................................................................................8, 10

Cheesecake Factory Assets Co. LLC v. Philadelphia Cheese Steak Factory Inc.,
    2008 WL 2510601 (E.D.N.Y. Jun 20, 2008) ..........................................................................6

Farrar v. Hobby,
    506 U.S. 103, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992).......................................................8

Green v. Torres,
    361 F.3d 96 (2d Cir. 2004)......................................................................................................8

Hensley v. Eckerhart,
    461 U.S. 424, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)..........................................................8

Humane Social of U.S. v. HVFG, LLC,
    2010 WL 3322512 (S.D.N.Y. Aug 19, 2010).........................................................................9

Kassim v. City of Schenectady,
    415 F.3d 246 (2d Cir.2005).....................................................................................................8

La Barbera v. Pass 1234 Trucking, Inc.,
    No. 04 CV 1364, 2007 WL 2908175 (E.D.N.Y., Sept. 28, 2007) .........................................6

McDow v. Rosado,
    657 F. Supp. 2d 463 (S.D.N.Y. 2009).....................................................................................9

N.Y. State Association for Retarded Children, Inc. v. Carey,
    711 F.2d 1136 (2d Cir. 1983)..........................................................................................3, 4, 6

Oxford Venture Fund Ltd. Partnership v. CIT Group/Equipment Financing, Inc.,
    1990 WL 176102 (S.D.N.Y. Nov 05, 1990)...........................................................................6

Reiter v. Metropolitan Transport Authority Of N.Y.,
    2007 WL 2775144 (S.D.N.Y. Sep. 25, 2007)....................................................................7, 8

Scott v. City of New York,
    626 F.3d 130 (2d Cir. 2010)............................................................................................3, 4, 5

Simmonds v. New York City Department of Correction,
    2008 WL 4303474 (S.D.N.Y. Sep. 16, 2008) .......................................................................6

Williams v. New York City. Housing Authority,
    975 F. Supp. 317 (S.D.N.Y. 1997) .......................................................................................6

**PRELIMINARY STATEMENT**

Defendant, Northern Leasing Systems, Inc. ("Northern"), by its attorneys Moses & Singer LLP, submits this memorandum of law in support of its objections to certain portions of the Report and Recommendation of Magistrate Judge Paul E. Davison, dated February 24, 2011 (the "Report") (dkt #153), which was made in connection with an application for attorneys' fees by Chittur & Associates, P.C. and Finkelstein & Partners, LLC (collectively, "Counsel"), counsel for the Plaintiffs.

Specifically, Northern objects to two aspects of the Report. First, to the extent that it awards any attorneys' fees for the time spent by Keith Altman and his associates at Finkelstein & Partners, the Report recommends an award that would constitute a clear error of law and an abuse of discretion, because Mr. Altman candidly admitted that he failed to keep or submit to contemporaneous billing records to support those charges. Under clear authority in this Circuit, no fee award is permitted in the absence of a valid excuse for failing to submit contemporaneous billing records. No such excuse was offered in this case.

Second, the Report failed to adequately take into consideration Counsel's lack of success in the underlying litigation. Comparing the amount of the settlement with the amount demanded in the Complaint, or even in Plaintiffs' expert's report, there is no question that Plaintiffs achieved remarkably little in this case. The Magistrate failed to give enough weight to this factor, and applied an erroneous standard in making its recommended award.

For these and related reasons, Defendant respectfully requests that the Court reject the Report's recommendation to the extent that it is based on these erroneous rulings, and that it

reduce the amount awarded to no more than one-third of the amount of the settlement, or $96,666.

## BACKGROUND

The claims asserted in the Amended Complaint allege a fraudulent scheme of starting "bogus legal proceedings" (Amended Complaint [dkt #26], ¶13), "[b]ased on forged documents, <u>which Defendants knew were forged</u>" (*id*. at ¶99; emphasis in original), "solely for the purpose of injuring Plaintiffs and recovering unwarranted sums through extortion." *Id*. at ¶99. As the Court described Plaintiffs' claims, "Plaintiffs … allege that Defendants Northern Leasing Systems, Inc. … Jay Cohen, Rich Hahn, and Sara Krieger engaged in a racketeering scheme <u>by forging leases bearing Plaintiffs' names and signatures and then commencing lawsuits against the Plaintiffs in New York City Civil Court</u>, in an effort to extort money from the Plaintiffs, who all live out-of-state." Opinion & Order, December 17, 2009 (dkt. #46), at p. 1-2 (emphasis added). Based upon these allegations, Plaintiffs' Amended Complaint sought damages in an amount of "not less than $10 million." (Amended Complaint [dkt #26], p. 33). Just weeks before this case was settled, Plaintiffs submitted expert's reports calculating their damages at between $6.9 million and $8.5 million, which if trebled, would have amounted to anywhere from $20.7 million to $25.5 million.

