

THE CHRYSLER BUILDING
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800    Fax: 212.554.7700
www.mosessinger.com

Robert D. Lillienstein
Direct: 212.554.7807  Fax: 917-206-4307
rlillienstein@mosessinger.com

March 18, 2011

<u>VIA ECF</u>
Honorable James S. Gwin
United States District Court
Carl B. Stokes United States Court House
801 West Superior Avenue
Cleveland, Ohio 44113-1838

      Re:  *Melinda Serin, Judson Russ, Long Soui Lim, Peri Kettler, Gordon Redner, and Thomas J. Smith, v. Northern Leasing Systems, Inc., Jay Cohen, Rich Hahn, and Sara Krieger*
          Docket No. 06 CV 1625 (JSG)

Honorable Sir:

      I write in response to Mr. Chittur's letter of March 17, 2011.

      Without even a nod to appropriate procedure or legal authority, and based on pure speculation, without a shred of actual proof, Mr. Chittur now asks for an order directing Defendants to post a bond for attorneys' fees and costs, even though no such fees have yet been awarded by this Court.  We object to Mr. Chittur's request, on substantive and procedural grounds.

      The entire substantive basis for Mr. Chittur's request is a notice sent by SKS Associates, an entity that is not a party to this case, addressed to an entity called Kenrie Inc., which is another non-party.  That notice states that SKS Associates "acquired all of the rights, title and interest in certain leases owned by Northern Leasing Systems, Inc." and that SKS was seeking to collect $71.58 in taxes, tax processing and filing fees.  Based on this one piece of paper, Mr. Chittur recklessly charges that "Defendants are gearing up to render themselves judgment-proof" – a statement that would clearly subject Mr. Chittur to sanctions under Rule 11(b), as well as a claim of defamation if published in another context.  *Ruder & Finn Inc. v. Seaboard Surety Company*, 52 N.Y.2d 663, 671-672, 439 N.Y.S.2d 858, 862 (1981) ("Where a statement impugns the basic integrity or creditworthiness of a business, an action for defamation lies and injury is conclusively presumed.).

      Although we object to having even to respond to Mr. Chittur's reckless speculation, I will state that I am aware that the transaction referred to in the notice involved an arms length sale, by Northern, of the right to collect reimbursement for property taxes advanced by Northern and associated fees that are due under certain equipment leases.  I am also advised that Northern

MOSES & SINGER LLP

Hon. James S. Gwin
March 18, 2011
Page 2

received fair value in consideration for the transfer.  This fact alone negates the entire basis for Mr. Chittur's reckless claim.

      Mr. Chittur's current request is also procedurally improper.  The Federal Rules of Civil Procedure, and the Local Civil Rules applicable in the Southern District, contain rules that all attorneys must follow when seeking an Order of the Court.  Among the many rules that Mr. Chittur has disregarded by making his most recent request, are Fed. R. Civ. P. 6(c)(1) (requiring written notice of motion), 6(c)(2) (requiring a supporting affidavit for all motions), Local Civil Rule 6.1 (setting forth minimum notice requirements for motions), and Local Civil Rule 7.1 (requiring a memorandum of law for all motions, and providing that willful failure to comply with this rule "may be deemed sufficient cause for the denial of a motion").

      Mr. Chittur's request for a bond to secure costs is also without merit.  Local Rule 54.1 sets forth a procedure for the taxation of costs, which provides that "[w]ithin thirty (30) days after entry of final judgment . . . any party seeking to recover costs shall file with the clerk a request to tax costs annexing a bill of costs and indicating the date and time of taxation.  The bill of costs shall include an affidavit that the costs claimed are allowable by law, are correctly stated and were necessarily incurred.  <u>Bills for the costs claimed shall be attached as exhibits</u>."  (Emphasis added).  Plaintiffs' application for fees to the Magistrate was not a substitute for a properly filed request for taxation of costs because, *inter alia*, it was not made to the clerk, and it was not supported by copies of any "bills", as required by the Local Rule.

      Under Local Rule 54.1, a request for costs is either premature, because there has been no final judgment, or, if the Court's November 15, 2010 statement on the record that this case is "settled and dismissed" is considered a final judgment, it has been waived, because Local Rule 54.1 required such a request for the clerk to tax costs to have been filed within thirty (30) days after the entry of final judgment.  Local Rule 54.1 also explicitly provides that that costs may not be taxed during the pendency of any appeal and as the Court is aware, Defendants have filed objections to certain aspects of Magistrate Davison's Report & Recommendation, and intend to respond in due course to the objections that have been filed by Plaintiffs.  Both sides have the right to appeal from any ruling that may be made by the Court.  If such an appeal is filed, it will automatically postpone the date of taxation of costs by the Clerk.

      For the foregoing reasons, Mr. Chittur's request is substantively without merit, and procedurally improper.  We therefore request that it be denied in its entirety.

      Respectfully submitted,
      /s/

      Robert D. Lillienstein

cc.    Krishnan Chittur, Esq. (via ECF)
        Keith Altman, Esq. (via ECF)

857179v2  011082.0121