# Chittur & Associates, P.C.

Attorneys & Counselors at law
286 Madison Avenue Suite 1100
New York, New York 10017
Tel: (212) 370-0447
Fax: (212) 370-0465
Web: www.chittur.com
Email: kchittur@chittur.com

March 21, 2011

**VIA ECF**

Hon. James Gwin
United States District Judge
Carl B. Stokes United States Court House
801 West Superior Avenue
Cleveland, Ohio 44113-1838

      Re:     *Serin v. Northern Leasing*, S.D.N.Y. - Docket No. 7:06-CV-01625

Dear Judge Gwin:

      Plaintiffs requested, based upon Defendants' dire financial straits, that Defendants be required to immediately (a) pay the Court-awarded out-of-pocket expenses, and (b) post a bond to secure payment of attorneys' fees.  Letter of March 17, 2011.  In response, Defendants do not disagree that they are in dire financial straits (Letter by Lillienstein, Mar. 18, 2011, dkt. 156, "DL")).  They do not dispute that they have been chronically late in their rent payments to their landlord.  They do not contest that they have been unable to meet their monthly obligations to Sovereign Bank.  They do not deny that a "huge number" of letters were sent to Northern Leasing's lessees under the name of "SKS Associates" - which letters reflect nothing about "SKS Associates" but a post office box address - to collect Northern Leasing's dues.

      Further, while Defendants' counsel claims to be "aware" of this alleged "arms-length transaction," he fails to tell us what kind of entity is this "SKS Associates," who its principals are, where its offices are, or just what was the consideration received for this transfer of assets.  In fact, court filings in federal court in San Franciso on Friday, March 18, 2011, reveal that SKS is yet another shell entity created by Defendants and their cohorts with the same office, same phones, and same staff as Northern Leasing to defraud alleged lessees.  *Just Film, Inc., et al v. Merchant Services, Inc., et al*, No.4:10-cv-01993-CW (U.S.D.C. N. D. Cal.) (Second Amended Complaint dkt. 207).  Thus, Defendants' counsel's vituperative Letter appears to be nothing more than an aggressive attempt at misleading the Court.

      Defendants' other objections are equally meritless.  First, Defendants refer to the local

Hon. James Gwin                                                               March 21, 2011
*Serin v. Northern Leasing*, S.D.N.Y. No. 7:06-CV-01625                              Page 2

rules concerning procedural aspects of formal motions.  But it is settled that this Court has "broad discretion" to "disregard" them.  *Soto v. Fed. Express Corp.*, 2008 WL 305017 (E.D.N.Y. Feb. 1, 2008) (*quoting Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir.2001)).  And as this Court is well aware, our courts routinely treat letters as motions, or if necessary, direct the filing of a formal motion.  *Aguilar v. Immigration & Customs Enforcement Div. of U.S. Dept. of Homeland Sec.*, 255 F.R.D. 350, 353 (S.D.N.Y. 2008) ("Plaintiffs' letters amount to a motion"); *Maxwood Music Ltd. v. Malakian*, 722 F. Supp. 2d 437, 439 (S.D.N.Y. 2010) ("letter was converted to a formal motion and the motion was marked fully submitted"); *Lidle v. Cirrus Design Corp.*, 2010 WL 1644958 (S.D.N.Y. Apr. 22, 2010) ("The disputes resolved by this Order have been raised in a series of letters rather than by formal motion.").  Thus, the Local Rules do not bar this Court from treating Plaintiffs' letter-application as a motion.

Second, Defendants' reliance upon Local Rule 54.1, which deals with "Taxable Costs", reflects a fundamental misunderstanding of that provision.  As one Court explained:

> The costs that a party may recover under Fed.R.Civ.P. 54(d) are strictly limited to those listed in 28 U.S.C. § 1920.  *Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC.*, 2007 WL 4326110, at *2 (S.D.N.Y. Dec.4, 2007) ("a district court does not have discretion, under Fed.R.Civ.P. 54(d), to tax as costs expenses incurred beyond those specified as taxable by Congress in 28 U.S.C. § 1920.")

*Manzo v. Sovereign Motor Cars, Ltd.*, 2010 WL 1930237 (E.D.N.Y. May 11, 2010).  *Accord, Dotson v. City of Syracuse*, 2011 WL 817499 (N.D.N.Y. Mar. 2, 2011).

But expenses recoverable under the "prevailing party" provisions of federal statutes are "are not limited to the costs taxable by 28 U.S.C. § 1920." *Disney Enter., Inc. v. Merchant*, 2007 WL 1101110, at *9 (N.D.N.Y.2007) (delivery charges and postage are not typically recoverable under § 1920 but are recoverable under fee shifting statutes); *accord, New York State Teamsters Conference Pension & Ret. Fund v. United Parcel Serv., Inc .*, 2004 WL 437474, at *6 (N.D.N.Y. Feb. 27, 2004) (permitting costs "associated with lodging, meals, transportation, photocopying, postage, long distance telephone charges, and facsimiles-all of which are reasonable out-of-pocket expenses.").  As the Second Circuit explained about a quarter century ago:

> The district court recognized, however, that awards of attorney's fees in civil rights suits under fee-shifting statutes, such as the ADEA, "normally include those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." (*citing Laffey v. Northwest Airlines, Inc.*, 746 F.2d 4, 30 (D.C. Cir.1984), *cert. denied*, 472 U.S. 1021 (1985)) (other citations omitted). The rationale for this rule is that attorney's fees include expenses that are "incidental and necessary" to the representation, provided they are "reasonable." *Northcross v. Board of*

Hon. James Gwin                                                                          March 21, 2011
*Serin v. Northern Leasing*, S.D.N.Y. No. 7:06-CV-01625                                          Page 3

>  *Education*, 611 F.2d 624, 639 (6th Cir.1979), *cert. denied*, 447 U.S. 911
>  (1980).

*Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2nd Cir. 1987).  Thus, out-of-pocket costs that are normally charged to clients are generally compensable, whether or not they are covered by 28 U.S.C. § 1920.  *Mugavero v. Arms Acres, Inc.*, 2010 WL 451045, at *12 (S.D.N.Y.2010); *Dotson*, 2011 WL 817499 (N.D.N.Y. Mar. 2, 2011).

      Plaintiffs' motion here was under fee-shifting provisions of RICO and of Section 349, G.B.L.  It was not for "taxable costs" under Rule 54.  And this part of Plaintiffs' motion has been granted by the Magistrate Judge, has not been objected to, and has become final.  Thus, Defendants' backhanded attempt to wriggle out of their obligation to pay Plaintiffs' out-of-pocket costs - which they expressly agreed to pay under the November 10th settlement - should be rejected.

      Accordingly, Plaintiffs request that Defendants be required to forthwith (a) pay Plaintiffs the costs of $43,006.46; and (b) post a bond, pending this Court's decision on the pending Objections,  in the amount of attorneys' fees claimed by the Plaintiffs $3.5 million, or at least in the amount awarded by the Magistrate Judge ($543,248).  Thank you for your attention.

      Yours very truly,

      Sd/

      Krishnan S. Chittur, Esq.
      Attorneys for Plaintiffs

cc:     Moses & Singer, LLP (by ecf)