

# MOSES & SINGER LLP

THE CHRYSLER BUILDING
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800    Fax: 212.554.7700
www.mosessinger.com


Robert D. Lillienstein
Direct: 212.554.7807  Fax: 917-206-4307
rlillienstein@mosessinger.com

April 24, 2011

<u>VIA EMAIL and ECF</u>
Honorable James S. Gwin
United States District Court
Carl B. Stokes United States Court House
801 West Superior Avenue
Cleveland, Ohio 44113-1838

> Re:  *Melinda Serin, Judson Russ, Long Soui Lim, Peri Kettler, Gordon*
> *Redner, and Thomas J. Smith, v. Northern Leasing Systems, Inc.,*
> *Jay Cohen, Rich Hahn, and Sara Krieger*
> Docket No. 06 CV 1625 (JSG)

## <u>URGENT REQUEST FOR MODIFICATION OF JUDGMENT</u>

Honorable Sir:

I write with an <u>urgent request</u> for Your Honor to amend and clarify the terms of the Judgment signed by Your Honor on April 21, 2011 (dkt 163), to make it conform to the requirements of Rule 62(a) of the Federal Rules of Civil Procedure.  As you know, Mr. Chittur submitted a form of Judgment to Your Honor on April 20, 2011, which provided for the issuance of a writ of execution "forthwith", despite the requirements of Rule 62(a), which provides, "no execution may issue on a judgment, nor may proceedings be taken to enforce it, until 14 days have passed after its entry."  Your Honor signed the Judgment less than 24 hours after it was submitted (via email), preventing us from bringing this to your attention in a timely manner.

On Friday, I wrote to Mr. Chittur to remind him of the requirements of Rule 62(a), which provides for an automatic stay of enforcement of any money judgments for 14 days.  (Copy attached).  I have a now received two email responses from Mr. Chittur that make clear that he believes that he may move forward with enforcement proceedings, despite the requirements of Rule 62(a), on the basis of the language that he included in the Judgment that Your Honor signed.  The first such response stated:

> Dear Mr. Lillienstein:
>
> As you are aware, the Judge has expressly ordered that "writ of execution to issue forthwith".  Dkt 163.
>
> If Defendants desire to avoid execution, please arrange for an immediate tender of a certified check.

# MOSES & SINGER LLP

Hon. James S. Gwin
April 24, 2011
Page 2

The second response was received by email this evening after 6 PM, necessitating this urgent request.  In it, Mr. Chittur warned that he would commence enforcement proceedings as early as Monday morning, beginning at 9 AM.

It is clear that a District Court has no discretion to reduce or eliminate the automatic stay provided by Rule 62(a).  *Elliott Associates, L.P. v. Banco De La Nacion*, 2000 WL 1449862 (S.D.N.Y. Sep 29, 2000) ("courts have no discretion not to impose a stay under Fed.R.Civ.P. Rule 62(a).  Rule 62(a) provides that "no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of 10 days after its entry." Rule 62(a), Fed.R.Civ.P.  Although courts have discretion to stay the execution of judgment for a longer period under Rule 62 pending appeal or a motion for a new trial, for example, *see* Fed.R.Civ.P. Rules 62(a)-(c), Rule 62(a) in effect provides a mandatory minimum ten-day stay after judgment is imposed."  (Emphasis added).  Rule 62(a) has since been modified to provide for a mandatory minimum fourteen-day stay.

Rule 62(a) is intended to "provide the losing party with a period of time within which to decide whether to pursue available post-judgment motions or remedies, such as an appeal." 12 James Wm. Moore et al., Moore's Federal Practice § 62.02[1] (3d ed.2005) (*citing United States v. One 1962 Ford Galaxie Sedan*, 41 F.R.D. 156, 157 (S.D.N.Y.1966).  Here, Northern intends to appeal from the Judgment, and to obtain a further stay of enforcement beyond the 14 days provided for by Rule 62(a), by filing a supercedeas bond in accordance with Rule 62(c).  If Mr. Chittur is allowed to violate Rule 62(a), the practical effect will be to deprive Northern of its rights under the Federal Rules.

Accordingly, we respectfully ask you to promptly amend the Judgment: (a) to delete the phrase, "with writ of execution to issue forthwith"; and (b) to provide that that no execution may issue on the Judgment, and no proceedings may be taken to enforce it, until 14 days have passed after its entry, in accordance with Rule 62(a).  Alternatively, we ask that you So Order this letter, to make clear that the Judgment was not intended to modify the requirements of Rule 62(a) in any respect.

We thank you for your prompt attention to this request.

Respectfully submitted,
/s/

Robert D. Lillienstein

cc.    Krishnan Chittur, Esq. (via email and ECF)
       Keith Altman, Esq. (via email and ECF)

870719v1  011082.0121

# MOSES & SINGER LLP

THE CHRYSLER BUILDING
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800    Fax: 212.554.7700
www.mosessinger.com

# Facsimile Transmission
# Cover Sheet

Date:          April 22, 2011

| To | Firm name | Fax number |
|---|---|---|
| Krishnan Chittur, Esq. | Chittur & Associates | 212 370 0465 |
| cc: Rob Lillienstein, Esq. | Moses & Singer LLP | 917 206 4307 |

From:          Robert Lillienstein                        Phone:  212 554 7807

Client/Matter:      011082-0121

Number of Pages:        2
(Including cover page)

Comments:

If you do not receive all pages, or have any other problems receiving this transmission, please call 212-554-7800 and ask for the telecopy operator.

CONFIDENTIALITY NOTE
This facsimile transmission contains information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, confidential, and/or exempt from disclosure under applicable law.

If you are not the intended recipient (or an employee or agent responsible for delivering this facsimile transmission to the intended recipient), you are hereby notified that any copying, disclosure or distribution of this information may be subject to legal restriction or sanction. Please notify the sender by telephone to arrange for the return or destruction of the information and all copies.

# MOSES & SINGER LLP

THE CHRYSLER BUILDING
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800    Fax: 212.554.7700
www.mosessinger.com

Robert D. Lillienstein, Esq.
Direct: 212.554.7807  Fax: 917-206-4307
rlillienstein@mosessinger.com

April 22, 2011

**BY EMAIL AND BY FACSIMILE**

Krishnan Chittur, Esq.
Chittur & Associates PC
286 Madison Avenue, Suite 1100
New York, NY 10017

> Re: *Melinda Serin, Judson Russ, Long Soui Lim, Peri Kettler, Gordon Redner, and Thomas J. Smith, v. Northern Leasing Systems, Inc., Jay Cohen, Rich Hahn, and Sara Krieger*
> <u>Docket No. 06 CV 1625 (JSG)</u>

Dear Mr. Chittur:

We are aware that a Judgment was entered today in the above action, in favor of Chittur & Associates, PC., and against Northern Leasing Systems, Inc. Be advised that under Rule 62(a) of the Federal Rules of Civil Procedure, there is an automatic stay in place for 14 days following the date of entry. That rule provides, *inter alia*, that "no execution may issue on a judgment, nor may proceedings be taken to enforce it, until 14 days have passed after its entry."

Accordingly, we hereby put you on notice of the foregoing automatic stay. If, despite the stay, you make any effort either to cause execution to issue, or to enforce the judgment, by restraining any bank account or otherwise, we will hold you responsible for any damage caused thereby.

Very truly yours,

Robert D. Lillienstein

RDL/js
Enc.

cc:   Keith Altman, Esq.
      Arnold Bressler. Esq.
      Avi Skoff, Esq.

859810v1 011082.0121