# Chittur & Associates, P.C.

Attorneys & Counselors at law
286 Madison Avenue Suite 1100
New York, New York 10017
Tel: (212) 370-0447
Fax: (212) 370-0465
Web: www.chittur.com
Email: kchittur@chittur.com

April 25, 2011

**VIA ECF**

Hon. James Gwin
United States District Judge
Carl B. Stokes United States Court House
801 West Superior Avenue
Cleveland, Ohio 44113-1838

     Re: *Serin et al, v. Northern Leasing et al*, S.D.N.Y. - No. 7:06-CV-01625

Dear Judge Gwin:

     This is in response to Defendants' "urgent" letter of yester-night seeking "modification" of the judgment entered herein by Your Honor on April 22, 2011 (dkt. 163), which letter was also e-filed this morning as a "motion to stay judgment" (dkt. 164, "DL").  Defendants' letter/motion is misconceived, and neither a modification nor a stay is warranted.

     As Your Honor is aware, Plaintiffs have been concerned about Defendant Northern Leasing's tottering finances and becoming judgment-proof, based upon its inability to meet its rent payments to its landlord and its obligations to Sovereign Bank.  Indeed, that was the primary reason for the settlement, for this Court's subsequent order requiring Defendants to "immediately make payment of the $295,000 settlement to Plaintiffs" (dkt. 147), and for Plaintiffs' request that Defendants be required to secure the costs and attorneys' fees herein.  Defendants have not even paid the out-of-pocket expenses of $43,006.06, which was never objected to either before the Magistrate Judge or this Court.  Under these circumstances - and the widespread racketeering scheme spelled out in detail in the *Just Film* complaint and Judge Wilkin's TRO therein, dkt 160-1 - the risks of fraudulent transfer of assets to defeat Plaintiffs' claims, and the attendant prospect of several years of litigation to unravel that can hardly be minimized.  Defendant's request for "modification" or "stay" has to be viewed in that light.

     Defendants' reliance upon Rule 62, Fed. R. Civ. P., is misconceived.  Under that Rule,

Hon. James Gwin	*Serin v. Northern Leasing*
April 25, 2011	Page 2

"in order to qualify for an automatic . . . stay of execution the judgment must meet the test of Rule 54(a)."  C. Wright, A. Miller, & M. Kane, *Federal Practice & Procedure*, § 2651 (3d ed.). But Rule 54(a) does <u>not</u> cover attorneys' fees and expenses, which are the subject of Rule 54(d), Fed. R. Civ. P.  The judgment here is for attorneys' fees and expenses, and hence, not covered by Rule 54(a); it follows that Rule 62 does not apply here.  Rule 62 might have been applicable only to the judgment of November 15, 2010 dismissing the action.  *Elliott Associates, L.P. v. Banco De La Nacion*, 2000 WL 1449862 (S.D.N.Y. Sep 29, 2000), the only case cited by Defendants, did not deal with attorneys' fees, but with a judgment on the merits.  That case is of no help to Defendants.

Moreover, even assuming, *arguendo*, that Rule 62 is applicable, nothing in that Rule <u>prohibits</u> this Court from issuing an execution under the circumstances presented here.  It is well-settled that this Court has broad "inherent power to enforce its judgments," *Robbins v. Viking Recovery Services LLC*, 2010 WL 3222493 (W.D.N.Y. Aug. 10, 2010) (*quoting Plunket v. Estate of Doyle*, 2009 WL 73146, at *2 (S.D.N.Y. Jan.12, 2009)).  This power includes the jurisdiction to conduct a "broad range of supplementary proceedings . . . to assist in the protection and enforcement of federal judgments-including attachment, mandamus, garnishment, and the prejudgment avoidance of fraudulent conveyances." *Trustees of 1199/SEIU Greater New York Ben. Fund v. Sieger*, 2010 WL 3911474 (S.D.N.Y. Oct. 5, 2010) (*quoting Peacock v. Thomas*, 516 U.S. 349 (1996)).  It also includes the power to order injunctive relief "after [this Court] has entered a final judgment, even during the pendency of an appeal." *Mosaica Advantage Inc. v. Detroit Advantage Acad., Inc.*, 2006 WL 1234892 (E.D. Mich. May 5, 2006) (*quoting Hawai Housing Authority v. Midkiff*, 463 U.S. 1323 (1983)).  *Accord, Khan v. Shamrock Partners, Ltd.*, 292 F. App'x. 604, 607 n. 6 (9th Cir. 2008); *MasterCard Int'l Inc. v. Argencard Sociedad Anonima*, 2002 WL 432379 (S.D.N.Y. Mar. 20, 2002) ("broad power to issue injunctions to preserve the *status quo*").

In sum, Rule 62 does not apply to the instant case involving attorneys' fees and expenses, and in any event, does not bar this Court from requiring prompt execution.  Your Honor's April 22, 2011, judgment was proper in all respects. Nevertheless, if Your Honor is inclined to hold otherwise, Plaintiffs request that (a) the Judgment be left undisturbed so that the 14 days' time from April 22 not be interrupted or reset; and (b) in the meanwhile, Defendants be barred from transferring any cash or liquid assets upto the amount of the judgment until execution or satisfaction.  Thank you for your attention.

                 Yours truly,

                 Sd/

                 Krishnan Chittur, Esq.

Cc: Moses & Singer, LLP (via ECF)