

THE CHRYSLER BUILDING
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800    Fax: 212.554.7700
www.mosessinger.com

Robert D. Lillienstein
Direct: 212.554.7807  Fax: 917-206-4307
rlillienstein@mosessinger.com

April 26, 2011

VIA ECF
Honorable James S. Gwin
United States District Court
Carl B. Stokes United States Court House
801 West Superior Avenue
Cleveland, Ohio 44113-1838

      Re:  *Melinda Serin, Judson Russ, Long Soui Lim, Peri Kettler, Gordon Redner, and Thomas J. Smith, v. Northern Leasing Systems, Inc., Jay Cohen, Rich Hahn, and Sara Krieger*
           Docket No. 06 CV 1625 (JSG)

### URGENT REQUEST FOR MODIFICATION OF JUDGMENT

Honorable Sir:

      I write in response to Mr. Chittur's letter of April 25, 2011, and in further support of Defendant's request for Your Honor to amend and clarify the terms of the Judgment signed by Your Honor on April 21, 2011 (dkt 163), to make it conform to the requirements of Rule 62(a) of the Federal Rules of Civil Procedure.

      Mr. Chittur's opposition argues that the Judgment in question is not subject to Rule 62(a)'s automatic fourteen day stay of execution, but offers absolutely no legal support for that conclusion. There is no question that the Judgment entered on April 21 is a Judgment within the meaning of Rule 54(a): it is denominated as a Judgment on its face, and an appeal lies from it. That is all that is required to make it a Judgment within the meaning of Rule 54(a). Rule 54(d) merely sets out the procedure for seeking attorneys' fees. There is nothing in that Rule to even remotely suggest that any resulting money judgment is not a Judgment within the meaning of Rule 54(a), and subject to the mandatory automatic stay of execution set forth in Rule 62(a).

      The cases cited by Mr. Chittur deal with the Court's power to aid in enforcement of a judgment. None of those cases even addresses the question of whether a District Court has the discretion to dispense with the automatic stay provided by Rule 62(a). Mr. Chittur's attempt to distinguish *Elliott Associates, L.P. v. Banco De La Nacion*, 2000 WL 1449862 (S.D.N.Y. Sep 29, 2000), by pointing out that it does not deal with a Judgment for attorneys' fees and costs, is unavailing, since there is no authority treat a Judgment for attorneys' fees any differently than any other money judgment. All of the same considerations apply to a money judgment for attorneys' fees, as to any other money judgment. As noted in my prior letter, Rule 62(a) is intended to "provide the losing party with a period of time within which to decide whether to

870719v1  011082.0121

MOSES & SINGER LLP

Hon. James S. Gwin
April 25, 2011
Page 2

pursue available post-judgment motions or remedies, such as an appeal." 12 James Wm. Moore et al., Moore's Federal Practice § 62.02[1] (3d ed.2005) (*citing United States v. One 1962 Ford Galaxie Sedan*, 41 F.R.D. 156, 157 (S.D.N.Y.1966).

      Finally, it should be pointed out that the only reason that this issue has arisen is because Mr. Chittur surreptitiously included the phrase, "writ of execution to issue forthwith," without alerting the Court to the fact that he was seeking to avoid the automatic stay provided for in Rule 62(a). The Court should not countenance such deception.

      Accordingly, we respectfully ask you to promptly amend the Judgment: (a) to delete the phrase, "with writ of execution to issue forthwith"; and (b) to provide that that no execution may issue on the Judgment, and no proceedings may be taken to enforce it, until 14 days have passed after its entry, in accordance with Rule 62(a). Alternatively, we ask that you So Order this letter, to make clear that the Judgment was not intended to modify the requirements of Rule 62(a) in any respect.

      Respectfully submitted,
/s/

Robert D. Lillienstein

cc.    Krishnan Chittur, Esq. (via email and ECF)
       Keith Altman, Esq. (via email and ECF)

870719v1 011082.0121