UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                              :
MELINDA SERIN, *et al.*                       :
                                              :       CASE NO. 7:06-CV-01625
                        Plaintiffs,           :
                                              :
vs.                                           :       OPINION & ORDER
                                              :       [Resolving Doc. No. 164]
NORTHER LEASING                               :
SYSTEMS, INC, *et al.*                        :
                                              :
                        Defendants.           :
                                              :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        In this RICO case, the parties file notice of a dispute regarding the Court's judgment

regarding its award of attorney's fees to the Plaintiffs.  [Doc. 164.]   On April 19, 2011, the Court

granted in part the Plaintiffs' motion for attorney's fees, awarding Plaintiffs' counsel $594,359 in

fees and $43,006.46 in expenses.  [Doc. 162.]   On April 22, 2011, the Court entered a judgment

regarding this fee award in the amount of $637,365.46, and based on the proposed judgment

submitted by the Plaintiffs, also included language that a "writ of execution [would] issue

forthwith." [Doc. 162; Doc. 163.]

        The Defendants now file motion, requesting that the Court amend its judgment or clarify its

ruling to indicate that it was not intended to supersede the automatic stay provision in Federal Rule

of Civil Procedure 62(a). [Doc. 164.]   The Plaintiffs oppose this request, saying that the automatic

stay provision in Rule 62(a) does not apply to judgment's for attorney's fees made under  Federal

Case No. 7:06-CV-01625
Gwin, J.

Rule of Civil Procedure 54(d).  [Doc. 165.]

As a preliminary matter, the Court notes that its judgment entry was not meant to alter or supersede the Rules of Civil Procedure. Rather, the Court's current inquiry is limited to whether the provisions of Rule 62(a) apply to a judgment for attorney's fees.  *See Elliott Associates, L.P. v. Banco De La Nacion*, 2000 WL 1449862, at *4-5 (S.D.N.Y., Sept. 29, 2000) (stating that "courts have no discretion not to impose a stay under Fed.R.Civ.P. Rule 62(a)").  Rule 62(a) provides that "no execution may issue on a judgment, nor may proceedings be taken to enforce it, until 14 days have passed after its entry."  Fed. R. Civ. P. 62(a).  This automatic stay only applies, however, to judgments as defined in Rule 54.  11 Wright & Miller, *Federal Practice & Procedure* § 2902 (1995 & Supp. 2006).   Rule 54(a) broadly defines a "judgment" as a any "decree and any order from which an appeal lies."  Fed R. Civ. P. 54(a).  The Plaintiffs' contention  that a judgment ordering payment of attorney's fees is not a "judgment" is unsupported by law and is belied by plain language of Rule 54(a).  Rather, the judgment entry related to payment of attorney's fees is a judgment under the broad language of Rule 54(a) and the automatic stay provision in Rule 62(a) applies.  The Court, therefore, **GRANTS** the Defendants' motion to the extent it seeks clarification of the Court's judgment entry.

Nonetheless, the Court emphasizes that this order limits execution upon the judgment; it does not otherwise limit the Plaintiff.  Even inside the fourteen day period, the Plaintiffs may conduct discovery related to the execution of judgment and may conduct discovery related to whether Defendant has engaged in fraudulent transfers in some effort to frustrate payment.  Plaintiffs may conduct discovery from both Defendant and from persons who may have received fraudulent transfers.  Plaintiffs may conduct Rule 30(b)(6) examinations of Defendant and may subpoena

Case No. 7:06-CV-01625
Gwin, J.

Defendant or persons suspected of having received fraudulent transfers.

      IT IS SO ORDERED.


Dated: April 27, 2011

_____
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE