**United States District Court**
**Southern District Of New York**

| | |
|---|---|
| Melinda Serin, Judson Russ, Long Soui Lim, Peri Kettler, Gordon Redner, and Thomas J. Smith,<br>        Plaintiffs<br><br>   v.<br><br>Northern Leasing Systems, Inc., Jay Cohen, Rich Hahn, and Sara Krieger<br>        Defendants | No. 06 CV 1625 (JG) |

## Declaration of Krishnan Chittur, Esq., In Support of

## Motion For Supplementary Award of

## Attorneys' Fees and Expenses

  Krishnan Chittur, Esq., an attorney duly admitted to the bar in New York and elsewhere, hereby solemnly affirms and states as follows under penalty of perjury:

1. I am the principal of Chittur & Associates, P.C., lead counsel for the Plaintiffs herein. I file this affirmation in support of Plaintiffs' request for a supplementary award of attorneys' fees and expenses incurred in connection with Defendants' appeal from this Court's Judgment of April 22, 2011, which appeal was denied by the United States Court of Appeals for the Second Circuit.[1] As detailed below, we have incurred a total of $114,231.90 comprised of $114,080 in fees, and $151.90 in expenses.

---

[1] Defendants' petition for rehearing therefrom was denied on January 30, 2013.

Background, Work Done After Previous Application

2. This Court is familiar with the underlying facts herein, having made several rulings on the case and finally, the fee award of $637,365.46 with interest at the statutory rate from April 19, 2011. This application seeks to recover fees and expenses incurred in defending and collecting that award after the time-period covered in the previous application, *i.e.*, from February 5, 2011 until filing of this motion.

3. As detailed in the enclosed time-sheets, we reviewed and finalized the formal settlement agreements with each of the Settling Plaintiffs, and the releases that had to be executed by each of them, and communicated with each Plaintiff in that connection. We had these settlements and releases duly executed and delivered in a timely manner.

4. Meanwhile, Defendants objected to the Magistrate Judge's report and recommendation ("R&R") on our fees. We reviewed Defendants' objections, and after apposite legal research, drafted, finalized, and e-filed Plaintiffs' response. We also objected to certain portions of the R&R. By Order of April 19, 2011, this Court substantially upheld our position, and enhanced the fee award. Dkt. 162. Defendants thereafter posted a bond for a stay of the judgment pending appeal.

5. Defendants filed an appeal to the United States Court of Appeals for the Second Circuit. We moved to dismiss that appeal for want of appellate jurisdiction because the underlying settlement agreement made no provision for appeal. We also filed a cross-appeal on two restricted issues, expressly stating that if Plaintiffs' pending motion to dismiss Defendants' appeal were granted, the cross-

appeal should be "deemed withdrawn". The Second Circuit denied that motion finding that Defendants had appealed on issues which were not covered by the settlement agreement.

6. The Second Circuit then scheduled a conference under that Court's Civil Appeal Management Program. Plaintiffs' counsel prepared for and attended that conference. The Staff Counsel attempted to mediate a settlement of the appeal, but was unsuccessful due to Defendants' intransigence.

7. Meanwhile, Defendants moved the Second Circuit for dismissal of Plaintiffs' cross-appeal. We had to research, draft, and brief the opposition. Thereafter, the Second Circuit *sua sponte* called for supplementary briefing which, once again, required us to research and brief the issue. Eventually, that Court denied Defendants' motion.

8. Defendants proceeded to perfect their appeal. In an intensely researched 36-page brief, they impugned this Court's award on several grounds. Obviously, we had to conduct and did conduct, intricate research on each of these grounds, and draft, finalize and file our brief in opposition.

9. By Summary Order of October 26, 2012, the Second Circuit affirmed this Court's judgment.

10. Thereafter, Defendants filed a petition for rehearing, and rehearing *en banc*. By order of January 30, 2013, the Second Circuit denied that petition also.

11. This application seeks compensation for the time spent and expenses incurred on account of Defendants' appeal.

3

The Amount Sought

12. This Court is familiar with the background, experience, and reputation of each of the three attorneys who worked on the appeal. While the regular billing rates of each of the attorneys for Plaintiffs' is significantly higher than that awarded by this Court, we seek reimbursement only at the rates already awarded by this Court. *Farbotko v Clinton County of New York*, 433 F.3d 204, 211 (2d Cir 2005) ("the hourly rate should not differ for work performed on appeal").

13. Annexed hereto is the time sheet that I maintained contemporaneously. These are true and accurate records of my time spent on this case, as recorded in my computer with the time software, Amicus Attorney (Small Firm Edition, build 11.0.0.1002). These time sheets reflect that I personally spent 187.50 hours in this case. "Ex. 1," Timesheets

14. As detailed in his enclosed affirmation, Mr. Strutinskiy has billed a total of 66.1 hours. These hours were recorded contemporaneously using an earlier version of the same software Amicus Attorney 5.5.1.

15. In addition, as detailed in his enclosed affirmation, Mr. Keith Altman spent 25.3 hours.

Expenses

16. In addition, my firm incurred expenses of $151.90, as per details attached. "Ex. 2," Expenses.

17. Thus, the total attorneys' fees and expenses sought by my firm for this case is as follows:

| Description | Rate | Number | Amount |
|---|---|---|---|
| Krishnan Chittur | $450 | 187.5 hours | $84,375 |
| Andrey Strutinskiy | $325 | 66.1 hours | $21,482.50 |
| Keith Altman | $325 | 25.3 hours | $8,222.50 |
| Total Fees | | | $114,080 |
| Expenses | | | $151.90 |
| Grand total | | | $114,231.90 |

18.    In view of the aforesaid, I request that the Court enter an award of attorneys' fees and expenses in the total amount of $114,231.90, together with interest at the statutory rate.

Dated: New York, New York
       January 31, 2013                                                       _____Sd/_____
                                                                             Krishnan Chittur, Esq.