UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------
:
MELINDA SERIN, *et al.*  :
: CASE NO. 7:06-CV-1625
        Plaintiffs, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 174]
NORTHERN LEASING :
SYSTEMS, INC., *et al.* :
:
        Defendants. :
:
--------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this racketeering case, Plaintiffs again move under 18 U.S.C. § 1964(c) and N.Y. Gen. Bus Law § 349 for an award of attorney's fees and costs, seeking an award for fees and expenses incurred during the appeal of this Court's earlier order granting Plaintiffs fees and expenses, and fees for time omitted in Plaintiff's initial application for fees..[1] The Defendants oppose the motion.[2] Because the Court finds that Plaintiffs are entitled to fees incurred in the appeal of this Court's earlier order, but not for those that should have been filed in their earlier application, the Court **GRANTS IN PART** the petition and awards Plaintiffs fees and expenses incurred during the pendency of this appeal.

**I. Background**

This Court's earlier Opinion and Order described the background of this case and awarded

---

[1] [Doc. 174.]

[2] [Doc. 181.]

Case No. 7:06-CV-1625
Gwin, J.

Plaintiffs fees and expenses incurred during the pursuit of the underlying litigation.[3] Defendants timely appealed this decision, and Plaintiffs cross appealed.[4] The Court of Appeals affirmed.[5] The Second Circuit said:

> "We afford a district court considerable discretion in determining what constitutes reasonable attorney's fees in a given case, mindful of the court's 'superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.' " *Barfield v. N.Y.C. Health & Hosps. Corp.,* 537 F.3d 132, 151 (2d Cir.2008) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 437, (1983)); *see also Riordan v. Nationwide Mut. Fire Ins. Co.,* 977 F.2d 47, 53 (2d Cir.1992). A dispute over attorneys' fees "should not result in a second major litigation." *Hensley,* 461 U.S. at 437. The goal of fee shifting is to do "rough justice, not to achieve auditing perfection." *Fox v. Vice,* 131 S.Ct. 2205, 2216 (2011). Here, the district court did not abuse its discretion.

Apparently dissatisfied with the outcome of this first major litigation for fees, Defendants now seek a second litigation for fees, to wit, a third major litigation. They say that Plaintiffs' time-sheet entries are vague and excessive, that Plaintiffs' cross appeal was ultimately unsuccessful and thus is not compensable, and that Plaintiff does not deserve fees for time expended before the filing of their previous request for fees. Plaintiffs respond that their request for fees is reasonable.

## II. Legal Standard

Under 18 U.S.C. § 1964(c), a successful litigant to a RICO cause of action "shall recover . . . the cost of the suit, including a reasonable attorney's fee."[6] In the Second Circuit, courts utilize the "presumptively reasonable fee" approach in calculating fees, rather than the older "lodestar"

---

[3] [Doc. 162.]

[4] Docs. 168, 172.]

[5] *Serin v. N. Leasing Sys., Inc.*, Nos. 11-1774-cv, 11-2139-cv, 2012 WL5275359, (2d Cir. Oct. 26, 2012).

[6] 18 U.S.C. § 1964(c).

-2-

Case No. 7:06-CV-1625
Gwin, J.

approach.[7/] Under the current approach, the reasonable fee is determined by multiplying the attorney's reasonable billing rate by the reasonable number of hours spent on the case.[8/] In determining whether the rate and hours are reasonable, a court must "bear in mind all of the case-specific variable that [the Second Circuit] and other courts have identified as relevant to the reasonableness of the attorney's fees."[9/] These factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.[10/]

The applicant bears the burden of establishing her or his entitlement to fees.[11/]

Under New York State's deceptive business practices statute, a "court may award reasonable attorney's fees to a prevailing plaintiff."[12/] Unlike RICO, this statute is not mandatory and leaves discretion with courts to decide if an award of attorney's fees is appropriate.[13/] In fashioning an award under Section 349, a court must take into account the types of factors that New York courts

---

[7/] *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009).

[8/] *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 493 F.3d 110, 117-18 (2d Cir. 2007).

[9/] *Id.* at 117.

[10/] *Id.* at 114 n.3; *Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983).