On November 10, 2010, the parties agreed to settle this action. Just days prior to the settlement and scheduled trial, Plaintiffs' settlement demand totaled $795,000. For the reasons discussed in detail in Northern's opposition to counsel's fee request (dkt. #152), Defendants believed that the case lacked merit and would not settle for an amount anywhere near these numbers. Ultimately, the case was settled for a total of $295,000, with one plaintiff receiving nothing, and one Plaintiff receiving $200,000 of the total. The others settled for amounts ranging

between $10,000 and $45,000. The total settlement amount is 2.95% of the amount demanded in the Amended Complaint.

Magistrate Judge Davison's recommended award of $523,248.00 is far too high, given the failure of one of their lead counsel to submit contemporaneous time records in support of $104,087.50 in time charges (378.5 hours at $275 per hour), and Plaintiffs' lack of success.

As more fully discussed below, in determining whether to award Plaintiffs' counsel with attorneys' fees for Mr. Altman's time, Magistrate Judge Davison cites Second Circuit authority which holds that absent unusual circumstances, "contemporaneous time records must accompany an application for statutory attorneys' fees." (Report, p. 7, *citing Scott v. City of New York*, 626 F.3d 130, 133 (2d Cir. 2010) and *N.Y. State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1147 (2d Cir. 1983)). Without finding that unusual circumstances exist, the Report nonetheless recommends that Counsel be credited with 378.5 hours of the requested 582.3 hours (or 65%) of the time spent by Mr. Altman and his associates at Finkelstein & Partners. The Report credits these time charges despite the fact that Mr. Altman and his associates billed almost entirely in minimum of one hour increments, and in many cases, lumped several tasks into one entry. Finally, the Report also fails to eliminate Mr. Altman's time charges even though he is ineligible to be admitted in New York because he obtained his law degree through an online course that is not recognized in New York

**ARGUMENT**

**I.**

**ALL OF THE FINKELSTEIN ATTORNEY TIME CHARGES
SHOULD BE EXCLUDED FROM THE AWARD**

A.  **The Finkelstein Attorneys Time Charges Are Based On
Reconstructed Time Records, And Should Be Excluded**

As determined by Magistrate Judge Davison, and conceded by Mr. Altman, none of the charges sought by Mr. Altman and his associates at Finkelstein & Partners for the period prior to November 1, 2010 is supported by contemporaneous time records. (Report, p. 7). Moreover, even for the period after November 1, 2010, although Counsel claims that Mr. Altman's time records were kept contemporaneously, the actual contemporaneous records were not submitted to the Court. According to the Finkelstein attorneys' reconstructed time records, Mr. Altman put in a total of 428 hours on this case prior to November 1, 2010.[1] He claims to have put in an additional 148.8 hours after November 1, 2010. *See* dkt. #143-22 at p. 5. None of this time is supported by contemporaneous time records.[2] Under prevailing law in this Circuit, all of this time should be excluded in calculating the fee award in this case. *Scott v. City of New York*, 626 F.3d 130, 133 (2d Cir. 2010); *N.Y. State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1147 (2d Cir. 1983).

---

[1]  At $425 per hour, which Counsel used to calculate their claims in this case, this amounts to $181,900.

[2]  As the Report accurately notes, Counsel submitted no evidence that any of the other Finkelstein attorneys' time charges were based on contemporaneous records. "Records for these attorneys appear in the same style and format as Mr. Altman's records, and only one of the three attorneys for whose time this spreadsheet reflects has supplied a sworn affidavit regarding the Serin matter – yet this declaration fails to attest to whether or not the records were contemporaneously maintained or even, for that matter, whether the number of hours indicated on the spreadsheet is accurate." Report, p. 10.