[11/] *Id.* at 437.

[12/] N.Y. Gen. Bus. L. § 349(h); *Wilner v. Allstate Ins. Co.*, 893 N.Y.S.2d 208 (N.Y. App. Div. 2010).

[13/] *Riordan v. Nationwide Mut. Fire Ins. Co.*, 977 F.2d 47, 53-54 (2d Cir. 1992); *Berkshire Fashions Inc. v. Sara Lee Corp.*, 729 F. Supp. 21, 23 (S.D.N.Y. 1990).

Case No. 7:06-CV-1625
Gwin, J.

usually consider when awarding attorney's fees.[14] Among those facts are "the time and skill required in litigating the case, the complexity of issues, the customary fee for the work, and the results achieved."[15] Additionally, the lawyer's experience, ability and reputation, the amount in dispute, and the benefit to the client should also be considered.[16] To determine a starting point, a court may make a lodestar calculation. That figure should then be adjusted, taking the other relevant factors into account.[17] Generally, the burden lies on the claimant to prove that the requested award of attorney's fees is reasonable.[18]

In determining whether a requested fee is reasonable and justified, the Second Circuit requires, except in unusual circumstances, that contemporaneous time records accompany an application for statutory attorney's fees.[19] Thus, as to any fees that are recoverable under federal law, Second Circuit law is clear that except in unusual circumstances a lack of contemporaneous records prevents a fee award. With regard to the recovery of fees under New York General Business Law § 349, New York State courts do not generally demand contemporaneous records.[20] But, any

---

[14] *Riordan*, 977 F.2d at 53-54.

[15] *Id.* at 53; *Indep. Living Aids, Inc. v. Maxi-Aids, Inc.*, 25 F. Supp. 2d 127, 132 (E.D.N.Y. 1998).

[16] *In re Estate of Gutchess*, 498 N.Y.S.2d 297, 300 (N.Y. App. Div. 1986).

[17] *Wilson v. Car Land Diagnostics Ctr., Inc.*, 2001 WL 1491280, at *1-4 (S.D.N.Y. Nov. 26, 2001).

[18] *In re Karp*, 537 N.Y.S.2d 510, 515 (N.Y. App. Div. 1989).

[19] *See N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147 (2d Cir. 1983); *Scott v. City of New York*, 626 F.3d 130, 133 (2d Cir. 2010) (stating that the only potential exception to the contemporaneous billing requirement is in the case of unusual circumstances). *See also Lewis v. Coughlin*, 801 F.2d 570, 577 (2d Cir. 1986) (emphasizing importance of records and stating while the Second Circuit "recognize[s] that other court have held that affidavits summarizing time logs are acceptable . . . *Carey* places the burden on producing these records on the attorney submitting the fees request.").

[20] *Riordan*, 977 F.2d at 53.

Case No. 7:06-CV-1625
Gwin, J.

award provided under Section 349 falls entirely within the discretion of the Court, and unlike an award made under RICO, is not mandatory.[21] As such, the Court may validly take the lack of records into account when determining an appropriate award of fees.

### III. Analysis

The Defendants object to time entries that they say are too vague to allow the Court to determine if the billed time was reasonable. The Plaintiffs say that these records are sufficiently detailed and that no reduction in hours is necessary. Under *Carey*, time entries must be sufficiently detailed to allow a court to determine if the time and labor expended was reasonable.[22] New York State law also requires that time entries be sufficiently detailed to award fees under Section 349.[23] The Court finds that Plaintiffs' entries generally satisfy this burden. Defendants' objections generally relate to billings of .10 hours for email consultation with co-counsel. As Defendants are undoubtedly aware, much of the modern practice of law revolves around email communication. As the sole matter remaining after this Court's April 19, 2011 Opinion and Order was any supplemental petition for fees, the Court can surmise that all entries entered after that date relate to the appeal of that order and the instant supplementary petition. The Court finds this combination of factors creates sufficient detailed to permit assessment.

The Court also declines to reduce Plaintiffs' award so as to exclude time spent preparing their ultimately-abandoned cross-appeal. The Court finds no basis to conclude that this appeal needlessly

---

[21] *See id.* 977 F.2d at 53-54; *Nwagboli v. Teamwork Tansp. Corp.*, No. 08 Civ. 4562, 2009 WL 4797777, at *7 (S.D.N.Y., Dec. 7, 2009).