The Report correctly cites to *Scott*, *supra*, in which the Second Circuit vacated an attorneys' fee award that was based on time entries that had been reconstructed using, *inter alia*, "an extensive database of incoming emails, . . . the records of [other law firms], my office files, court records and court calendars." *Id.*, 2009 WL 2610747 at *6 & n. 41.  In rejecting any fee based on reconstructed time records, the Second Circuit held that absent unusual circumstances, "**attorneys are required to submit contemporaneous records with their fee applications**," failing which, the district court must deny the application entirely.  626 F.3d at 133 (emphasis added).[3]  The "unusual circumstances" that might justify an exception to the rule, said the Court, include "where the records were consumed by fire or rendered irretrievable by a computer malfunction before counsel had an opportunity to prepare his application." *Id.,* 626 F.3d at 134.  Those unusual circumstances are not claimed to exist in this case.

*Scott* mandates that all 582.3 hours of the Finkelstein attorneys' time charges be excluded from the Court's computation of the presumptively reasonable fee.  *Id.*[4]  Magistrate Davison erroneously credited 65% of those hours (378.5 hours), and recommended a uniform hourly rate of $275/hour for that time, for a total recommended award of $104,087.50.  This recommendation should not be followed.  The fee award recommended by Magistrate Davison should be reduced by not less than $104,087.50.

---

[3] The Report correctly fails to credit any of the cases cited by Plaintiffs in support of their application on this issue because they were all decided before the Second Circuit's opinion in *Scott*, and are no longer good law.

[4] As presented to Magistrate Judge Davison, it bears pointing out that Mr. Altman reconstructed his time records using records of telephone calls to and from "Chittur & Associates" and Moses & Singer, as well as emails to and from Mr. Chittur, Mr. Strutinskiy, and various attorneys at Moses & Singer. However, Mr. Altman fails to acknowledge that he is co-counsel of record with Chittur & Associates in another lawsuit, beside this one, in which Moses & Singer are attorneys for the defendants.  His phone records give no indication as to whether the telephone calls involved this case, or the other, unrelated case.  Many of the email entries have the subject line redacted, making it impossible to determine whether they relate to this action or not.

B.   **In Addition to Being Reconstructed, Most Of Mr. Altman's Time Charges Are Vague And Should Be Excluded**

Even a cursory review of Mr. Altman's time records demonstrates that his entries are vague and could not possibly reflect an accurate portrayal of the time that he actually spent on this case, since every single entry (with the exception of three entries on November 18, 23 and 24, 2010 - after the settlement was reached) is in an increment of one whole hour. This includes the reconstructed time for the period prior to November 1, 2010, as well as the time that he asserts was registered contemporaneously after November 1, 2010.

Many of Mr. Altman's entries have limited descriptions without any detail and, as noted by Magistrate Davison in footnote 7 of the Report, contain "troubling inconsistencies." It is also highly unorthodox to bill in hourly increments. In fact, attorneys who have billed in minimum increments of more than .10 hours routinely have had their fees reduced. *Cheesecake Factory Assets Co. LLC v. Philadelphia Cheese Steak Factory Inc.*, 2008 WL 2510601 at *5 (E.D.N.Y. Jun 20, 2008); *La Barbera v. Pass 1234 Trucking, Inc.*, No. 04 CV 1364, 2007 WL 2908175 at *7 (E.D.N.Y., Sept. 28, 2007); *Oxford Venture Fund Ltd. P'ship v. CIT Group/Equip. Financing, Inc.*, 1990 WL 176102 at *2-4 (S.D.N.Y. Nov 05, 1990) (reducing fee request based on .25 hour increments by 30%); *see also* ABA Comm. on Ethics and Professional Responsibility, Formal Op. 93-379 (Dec. 6, 1993) (concluding that it is unethical to bill in minimum increments that involve rounding up).

The Report correctly concludes that such vague time records make it "nearly impossible for the court to assess the reasonableness of the time spent on each activity." *Simmonds v. New York City Dep't of Corr.*, 2008 WL 4303474, at *8 (S.D.N.Y. Sep. 16, 2008); *Carey*, 711 F.3d at 1148. Similarly, the Report correctly concludes that "Mr. Altman's reconstructed entries refer to

multiple tasks, which by itself frustrate this Court's ability to assess reasonableness." Report, p. 13; *Williams v. New York City. Hous. Auth.*, 975 F.Supp. 317, 327 (S.D.N.Y. 1997).

Mr. Altman's time records are reconstructed and should not be considered. To the extent that they are considered at all, his vague time entries, his practice of billing in hour increments and billing for multiple tasks in one lump sum, all render Mr. Altman's time records insufficient to support an award. Despite these obvious inadequacies, the Report improperly recommends Counsel receive $104,087.50 for Mr. Altman's time. This is erroneous and should be modified. The amount of the award should be reduced by not less than $104,087.50.