[22] *Carey*, 711 F. 3d at 1148; *Simmonds v. N.Y.C. Dep't of Corr.*, No 06Civ5298, 2008 WL 4303474, at *8 (S.D.N.Y., Sept. 16, 2008); *Williams v. New York City Hous. Auth.*, 975 F. Supp. 317, 327 (S.D.N.Y. 1997).

[23] *Schwartz v. Chan*, 142 F. Supp.2d 325, 331 (E.D.N.Y. 2001).

Case No. 7:06-CV-1625
Gwin, J.

protracted this litigation. Plaintiffs' cross-appeal was a reasonable defensive measure brought to counteract Defendants' appeal. As the Supreme Court observed,

> These standards [for granting attorney's fees] would be easy to apply if life were like the movies, but that is usually not the case. In Hollywood, litigation most often concludes with a dramatic verdict that leaves one party fully triumphant and the other utterly prostrate. The court in such a case would know exactly how to award fees (even if that anti-climactic scene is generally left on the cutting-room floor). But in the real world, litigation is more complex, involving multiple claims for relief that implicate a mix of legal theories and have different merits. Some claims succeed; others fail. Some charges are frivolous; others (even if not ultimately successful) have a reasonable basis. In short, litigation is messy, and courts must deal with this untidiness in awarding fees.[24]

Accounting for this Court's "overall sense of [this] suit," the Court finds that the cross-appeal was reasonably litigation strategy.[25] Plaintiffs ostensibly sought to protect this Court's earlier decision, and thus noted that they would withdraw the cross-appeal if the Court of Appeals declined jurisdiction on Defendants' appeal.[26] In Solomonic terms, if, Defendants did not want to split the baby, they would have to be willing to lose it entirely. The Court will order no reduction in fees for time Plaintiffs' counsel spent pursuing cross appeal.

On the other hand, the Court will not grant Plaintiffs fees for "compensable time spent but not billed earlier."[27] The parties acknowledge the paucity of precedent on this point.[28] The Court finds two primary reasons to deny this portion of Plaintiffs' fee petition. First, interests in finality counsel against entertaining successive petitions for hours that might have been presented earlier.

---

[24] *Fox v. Vice*, 131 S. Ct. 2205, 2213-14, (2011).

[25] *Id.* at 2216.

[26] [Doc. 172.]

[27] [Doc. 181 at 6.]

[28] [Doc. 181 at 9; 179.]

-6-

Case No. 7:06-CV-1625
Gwin, J.

Indeed, under the Plaintiffs' proposed rule, they might, some indeterminate time in the future, discover long-lost timesheets, entitling them to further fees. The Supreme Court clearly spoke to no such state of affairs when it suggested that a motion for fees should not be another major litigation, but instead "rough justice."

Second, and relatedly, this Court's earlier order discussed in detail the across-the-board reductions in hours appropriate in this case in light of the overall trajectory of the litigation. To grant hours for work that should have been considered in these calculations might require this Court to revisit these calculations in toto. The Court declines to do so. Accordingly, the Court will not grant fees for work performed by Plaintiffs' counsel prior to this Court's last ruling on fees on April 19, 2011. The Court reduces Mr. Strutinskiy's compensable time by 16.30 hours and Mr. Chittur's by 59.90 hours.[29] Multiplied by the relevant hourly rates, $450 and $325, respectively, these hours amount to $30,452.50 in billings. Accordingly, the Court will thus reduce Plaintiffs' requested $119,089.40 award for fees and expenses[30] to $88,636.90.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** the Plaintiffs' fee application. The Court grants Plaintiffs $88,636.90 in fees and expenses.

IT IS SO ORDERED.

Dated:        April 3, 2013                    s/    *James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE

---

[29] Defendants' addition apparently yields 63.30 hours expended by Mr. Chittur before April 19, 2011. [Doc. 179 at 12.] Defendants' addition appears incorrect.

[30] [Doc. 182 at 2.]

-7-