**C.     Mr. Altman Is Not Admitted To Practice In New York And His Time Charges Should Be Excluded Or, In the Alternative, Reduced Below $275 Per Hour**

Mr. Altman's status and experience as a lawyer should also be considered in determining an appropriate hourly rate to assign to any hours that should not be stricken from Plaintiffs' application. Specifically, the Report acknowledges that Mr. Altman was licensed in California in 2008 and that he has e-discovery experience. Report, pp. 18-19. The Report also acknowledges that an hourly rate should be decided upon in comparison with similarly sized firm and with lawyers of similar experience. Report, pp. 19-20.

A review of the Report, however, fails to acknowledge the fact that Mr. Altman is not eligible to practice law in New York because he received a J.D. from Concord Law School, an online program based in California. *See* dkt 143-25, p. 1.

Consistent with the applicable case law requiring Plaintiffs' to produce evidence that the requested rates are the prevailing market rate (*see*, *e.g*., *Reiter v. Metro. Transp. Auth. Of N.Y.*, 2007 WL 2775144, at *8 (S.D.N.Y. Sep. 25, 2007)), Plaintiffs did not produce to the Magistrate Judge any evidence regarding the rates to be charged by a lawyer who is not eligible to practice

law in New York and in this District.  Accordingly, any award of attorneys' fess for Mr. Altman is erroneous and should be stricken.

As Magistrate Judge Davison concluded, "Mr. Altman's skills involving e-discovery and multi-district litigation do not appear of particular relevance in this case."  Report, p. 19.  Northern agrees.  However, the Report only reduces Mr. Altman's rate from the $425 per hour requested to $275 per hour.  As the Report acknowledges, however, in *Reiter*, *supra*, the court held that "**highly experienced** counsel from small firms in the Southern District" are "normally compensated at rates ranging from $250-$425 per hour)(emphasis added).  *Reiter*, 2007 WL 2775144, at *7.  In light of the findings that Mr. Altman is not highly experienced, any of his time awarded to Plaintiffs should be below (not within) the established range for such attorneys.

## II.

### THE AMOUNT OF ANY AWARD SHOULD BE REDUCED TO REFLECT PLAINTIFFS' LACK OF SUCCESS IN THIS CASE

The Supreme Court has held that "'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" *Farrar v. Hobby*, 506 U.S. 103, 114, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 436, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)); *accord Barfield v. New York City Health and Hospitals Corp.*, 537 F.3d 132, 152 (2d Cir. 2008), 537 F.3d at 152; *Baird v. Boies, Schiller & Flexner LLP*, 219 F. Supp. 2d 510, 519 (S.D.N.Y. 2002).

In *Barfield.*, 537 F.3d 152, the Second Circuit noted that the "degree of success" inquiry "is not limited to inquiring whether a plaintiff prevailed on individual claims." *Id.* at 152.  "Both the quantity and quality of relief obtained, <u>as compared to what the plaintiff sought to achieve as evidenced in her complaint</u>, are key factors in determining the degree of success achieved." *Id.* (quotation marks and citation omitted; emphasis added).  *See Kassim v. City of Schenectady*, 415

F.3d 246, 254 (2d Cir.2005) ("a district court, in fixing fees, is obligated to give primary consideration to the amount of damages awarded as compared to the amount sought."); *Green v. Torres*, 361 F.3d 96, 98 (2d Cir.2004) ( per curiam ) (the court may exclude hours spent on "severable unsuccessful claims."); *Adorno v. Port Authority of New York and New Jersey*, 685 F.Supp.2d 507 (S.D.N.Y. 2010) (reducing presumptively reasonable fee by 60% to account for lack of success of certain plaintiffs, who recovered nothing); *Humane Soc. of U.S. v. HVFG, LLC*, 2010 WL 3322512 (S.D.N.Y. Aug 19, 2010) (reduction of 25% to reflect fact that plaintiffs' success, compared to what was initially sought, was at best "partial or limited"); *McDow v. Rosado*, 657 F.Supp.2d 463 (S.D.N.Y. Sept. 29, 2009) (reduction of 12% to reflect lack of success compared to what was sought).

Here, any amount awarded should reflect Plaintiffs' very limited success in this action. In the Amended Complaint, Plaintiffs collectively demanded judgment in an amount not less than **$10 million**, trebled in accordance with RICO, as well as punitive damages, on behalf of six plaintiffs.  (dkt. #26).  The case was ultimately settled for amounts ranging from $0 to $200,000, with four plaintiffs receiving amounts between $10,000 and $45,000, exclusive of attorneys' fees and costs.  The total amount of the settlement represents **less than 3%** of the amount of damages demanded in the Amended Complaint (before trebling), and only approximately 3.5% to 4.3% of the damages claimed by their purported expert (before trebling) just weeks prior to trial.

Magistrate Judge Davison's Report contains only a very brief analysis of Plaintiffs' degree of success as it relates to Plaintiffs' application for attorneys' fees. Report, p. 23.  The Report concludes that "[i]n this case, the amounts recovered by the individual plaintiffs represent more than mere nominal damages and accordingly, a reduction in the reasonable fee for this reason is not warranted." Report, p. 22.  However, the Report cites no authority for the "more

than nominal" standard that he apparently applied – a standard that is inconsistent with precedent in this Circuit under which the Court is directed to compare the amount demanded in the Complaint with the amount recovered. *Barfield,* 537 F.3d at 152. Under the *Barfield* standard, there is no question that Plaintiffs achieved little success. Plaintiffs sought damages of at least $10 million, before trebling. Compare that to what Plaintiffs obtained through settlement: one received nothing and had her case dismissed with prejudice[5]; one settled for $10,000; one settled for $15,000; one settled for $25,000; one settled for $45,000; and one settled for $200,000. In total, the six plaintiffs settled for $295,000, or 2.95% of the amount they sought to recover. Under these circumstances, the presumptively reasonable fee should be reduced significantly to adjust for Plaintiffs' clear lack of success.

In a situation closely analogous to this, the Court in *Baird* reduced the requested lodestar by 60% to reflect the lack of success by plaintiffs in accepting an offer of judgment that was far less than the amounts they had originally demanded. In that case, plaintiffs initially calculated their damages at $1.25 million, but they accepted a settlement of $37,500 (representing 3% of the initial claim), without any admission of liability, and without any injunctive relief. 219 F. Supp. 2d at 512. Judge Chin found that "plaintiffs accepted the offer of judgment because they realized as the case progressed, that they had little hope of success on the merits," and reduced the fee award by 60%. *Id.* at 523-25. The settlement by Plaintiffs in this case also represents approximately 3% of the amount that they original claimed, and even less if those claimed damages had been trebled. Accordingly, based on *Baird* and the other cases cited above, the presumptively reasonable fee should be reduced by as much as 78%.

---

[5] This fact alone warrants an overall reduction of any fee award by approximately 17%. *Adorno*, 685 F. Supp.2d at 518.

Under any view of the facts here, Plaintiffs achieved remarkably little in comparison to what they sought, and it is folly to suggest that Plaintiffs were "successful." Plaintiffs agreed that the settlement "does not constitute an admission or evidence wrongdoing" and Northern has not agreed to change any aspect of its business practices as part of the settlement. As such, the fee requested by Counsel's award must be significantly reduced to an amount that is far below the lodestar that they seek.

If the Court adopts Northern's suggestions, the fee portion of the recommended award ($543,006.46) should be reduced by $104,087.50 to eliminate time charges that are unsupported by contemporaneous time records, and the balance of the award ($438,918.96) should be reduced by 78% to reflect Plaintiff's lack of success. The resulting amount, $96,562.07, closely approximates what New York attorneys typically receive on contingency fee cases: one-third of the amount recovered, or in this case, $96,666.

## CONCLUSION

For the reasons stated above, this Court should modify the Report to eliminate any award of attorneys' fees related to the time spent by the Finkelstein & Associates attorneys, and it should significantly reduce the remaining amount awarded to reflect Plaintiffs' lack of success in this matter. In all other respects, Northern requests that the Report be confirmed.

Dated: New York, New York
      March 14, 2011                              MOSES & SINGER LLP

                                                          By:       /s/
                                                              Abraham Y. Skoff, Esq.
                                                              Robert D. Lillienstein, Esq.
                                                      The Chrysler Building
                                                      405 Lexington Avenue
                                                      New York, New York 10174
                                                      Tel: (212) 554-7800
                                                      Fax: (212) 554-7700
                                                      *Attorneys for Defendants*